MHW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RODICA WAIVIO,                          )
Plaintiff,                              )   Case NO: 07-C-6690
          v.                            )   HONORABLE JUDGE
ADVOCATE HEALTH CARE NETWORK,           )   RONALD A GUZMAN

ET ALL Defendants.

### NOTICE OF RESPONSE TO RAPISARDA/ADVOCATE MOTION

TO:
**Jamie Filipovic**
Wilson Elser
120 North LaSalle Street-Suit 2600
Chicago IL 60602
**Edward Nielsen**
One South Wacker Drive Suit 2500
Chicago IL 60606-4673
**Anjali Dayal**
20N Wacker Dr Suit 2520
Chicago IL 60606

FILED
MAR - 6 2008
3-6-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Please take note that 03/06/08 RODICA WAIVIO the Plaintiff of this action submitted response to Rapisarda Motion of extension of time in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago IL 60604, a copy of which is hereby served upon you.
Date 03/06/2008
Plaintiff, Rodica Waivio
Address: 1325 Baldwin Court Apt 2A Palatine IL 60074
Phone: 847-963-0231

### CERTIFICATE OF SERVICE

The undersigned plaintiff, Rodica Waivio, being first sworn on oath, certifies that a true and correct copy of this notice and document referred to herein was served upon the above parties, by fax. Date: 03/06/2008

Rodica Waivio   *[signature]*

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RODICA WAIVIO,             )
Plaintiff,                 )   Case NO: 07-C-6690
       v.                  )   HONORABLE JUDGE
ADVOCATE HEALTH CARE NETWORK,  )   RONALD A GUZMAN

ET ALL Defendants.

FILED
MAR - 6 2008
3-6-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### RESPONSE PURSUANT RULE 8(e)(2) TO DEFENDANT RAPISARDA/ADVOCATE MOTION AND STRIKE/DENIAL TO DEFENDANT KARANDE MOTION PURSUANT 735ILCS5/2-622

**NOW COMES** Plaintiff, RODICA WAIVIO, in Pro Se representation, and presents her statements, respectfully states the followings:

1. Karande submitted motion to dismiss on 02/21/08, attached:
2. Rapisarda submitted motion to extend time to respond or plead on 02/28/08, attached.
3. Pursuant to Rule 8(e)(2) defendants motions submitted 02/21/08 and 02/28/08 are contradictory and they can not be true in same time. There is conflict of statements. Furthermore motions appear to deny each others. Plaintiff respectfully requests to Hon court to provide solution allowing plaintiff to amend complaint Pursuant Rule 15 before responding to any defendant or in alternative plaintiff respectfully requests strike pursuant Rule 12(f) to Karande motion pursuant 735ILCS5/2-622. Plaintiff would like to inform court that there is another defendant and further evidence of injury was recently discovered, a new party needs to be intrduced.
4. **Motivation and Request of Extension time to Amend Complaint**
5. Karande motion states plaintiff's complaint [including allegations against Rapisarda and FCI] is "confusing rambling incomprehensible", while Rapisarda motion states allegations requires "investigation of allegations and more 28 days". Pursuant to Rule 8(e)(2) these statements are related and contradictory and they can not be true in same time. Shortly Rapisarda responds to Karande motion by alleging that Karande provide pleadings in bad faith designated to misconduct case because Karande did not allocate

sufficient time to investigate allegations or to accommodate to complaint. Plaintiff does believe that parties should be provided with sufficient time before submitting pleadings. Plaintiff supports extension of time as to all parties including plaintiff parties as plaintiff requests 28 days to amend complaint Pursuant Rule 15 before responding to any of defendants' issues. Additionally plaintiff respectfully requests to extend time to respond to Karande motion till all defendants filed in their responses.

6. **In Alternative request strike/denial Karande allegations pursuant 735ILCS5/2-622**

7. In alternative that extension of time and request to amend complaint are denied to plaintiff, Waivio presents the request to strike Karande motion with respect to allegations pursuant 735ILCS5/2-622.

8. Pursuant Rule 8(e)(2) there is contradiction between Rapisarda motion and Karande allegations pursuant 735ILCS5/2-622

9. Karande declared in motion pursuant 735ILCS5/2-622 "plaintiff shall file an affidavit attached to the original and all copies complaint declaring one of the following: 1. That the affiant has consulted and reviewed facts of the case with a health professional". Interpreting Karnade statements Rapisarda may provide "consult and review facts about Karande", shortly plaintiff is unable to provide affidavit about each doctor or about Karande before defendants respond to complaint and to allegations related to those. Pursuant Rule 12(f) Karande allegations are frivolous because Karande allegations must be responded by defendants first before plaintiff has any duties pursuant 735ILCS5/2-622. Plaintiff respectfully requests strike to Karande motion of any allegations pursuant 735ILCS5/2-622 or in alternative plaintiff denies these allegations pursuant to Rule 8(b) as Karande allegations are before parties provided response to pleadings.

10. Shortly Defendant Rapisarda plays role of "health professional" with respect to Karande allegations, and plaintiff duties must wait Rapisarda response to complaint before any issue can be articulated. Shortly Rapisarda may provide sufficient solution which may precludes plaintiff's duties, therefore plaintiff has to wait for others doctors pleadings before responding to allegations under 735ILCS5/2-622.

11. Pursuant to Rule 8(b) plaintiff declares inability to respond to Karande issues pursuant

735ILCS5/2-622 based on principles that plaintiff waits defendants' response to complaint first before any duties under 735ILCS5/2-622.

12. Plaintiff also objects to Karande motion requesting affidavit with respect that defendant Karande raised an issue which is against LR56.2, rule which requires defendants to submit notice of summary judgment to Pro Se and for Pro Se to respond declared matters as correct and true under penalty of perjury. Karnade Request is violating plaintiff's right to notice of summary judgment, and in case that such affidavit is provided defendants or court may move against plaintiff Pro Se depriving plaintiff of her right to Notice which is constitutional right guaranteed under Constitution. By present statement plaintiff respectfully requests defendant Karande to review Local Rule 56.2, and requirements with respect to notice of summary judgment as Karande appears to set up stage of judgment against plaintiff without plaintiff having knowledge about. Plaintiff also request parties to provide notice of summary judgment to Pro Se Waivio LR56.2 as quoted:.

### LR56.2. Notice to Pro Se Litigants Opposing Summary Judgment

> Any party moving for summary judgment against a party proceeding pro se shall serve and file as a separate document, together with the papers in support of the motion, a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" in the form indicated below. Where the pro se party is not the plaintiff, the movant should amend the form notice as necessary to reflect that fact.

### 13. ADDITIONAL REQUEST OF WAIVER OF SERVICE

14. Plaintiff respectfully request to attorney Anjali Dayal to waive any further service or to waive any allegations about plaintiff's services performed on parties represented by Anjali Dayal. of complaint and summons to parties represented by Anjali Dayal. Plaintiff performed services by hand delivery and certified mail to parties with main interest to save expanses and time of service therefore plaintiff respectfully request waiver of any further allegations about services to parties represented by Anjali Dayal.

### Conclusions

15. Pursuant Rule 8(e)(2) plaintiff establishes contradictory statements between motions submitted 02/21/08 and 02/28/08. Plaintiff request 28 days to amend complaint as

solution to present ongoing issues, or in alternative plaintiff respectfully request strike pursuant Rule 12(f) to Karande allegations pursuant 735ILCS5/2-622; Pursuant to Rule 8(b) FRCP plaintiff denies allegations of Karande pursuant 735ILCS5/2-622 as motivated therein. Plaintiff respectfully requests waiver of services to parties represented by Attorney Dayal.

WHEREFORE RODICA WAIVIO respectfully requests that this Hon Court grant her requests, and grant Plaintiff all relief deemed appropriate under law.

Submitted, By Plaintiff, Rodica Waivio          03/06/2008
Address: 1325 Baldwin Ct Apt 2A
       Palatine IL 60074

EHN/KMH

## IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| RODICA WAIVIO, | |
| Plaintiff, | |
| vs. | No. 07 C 6690 |
| ADVOCATE HEALTH CARE NETWORK, ADVOCATE MEDICAL GROUP, ADVOCATE HEALTH AND HOSPITAL CORPORATION; ADVOCATE LUTHERAN GENERAL HOSPITAL; IAN JASENOF, Individual and Employee; JENNIFER TORRES, Individual and Employee; DANIEL PESCH, Individual and Employee; THOMAS IANNUCCI, Individual and Employee; VISHVANATH KARANDE, Individual and Employee; RAPISARDA JOHN; Individual and Employee; FERTILLITY CENTER OF ILLINOIS AND KARANDE & ASSOCIATES, | HONORABLE JUDGE: RONALD A. GUZMAN |
| Defendants. | |

### MOTION TO DISMISS

NOW COME the Defendants, Vishvanath C. Karande, M.D. and Karande & Associates, S.C. by and through their attorneys, Pretzel & Stouffer, Chartered, and moves for the entry of an Order dismissing Plaintiff's Complaint at Law with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(f), 12(g) and 735 ILCS 5/2-622(g). In support thereof, these Defendants state as follows:

1. Plaintiff filed a complaint against these Defendants allegedly arising out of the medical care and treatment she received or failed to receive from Dr. Karande on or about February and March 2007. (See Plaintiff's Complaint at Law, specifically page 11, paragraph 67, attached hereto and incorporated herein as Exhibit A.)

2. Plaintiff's alleged damages also arose out of the medical treatment or lack of medical treatment she received from Dr. Karande, among other Defendants named. (See Exhibit A.)

## I.  Motion To Strike Pursuant To Rule 12(f)

3. Rule 8(a) mandates in part that: A pleading which sets forth a claim for relief...shall contain ...(2) a short and plain statement of the claim showing that the pleader is entitled to relief...

4. Rule 8(e)(1) states in part: Each averment of a pleading shall be simple, concise, and direct...

5. Rule 10(b) indicates in part that: All averments of claim or defense shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances;...Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever separation facilitates the clear presentation of the matters set forth.

6. Rule 12(g) states in part: Upon motion made by any party before responding to a pleading...the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

7. In this case, the plaintiff's complaint is 22 pages in length. It is confusing, rambling and incomprehensible. Moreover, the facts alleged against the defendants for various occurrences are not distinguished from one another or otherwise separated.

8. Based on the rambling, disjointed and incomprehensible nature of the pleading which is filled with impertinent information, plaintiff's complaint should be dismissed for failure to comply with Rules 8 and 10(b).

## II.  Motion To Dismiss Pursuant to 735 ILCS 5/2-622

9. The requirements of 735 ILCS 5/2-622 constitute state substantive law for purposes of the *Erie* doctrine, which mandates that federal courts apply state law, regardless of the jurisdictional basis for a case, in the absence of a countervailing federal interest warranting the application of federal law. *Bommersbach v Ruiz, MD et al.*, 461 F. Supp.2d 743, 751 (2006).

10. The Illinois Code of Civil Procedure mandates that:

In any action, whether in tort, contract or otherwise, in which plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following: 1. That the affiant has consulted and reviewed the facts of the case with a health professional...A single written report must be filed to cover each defendant in the action...A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of actions exists...2. That the affiant was unable to obtain a consultation report required by paragraph 1 because of a statute of limitation would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations...3. That a request has been made by the plaintiff or his attorney for examination and copying of records pursuant to Part 20 of Article VIII of this Code... *735 ILCS 5/2-622*

11. The term "medical hospital or other healing art practice" must be construed broadly. *Bommersbach* 461 F. Supp.2d at 748-749.

12. There are three factors for courts to use to determine whether a complaint is one for malpractice requiring affidavit or whether the complaint is one for ordinary negligence: 1) whether the standard of care involves procedures not within the grasp of the ordinary lay juror; 2) whether the activity is inherently one of medical judgment; and 3) the type of evidence that will be necessary to establish plaintiff's case. *Id.* at 749.

13. Although plaintiff, in this case, states that her complaint is based on discrimination, it is in actuality an allegation of medical malpractice. The plaintiff alleges she went to see Dr.

-3-

Karande for removal of scarring, and that Dr. Karande burned her uterus with electricity and he did not follow her request to use scissors. Plaintiff also alleged that in May 2007, Dr. Karande sent her a letter asserting that he would no longer provide her with medical services. (See Exhibit A, specifically paragraph, 67.)

14.  In this case, the determination of whether the standard of care required scissors versus electricity in the performance of plaintiff's hysteroscopy, whether electricity was even used, whether a hysteroscopy requires the use of anything other than a hysterscope, whether there was or was not scarring as a result of the procedure, whether the procedure can even cause scarring, whether the alleged scarring was different from the plaintiff's previous scarring, and whether the procedure created some type of permanent injury are all issues that are outside the grasp of the ordinary lay juror. The manner and method of performing a hysteroscopy is inherently one of medical judgment. The plaintiff's case against Dr. Karande clearly requires expert medical testimony to establish liability and damages. Therefore, plaintiff's case falls within the scope of 2-622.

15.  The purpose of Section 2-622 is to reduce the number of frivolous suits that are filed and to eliminate such actions at an early stage, before the expenses of litigation have mounted. *Tucker v. St. James Hospital*, 279 Ill. App.3d 696, 702, 665 N.E.2d 392 (1st Dist. 1996); see also *Jacobs v. Rush North Shore Medical Center*, 284 Ill. App. 3d 995,1000, 673 N.E.2d 364 (1996).

16.  Rule 5/2-622(g) reads that the failure of the plaintiff to file an affidavit and report in compliance with this Section shall be grounds for dismissal under section 2-619. *Batten v. Retz*, 182 Ill. App.3d 425, 429-30, 538 N.E.2d 179 (3rd Dist. 1989).

17.  The plaintiff has not attached an affidavit nor a physician's report in compliance with section 2-622, of the Illinois Code of Civil Procedure, and therefore her case against Dr. Karande and Karande & Associates, S.C. should be dismissed.

**III.    Motion To Dismiss Pursuant to Rule 12(b)(6)**

-4-

18. Alternatively, if this Court finds that plaintiff's failure to comply with 2-622 does not dispose of plaintiff's entire claim against Dr. Karande and Karande & Associates, S.C., plaintiff's allegations of "discrimination in medical services" should also be dismissed pursuant to Rule 12(b)(6) because the plaintiff fails to set forth any facts in her complaint to establish such claims against Dr. Karande and Karande & Associates, S.C.

19. To survive a motion to dismiss a complaint must set forth enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

20. The only paragraphs referring to Dr. Karande in plaintiff's complaint are paragraphs 11, and paragraph 67. The averments plead against Dr. Karande are confusing, immaterial, conclusory, and fail to state a cause of action under any theory against Dr. Karande.

21. Plaintiff fails to establish in her complaint what facts exist in the encounter between herself and Dr. Karande which would invoke the application and violation of the Americans with Disabilities Act, the Equal Protection Clause, the Public Health Service Act, the Maternal and Child Health Activities, Title VI of the Civil Rights Act of 1964, Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Civil Rights Act and any other federal act the plaintiff alleges to have been violated in her complaint.

22. Plaintiff's complaint further fails to set forth any facts to establish a plausible claim for relief against Dr. Karande and Karande, & Associates, S.C. for legal malpractice, retaliation, misrepresentation, deceit, battery or trespass.

**IV.    Motion To Dismiss Punitive Count**

23. Plaintiff's complaint, on page 22 paragraph k, requests punitive damages as part of the relief she is seeking against these defendants.

24.　　Punitive damages are not recoverable in a healing art malpractice case. In all cases, whether in tort, contract, *or otherwise*, in which the plaintiff seeks damages by reason of legal, medical, hospital or other healing art malpractice, no punitive, exemplary, vindictive, or aggravated damages shall be allowed. *735 ILCS 5/2-115.*

WHEREFORE, these Defendants, Vishvanath C. Karande, M.D. and Karande & Associates, S.C. pray that this Honorable Court dismiss with prejudice all counts in the Plaintiff's complaint plead against them and find that there is no just reason to delay enforcement or appeal.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED,


By:　S/ Edward H. Nielsen
　　　　One of the Attorneys for the Defendants


Edward H. Nielsen/Bar No.: 0252296
enielsen@pretzel-stouffer.com
PRETZEL & STOUFFER, CHARTERED
*Attorneys for Defendants, Vishvanath C. Karande, M.D. and Karande & Associates, S.C.*
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606-4673
Telephone:　　(312)346-1973
Facsimile:　　(312) 346-8242

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODICA WAIVIO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ADVOCATE HEALTH CARE NETWORK, )<br>ADVOCATE MEDICAL GROUP, ADVOCATE )<br>HEALTH AND HOSPITAL CORPORATION, )<br>ADVOCATE LUTHERAN GENERAL )<br>HOSPITAL, IAN JASENOF, individual and )<br>employee, JENNIFER TORRES, individual and )<br>employee, DANIEL PESCH, individual and )<br>employee, THOMAS IANNUCCI, individual )<br>and employee, BRUCE PIELTE, individual and )<br>employee, VISHVANATH KARANDE, individual )<br>employee, JOHN RAPISARDA, M.D., individual )<br>and employee, FERTILITY CENTERS OF )<br>ILLINOIS, S.C., KARANDE & ASSOCIATES, )<br>)<br>Defendants. ) | Case No. 07-C-6690<br><br>HONORABLE JUDGE<br>Ronald A. Guzman |

### DEFENDANTS ADVOCATE HEALTH CARE NETWORK, ADVOCATE MEDICAL GROUP, ADVOCATE HEALTH & HOSPITALS CORPORATION, ADVOCATE LUTHERAN GENERAL HOSPITAL, IAN JASENOF, M.D., JENNIFER TORRES, CMA, DANIEL PESCH, M.D., THOMAS IANNUCCI, M.D., AND BRUCE PIELET, M.D.'S MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD

The Defendants, ADVOCATE HEALTH CARE NETWORK, ADVOCATE MEDICAL GROUP, ADVOCATE HEALTH & HOSPITALS CORPORATION, ADVOCATE LUTHERAN GENERAL HOSPITAL, IAN JASENOF, M.D., JENNIFER TORRES, CMA, DANIEL PESCH, M.D., THOMAS IANNUCCI, M.D., and BRUCE PIELET, M.D., by their attorneys, MCBREEN, KOPKO & DAYAL, move this Honorable Court for a twenty-one day extension of time up to and including March 27, 2008 in which to file their responsive pleading to Plaintiff's Amended Complaint. In support of this motion Defendants state as follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODICA WAIVIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 07 CV 6690 |
| ADVOCATE HEALTH CARE NETWORK, ) | |
| ADVOCATE MEDICAL GROUP, ADVOCATE ) | JUDGE RONALD A. GUZMAN |
| HEALTH AND HOSPITAL CORPORATION; ) | |
| ADVOCATE LUTHERAN GENERAL ) | |
| HOSPITAL; IAN JASENOF, Individual and ) | |
| Employee; JENNIFER TORRES, Individual and ) | |
| Employee; DANIEL PESCH, Individual and ) | |
| Employee; THOMAS IANNUCCI, Individual and ) | |
| Employee; RAPISARDA JOHN; Individual and ) | |
| Employee; FERTILITY CENTER OF ) | |
| ILLINOIS AND KARANDE & ASSOCIATES ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' FERTILITY CENTERS OF ILLINOIS, S.C. AND JOHN RAPISARDA, M.D.'S MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD

NOW COME Defendants, FERTILITY CENTERS OF ILLINOIS, S.C. (incorrectly sued as Fertility Center of Illinois) and JOHN RAPISARDA, M.D., (incorrectly sued as Rapisarda John) by and through their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN AND DICKER, LLP, move this Honorable Court for an extension of time in which to file their responsive pleading to Plaintiff's Amended Complaint, and in support states as follows:

1.  FERTILITY CENTERS OF ILLINOIS, S.C. and JOHN RAPISARDA, M.D., were improperly served via Plaintiff's hand delivery with the Summons and Complaint on February 8, 2008.

2.  Counsel for FERTILITY CENTERS OF ILLINOIS, S.C. and JOHN RAPISARDA, M.D., was recently retained, is continuing its investigation of the allegations

468066.1

contained in the Complaint, and is gathering documents relevant to the Complaint, but requires an additional 28 days to file FERTILITY CENTERS OF ILLINOIS, S.C. and JOHN RAPISARDA, M.D.'s, responsive pleading.

3.  This is FERTILITY CENTERS OF ILLINOIS, S.C. and JOHN RAPISARDA, M.D.'s, first request for an extension of time and Plaintiff will not be prejudiced by the extension.

WHEREFORE, FERTILITY CENTERS OF ILLINOIS, S.C. and JOHN RAPISARDA, M.D., respectfully request that this Honorable Court grant them to and including March 27, 2008 to file their responsive pleading to Plaintiff's Amended Complaint.

Respectfully submitted:

**FERTILITY CENTERS OF ILLINOIS, S.C. (incorrectly sued as Fertility Center of Illinois) and JOHN RAPISARDA, M.D. (incorrectly sued as Rapisarda John)**

By: /s/Jamie L. Filipovic
One of their attorneys

Michael L. Vittori, Esq.
Jamie L. Filipovic, Esq.
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP
120 North LaSalle Street-Suite 2600
Chicago, Illinois 60602
Telephone: (312) 704-0550
Facsimile: (312) 704-1522

2

468066.1