IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODICA WAIVIO,<br>   Plaintiff<br><br>v.<br><br>ADVOCATE HEALTH CARE NETWORK,<br>ADVOCATE MEDICAL GROUP,<br>HOSPILAT CORPORATION,<br>ADVOCATE LUTHERAN GENERAL HOSPITAL,<br>IAN JASENOF, individual and employee,<br>JENNIFER TORRES, individual and employee,<br>DANIEL PESCH, individual and employee,<br>THOMAS IANNUCCI, individual and employee,<br>RAPISARDA JOHN, individual and employee,<br>FERTILITY CENTER OF ILLINOIS,<br>AND KARANDE & ASSOCIATES,<br><br>   Defendants. | Case No.: 07-CV-6690<br><br>Judge Ronald A. Guzman |

## DEFENDANTS' FERTILITY CENTERS OF ILLINOIS AND JOHN RAPISARDA, M.D.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

NOW COME Defendants, FERTILITY CENTERS OF ILLINOIS, S.C. (incorrectly sued herein as Fertility Center of Illinois) and JOHN RAPISARDA, M.D., (incorrectly sued herein as Rapisarda John) by and through their attorneys, WILSON ELSER MOSKOWITZ EDELMAN AND DICKER, LLP, responds to Plaintiff's Motion for Leave to File an Amended Complaint. In support thereof, these Defendants state as follows:

  1.  Plaintiff filed her Complaint in the within action on January 16, 2008.

  2.  Plaintiff served Defendants Fertility Centers of Illinois (hereinafter "FCI") and John Rapisarda, M.D. (hereinafter "Dr. Rapisarda") in violation of Rule 4 by emailing the complaint and then hand-delivering the summons and complaint herself.

485657.1

3. On February 28, 2008, Attorney Jamie Filipovic filed an appearance on behalf of FCI and Dr. Rapisarda (waiving service) and a motion for an extension of time to file Answer or otherwise plead. The motion was granted and Defendants FCI and Dr. Rapisarda were given until March 27, 2008 to file a responsive pleading.

4. On March 19, 2008, Attorney Joanne Ciminera filed an appearance on behalf of FCI and Dr. Rapisarda and Attorney Jamie Filipovic filed a motion to withdraw her appearance as she is no longer associated with WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP. The motion to withdraw was granted by this Court on March 24, 2008.

5. On March 25, 2008, the Court stayed all Defendants responses to Plaintiff's Complaint. The Court Ordered that Plaintiff file a notice of motion and motion for leave to file an amended complaint by the next status hearing of April 16, 2008, based on Plaintiff's representation that she wished to amend her Complaint.

6. On April 4, 2008, Plaintiff, ignoring the Court's prior Order, filed a motion to amend her complaint which was presented on April 10, 2008. The Court granted Plaintiff additional time, until April 25, 2008, to file a motion for leave to file an amended complaint and the Court advised Plaintiff of the necessary procedure which must be followed in order to file an amended complaint.

7. On April 24, 2008, at 11:01 p.m., Plaintiff faxed her Motion for Leave to File an Amended Complaint to Defendants FCI and Dr. Rapisarda. *See attached Exhibit "A."* All parties appeared before the Court on April 25, 2008 for a status conference. At said conference, Plaintiff handed Defendants a copy of Plaintiff's proposed Amended Complaint. Plaintiff's motion and the proposed Amended Complaint are in violation of this Court's orders and the Federal Rules of Civil Procedure.

8. Rule 15(a)(2) provides that where a party wishes to amend its pleading, the Court should freely give leave where justice so requires. In the instant case, justice does not require that Plaintiff be granted leave to file her proposed Amended Complaint, as she has not complied with the rules and has consistently misused the judicial process.

9. Plaintiff's proposed Amended Complaint is in violation of Rule 8(a), which mandates in part that: A pleading which sets forth a claim for relief...shall contain...(2) a short and plain statement of the claim showing that the pleader is entitled to relief... Plaintiff's original Complaint and proposed Amended Complaint are both unintelligible and fail to state a cause of action.

10. It is also in violation of Rule 8(e)(1) which states in part: Each averment of a pleading shall be simple, concise and direct... Again, Plaintiff's Complaint and Amended Complaint are both rambling and unintelligible.

11. It is further in violation of Rule 10(b) which indicates in part that: All averments of a claim or a defense shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances;...Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever separation facilities the clear presentation of the matters set forth. Plaintiff has failed to comply with this rule as well.

12. In addition, Rule 12(f) states in part: Upon motion made by any party before responding to a pleading...the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

13. In this case, Plaintiff's original Complaint is 22 pages in length. It is confusing, rambling and incomprehensible. Moreover, the facts alleged against the Defendants for various

485657.1

occurrences are not distinguished from one another or otherwise separated. ***See attached Exhibit "B."***

14. Plaintiff's proposed Amended Complaint is now 71 pages in length and consists of 352 paragraphs. It is 50 pages longer and even more rambling, disjointed, incomprehensible, repetitive and unintelligible than Plaintiff's original complaint. It also fails to distinguish occurrences. ***See attached Exhibit "C."***

15. Plaintiff's proposed Amended Complaint does not comply with Rules 8 and 10(b), 12(f) and 15 (a) (2).

16. Furthermore, Plaintiff is now seeking to add additional Defendants in her proposed Amended Complaint without leave of Court. Strangely, Plaintiff is now seeking to add Defendants' individual counsel and their respective firms as parties.

17. Plaintiff's proposed Amended Complaint is also apparently seeking to add Defendants' counsel as parties alleging misrepresentation, fraud, perjured pleadings and legal malpractice. She even goes so far as to claim that a conspiracy exists amongst Defendants' attorneys. Plaintiff has no underlying facts for the basis of her allegations.

18. Moreover, Plaintiff, in her motion requests that the Court allow her a "further amendment after acceptance of the amended complaint to provide a shorter version of this amendment." Based upon this statement alone Plaintiff's motion should be denied.

19. Despite having approximately 100 days from the filing of her original Complaint, Plaintiff claims she has had no time to reduce in size or correct matters in her proposed Amended Complaint.

20. Plaintiff herself acknowledges that "this complaint may be necessary to be corrected or modified however Plaintiff does not know exactly what are the necessary corrections other than reduction." ***See attached Exhibit "A", ¶ 5.***

21. Plaintiff's actions can only be categorized as an abuse of the legal process. Plaintiff has a prior history of engaging in this type of abuse. In the Memorandum Opinion and Order of Judge Virginia M. Kendall in *Rodica Waivio v. Board of Trustees University of Illinois at Chicago, et al.,* Case No. 06 C 7189, a copy of which is annexed hereto as **Exhibit "D,"** Plaintiff similarly filed an Amended Complaint, and in Case No. 04 C 3545 before Judge Norgle, a "Corrected Second Short Amended Complaint."

22. As noted in Judge Kendall's Opinion and Order, Plaintiff's complaints were "rambling, disjointed, and almost entirely incomprehensible."

23. Furthermore, in *Waivio v. Board of Trustees University of Chicago,* Plaintiff also alleged that Defendant's counsel retaliated against her.

24. Judge Kendall's Opinion and Order also states that, "Plaintiff's complaint is almost completely unintelligible and contains incomprehensible allegations." The complaint described in Judge Kendall's Opinion and Order has many similarities to the proposed Amended Complaint that Plaintiff is seeking leave to file.

25. Plaintiff has been given more than sufficient time to properly draft a proposed Amended Complaint and to properly plead her case according to the Federal Rules of Civil Procedure. Her proposed Amended Complaint clearly evidences that she is incapable of doing so.

26. For the foregoing reasons, Plaintiff's Motion for Leave to File an Amended Complaint should be denied in its entirety and with prejudice.

485657.1

WHEREFORE, Defendants, FERTILITY CENTERS OF ILLINOIS, S.C. (incorrectly sued as Fertility Center of Illinois) and JOHN RAPISARDA, M.D., (incorrectly sued as Rapisarda John) pray that this Honorable Court deny Plaintiff's motion in its entirety and with prejudice.

Respectfully submitted:

**FERTILITY CENTERS OF ILLINOIS, S.C. (incorrectly sued as Fertility Center of Illinois) and JOHN RAPISARDA, M.D. (incorrectly sued as Rapisarda John)**

By: /s/Joanne Ciminera
      One of their attorneys

Michael L. Vittori, Esq.
Joanne Ciminera, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
120 North LaSalle Street
Suite 2600
Chicago, Illinois 60602
Telephone: (312) 704-0550
Facsimile: (312) 704-1522

485657.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2008, I caused a copy of the foregoing instrument to be served by operation of the Court's electronic filing system upon the following:

**_Plaintiff (Pro Se)_**
Rodica Waivio
1325 Baldwin Court
Apt. 2A
Palatine, IL 60074

**_Attorney for Defendants Vishvanath C. Karande, M.D. and Karande & Associates, S.C.._**
Edward H. Nielsen
Kim M. Heffernan
Pretzel & Stouffer, Chtd.
One South Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone: (312) 346-1973
Facsimile: (312) 346-8242

**_Attorney for Defendants Advocate Health Care Network, Ian Jasenof, Jennifer Torres, Daniel Pesch, Thomas Iannucci and Bruce Pielate_**
Anjali Dayal
McBreen, Kopko & Dayal
20 N. Wacker Drive
Suite 2520
Chicago, IL 60606
Telephone: (312) 332-6405
E-mail: adayal@mmklaw.com

Parties may access this filing through the Court's system.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Joanne Ciminera

485657.1