IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODICA WAIVIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-C-6690 |
| ) | |
| ADVOCATE HEALTH CARE NETWORK, ) | HONORABLE JUDGE |
| ADVOCATE MEDICAL GROUP, ADVOCATE ) | Ronald A. Guzman |
| HEALTH AND HOSPITAL CORPORATION, ) | |
| ADVOCATE LUTHERAN GENERAL ) | |
| HOSPITAL, IAN JASENOF, individual and ) | |
| employee, JENNIFER TORRES, individual and ) | |
| employee, DANIEL PESCH, individual and ) | |
| employee, THOMAS IANNUCCI, individual ) | |
| and employee, BRUCE PIELTE, individual and ) | |
| employee, VISHVANATH KARANDE, individual ) | |
| employee, JOHN RAPISARDA, M.D., individual ) | |
| and employee, FERTILITY CENTERS OF ) | |
| ILLINOIS, S.C., KARANDE & ASSOCIATES, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS ADVOCATE HEALTH CARE NETWORK,
ADVOCATE MEDICAL GROUP, ADVOCATE HEALTH & HOSPITALS
CORPORATION, ADVOCATE LUTHERAN GENERAL HOSPITAL,
IAN JASENOF, M.D., JENNIFER TORRES, CMA, DANIEL PESCH, M.D.,
THOMAS IANNUCCI, M.D., AND BRUCE PIELET, M.D.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

The Defendants, ADVOCATE HEALTH CARE NETWORK, ADVOCATE MEDICAL GROUP, ADVOCATE HEALTH & HOSPITALS CORPORATION, ADVOCATE LUTHERAN GENERAL HOSPITAL, IAN JASENOF, M.D., JENNIFER TORRES, CMA, DANIEL PESCH, M.D., THOMAS IANNUCCI, M.D., and BRUCE PIELET, M.D., by their attorneys, MCBREEN, KOPKO & DAYAL, submit the following Memorandum In Opposition to Plaintiff's Motion to Amend the Complaint.

1

I.      Introduction

On January 6, 2008, the *pro se* plaintiff, Rodica Waivio, filed a 23 page, 92 paragraph Complaint against the defendants.  On January 16, 2008, the plaintiff filed an "Amended" Complaint consisting of 23 pages, 92 paragraphs and attaching 61 pages of exhibits.  On February 4, 2008, the plaintiff filed a motion requesting leave to again amend her Complaint.  The plaintiff did not attach a proposed amendment but rather requested certain items be stricken from the Amended Complaint filed on January 16, 2008.  That motion was denied by this Court without prejudice.  On April 4, 2008, the plaintiff again filed a motion to amend without attaching a proposed amended pleading and this Court granted plaintiff until April 16, 2008 to file an appropriate motion to amend.  On April 16, 2008, the plaintiff's motion for leave to file was again before this Court without a proposed amendment attached and this Court extended time once again for the plaintiff to file a motion to amend until April 25, 2008.

Defendants received a copy of plaintiff's proposed "First Amended Complaint" in Court on April 25, 2008 and a briefing schedule was entered on the motion granting defendants time to respond and plaintiff an opportunity to reply.[1]  The plaintiff's proposed First Amended Complaint, which is actually the third Complaint offered since January 6, 2008, consists of 71 pages, 352 paragraphs and 19 footnotes and purports to add counsel for the various defendants as party-defendants in the case.  *The Plaintiff's Motion For Leave to Amend and Proposed Amended Complaint is attached as Exhibit A.*  The proposed amended pleading violates every conceivable pleading rule and accordingly, the plaintiff's motion for leave to amend should be

---

[1] Despite this Court's Order permitting briefing on the plaintiff's motion for leave to amend, the plaintiff without leave of Court filed the First Amended Complaint on April 25, 2008 and these defendants have filed a motion to strike the First Amended Complaint requesting that the Order entered by this Court on April 25, 2008 stand.  That motion is set for hearing before this Court on May 13, 2008.

denied. The plaintiff's cause of action should also be dismissed with prejudice based upon the pleading and upon the consistent egregious nature of this plaintiff's conduct.

## II.     Legal Argument

### 1.     Plaintiff's Motion to Amend Should Be Denied

A motion for leave to file an amended complaint is addressed to the sound discretion of the Court and must be decided upon the facts and circumstances of each particular case. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962). Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires," but if there is an apparent reason not to permit the amendment, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or the futility of the amendment, the motion may be denied. Easley vs. Verizon Wireless, 2004 WL 2005819 citing Foman, 371 U.S. at 182. [2]

The plaintiff's motion to amend should be denied because the proposed amendment is futile and cannot withstand a motion to dismiss. Federal Rule of Civil Procedure 8(a) requires complaints to contain a "short plain statement of the claim showing that the pleader is entitled to relief. " Fed. R. Civ. Proc. 8(a). Rule 8 further requires that "each averment of a pleading shall be simple, concise, and direct." Vicom Inc. vs. Harbridge Merchant Services, Inc., 20 F.3d 771, 775 (7th Cir. 1994). A complaint must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through pages in search of what a plaintiff is claiming. Vicom, 20 F.3d at 775 quoting Jennings vs. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990). The purpose behind Rule 8 is to ensure that both the defendant and the court have fair

---

[2] The unpublished slip opinions cited herein including Easley vs. Verizon Wireless, 2004 WL 2005819, Waivio vs. Board of Trustees, 2006 WL 2536688 and Waivio vs. Board of Trustees, 2007 WL 3087197 are included with Exhibit B to this Memorandum.

3

notice of the claims alleged. Vicom, 20 F.3d at 775, citing Wade vs. Hopper, 993 F.2d 1246, 1249 (7th Cir. 1993). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation. Vicom, 20 F.3d at 775-76.

A plaintiff's pro se status does not excuse a failure to comply with pleading requirements established by rules nor does it require the imposition of a less than stringent standard than those of litigants who are represented by counsel. Easley vs. Verizon Wireless, 2004 WL 2005819. *Pro se* plaintiffs must act in accordance with court rules and directives. Easley, 2004 WL 2005819 citing Downs vs. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1994). Although civil litigants who represent themselves benefit from various procedural protections not otherwise afforded to the attorney-represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines. See Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994).

The proposed First Amended Complaint is 71 pages in length and contains 352 multi-sentence paragraphs and 19 footnotes. It is inconceivable how this pleading can be considered a "short plain statement of a claim" or "simple, direct and concise." Rather, the proposed amended Complaint is an incomprehensible rambling concoction which does not permit any defendant to discern theories of liability, parties against whom each theory is directed and what the actual allegations against the defendants comprise.[3] The plaintiff has pled multiple causes of action and pleads multiple defendants in those counts, not differentiating claims against individual defendants.

---

[3] Indeed, plaintiff acknowledges deficiencies within her proposed Amended Complaint reciting that a further amendment will be necessary to shorten the Complaint. *Pl. Motion To Amend at para.4.*

4

Although the plaintiff's actual causes of action are unclear by a review of the proposed amendment, the plaintiff in her introductory paragraphs recites several statutory and common law actions by citation. According to statutory recitations in her introductory paragraphs plaintiff states in paragraph 12 that the action is brought pursuant to the Age Discrimination Employment Act, 42 USC 1981, 42 USC 1981(a), Title VII, Title VI, Title IX, Rehabilitation Act, ADA, Civil Rights of 1871, Fourteenth Amendment to the U.S. Constitution. In paragraph 13, the plaintiff claims actions under the Immigration Reform Act, Title VII, Title VI, Section 1981. She goes on in paragraph 15 to claim her action is brought pursuant to Title 42, ADA, Rehat *(sic)*, Social Security Act or Chapter 117, 42 USC 300, Illinois Hospital Licensing Act 410 ILCS 250, Developmental Disability Protection Act, Illinois Medical Malpractice, 735 ILCS 5/13-21, 735 ILCS 13-212. Paragraph 16 states this is a Wrongful Death Action 740 ILCS 180/2. Paragraph 19 states this action is under ADA and 42 USC 12101…12514, Rehabilitation act 29 USC 794-794a. Paragraph 20 brings the action for willful intentional medical malpractice. Paragraph 25 brings the action for violation of civil rights act of 1871 for violation of 42 USC 1985, 42 USC 1985(2), 42 USC 1985(3). Paragraph 26 brings the action pursuant to 42 USC 300 and 42 USC 300(e)(b). Paragraph 27 purports an action under Title 42 of the Social Security Act. Paragraph 29 bases state claims on the tort intent, medical malpractice, professional malpractice, legal malpractice, retaliation discharge, deceit, concealment, criminal gross negligent *(sic)*, failure to warn, battery, product liability services. Paragraph 20 *(sic)* which is far too long to recite in this Memorandum brings the action pursuant to over 20 statutory citations. *Pl. Proposed Amended Complaint at p. 5-10.*

In the body of the proposed amendment wherein plaintiff purports to plead the "counts" against the defendants the plaintiff improperly recites distinct causes of action within the same Counts. The very titles of the Counts demonstrate the futility of the pleading:

> Count I is pursuant to " US Constit; Tort of Intent, Tort of Deceit and Tort of Misrepresentation, Tort of Concealment, Criminal Negligence; Medical Malpractice; Tort of Product Liability Failure to Warn; Breach of contract; Tort of Battery, Tort of Trespass Federal Food Drug Act; Illinois Food Drug Safety ;42USC300, 42USC300(e)(b) Misconduct 720 ILCS 5/33-33(GONAL-F Trans) Rapisarda,FCI; Adv Lutheran; [alternat II Karande]."

> Count II is entitled "US Constitution; Discrimination Based on National Origin or Race, Ethnicity, Age, Gender in medical services in Violation of Title VII, Title VI, Age Discrimination Act 1975, Age Discrimination Employment Act, Illinois Human Rights Laws, 775ILCS15/5 Illinois BlackList Trade, federal & state laws ; Unlawful Discrimination 42USC1981 or 42. U.S.C. § 1983; Violation of federal and state laws experimentation human subjects; violation of 45CFR46 Protection of Human subjects and Title45Public Welfare;42USC300, 42USC300(e)(b); GONALFTransaction)Rap,FCI; Advoc, Lutheran, [alternative Karande]."

> Count III states it is brought pursuant to "US Constitution; Tort of Intent, Medical Malpractice; 410ILCS250 Developmental Disability Preventive Act; Illinois Developmental Disability Act; Illinois Hospital License Act; Illinois Health and Safety Laws; State and Federal laws related; 775ILCS; Tort of Trespass and Battery; Tort of Deceit; Tort of Concealment; Tort Misrepresentation Tort of Product liability Failure to Warn Misconduct; Tort of Intentional Breach of Contract Wrongful death 740ILCS180/242USC300, 42USC300(e)(b) EMTALLA 42USC1395dd Lupus transaction [Advocate Lutheran Rapisarda FCI Jasenof Torres Peasch Pilate Ianucci, Karande] [all defendants except their counselors]. "

> Count IV states "US Constitution; Discrimination based on Disability "Lupus" ADA Rehabilitation Act; 410ILCS250 Developmental Disability Preventive Act; Illinois human Rights handicap discrimination; Illinois Hospital License Act; Illinois Health and Safety Laws; 775ILCS Illinois Blacklist Trade Law; Illinois Human Rights Laws; Age Discrimination Act 1975; Age discrimination in Employment Act 42USC300 42USC300(e)(b) Lupus transaction [advocate Lutheran Rapisarda FCI Jasenof Torres Peasch Pilate Ianucci Karande] [all defendants except their counselors]."

> Count V bears a title of "Discrimination based on national origin gender Title VII, TitleVI, Section 1981, Section 1983; Illinois human Rights ; 42USC300, 42USC300(e)(b) Lupus transaction [all defendants except counselors]."

Count VI is entitled "Misconduct in medical services, US Constitution, Tort of Retaliation, 42USC1985(2), 42USC1985(3); 42USC300, 42USC300(e)(b) Lupus transaction [all defendants except counselors]; and

Finally Count VII is labeled "Misconduct; ADA, Title VII, Title VI, Rehabilitation Act, Age Discrimination Employment; Age discrimination Act; Section 1981, Section 1983; Abuse of Process; Obstruction of justice; Conspiracy and Retaliation 42USC1985(2), 42USC1985(3) Tort of Retaliation; Retaliation in violation of State and Federal Laws; Legal Malpractice, Tort of Deceit; Tort Concealment Tort of Misrepresentation; Tort of Fraud; 42USC300, 42USC300(e)(b) (court environment) all defendants all counselors all individual counselors."

*Pl. Proposed Amended Complaint at p.37-69.*

It is inconceivable how any defendant can possibly decipher and respond to such a pleading.

Equally indiscernible in the proposed amendment are which purported causes of action are brought against which particular defendant. The plaintiff names several parties in her caption and in the body of the pleading, and yet, the parties are not appropriately distinguished in the varying Counts of the proposed amendment. It appears each defendant is pled under every Count (with the exception of counsel who are excluded from certain counts). There is no effort to distinguish which claim is brought against which individual or corporation.

Moreover, a review of the actual allegations in the Complaint reveals that the allegations are simply incomprehensible. The plaintiff recites 352 paragraphs of largely unintelligible statements. The proposed amendment is not only incoherent but indeed, when read as a whole is nonsensical. The sheer litany of statements make the proposed amendment impossible to decipher and thus, impossible to answer. The examples of the unintelligible statements are too numerous to recite in this response and would indeed require the length of plaintiff's proposed amendment.

In addition to the allegations of liability being confusing and nonsensical, the requests for damages are equally confounding. Not only does the plaintiff request 130 million dollars in damages against all defendants, the plaintiff also asks this Court to order institutions to increase the number of high risk doctors, declare certain medical treatments invalid, provide the plaintiff with embryos from other people, and suspend physicians from their hospitals. *Pl. Proposed Amended Complaint, p. 69-70, para. f, k, w1, w5.* It is inconceivable what causes of action these statements relate to and what basis there is for such a request. Again, this is a rambling stream of consciousness which does not even begin to comply with pleading requirements which would permit amendment.

In addition to the futility of the proposed pleading, the plaintiff also purports to plead new parties with allegations that can only be construed as being brought in bad faith. The proposed amended pleading seeks to join the defense lawyers as party-defendants without any reason provided within plaintiff's motion to amend for such joinder. The attempt to plead counsel and the nature of statements demonstrates bad faith and dilatory motive on the part of the plaintiff. The plaintiff makes broad, conclusory, defamatory statements, against the attorneys claiming perjury, fraud, misrepresentation, lying to the Court, legal misconduct and false pleading supported by no factual allegations. *Pl. Proposed Amended Complaint, p. 65-67, para. 327-340.*

In addition to the salacious pleading, the plaintiff also makes untelligible statements against the attorneys. Examples of her nonsensical claims are contained throughout the proposed amended pleading and a few of those paragraphs are set forth as follows:

    140.    The essence of defendants practice appears to be element of torture, battery trespass of consent; shortly actions of defendants induces impossibility of Waivio to do anything else than what defendants desire, induce. Defendants barred means to Waivio in essence implies Waivio needs to do what defendants want, essentially trespassing consent, and

> inducing actions against free will and desire of Waivio. consistent is flagrantly violated, matters are not free will and desire of Waivio.
>
> 313. Record of case shows uninitiated counselors make remarks falsely related to national origin, disability, age, protected actions, while they do not have same "conduct" with respect to others not from plaintiff's protected class; Shortly Dayal made false complaints about Waivio but they did not complain about others defendants or counselors; similar Nielsen treated severely Waivio in his "motion dismiss 02/21/08" but he treated nicely other defendants and their counselors when he provided "help" to them as his motion helps others in court procedure. Shortly Neilsent treated severely Waivio but treated nicely, helpful all others, essentially proving unlawful discrimination against Waivio; he refused to allow time to Waivio to amend complaint but he gave time or failed to contest all other defendants' requests for extension of time; he treated severely Waivio but nicely others; he appears "pursue unlawful discrimination Advocate".
>
> 315. Fact that Cimmenera and Filipovic both have less 35 years while Dayal has 39-40 years means defendants discriminates on age, Advocate supports "older women", while Rapisarda cover up his interest for "older women"[this affirms allegations in complaint]. Young age of FCI's attorneys represents evidence of cover up of age discrimination.

*Pl. Proposed Amended Complaint p. 36, para. 140, p. 63-64 para. 315 and 319.*

Again it is inconceivable what any of these allegations mean and what cause of action the allegations support.

The plaintiff's motion to amend must be denied because the proposed amendment is futile and pled in bad faith. The proposed amendment would not survive a motion to dismiss and also improperly attempts without reason to add lawyers as party defendants. The pleading is simply a convoluted, inscrutable disaster which does not comport with any reasonable pleading requirements.

### 2.    Plaintiff's Cause of Action Should Be Dismissed With Prejudice

The Court should not only deny leave to amend but should dismiss this case with prejudice. This particular plaintiff is well-known to the Court. The plaintiff has filed five other cases in the Northern District of Illinois against University of Illinois and two cases in the Circuit

9

Court of Cook County against that defendant. See <u>Waivio v. Board of Trustees</u>, 2006 WL 2536688. It appears that after dismissal of those matters the plaintiff has now turned her attention to these defendants exhibiting the same type of behavior exhibited against University of Illinois and its lawyers.[4] The only feasible alternative to deter this plaintiff from abusing the system and the individuals and corporations whom she pleads as parties is dismissal with prejudice.

As Judge Norgle noted against this particular plaintiff, there are species of misconduct that place too high a burden for a court to allow a case to continue. <u>Waivio</u> 2006 WL 253668 citing. <u>Dotson v. Bravo</u>, 321 F.3d 663, quoting <u>Barnhill v. United States</u>, 11 F.3d 1360, 1368 (7th Cir. 1993). Where a party's conduct so violates the judicial process that imposition of a harsh penalty is appropriate not only to reprimand the offender, but also to deter future parties from trampling upon the integrity of the court. <u>Dotson</u>, 321 F.3d at 668. This power is governed by the necessary control courts must have over their dockets. <u>Dotson</u>, 321 F.3d at 668 citing <u>Barnhill</u>, 11 F.3d at 1367. In deciding what measure of sanctions to impose the district court should consider the egregiousness of the conduct in question in relation to all aspects of the judicial process. <u>Barnhill,</u> 11 F.3d at 1368. Misconduct may exhibit such flagrant contempt for the court and its processes that to allow the offending party to continue to invoke the judicial mechanism for its own benefit would raise concerns about the integrity and credibility of the civil justice system that transcend the interests of the parties immediately before the Court. <u>Dotson</u>, 321 F.3d at 668. Dismissal is a harsh sanction but severe and should serve to deter those who might be tempted to such conduct in the absence of such a deterrent. <u>Dotson</u>, 321 F.3d at 667 citing <u>National Hockey League</u>, 427 U.S. at 643, 96 S.Ct. 2778. Further it is axiomatic that

---

[4] Indeed, plaintiff appears to recognize that this present proposed amendment is related to her dismissed claims against University of Illinois by multiple times referencing action against University of Illinois 04-C-3454. See Proposed First Amended Complaint at para. 4, 35, 41, 61, 116, 302, 303, 305, 329, 337.

the appropriateness of lesser sanctions need not be explored if the circumstances justify the ultimate penalty-dismissal with prejudice.  Dotson, 321 F.2d at 667 citing Halas, 16 F.3d at 165.

Although the plaintiff stated in this Court when seeking an extension to file an amended Complaint that she is a *pro se* plaintiff and "should be treated gently" however, this is not a *pro se* plaintiff who is unaware of the rules of this Court.  Rather, the plaintiff is aware of pleading requirements having filed five cases in the District Court and two cases in the Circuit Court of Cook County.  Indeed, this plaintiff has been given specific instruction by judges concerning the necessity of appropriate pleading.  Judge Norgle issued at least two orders admonishing the plaintiff to comply with Rule 8 and wrote an opinion concerning her inability to do so.  *Orders dated 5/18/05 and 8/9/05 entered in Waivio vs. UIC, 07-3545 included with Exhibit C;* Waivio 2006 WL 253668.  Despite the ample warnings in her other matters concerning the mandates of Rule 8, the plaintiff in the present case seeks to file another incomprehensible, unintelligible and inscrutable pleading.

The plaintiff has already demonstrated that the exact same behavior Judge Norgle noted will occur in this case.  This is the third proposed amendment of the plaintiff's Complaint and is 71 pages in length with over 300 paragraphs.  The proposed amendment pleads counsel for defendants as additional parties and alleges defamatory and abusive allegations against those individuals.  There is no indication that this plaintiff has taken heed of the orders and opinions offered in the prior filed claims.  Rather, it appears that this plaintiff has furthered her disregard of the rules of this Court by her rapid pleading of attorneys in her proposed Amended Complaint based upon defamatory and indeed, false allegations.

This particular proposed amendment reveals one indisputable fact – that this plaintiff will continue to attempt to use the court system to abuse and harass defendants without regard for the

rules, instructions of the court and basic decency. No action but dismissal with prejudice will remedy this plaintiff's continual onslaught which amounts to nothing more than an abuse of the system and of the individuals she pleads as defendants. The plaintiff must be precluded from this type of behavior in the case at bar and the only practicable solution to such conduct is dismissal with prejudice.

This request for dismissal with prejudice is further supported by a review of plaintiff's own proposed Amended Complaint. Plaintiff acknowledges in that pleading that conduct involving abuse for abuse of process and egregious conduct should be considered in determining sanctions. Plaintiff states:

> 337. Activity of attorneys in present case is similar situated to Dotson in Dotson v. Bravo, 321 F3d 663, 667 (7th cir 2003), Barnhill in Barnhill v. US 11 F3d 1360, 1367 (7th Cir 1993) see Norgla *(sic)* order Aug 31, 2006 in 04-C-3545.
>
> 338. Defendants present pleadings in flagrant bad faith, false statements, record of delay, contumacious conduct.
>
> 339. Pursuant to Dotson v. Bravo 321 F3d 663, 667 (7th Cir 2003) "court should consider egregiousness of the conduct of defendants and their counselors in question in relation with all aspects of the judicial system".
>
> 340. This court should sanction defendants and their counselors for abuse of process by introducing judgment for Plaintiff against defendants as proved there is no less drastic alternative for defendants. This Hon Court should follow the court of Hon Judge Norgle and Kendall as to deter defendants and their counselors misconduct and abuse of process.

The plaintiff clearly recognizes that abuse of process and egregious conduct warrant sanctions including "judgment." *Pl. Proposed Amended Complaint p. 67, para. 340.*. It is evident that the plaintiff read Judge Norgle and Judge Kendall's opinions and understands severe sanctions are sometimes the only deterrent to egregious conduct and abuse of process indeed even citing Seventh Circuit cases contained in Judge Norgle's

12

opinion concerning this issue. Waivio, 2006 WL 2536688; *Pl. Proposed Amended Complaint p. 67, para. 336-340.* Despite her recitation of Judge Norgle's admonishments, the plaintiff fails to recognize that the opinion was against her conduct resulting in dismissal with prejudice of other actions filed by this plaintiff. Judge Norgle stated:

> "Furthermore, there is no evidence that any type of sanction, except of dismissal with prejudice would be effective. Based on Waivio's propensity for protracted litigation, any imposition of monetary sanctions would be met with briefing, and ensuing motions to add "amendments to those briefs." Moreover, there is no assurance that a monetary sanction would deter Waivio from filing countless other frivolous motions with the court. Her behavior over the past two years has demonstrated that nothing short of the abrupt dismissal of this case will cease the constant onslaught of motions she creates. Other less drastic sanctions would prove unavailing." Waivio, 2006 WL 253668 citing Dotson, 321 F.3d at 667.

Defendant agrees that in certain matters the only alternative is the drastic sanction of terminating an action and in this case, the only deterrent against this plaintiff is to terminate her action with a dismissal with prejudice. There is no other means by which to deter the plaintiff from continuing her abusive onslaught against any person she deems to be her target defendant at any given moment.

**III.    Conclusion**

This plaintiff must be stopped. This plaintiff has abused the process on a consistent basis and harassed and slandered individuals including doctors, teachers and lawyers in her long history before the United States District Court for the Northern District of Illinois. History has demonstrated that there is no other method by which to deter this particular plaintiff from her egregious conduct but by denying her motion for leave to file an amended complaint and dismissing with prejudice her cause of action against the Defendants. The sole relief this Court can afford these defendants is dismissal with prejudice of this plaintiff's cause of action.

13

WHEREFORE, the Defendants, ADVOCATE HEALTH CARE NETWORK, ADVOCATE MEDICAL GROUP, ADVOCATE HEALTH & HOSPITALS CORPORATION, ADVOCATE LUTHERAN GENERAL HOSPITAL, IAN JASENOF, M.D., JENNIFER TORRES, CMA, DANIEL PESCH, M.D., THOMAS IANNUCCI, M.D., and BRUCE PIELET, M.D., request the entry of an Order denying Plaintiff's Motion to Amend and dismissing with prejudice Plaintiff's case against these Defendants.

        Respectfully submitted,

        **McBREEN, KOPKO & DAYAL**
        Attorneys for Advocate Health Care Network, et al

        By:   /s/ Anjali Dayal
            One of their attorneys

Anjali Dayal
McBreen, Kopko & Dayal
20 North Wacker Drive
Suite 2520
Chicago, Illinois  60606
312-332-6405

## CERTIFICATE OF SERVICE

   I hereby certify that on May 6, 2008, I caused a copy of the foregoing instrument to be served by operation of the Court's electronic filing system upon the following and also by USPS Overnight Express Mail to the Pro Se Plaintiff:

**Plaintiff – Pro Se**
Rodica Waivio
1325 Baldwin Court, Apt. 2A
Palatine, Illinois  60074
Telephone:  847-963-0231
Fax: 847-963-0231

**Attorneys for Karande & Associates**
**& M.D. Vishvanth Karande**
Kim M. Heffernan, Esq.
Pretzel & Stouffer, Chtd.
1 South Wacker Drive, Suite 2200
Chicago, Illinois  60606
Telephone:  312-346-1973
Fax:  312-346-8242

**Attorneys for Fertility Centers of Illinois, S.C. and John Rapisarda, M.D.**
Michael L. Vittori
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
120 North LaSalle Street
Suite 2600
Chicago, IL 60602
Telephone: 312-704-0550 x106
Fax: 312-704-1522

Parties may access this filing through the Court's system.

                Attorneys for Advocate Health Care
                Network, et al

                __/s/ Anjali Dayal_____
                One of their attorneys

Anjali Dayal
McBreen, Kopko & Dayal
20 North Wacker Drive
Suite 2520
Chicago, Illinois  60606
312-332-6405