Order Form (01/2005)   Case 1:04-cv-03545   Document 92   Filed 05/18/2005   Page 1 of 2

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3545 | **DATE** | 5/18/2005 |
| **CASE TITLE** | Waivio vs. University of Illinois-Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's Motion Pursuant to Rule 15 [82-1]
Plaintiff's Motion Pursuant to Rule 26(f) [83-1]
Plaintiff's Motion Pursuant to Rule 4 [85-1]
Plaintiff's Motion for Appointment of a Master Pursuant to Rule 53(a) [87-1]
Plaintiff's Motion for Rule 16(a) Scheduling Conference [89-1]

Plaintiff's Motion for Rule 16(a) Scheduling Conference [89-1] is denied. Plaintiff's Motion Pursuant to Rule 15 [82-1] is denied. Plaintiff's Motion for Appointment of a Master Pursuant to Rule 53(a) [87-1] is denied. Plaintiff's Motion Pursuant to Rule 4 [85-1] is denied. Plaintiff's Motion Pursuant to Rule 26(f) [83-1] is denied.

■ [ For further details see text below.]                           Docketing to mail notices.

## STATEMENT

   The Plaintiff is suing the Defendants relating to her involvement in a PhD program at the University of Illinois at Chicago, and presents her most recent flurry of motions as "Dr. Rodica Waivio, in pro se representation, with attorney stand by." The court has previously granted a motion of Plaintiff to file an amended complaint. See Minute Order dated 5/12/2005. As this time there is no Complaint before the court.
   Plaintiff's Motion for Rule 16(a) scheduling conference [89-1] is denied. With no Complaint before court, and no pleading by the Defendants relating to the Complaint yet to be filed, the motion for a scheduling conference is premature.
   Plaintiff's Motion for the appointment of a Master pursuant to Rule 53(a) is denied. Plaintiff asks for the appointment of a Master with the "main duty to interpret and clarify the plaintiff's pleadings, motions, or other procedures in this Honorable Court." There is no reasonable basis upon which to grant the motion and to place the additional burden of requiring both the Plaintiff and the Defendants to pay the fees and expenses of a Master. To the extent the court decides the services of the assigned Magistrate Judge may facilitate the movement of the case, the court may assign certain duties to the Magistrate Judge.
   Plaintiff's Motion for a court-appointed interpreter in this civil matter is denied at this phase of the proceedings. The Plaintiff's pleadings show a reasonable familiarity with the English language and the case involves to a certain extent a PhD and teaching duties at the University of Illinois at Chicago. The court previously advised the Plaintiff that at any time she wished to use the services of an interpreter she would employ, she could do so.
   Plaintiff's Motion for the court to set a page limit on the Amended Complaint is denied. The court


DEFENDANT'S EXHIBIT C

Case 1:04-cv-03545   Document 92   Filed 05/18/2005   Page 2 of 2

## STATEMENT

simply advises Plaintiff again to comply with Rule 8.

Plaintiff's Motion Pursuant to Rule 4 [85-1] is denied. Plaintiff erroneously refers to Educational Testing Services as a Defendant. The court construes this Motion as a Motion to Reconsider the court's ruling of 4/14/2005. The Motion is denied for the reasons stated in that Order.

Plaintiff's Motion styled "Motion Pursuant to Rule 26(f) Conference of Parties" [83-1] is denied. There is no Complaint presently before the court. Plaintiff's Complaint is due on 5/27/2005. Until counsel for the Defendants and the court have an opportunity to review the Complaint due 5/27/2005, a Rule 26(f) Conference is deferred.

Plaintiff's Rule 15 (Relation Back of Amendment) is denied. The motion states in part, "requesting as the new amended short complaint to be related back to the second amended complaint, the new amended complaint will be a shortened version of the second amended complaint because the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading Rule 15(c)(2)." The Complaint to which Plaintiff refers was 65 pages long. In her motion, Plaintiff acknowledges the "necessity of shortening and clarifying the pleadings." That is the objective of permitting the Plaintiff to file a new, fresh complaint consistent with Rule 8 within the deadline set by the court in its Order of 5/12/2005, that deadline being 5/27/2005.

IT IS SO ORDERED.

Order Form (01/2005)   Case 1:04-cv-03545   Document 142   Filed 08/09/2005   Page 1 of 1

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3545 | **DATE** | 8/9/2005 |
| **CASE TITLE** | Waivio vs. UIC, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Educational Testing Services Motion for Clarification [139-1] and Motion for Extension of Time [139-2] are granted.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On July 20, 2005, Plaintiff filed a Motion to Amend her Complaint. In her Notice of Filing, Plaintiff referred to this document as a "delimitation of ETS part of complaint." Plaintiff also filed, on that date, a document styled "The Allegations From the Plaintiff's Complaint Against ETS Are Presented In This Document." In response the court, on July 21, granted Plaintiff's Motion to Amend, and gave ETS 21 days to answer or otherwise plead. Plaintiff has since then filed no additional documents that could be construed as an amended Complaint.

ETS now moves the court to clarify its July 21 Order. ETS asks the court to explain which of Plaintiff's many confusing pleadings stands as the operative complaint to which it must respond. This is a fair and reasonable request. Plaintiff shall therefore deliver to all counsel of record for all Defendants a copy of what she considers to be her final operative Complaint in this matter. That Complaint shall be delivered to counsel on or before August 31, 2005. Plaintiff shall also deliver a courtesy copy of this Complaint to chambers.

This Complaint must conform to Federal Rule of Civil Procedure 8(a)(2), which provides that the Complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This Complaint must also be styled in such a way as to allow Defendants to comply with Federal Rules of Civil Procedure 8(b) and (c), which require Defendants to state any defenses they might have to these claims, including affirmative defenses, and to admit or deny the averments made in the Complaint.

| | Courtroom Deputy Initials: | |
|---|---|---|