**F I L E D**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MAY 0 9 2008  YM
May 09 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| RODICA WAIVIO, | ) | |
| Plaintiff, | ) | Case NO: 07-C-6690 |
| v. | ) | HONORABLE JUDGE |
| ADVOCATE HEALTH CARE NETWORK, | ) | RONALD A GUZMAN |

ET ALL Defendants.

**RESPONSE TO MOTIONS TO JOIN ADVOCATE MEMORANDUM;
RESPONSE TO MOTIONS FOR STRIKE;
REQUEST FOR JUDGENENT IN PLAINTIFF'S FAVOR
REQUEST TO ENFORCE DEFENDANTS OR REQUEST FOR PRELIMINARY
INJUNCTION**

**NOW COMES** Plaintiff, RODICA WAIVIO, in Pro Se representation, and presents her

pleadings, respectfully states the followings:

**Pursuant to Rule 8(b) FRCP** defendants' pleadings[1] from record allege that

"Defendants are aware of means to remedy [natural pregnancy] and "that there is just reason to

enforce defendants and there is just reason to delay appeal" [Karande mot dismiss 02/04/08]".

Furthermore "Although plaintiff in this case states that her complaint is based on discrimination

.. The plaintiff alleges she went to see Dr Karande for removal of scaring and that Dr Karande

burned her uterus with electricity and he did not follow her request to use scissors. Plaintiff also

alleges that in May 2007, Dr Karande sent her letter setting that he would no longer provide her

with medical services (see Exhbit A paragraph 67)".

However Waivio from 2006 till present does not receive treatment for natural pregnancy

and did not receive treatment while defendants pleaded contrary; Waivio requests enforcement.

Pursuant Rule 8(b) Defendants pleaded that prejudice will result to Waivio by delay in

enforcement and delay of Waivio right to remedy, natural pregnancy as alleged in complaint

04/25/08 and defendants' actions are discriminatory based on plaintiff protected membership in

protected classes designated to deprive Waivio of her rights. Defendants' pleadings and actions

---

[1] Motions to strike 05/-1/08, 05/02/08, 05/05/08, Advocate Memorandum from 05/06/08, Karande Motion to Join
05/07/08 and FCI Join Motion 05/08/08, Karande Motion dismiss 02/22/08

affirm complaint allegations, they are evidence in support of complaint.

Count VII in complaint 04/25/08 is related to original allegations, Gonal-F and lupus, and it is evidence in support of allegations and they are taken into consideration by court because they are "issues are tried by consent" as counselors consented to present evidence to court by their own free will and desire, therefore they support complaint and allegations in complaint about lupus and Gonal-F.

**Waivio respectfully requests** to enforce defendants, Karande and any appropriate defendant, or preliminary injunction or any other appropriate means to enforce defendants to provide medical services as to secure Waivio's request for relief [Amended Comp 04/25/08 pag69 (d) or (p)] immediately or as soon as possible. Waivio request preliminary injunction, or any procedure needed to enforce defendants. *Plaintiff's response 05/06/08 is repeated and realeged.*

**Waivio respectfully requests** judgment in plaintiff's favor on any part or on all claims [summary judgment if this court finds appropriate], trial or preliminary injunction, or any federal procedure which this court may find appropriate, in order to provide remedy immediately or as soon as possible as to enforce any of defendants, to provide medical services to obtain relief of natural pregnancy requested by Amended Comp 04/25/08 pag69 (d) or (p) as soon as possible and to eliminate unnecessary delay.

**Plaintiff interprets defendants' motions for strike**

1. In light of recent submitted pleadings by defendants asserting there is reason to enforce defendants and to delay appeal, Plaintiff interprets defendants' motions for strike [based on attached pleadings and exhibits] as motion for summary judgment or judgment by judge, judgment under federal rules, pursuant Rule 12(b)(6) and Rule 12(d) [when matters outside pleadings are not excluded Rule 56 is applicable] or equivalent standards; Plaintiff interprets defendants' motions to strike as permission for "preliminary injunction"; In response to defendants plaintiff respectfully requests judgment in plaintiff's favor or trial or summary judgment in part on any claim or on all claims pursuant Rule 12(b)(6), Rule 12(d), Rule 56, or preliminary injunction or any appropriate procedure which this court may find appropriate as to enforce defendants to provide as soon as possible remedy as requested in complaint 04/25/08. Plaintiff respectfully requests court any federal procedure which can enforce defendants to

3

provide medical services pursuant 42USC300.

2. Waivio interprets defendants motions as Rule 56, matters outside pleadings are not excluded, and requests to dismiss is pursuant Rule 56 or its equivalents and compatible standards. Amended Complaint 04/25/08 requests "judgment in plaintiff favor against defendants" as solution to defendants' illegal practices, and Plaintiff reaffirms and requests, if this court finds appropriate, judgment in plaintiff's favor against defendants on all claims or in any part in such way that court may provide immediate or as soon as possible relief of enforcement of defendants.

2. Based on defendants assertion that there is reason to enforce defendants and there is reason to delay appeal, Waivio interprets ongoing pleadings as "preliminary injunction" or "summary judgment" or "judgment by judge", or judgment by trial by judge, matters are on hearing and trial, similar situated to procedure of case 04-C-3545 in judge Norgle. Defendants attached Norgle final order therefore affirming present mattes.

3. In responding to defendants Motions to Strike Waivio alleges that ongoing matters are on trial, therefore this court can introduce "preliminary injunction" or any order enforcing defendants, or if court finds appropriate judgment in plaintiff favor against defendants, to enforce defendants.

4. By present submission Waivio gives District Court judge permission to any procedure which allows enforcement of defendants or "preliminary injunction" to provide remedy, Waivio requests to enforce defendants to immediate remedy based on pleadings submitted by defendants.

**Short Argument**

1.Karande pleaded on 02/21/08

"Defendants request Honorable Court "dismiss with prejudice all counts in the Plaintiff's complaint[01/16/08] and find that there **is no just reason to delay enforcement** or **appeal**".

2. Karande motion to join pleads "deny Plaintiff's Motion to Amend and dismissing with Prejudice Plaintiff's case against Defendants", which contradicts previous requests, implies defendants do not request court to declare that there is no reason to delay enforcement or appeal, means defendants' pleadings are "delay of enforcement" or procedure, as to obstruct right to remedy.  Defendants affirmed complaint of 04/25/08 as in its main relief therefore Waivio respectfully requests court to enforce by any means by any law by any rule  Plaintiff's right to

4

remedy, natural pregnancy as alleged in complaint of 04/25/08, without delay, as defendants admitted they have means for relief.

3. Plaintiff acknowledges Waivio brings this submission in emergent manner based on defendants' pleadings therefore Waivio acknowledges Waivio had no sufficient time to respond fully to defendants and this is an emergent submission. Further response may be filed in.

**Defendants can not join Dayal 43-44 years old woman in effective responsible pleadings**

Dayal is a woman at 43-44[2] years old, Pursuant to Rule 8(b) Dayal declares herself unable to formulate legal theory based on "solution as natural pregnancy" [see literature declaring 43-44 years old as inability to conceive naturally]. Because Dayal is unable to respond to legal theory presented in complaint 04/25/08, Dayal is unable to respond to pleadings due to bar of her own experience. Shortly Dayal needs to provide pleadings outside her own experience and to provide medical expertise or "within ordinary grasp juror argumentation" based on specific Waivio situation and based on Waivio specific needs and she needs to prove evidence to court that she adequately evaluated Waivio as specific to her present necessities, specific medical matters as corresponding to Waivio present situation rather than making a misclassification of Waivio as similar situated to Dayal 44-43 years old. Dayal needs to provide evidence to court that her own experience does not bar responsive pleadings to complaint or issues raised in any means.

Waivio interprets Dayla "Memorandum" as Dayla pursues Advocate unlawful discriminatory practices, by misclassification of Waivio as "similar situated to Dayal 43-44 years old", therefore affirming discrimination based on age or national origin or disability or protected activities, affirming complaint. Rapisarda, FCI and Karande did not provide any argumentation in support of "join and adopt", which implies their requests are "unlawful discriminatory practices" because they falsely and inappropriately misclassify Waivio based on her age, national origin, race, protected actions as "43-44 years old similar situated to Dayal" when in reality there is a significant age difference between Waivio and Dayal, and natural pregnancy can be provided by enforcing defendants to medical services pursuant 42USC300.

Pursuant to Rule 8(b) Waivio declares that any join in effective responsive pleadings to Dayla is "unlawful discriminatory practice" therefore barred by complaint, and federal and state laws and

---

[2] Complaint04/25/08 has incorrect stated Dayal aged 39-40, this is error, Internet informed Dayal is 43-44 years

US Constitution, and Waivio requests denial of any join to Dayal in effective responding pleadings in this case. Motions to join Motion to strike were formulated independent of this matters therefore Motions to join Motion to strike are not affected by present argument. Defendants' motion to Join Advocate memorandum of Dayla are unlawful discrimination therefore barred by present pleadings. Plaintiff repeats and realeges "Amended Complaint of 04/25/08" in responding present matters.

**Advocate Memorandum is Moot**

1. Advocate Memorandum is opposite alternative of Karande' Motion to dismiss 02/21/08 therefore moot. Advocate under "vicarious theory" has to respond to ▆▆▆▆▆▆ for Karande in Amended Complaint 04/25/08 while this was responded already implies Advocate motion is moot. In order to support allegations for Karande in ▆▆▆▆▆▆ defendants must prove that under no "any theory" "complaint fails to state a cause of action under any theory against Karande"", implies Advocate memorandum is moot. Similar is for Rapisarda and FCI.

2. Advocate does not formulate alternative that "if this court finds that [Advocate claims] does not dispose of Plaintiff's entire claim against defendants" therefore Advocate Memorandum is moot, in light of Karnde motion to dismiss 02/21/08.

3. Comment

a. On 02/21/08 Defendants brought a motion to dismiss which was attached as exhibit to Waivio submission from 03/05/08 and which was included in "Amended Complaint of 04/25/08" because "(141) Plaintiff takes as evidence in support of her complaint the record in present case and submissions made by defendants and any exhibit on record related to complaint".

b. Advocate submitted Pleadings and attached as exhibit above paragraph, admitting that exhibits on record as included in complaint, and are included in "briefing on Motion to Amend". All parties admitted to matter, when they requested join to Advocate Motion to strike, which has Amended complaint

c. Karande submission states legal ground under which matters are to be evaluated, Rule 12(b)(6) and "fails to state a cause of action under any theory against Karande" but also

"Defendants request Honorable Court "dismiss with prejudice all counts in the Plaintiff's complaint and find that there **is no just reason to delay enforcement** or **appeal**".

d.  Karande motion to dismiss stated "standards of evaluations" which are on record.

## Denying motions to Join Advocate Memorandum

1. Advocate Memorandum is misconduct, unnecessary delay, delay of enforcement, burden to court, false pleadings, pleadings in bad faith, harassing Waivio, Advocate Pleadings in its memorandum are moot therefore other defendants can not join Memorandum of Advocate.

2. Advocate Memorandum is moot:

a. Plaintiff supports this by Amended Complaint of 04/25/08, and plaintiff repeats and realeges the Amended Complaint of 04/25/08.

b. Legal ground of matters is not "court sound direction" but standards of merit evaluated under Rule 12(b)(6), Advocate Memorandum is trumped by exhibits pursuant *Northern Ind Gun & Outdoor Shows, Inc v. Voty of South Bend* 163 F 3d 449, 454 (7thCir 1998); exhibits attached to Memorandum invalidate Advocate's argument pursuant 12(b)(6), while request for dismissal with prejudiced is also under Rule 12(b)(6), therefore it is not at court's discretion; Advocate Argument is moot.

c. Standards of Rule 15(b) Amendment during and after trial is applicable as quoted:

(b) AMENDMENTS DURING AND AFTER TRIAL.
(2) *For Issues Tried by Consent*. When an issue not raised by
the pleadings is tried by the parties' express or implied consent,
it must be treated in all respects as if raised in the pleadings.
A party may move — at any time,— to amend the pleadings to conform them to the evidence
and to raise an unpleaded issue. But failure to amend does not
affect the result of the trial of that issue.

Pursuant Rule 15(b) issues of "court environment" Count VII in Amended Complaint of 04/25/08 are "by counselors consent" because counselors by their own free will and desire choose to present to court evidence in support of action 07-6690, therefore they consented to trial by judge, and all matters from court environment are participating. Pursuant Rule 15(b)(2) issues are "*Issues Tried by Consent*" and the results of trial are not affected by failure to amend etc. Issues in Count VII as court environment are "issues tried by consent of counselors" and matters are "standards of merit". Defendants have free will and possibility to change their attorneys therefore

7

their misconduct and burdens to court are consensual presented to court and by their own consent request court to consider.

d) Dayal in Memorandum affirmed Norgle order which stated "court should consider the conduct in relation with all aspects of process" therefore court must take counselors conduct presented into consideration in evaluation of merits as it is evidence of Waivio's allegations.

 d) Claims pursuant Rule 8(a) are moot because all defendants requested "Amended Complaint of 04/25/08 to stand", shortly counselors themselves requested "Amended Complaint of 04/25/08" to be taken into consideration, therefore any further allegation Pursuant Rule 8(a) as moot because counselors requested "Amended Complaint of 04/25/08 to stand".

**Standards applicable**

"[A] court will not strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Fla. Software , Sys., Inc. v. Columbia/HCA Healthcare Corp. Corp., No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999). Further, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." See Case No. 3:06-cv-1082-J-12MCR MIDDLE DISTRICT OF FLORIDA CHICAGO TITLE INSURANCE COMPANY  VS. COMMONWEALTH FOREST INVESTMENTS

Under standards of Rule 12(f) defendants pleaded that counselors conduct is different and evidently counselors conduct is related to pleadings of lupus or Gonal-F therefore they are related to pleadings and they can not be disposed without evaluation on merit.

Defendants already pleaded that there is reason to enforce and therefore they pleaded that there is prejudice to Waivio as regarding remedy.

"The Eighth Circuit uses a four-prong test to determine whether to grant a temporary restraining order [same preliminary injunction]. See Dataphase Systems, Inc. v. C.L. Systems, Inc. Inc., 640 F.2d 109 (8th Cir. 1981). The Court considers: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest. Id."
IMO INDUSTRIES, INC.VS SEIM S.R.L., Western District Of North Carolina Charlotte Division 3:05-CV-420-MU A preliminary injunction is a "drastic and extraordinary remedy that is not to be routinely granted." Intel Corp v. ULSI Sys. Tech, Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993). To demonstrate the necessity of a preliminary injunction, a plaintiff must show (1) a

likelihood of success on the merits of the underlying litigation; (2) immediate irreparable harm if relief is not granted; (3) a balance of hardships of the parties weighs in favor of the party; and (4) the public interest is best served by granting the injunctive relief. Polymer Techs., Inc. v. Bridewell, 103 F.3d 970, 973 (Fed. Cir. 1996).

Waivio supports her request for enforcement of defendants to provide medical services to obtain relief by "Amended Complaint of 04/25/08".

All these were already pleaded and agreed with defendants as defendants themselves already informed court that there is reason to enforce defendants. Evidently any delay is a threat to Waivio right to remedy, prejudice Waivio in obtaining the remedy, while record of present case shows probability of Waivio to succeed on merit and Waivio also request judgment on merit for plaintiff against defendants if court finds it appropriate. Evidently there is no injury which can be done to Defendants of preliminary injunction to enforce defendants to provide medical services. Complaint requests services on free, however defendants did not contest this therefore Waivio requests enforcement of services on free of charge to Waivio or this court may establish rationale for such enforcement of services as appropriate. Evidently there is a public interest.

**Additional Requests in support**

If this Honorable court allows parties to summary judgment or judgment on merits of any type, Waivio requests additional time 20-45 days to file in Memorandum in support of Judgment in Plaintiff's favor and to provide pertinent information Pursuant Rule 12(d). Plaintiff respectfully requests court to inform Waivio that Court allows procedure of summary judgment or judgment on merit of any type.

WHEREFORE RODICA WAIVIO respectfully requests that this Hon Court enforce defendants to provide medical services, allow request for judgment in plaintiff's favor against defendants if this court finds it appropriate and provide preliminary injunction, and furthermore grant Plaintiff all relief deemed appropriate under law.

Submitted, By Plaintiff, Rodica Waivio          05/09/08
Address: 1325 Baldwin Ct Apt 2A
         Palatine IL 60074

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RODICA WAIVIO, | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.: 07-CV-6690 |
| | ) | |
| ADVOCATE HEALTH CARE NETWORK, | ) | |
| ADVOCATE MEDICAL GROUP, ADVOCATE | ) | |
| HEALTH & HOSPITAL CORPORATION, | ) | Judge Ronald A. Guzman |
| ADVOCATE LUTHERAN GENERAL HOSPITAL, | ) | |
| IAN JASENOF, individual and employee, | ) | |
| JENNIFER TORRES, individual and employee, | ) | |
| DANIEL PESCH, individual and employee, | ) | |
| THOMAS IANNUCCI, individual and employee, | ) | |
| RAPISARDA JOHN, individual and employee, | ) | |
| FERTILITY CENTER OF ILLINOIS | ) | |
|  AND KARANDE & ASSOCIATES, | ) | |
| | ) | |
|         Defendants. | ) | |

**MOTION TO JOIN AND ADOPT DEFEDANTS' ADVOCATE HEALTH CARE
NETWORK, et al.'s, MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND**

NOW COME Defendants, Fertility Centers of Illinois, S.C. (incorrectly sued

herein as Fertility Center of Illinois) and John Rapisarda, M.D., (incorrectly sued herein

as Rapisarda John) by and through their attorneys, WILSON ELSER MOSKOWITZ

EDELMAN AND DICKER, LLP, and moves this Honorable Court for leave to join and

adopt Defendants Advocate Health Care Network, Advocate Medical Group, Advocate

Health & Hospitals Corporation, Advocate Lutheran General Hospital, Ian Jasenof, M.D.,

Jennifer Torres, CMA, Daniel Pesch, M.D., Thomas Iannucci, M.D., and Bruce Pielet,

M.D.'s Memorandum in Opposition to Plaintiff's Motion to Amend.  In support thereof:

      1.    Defendants Advocate Health Care Network, et al., ("ADVOCATE")

timely filed a Memorandum in Opposition to Plaintiff's Motion for Leave to Amend

("Memorandum") on May 6, 2008.

2.    Fertility Centers of Illinois, S.C. and John Rapisarda, M.D.'s counsel has reviewed ADVOCATE's Memorandum and asserts that the Memorandum is applicable to all defendants and the issues in dispute against Fertility Centers of Illinois, S.C. and John Rapisarda, M.D. are thoroughly addressed in ADVOCATE's Memorandum.

3.    There is no prejudice to any party by allowing Fertility Centers of Illinois, S.C. and John Rapisarda, M.D. to join and adopt ADVOCATE's Memorandum which alleviates repetitive argument and duplicative briefing.

WHEREFORE, Defendants, Fertility Centers of Illinois, S.C. and John Rapisarda, M.D. pray that this Honorable Court allow them to join and adopt Advocate Health Care Network, et al.'s Memorandum in Opposition to Plaintiff's Motion to Amend.

Respectfully submitted:

**FERTILITY    CENTERS    OF ILLINOIS, S.C. (incorrectly sued as Fertility Center of Illinois) and JOHN RAPISARDA, M.D. (incorrectly sued as Rapisarda John)**

By:    /s/Joanne Ciminera
         One of their attorneys

Michael L. Vittori, Esq.
Joanne Ciminera, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
120 North LaSalle Street-Suite 2600
Chicago, Illinois 60602
Telephone:  (312) 704-0550
Facsimile:  (312) 704-1522

487528.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2008, I caused a copy of the foregoing instrument to be served by operation of the Court's electronic filing system upon the following, and also overnight mailed to the Plaintiff, at the address below:

**Plaintiff –Pro Se**
Rodica Waivio
1325 Baldwin Court, Apt. 2A
Palatine, Illinois 60074
Telephone: 847-963-0231
Fax: 847-963-0231

**Attorneys for Karande & Associates, S.C. & Vishvanth C. Karande, M.D.**
Kim M. Heffernan, Esq.
Edward H. Nielsen, Esq.
Pretzel & Stouffer, Chtd.
1 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
Telephone: 312-346-1973
Fax: 312-346-8242

**Attorneys for Advocate Healthcare, et al.**
Anjali Dayal, Esq.
McBreen, Kopko & Dayal
20 North Wacker Drive, Suite 2520
Chicago, IL 60606
Telephone: (312) 332-6405
Fax: (312) 332-2657

Parties may access this filing through the Court's system.

_____ /s/ Joanne Ciminera _____

487528.1

**EHN/KMH**

## IN THE UNITED STATES DISTRICT COURT NORTHERN
## DISTRICT OF ILLINOIS EASTERN DIVISION

RODICA WAIVIO,

        Plaintiff,

vs.

ADVOCATE HEALTH CARE NETWORK,
ADVOCATE MEDICAL GROUP, ADVOCATE
HEALTH AND HOSPITAL CORPORATION;
ADVOCATE LUTHERAN GENERAL HOSPITAL;
IAN JASENOF, Individual and Employee; JENNIFER
TORRES, Individual and Employee; DANIEL PESCH,
Individual and Employee; THOMAS IANNUCCI,
Individual and Employee; VISHVANATH KARANDE,
Individual and Employee; RAPISARDA JOHN;
Individual and Employee; FERTILLITY CENTER OF
ILLINOIS AND KARANDE & ASSOCIATES,

        Defendants.

No.  07 C 6690

HONORABLE JUDGE:
RONALD A. GUZMAN

## AMENDED MOTION TO JOIN AND ADOPT DEFENDANTS'
## ADVOCATE HEALTH CARE NETWORK, et al., MEMORANDUM
## IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND

        NOW COME the Defendants, Vishvanath C. Karande, M.D. and Karande & Associates, S.C.

("KARANDE") by and through their attorneys, Pretzel & Stouffer, Chartered, and moves this

Honorable Court for leave to join and adopt Defendants Advocate Health Care Network, Advocate

Medical Group, Advocate Health & Hospitals Corporation, Advocate Lutheran General Hospital,

Ian Jasenof, M.D., Jennifer Torres, CMA, Daniel Pesch, M.D., Thomas Iannucci, M.D., and Bruce

Pielet, M.D.'s Memorandum in Opposition to Plaintiff's Motion to Amend. In support thereof:

        1.      Defendants, Advocate Health Care Network et al., ("ADVOCATE") timely filed a

Memorandum in Opposition to Plaintiff's Motion for Leave to Amend ("Memorandum")on May 6,

2008.

2.     KARANDE's counsel has reviewed ADVOCATE's Memorandum and asserts that the Memorandum is applicable to all defendants and the issues in dispute against KARANDE are throughly addressed in ADVOCATE's Memorandum.

3.     There is no prejudice to any party by allowing KARANDE to join and adopt ADVOCATE'S Memorandum which alleviates repetitive argument and duplicative briefing.

WHEREFORE, Defendants, Vishvanath C. Karande, M.D. and Karande & Associates, S.C. pray that this Honorable Court allow them to join and adopt Advocate Health Care Network, et al.'s Memorandum in Opposition to Plaintiff's Motion to Amend.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED,

By:__S/ Edward H. Nielsen_____
One of the Attorneys for the Defendants

Edward H. Nielsen/Bar No.: 0252296
enielsen@pretzel-stouffer.com
PRETZEL & STOUFFER, CHARTERED
*Attorneys for Defendants, Vishvanath C. Karande, M.D.*
*and Karande & Associates, S.C.*
One South Wacker Drive, Suite 2500
Chicago, Illinois  60606-4673
Telephone:     (312)346-1973
Facsimile:     (312) 346-8242

-2-

# Certificate of Service

The undersigned hereby certifies that a copy of the foregoing Amended Motion to Join and Adopt Defendants Advocate Health Care Network et. al.'s Memorandum in Opposition to Plaintiff's Motion to Amend was served via the Court's electronic filing system upon the following and also mailed to the plaintiff, at the address below, this 7th day of May, 2008.

Plaintiff-Pro Se
Rodica Waivio
1325 Baldwin Court
Apt. 2A
Palatine, IL 60074
(847) 963-0231

Attorneys for Fertility Centers of IL, S.C. and John Rapisarda, M.D.
Jamie L. Filipovic
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
120 North Lasalle Street
Suite 2600
Chicago, IL 60602
(312) 704-0550
(312) 704-1522 (Fax)

Attorneys for Advocate Healthcare, et. al.
Anjali Dayal
McBreen, Kopko & Dayal
20 North Wacker Drive
Suite 2520
Chicago, Illinois 60606
(312) 332-6405
(312) 332-2657 (Fax)

s/Edward H. Nielsen
Edward H. Nielsen/Bar No.: 0252296
enielsen@pretzel-stouffer.com
PRETZEL & STOUFFER, CHARTERED
*Attorneys for Defendant*
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606-4673
Telephone:    (312)346-1973
Facsimile:    (312) 346-8242

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RODICA WAIVIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-C-6690 |
| | ) | |
| ADVOCATE HEALTH CARE NETWORK, | ) | HONORABLE JUDGE |
| ADVOCATE MEDICAL GROUP, ADVOCATE | ) | Ronald A. Guzman |
| HEALTH AND HOSPITAL CORPORATION, | ) | |
| ADVOCATE LUTHERAN GENERAL | ) | |
| HOSPITAL, IAN JASENOF, individual and | ) | |
| employee, JENNIFER TORRES, individual and | ) | |
| employee, DANIEL PESCH, individual and | ) | |
| employee, THOMAS IANNUCCI, individual | ) | |
| and employee, BRUCE PIELTE, individual and | ) | |
| employee, VISHVANATH KARANDE, individual | ) | |
| employee, JOHN RAPISARDA, M.D., individual | ) | |
| and employee, FERTILITY CENTERS OF | ) | |
| ILLINOIS, S.C., KARANDE & ASSOCIATES, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ADVOCATE HEALTH CARE NETWORK,
ADVOCATE MEDICAL GROUP, ADVOCATE HEALTH & HOSPITALS
CORPORATION, ADVOCATE LUTHERAN GENERAL HOSPITAL,
IAN JASENOF, M.D., JENNIFER TORRES, CMA, DANIEL PESCH, M.D.,
THOMAS IANNUCCI, M.D., AND BRUCE PIELET, M.D.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

The Defendants, ADVOCATE HEALTH CARE NETWORK, ADVOCATE MEDICAL

GROUP, ADVOCATE HEALTH & HOSPITALS CORPORATION, ADVOCATE

LUTHERAN GENERAL HOSPITAL, IAN JASENOF, M.D., JENNIFER TORRES, CMA,

DANIEL PESCH, M.D., THOMAS IANNUCCI, M.D., and BRUCE PIELET, M.D., by their

attorneys, MCBREEN, KOPKO & DAYAL, submit the following Memorandum In Opposition

to Plaintiff's Motion to Amend the Complaint.

1

## I.    Introduction

On January 6, 2008, the *pro se* plaintiff, Rodica Waivio, filed a 23 page, 92 paragraph

Complaint against the defendants.    On January 16, 2008, the plaintiff filed an "Amended"

Complaint consisting of 23 pages, 92 paragraphs and attaching 61 pages of exhibits.    On

February 4, 2008, the plaintiff filed a motion requesting leave to again amend her Complaint.

The plaintiff did not attach a proposed amendment but rather requested certain items be stricken

from the Amended Complaint filed on January 16, 2008.    That motion was denied by this Court

without prejudice.    On April 4, 2008, the plaintiff again filed a motion to amend without

attaching a proposed amended pleading and this Court granted plaintiff until April 16, 2008 to

file an appropriate motion to amend.    On April 16, 2008, the plaintiff's motion for leave to file

was again before this Court without a proposed amendment attached and this Court extended

time once again for the plaintiff to file a motion to amend until April 25, 2008.

Defendants received a copy of plaintiff's proposed "First Amended Complaint" in Court

on April 25, 2008 and a briefing schedule was entered on the motion granting defendants time to

respond and plaintiff an opportunity to reply.[1]    The plaintiff's proposed First Amended

Complaint, which is actually the third Complaint offered since January 6, 2008, consists of 71

pages, 352 paragraphs and 19 footnotes and purports to add counsel for the various defendants as

party-defendants in the case.    *The Plaintiff's Motion For Leave to Amend and Proposed

Amended Complaint is attached as Exhibit A.*    The proposed amended pleading violates every

conceivable pleading rule and accordingly, the plaintiff's motion for leave to amend should be

---

[1] Despite this Court's Order permitting briefing on the plaintiff's motion for leave to amend, the plaintiff without leave of Court filed the First Amended Complaint on April 25, 2008 and these defendants have filed a motion to strike the First Amended Complaint requesting that the Order entered by this Court on April 25, 2008 stand. That motion is set for hearing before this Court on May 13, 2008.

2

denied. The plaintiff's cause of action should also be dismissed with prejudice based upon the pleading and upon the consistent egregious nature of this plaintiff's conduct.

## II.    Legal Argument

### 1.    Plaintiff's Motion to Amend Should Be Denied

A motion for leave to file an amended complaint is addressed to the sound discretion of the Court and must be decided upon the facts and circumstances of each particular case. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962). Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires," but if there is an apparent reason not to permit the amendment, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or the futility of the amendment, the motion may be denied. Easley vs. Verizon Wireless, 2004 WL 2005819 citing Foman, 371 U.S. at 182. [2]

The plaintiff's motion to amend should be denied because the proposed amendment is futile and cannot withstand a motion to dismiss. Federal Rule of Civil Procedure 8(a) requires complaints to contain a "short plain statement of the claim showing that the pleader is entitled to relief. " Fed. R. Civ. Proc. 8(a). Rule 8 further requires that "each averment of a pleading shall be simple, concise, and direct." Vicom Inc. vs. Harbridge Merchant Services, Inc., 20 F.3d 771, 775 (7th Cir. 1994). A complaint must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through pages in search of what a plaintiff is claiming. Vicom, 20 F.3d at 775 quoting Jennings vs. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990). The purpose behind Rule 8 is to ensure that both the defendant and the court have fair

---

[2] The unpublished slip opinions cited herein including Easley vs. Verizon Wireless, 2004 WL 2005819, Waivio vs. Board of Trustees, 2006 WL 2536688 and Waivio vs. Board of Trustees, 2007 WL 3087197 are included with Exhibit B to this Memorandum.

notice of the claims alleged. Vicom, 20 F.3d at 775, citing Wade vs. Hopper, 993 F.2d 1246, 1249 (7th Cir. 1993). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation. Vicom, 20 F.3d at 775-76.

A plaintiff's pro se status does not excuse a failure to comply with pleading requirements established by rules nor does it require the imposition of a less than stringent standard than those of litigants who are represented by counsel. Easley vs. Verizon Wireless, 2004 WL 2005819. *Pro se* plaintiffs must act in accordance with court rules and directives. Easley, 2004 WL 2005819 citing Downs vs. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1994). Although civil litigants who represent themselves benefit from various procedural protections not otherwise afforded to the attorney-represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines. See Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994).

The proposed First Amended Complaint is 71 pages in length and contains 352 multi-sentence paragraphs and 19 footnotes. It is inconceivable how this pleading can be considered a "short plain statement of a claim" or "simple, direct and concise." Rather, the proposed amended Complaint is an incomprehensible rambling concoction which does not permit any defendant to discern theories of liability, parties against whom each theory is directed and what the actual allegations against the defendants comprise.[3] The plaintiff has pled multiple causes of action and pleads multiple defendants in those counts, not differentiating claims against individual defendants.

---

[3] Indeed, plaintiff acknowledges deficiencies within her proposed Amended Complaint reciting that a further amendment will be necessary to shorten the Complaint. *Pl. Motion To Amend at para.4.*

4

Although the plaintiff's actual causes of action are unclear by a review of the proposed amendment, the plaintiff in her introductory paragraphs recites several statutory and common law actions by citation. According to statutory recitations in her introductory paragraphs plaintiff states in paragraph 12 that the action is brought pursuant to the Age Discrimination Employment Act, 42 USC 1981, 42 USC 1981(a), Title VII, Title VI, Title IX, Rehabilitation Act, ADA, Civil Rights of 1871, Fourteenth Amendment to the U.S. Constitution. In paragraph 13, the plaintiff claims actions under the Immigration Reform Act, Title VII, Title VI, Section 1981. She goes on in paragraph 15 to claim her action is brought pursuant to Title 42, ADA, Rehat *(sic)*, Social Security Act or Chapter 117, 42 USC 300, Illinois Hospital Licensing Act 410 ILCS 250, Developmental Disability Protection Act, Illinois Medical Malpractice, 735 ILCS 5/13-21, 735 ILCS 13-212. Paragraph 16 states this is a Wrongful Death Action 740 ILCS 180/2. Paragraph 19 states this action is under ADA and 42 USC 12101...12514, Rehabilitation act 29 USC 794-794a. Paragraph 20 brings the action for willful intentional medical malpractice. Paragraph 25 brings the action for violation of civil rights act of 1871 for violation of 42 USC 1985, 42 USC 1985(2), 42 USC 1985(3). Paragraph 26 brings the action pursuant to 42 USC 300 and 42 USC 300(e)(b). Paragraph 27 purports an action under Title 42 of the Social Security Act. Paragraph 29 bases state claims on the tort intent, medical malpractice, professional malpractice, legal malpractice, retaliation discharge, deceit, concealment, criminal gross negligent *(sic)*, failure to warn, battery, product liability services. Paragraph 20 *(sic)* which is far too long to recite in this Memorandum brings the action pursuant to over 20 statutory citations. *Pl. Proposed Amended Complaint at p. 5-10.*

5

In the body of the proposed amendment wherein plaintiff purports to plead the "counts"

against the defendants the plaintiff improperly recites distinct causes of action within the same

Counts. The very titles of the Counts demonstrate the futility of the pleading:

> Count I is pursuant to " US Constit; Tort of Intent, Tort of Deceit and Tort of
> Misrepresentation, Tort of Concealment, Criminal Negligence; Medical
> Malpractice; Tort of Product Liability Failure to Warn; Breach of contract; Tort of
> Battery, Tort of Trespass Federal Food Drug Act; Illinois Food Drug Safety
> ;42USC300, 42USC300(e)(b) Misconduct 720 ILCS 5/33-33(GONAL-F Trans)
> Rapisarda,FCI; Adv Lutheran; [alternat II Karande]."

> Count II is entitled "US Constitution; Discrimination Based on National Origin or
> Race, Ethnicity, Age, Gender in medical services in Violation of Title VII, Title
> VI, Age Discrimination Act 1975, Age Discrimination Employment Act, Illinois
> Human Rights Laws, 775ILCS15/5 Illinois BlackList Trade, federal & state laws ;
> Unlawful Discrimination 42USC1981 or 42. U.S.C. § 1983; Violation of federal
> and state laws experimentation human subjects; violation of 45CFR46 Protection
> of Human subjects and Title45Public Welfare;42USC300, 42USC300(e)(b);
> GONALFTransaction)Rap,FCI; Advoc, Lutheran, [alternative Karande]."

> Count III states it is brought pursuant to "US Constitution; Tort of Intent, Medical
> Malpractice; 410ILCS250 Developmental Disability Preventive Act; Illinois
> Developmental Disability Act; Illinois Hospital License Act; Illinois Health and
> Safety Laws; State and Federal laws related; 775ILCS; Tort of Trespass and
> Battery; Tort of Deceit; Tort of Concealment; Tort Misrepresentation Tort of
> Product liability Failure to Warn Misconduct; Tort of Intentional Breach of
> Contract Wrongful death 740ILCS180/242USC300, 42USC300(e)(b) EMTALLA
> 42USC1395dd Lupus transaction [Advocate Lutheran Rapisarda FCI Jasenof
> Torres Peasch Pilate Ianucci, Karande] [all defendants except their counselors]. "

> Count IV states "US Constitution; Discrimination based on Disability "Lupus"
> ADA Rehabilitation Act; 410ILCS250 Developmental Disability Preventive Act;
> Illinois human Rights handicap discrimination; Illinois Hospital License Act;
> Illinois Health and Safety Laws; 775ILCS Illinois Blacklist Trade Law; Illinois
> Human Rights Laws; Age Discrimination Act 1975; Age discrimination in
> Employment Act 42USC300 42USC300(e)(b) Lupus transaction [advocate
> Lutheran Rapisarda FCI Jasenof Torres Peasch Pilate Ianucci Karande] [all
> defendants except their counselors]."

> Count V bears a title of "Discrimination based on national origin gender Title VII,
> TitleVI, Section 1981, Section 1983; Illinois human Rights ; 42USC300,
> 42USC300(e)(b) Lupus transaction [all defendants except counselors]."

Count VI is entitled "Misconduct in medical services, US Constitution, Tort of Retaliation, 42USC1985(2), 42USC1985(3); 42USC300, 42USC300(e)(b) Lupus transaction [all defendants except counselors]; and

Finally Count VII is labeled "Misconduct; ADA, Title VII, Title VI, Rehabilitation Act, Age Discrimination Employment; Age discrimination Act; Section 1981, Section 1983; Abuse of Process; Obstruction of justice; Conspiracy and Retaliation 42USC1985(2), 42USC1985(3) Tort of Retaliation; Retaliation in violation of State and Federal Laws; Legal Malpractice, Tort of Deceit; Tort Concealment Tort of Misrepresentation; Tort of Fraud; 42USC300, 42USC300(e)(b) (court environment) all defendants all counselors all individual counselors."

*Pl. Proposed Amended Complaint at p.37-69.*

It is inconceivable how any defendant can possibly decipher and respond to such a pleading.

Equally indiscernible in the proposed amendment are which purported causes of action are brought against which particular defendant. The plaintiff names several parties in her caption and in the body of the pleading, and yet, the parties are not appropriately distinguished in the varying Counts of the proposed amendment. It appears each defendant is pled under every Count (with the exception of counsel who are excluded from certain counts). There is no effort to distinguish which claim is brought against which individual or corporation.

Moreover, a review of the actual allegations in the Complaint reveals that the allegations are simply incomprehensible. The plaintiff recites 352 paragraphs of largely unintelligible statements. The proposed amendment is not only incoherent but indeed, when read as a whole is nonsensical. The sheer litany of statements make the proposed amendment impossible to decipher and thus, impossible to answer. The examples of the unintelligible statements are too numerous to recite in this response and would indeed require the length of plaintiff's proposed amendment.

7

In addition to the allegations of liability being confusing and nonsensical, the requests for damages are equally confounding. Not only does the plaintiff request 130 million dollars in damages against all defendants, the plaintiff also asks this Court to order institutions to increase the number of high risk doctors, declare certain medical treatments invalid, provide the plaintiff with embryos from other people, and suspend physicians from their hospitals. *Pl. Proposed Amended Complaint, p. 69-70, para. f, k, w1, w5.* It is inconceivable what causes of action these statements relate to and what basis there is for such a request. Again, this is a rambling stream of consciousness which does not even begin to comply with pleading requirements which would permit amendment.

In addition to the futility of the proposed pleading, the plaintiff also purports to plead new parties with allegations that can only be construed as being brought in bad faith. The proposed amended pleading seeks to join the defense lawyers as party-defendants without any reason provided within plaintiff's motion to amend for such joinder. The attempt to plead counsel and the nature of statements demonstrates bad faith and dilatory motive on the part of the plaintiff. The plaintiff makes broad, conclusory, defamatory statements, against the attorneys claiming perjury, fraud, misrepresentation, lying to the Court, legal misconduct and false pleading supported by no factual allegations. *Pl. Proposed Amended Complaint, p. 65-67, para. 327-340.*

In addition to the salacious pleading, the plaintiff also makes untelligible statements against the attorneys. Examples of her nonsensical claims are contained throughout the proposed amended pleading and a few of those paragraphs are set forth as follows:

140.    The essence of defendants practice appears to be element of torture, battery trespass of consent; shortly actions of defendants induces impossibility of Waivio to do anything else than what defendants desire, induce. Defendants barred means to Waivio in essence implies Waivio needs to do what defendants want, essentially trespassing consent, and

inducing actions against free will and desire of Waivio. consistent is flagrantly violated, matters are not free will and desire of Waivio.

313.    Record of case shows uninitiated counselors make remarks falsely related to national origin, disability, age, protected actions, while they do not have same "conduct" with respect to others not from plaintiff's protected class; Shortly Dayal made false complaints about Waivio but they did not complain about others defendants or counselors; similar Nielsen treated severely Waivio in his "motion dismiss 02/21/08" but he treated nicely other defendants and their counselors when he provided "help" to them as his motion helps others in court procedure.   Shortly Neilsent treated severely Waivio but treated nicely, helpful all others, essentially proving unlawful discrimination against Waivio; he refused to allow time to Waivio to amend complaint but he gave time or failed to contest all other defendants' requests for extension of time; he treated severely Waivio but nicely others; he appears "pursue unlawful discrimination Advocate".

315.    Fact that Cimmenera and Filipovic both have less 35 years while Dayal has 39-40 years means defendants discriminates on age, Advocate supports "older women", while Rapisarda cover up his interest for "older women"[this affirms allegations in complaint].   Young age of FCI's attorneys represents evidence of cover up of age discrimination.

*Pl. Proposed Amended Complaint p. 36, para. 140, p. 63-64 para. 315 and 319.*

Again it is inconceivable what any of these allegations mean and what cause of action the allegations support.

The plaintiff's motion to amend must be denied because the proposed amendment is futile and pled in bad faith.  The proposed amendment would not survive a motion to dismiss and also improperly attempts without reason to add lawyers as party defendants.  The pleading is simply a convoluted, inscrutable disaster which does not comport with any reasonable pleading requirements.

### 2.    Plaintiff's Cause of Action Should Be Dismissed With Prejudice

The Court should not only deny leave to amend but should dismiss this case with prejudice.  This particular plaintiff is well-known to the Court.  The plaintiff has filed five other cases in the Northern District of Illinois against University of Illinois and two cases in the Circuit

9

Court of Cook County against that defendant.  See Waivio v. Board of Trustees, 2006 WL

2536688.  It appears that after dismissal of those matters the plaintiff has now turned her

attention to these defendants exhibiting the same type of behavior exhibited against University of

Illinois and its lawyers.[4]  The only feasible alternative to deter this plaintiff from abusing the

system and the individuals and corporations whom she pleads as parties is dismissal with

prejudice.

     As Judge Norgle noted against this particular plaintiff, there are species of misconduct

that place too high a burden for a court to allow a case to continue.  Waivio 2006 WL 253668

citing.  Dotson v. Bravo, 321 F.3d 663, quoting Barnhill v. United States, 11 F.3d 1360, 1368

(7th Cir. 1993).  Where a party's conduct so violates the judicial process that imposition of a

harsh penalty is appropriate not only to reprimand the offender, but also to deter future parties

from trampling upon the integrity of the court.  Dotson, 321 F.3d at 668.  This power is governed

by the necessary control courts must have over their dockets.  Dotson, 321 F.3d at 668 citing

Barnhill, 11 F.3d at 1367.  In deciding what measure of sanctions to impose the district court

should consider the egregiousness of the conduct in question in relation to all aspects of the

judicial process.  Barnhill, 11 F.3d at 1368.  Misconduct may exhibit such flagrant contempt for

the court and its processes that to allow the offending party to continue to invoke the judicial

mechanism for its own benefit would raise concerns about the integrity and credibility of the

civil justice system that transcend the interests of the parties immediately before the Court.

Dotson, 321 F.3d at 668.  Dismissal is a harsh sanction but severe and should serve to deter those

who might be tempted to such conduct in the absence of such a deterrent.  Dotson, 321 F.3d at

667 citing National Hockey League, 427 U.S. at 643, 96 S.Ct. 2778.  Further it is axiomatic that

---

[4] Indeed, plaintiff appears to recognize that this present proposed amendment is related to her dismissed claims against University of Illinois by multiple times referencing action against University of Illinois 04-C-3454.  See Proposed First Amended Complaint at para. 4, 35, 41, 61, 116, 302, 303, 305, 329, 337.

the appropriateness of lesser sanctions need not be explored if the circumstances justify the ultimate penalty-dismissal with prejudice. Dotson, 321 F.2d at 667 citing Halas, 16 F.3d at 165.

Although the plaintiff stated in this Court when seeking an extension to file an amended Complaint that she is a *pro se* plaintiff and "should be treated gently" however, this is not a *pro se* plaintiff who is unaware of the rules of this Court. Rather, the plaintiff is aware of pleading requirements having filed five cases in the District Court and two cases in the Circuit Court of Cook County. Indeed, this plaintiff has been given specific instruction by judges concerning the necessity of appropriate pleading. Judge Norgle issued at least two orders admonishing the plaintiff to comply with Rule 8 and wrote an opinion concerning her inability to do so. *Orders dated 5/18/05 and 8/9/05 entered in Waivio vs. UIC, 07-3545 included with Exhibit C;* Waivio 2006 WL 253668. Despite the ample warnings in her other matters concerning the mandates of Rule 8, the plaintiff in the present case seeks to file another incomprehensible, unintelligible and inscrutable pleading.

The plaintiff has already demonstrated that the exact same behavior Judge Norgle noted will occur in this case. This is the third proposed amendment of the plaintiff's Complaint and is 71 pages in length with over 300 paragraphs. The proposed amendment pleads counsel for defendants as additional parties and alleges defamatory and abusive allegations against those individuals. There is no indication that this plaintiff has taken heed of the orders and opinions offered in the prior filed claims. Rather, it appears that this plaintiff has furthered her disregard of the rules of this Court by her rapid pleading of attorneys in her proposed Amended Complaint based upon defamatory and indeed, false allegations.

This particular proposed amendment reveals one indisputable fact – that this plaintiff will continue to attempt to use the court system to abuse and harass defendants without regard for the

rules, instructions of the court and basic decency. No action but dismissal with prejudice will remedy this plaintiff's continual onslaught which amounts to nothing more than an abuse of the system and of the individuals she pleads as defendants. The plaintiff must be precluded from this type of behavior in the case at bar and the only practicable solution to such conduct is dismissal with prejudice.

This request for dismissal with prejudice is further supported by a review of plaintiff's own proposed Amended Complaint. Plaintiff acknowledges in that pleading that conduct involving abuse for abuse of process and egregious conduct should be considered in determining sanctions. Plaintiff states:

337.  Activity of attorneys in present case is similar situated to Dotson in Dotson v. Bravo, 321 F3d 663, 667 (7th cir 2003), Barnhill in Barnhill v. US 11 F3d 1360, 1367 (7th Cir 1993) see Norgla (sic) order Aug 31, 2006 in 04-C-3545.

338.  Defendants present pleadings in flagrant bad faith, false statements, record of delay, contumacious conduct.

339.  Pursuant to Dotson v. Bravo 321 F3d 663, 667 (7th Cir 2003) "court should consider egregiousness of the conduct of defendants and their counselors in question in relation with all aspects of the judicial system".

340.  This court should sanction defendants and their counselors for abuse of process by introducing judgment for Plaintiff against defendants as proved there is no less drastic alternative for defendants. This Hon Court should follow the court of Hon Judge Norgle and Kendall as to deter defendants and their counselors misconduct and abuse of process.

The plaintiff clearly recognizes that abuse of process and egregious conduct warrant sanctions including "judgment." *Pl. Proposed Amended Complaint p. 67, para. 340.*. It is evident that the plaintiff read Judge Norgle and Judge Kendall's opinions and understands severe sanctions are sometimes the only deterrent to egregious conduct and abuse of process indeed even citing Seventh Circuit cases contained in Judge Norgle's

opinion concerning this issue. Waivio, 2006 WL 2536688; *Pl. Proposed Amended Complaint p. 67, para. 336-340.* Despite her recitation of Judge Norgle's admonishments, the plaintiff fails to recognize that the opinion was against her conduct resulting in dismissal with prejudice of other actions filed by this plaintiff. Judge Norgle stated:

> "Furthermore, there is no evidence that any type of sanction, except of dismissal with prejudice would be effective. Based on Waivio's propensity for protracted litigation, any imposition of monetary sanctions would be met with briefing, and ensuing motions to add "amendments to those briefs." Moreover, there is no assurance that a monetary sanction would deter Waivio from filing countless other frivolous motions with the court. Her behavior over the past two years has demonstrated that nothing short of the abrupt dismissal of this case will cease the constant onslaught of motions she creates. Other less drastic sanctions would prove unavailing." Waivio, 2006 WL 253668 citing Dotson, 321 F.3d at 667.

Defendant agrees that in certain matters the only alternative is the drastic sanction of terminating an action and in this case, the only deterrent against this plaintiff is to terminate her action with a dismissal with prejudice. There is no other means by which to deter the plaintiff from continuing her abusive onslaught against any person she deems to be her target defendant at any given moment.

**III.    Conclusion**

This plaintiff must be stopped. This plaintiff has abused the process on a consistent basis and harassed and slandered individuals including doctors, teachers and lawyers in her long history before the United States District Court for the Northern District of Illinois. History has demonstrated that there is no other method by which to deter this particular plaintiff from her egregious conduct but by denying her motion for leave to file an amended complaint and dismissing with prejudice her cause of action against the Defendants. The sole relief this Court can afford these defendants is dismissal with prejudice of this plaintiff's cause of action.

WHEREFORE, the Defendants, ADVOCATE HEALTH CARE NETWORK, ADVOCATE MEDICAL GROUP, ADVOCATE HEALTH & HOSPITALS CORPORATION, ADVOCATE LUTHERAN GENERAL HOSPITAL, IAN JASENOF, M.D., JENNIFER TORRES, CMA, DANIEL PESCH, M.D., THOMAS IANNUCCI, M.D., and BRUCE PIELET, M.D., request the entry of an Order denying Plaintiff's Motion to Amend and dismissing with prejudice Plaintiff's case against these Defendants.

Respectfully submitted,

**McBREEN, KOPKO & DAYAL**
Attorneys for Advocate Health Care
Network, et al

By:  /s/ Anjali Dayal
     One of their attorneys

Anjali Dayal
McBreen, Kopko & Dayal
20 North Wacker Drive
Suite 2520
Chicago, Illinois 60606
312-332-6405

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2008, I caused a copy of the foregoing instrument to be served by operation of the Court's electronic filing system upon the following and also by USPS Overnight Express Mail to the Pro Se Plaintiff:

**Plaintiff – Pro Se**
Rodica Waivio
1325 Baldwin Court, Apt. 2A
Palatine, Illinois  60074
Telephone:  847-963-0231
Fax:  847-963-0231

**Attorneys for Karande & Associates**
**& M.D. Vishvanth Karande**
Kim M. Heffernan, Esq.
Pretzel & Stouffer, Chtd.
1 South Wacker Drive, Suite 2200
Chicago, Illinois  60606
Telephone:  312-346-1973
Fax:  312-346-8242

**Attorneys for Fertility Centers of Illinois, S.C. and John Rapisarda, M.D.**
Michael L. Vittori
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
120 North LaSalle Street
Suite 2600
Chicago, IL 60602
Telephone: 312-704-0550 x106
Fax: 312-704-1522

Parties may access this filing through the Court's system.

<div style="margin-left:50%">

Attorneys for Advocate Health Care
Network, et al


  /s/ Anjali Dayal
One of their attorneys

</div>

Anjali Dayal
McBreen, Kopko & Dayal
20 North Wacker Drive
Suite 2520
Chicago, Illinois  60606
312-332-6405

**EHN/KMH**

## IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

RODICA  WAIVIO,

        Plaintiff,

vs.

ADVOCATE HEALTH CARE NETWORK,
ADVOCATE MEDICAL GROUP, ADVOCATE
HEALTH AND HOSPITAL CORPORATION;
ADVOCATE LUTHERAN GENERAL HOSPITAL;
IAN JASENOF, Individual and Employee; JENNIFER
TORRES, Individual and Employee; DANIEL PESCH,
Individual and Employee; THOMAS IANNUCCI,
Individual and Employee; VISHVANATH  KARANDE,
Individual and Employee; RAPISARDA JOHN;
Individual and Employee; FERTILLITY CENTER OF
ILLINOIS AND KARANDE & ASSOCIATES,

        Defendants.

No.  07 C 6690

HONORABLE JUDGE:
RONALD A. GUZMAN

### MOTION TO DISMISS

    NOW COME the Defendants, Vishvanath C. Karande, M.D. and Karande & Associates, S.C.

by and through their attorneys, Pretzel & Stouffer, Chartered, and moves for the entry of an Order

dismissing Plaintiff's Complaint at Law with prejudice pursuant to Federal Rules of Civil Procedure

12(b)(1), 12(b)(6), 12(f), 12(g) and 735 ILCS 5/2-622(g). In support thereof, these Defendants state

as follows:

    1.    Plaintiff filed a complaint against these Defendants allegedly arising out of the

medical care and treatment she received or failed to receive from Dr. Karande on or about February

and March 2007. (See Plaintiff's Complaint at Law, specifically page 11, paragraph 67, attached

hereto and incorporated herein as Exhibit A.)

2.     Plaintiff's alleged damages also arose out of the medical treatment or lack of medical treatment she received from Dr. Karande, among other Defendants named. (See Exhibit A.)

I.     **Motion To Strike Pursuant To Rule 12(f)**

3.     Rule 8(a) mandates in part that: A pleading which sets forth a claim for relief...shall contain ...(2) a short and plain statement of the claim showing that the pleader is entitled to relief...

4.     Rule 8(e)(1) states in part: Each averment of a pleading shall be simple, concise, and direct...

5.     Rule 10(b) indicates in part that: All averments of claim or defense shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances;...Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever separation facilitates the clear presentation of the matters set forth.

6.     Rule 12(g) states in part: Upon motion made by any party before responding to a pleading...the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

7.     In this case, the plaintiff's complaint is 22 pages in length. It is confusing, rambling and incomprehensible. Moreover, the facts alleged against the defendants for various occurrences are not distinguished from one another or otherwise separated.

8.     Based on the rambling, disjointed and incomprehensible nature of the pleading which is filled with impertinent information, plaintiff's complaint should be dismissed for failure to comply with Rules 8 and 10(b).

II.     **Motion To Dismiss Pursuant to 735 ILCS 5/2-622**

-2-

9.      The requirements of 735 ILCS 5/2-622 constitute state substantive law for purposes

of the *Erie* doctrine, which mandates that federal courts apply state law, regardless of the

jurisdictional basis for a case, in the absence of a countervailing federal interest warranting the

application of federal law. *Bommersbach v Ruiz, MD et al.,* 461 F. Supp.2d 743, 751 (2006).

10.     The Illinois Code of Civil Procedure mandates that:

> In any action, whether in tort, contract or otherwise, in which plaintiff seeks damages
> for injuries or death by reason of medical, hospital, or other healing art malpractice,
> the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file
> an affidavit, attached to the original and all copies of the complaint, declaring one of
> the following: 1. That the affiant has consulted and reviewed the facts of the case
> with a health professional...A single written report must be filed to cover each
> defendant in the action...A copy of the written report, clearly identifying the plaintiff
> and the reasons for the reviewing health professional's determination that a
> reasonable and meritorious cause for the filing of actions exists...2. That the affiant
> was unable to obtain a consultation report required by paragraph 1 because of a
> statute of limitation would impair the action and the consultation required could not
> be obtained before the expiration of the statute of limitations...3. That a request has
> been made by the plaintiff or his attorney for examination and copying of records
> pursuant to Part 20 of Article VIII of this Code... *735 ILCS 5/2-622*

11.     The term " medical hospital or other healing art practice" must be construed broadly.

*Bommersbach* 461 F. Supp.2d at 748-749.

12.     There are three factors for courts to use to determine whether a complaint is one for

malpractice requiring affidavit or whether the complaint is one for ordinary negligence: 1) whether

the standard of care involves procedures not within the grasp of the ordinary lay juror; 2) whether

the activity is inherently one of medical judgment; and 3) the type of evidence that will be necessary

to establish plaintiff's case. *Id.* at 749.

13.     Although plaintiff, in this case, states that her complaint is based on discrimination,

it is in actuality an allegation of medical malpractice. The plaintiff alleges she went to see Dr.

-3-

Karande for removal of scarring, and that Dr. Karande burned her uterus with electricity and he did

not follow her request to use scissors. Plaintiff also alleged that in May 2007, Dr. Karande sent her

a letter asserting that he would no longer provide her with medical services. (See Exhibit A,

specifically paragraph, 67.)

     14.    In this case, the determination of whether the standard of care required scissors versus

electricity in the performance of plaintiff's hysteroscopy, whether electricity was even used, whether

a hysteroscopy requires the use of anything other than a hysterscope, whether there was or was not

scarring as a result of the procedure, whether the procedure can even cause scarring, whether the

alleged scarring was different from the plaintiff's previous scarring, and whether the procedure

created some type of permanent injury are all issues that are outside the grasp of the ordinary lay

juror. The manner and method of performing a hysteroscopy is inherently one of medical judgment.

The plaintiff's case against Dr. Karande clearly requires expert medical testimony to establish

liability and damages. Therefore, plaintiff's case falls within the scope of 2-622.

     15.  The purpose of Section 2-622 is to reduce the number of frivolous suits that are filed and
to eliminate such actions at an early stage, before the expenses of litigation have mounted. *Tucker
v. St. James Hospital,* 279 Ill. App.3d 696, 702, 665 N.E.2d 392 (1st Dist. 1996); see also *Jacobs
v. Rush North Shore Medical Center,* 284 Ill. App. 3d 995,1000, 673 N.E.2d 364 (1996).

     16.    Rule 5/2-622(g) reads that the failure of the plaintiff to file an affidavit and report in

compliance with this Section shall be grounds for dismissal under section 2-619. *Batten v. Retz,* 182

Ill. App.3d 425, 429-30, 538 N.E.2d 179 (3rd Dist. 1989).

     17.    The plaintiff has not attached an affidavit nor a physician's report in compliance with

section 2-622, of the Illinois Code of Civil Procedure, and therefore her case against Dr. Karande and

Karande & Associates, S.C. should be dismissed.

**III.    Motion To Dismiss Pursuant to Rule 12(b)(6)**

18.     Alternatively, if this Court finds that plaintiff's failure to comply with 2-622 does not dispose of plaintiff's entire claim against Dr. Karande and Karande & Associates, S.C., plaintiff's allegations of "discrimination in medical services" should also be dismissed pursuant to Rule 12(b)(6) because the plaintiff fails to set forth any facts in her complaint to establish such claims against Dr. Karande and Karande & Associates, S.C.

19.     To survive a motion to dismiss a complaint must set forth enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

20.     The only paragraphs referring to Dr. Karande in plaintiff's complaint are paragraphs 11, and paragraph 67. The averments plead against Dr. Karande are confusing, immaterial, conclusory, and fail to state a cause of action under any theory against Dr. Karande.

21.     Plaintiff fails to establish in her complaint what facts exist in the encounter between herself and Dr. Karande which would invoke the application and violation of the Americans with Disabilities Act, the Equal Protection Clause, the Public Health Service Act, the Maternal and Child Health Activities, Title VI of the Civil Rights Act of 1964, Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Civil Rights Act and any other federal act the plaintiff alleges to have been violated in her complaint.

22.     Plaintiff's complaint further fails to set forth any facts to establish a plausible claim for relief against Dr. Karande and Karande, & Associates, S.C. for legal malpractice, retaliation, misrepresentation, deceit, battery or trespass.

IV.     **Motion To Dismiss Punitive Count**

23.     Plaintiff's complaint, on page 22 paragraph k, requests punitive damages as part of the relief she is seeking against these defendants.

24.    Punitive damages are not recoverable in a healing art malpractice case. In all cases, whether in tort, contract, *or otherwise*, in which the plaintiff seeks damages by reason of legal, medical, hospital or other healing art malpractice, no punitive, exemplary, vindictive, or aggravated damages shall be allowed. *735 ILCS 5/2-115.*

WHEREFORE, these Defendants, Vishvanath C. Karande, M.D. and Karande & Associates, S.C. pray that this Honorable Court dismiss with prejudice all counts in the Plaintiff's complaint plead against them and find that there is no just reason to delay enforcement or appeal.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED,


By:   S/ Edward H. Nielsen
              One of the Attorneys for the Defendants


Edward H. Nielsen/Bar No.: 0252296
enielsen@pretzel-stouffer.com
PRETZEL & STOUFFER, CHARTERED
*Attorneys for Defendants, Vishvanath C. Karande, M.D.*
*and Karande & Associates, S.C.*
One South Wacker Drive, Suite 2500
Chicago, Illinois  60606-4673
Telephone:      (312)346-1973
Facsimile:      (312) 346-8242


-6-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RODICA WAIVIO,                                )
              Plaintiff          )
                                        )
v.                                           )    Case No.: 07-CV-6690
                                        )
ADVOCATE HEALTH CARE NETWORK,                 )
ADVOCATE MEDICAL GROUP,                       )
HOSPILAT CORPORATION,                         )    Judge Ronald A. Guzman
ADVOCATE LUTHERAN GENERAL HOSPITAL,           )
IAN JASENOF, individual and employee,         )
JENNIFER TORRES, individual and employee,     )
DANIEL PESCH, individual and employee,        )
THOMAS IANNUCCI, individual and employee,     )
RAPISARDA JOHN, individual and employee,      )
FERTILITY CENTER OF ILLINOIS,                 )
AND KARANDE & ASSOCIATES,                     )
                                        )
              Defendants.         )

## DEFENDANTS' FERTILITY CENTERS OF ILLINOIS AND JOHN RAPISARDA, M.D.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

       NOW COME Defendants, FERTILITY CENTERS OF ILLINOIS, S.C. (incorrectly sued

herein as Fertility Center of Illinois) and JOHN RAPISARDA, M.D., (incorrectly sued herein as

Rapisarda John) by and through their attorneys, WILSON ELSER MOSKOWITZ EDELMAN

AND DICKER, LLP, responds to Plaintiff's Motion for Leave to File an Amended Complaint.

In support thereof, these Defendants state as follows:

       1.     Plaintiff filed her Complaint in the within action on January 16, 2008.

       2.     Plaintiff served Defendants Fertility Centers of Illinois (hereinafter "FCI") and

John Rapisarda, M.D. (hereinafter "Dr. Rapisarda") in violation of Rule 4 by emailing the

complaint and then hand-delivering the summons and complaint herself.

485657.1

3.     On February 28, 2008, Attorney Jamie Filipovic filed an appearance on behalf of FCI and Dr. Rapisarda (waiving service) and a motion for an extension of time to file Answer or otherwise plead. The motion was granted and Defendants FCI and Dr. Rapisarda were given until March 27, 2008 to file a responsive pleading.

4.     On March 19, 2008, Attorney Joanne Ciminera filed an appearance on behalf of FCI and Dr. Rapisarda and Attorney Jamie Filipovic filed a motion to withdraw her appearance as she is no longer associated with WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP. The motion to withdraw was granted by this Court on March 24, 2008.

5.     On March 25, 2008, the Court stayed all Defendants responses to Plaintiff's Complaint. The Court Ordered that Plaintiff file a notice of motion and motion for leave to file an amended complaint by the next status hearing of April 16, 2008, based on Plaintiff's representation that she wished to amend her Complaint.

6.     On April 4, 2008, Plaintiff, ignoring the Court's prior Order, filed a motion to amend her complaint which was presented on April 10, 2008. The Court granted Plaintiff additional time, until April 25, 2008, to file a motion for leave to file an amended complaint and the Court advised Plaintiff of the necessary procedure which must be followed in order to file an amended complaint.

7.     On April 24, 2008, at 11:01 p.m., Plaintiff faxed her Motion for Leave to File an Amended Complaint to Defendants FCI and Dr. Rapisarda. *See attached Exhibit "A."* All parties appeared before the Court on April 25, 2008 for a status conference. At said conference, Plaintiff handed Defendants a copy of Plaintiff's proposed Amended Complaint. Plaintiff's motion and the proposed Amended Complaint are in violation of this Court's orders and the Federal Rules of Civil Procedure.

2

485657.1

8.      Rule 15(a)(2) provides that where a party wishes to amend its pleading, the Court should freely give leave where justice so requires.  In the instant case, justice does not require that Plaintiff be granted leave to file her proposed Amended Complaint, as she has not complied with the rules and has consistently misused the judicial process.

9.      Plaintiff's proposed Amended Complaint is in violation of Rule 8(a), which mandates in part that: A pleading which sets forth a claim for relief...shall contain...(2) a short and plain statement of the claim showing that the pleader is entitled to relief...  Plaintiff's original Complaint and proposed Amended Complaint are both unintelligible and fail to state a cause of action.

10.     It is also in violation of Rule 8(e)(1) which states in part: Each averment of a pleading shall be simple, concise and direct...  Again, Plaintiff's Complaint and Amended Complaint are both rambling and unintelligible.

11.     It is further in violation of Rule 10(b) which indicates in part that: All averments of a claim or a defense shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances;...Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever separation facilities the clear presentation of the matters set forth.  Plaintiff has failed to comply with this rule as well.

12.     In addition, Rule 12(f) states in part: Upon motion made by any party before responding to a pleading...the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

13.     In this case, Plaintiff's original Complaint is 22 pages in length.  It is confusing, rambling and incomprehensible.  Moreover, the facts alleged against the Defendants for various

3

occurrences are not distinguished from one another or otherwise separated. *See attached Exhibit*
*"B."*

14.    Plaintiff's proposed Amended Complaint is now 71 pages in length and consists
of 352 paragraphs. It is 50 pages longer and even more rambling, disjointed, incomprehensible,
repetitive and unintelligible than Plaintiff's original complaint. It also fails to distinguish
occurrences. *See attached Exhibit "C."*

15.    Plaintiff's proposed Amended Complaint does not comply with Rules 8 and
10(b), 12(f) and 15 (a) (2).

16.    Furthermore, Plaintiff is now seeking to add additional Defendants in her
proposed Amended Complaint without leave of Court. Strangely, Plaintiff is now seeking to add
Defendants' individual counsel and their respective firms as parties.

17.    Plaintiff's proposed Amended Complaint is also apparently seeking to add
Defendants' counsel as parties alleging misrepresentation, fraud, perjured pleadings and legal
malpractice. She even goes so far as to claim that a conspiracy exists amongst Defendants'
attorneys. Plaintiff has no underlying facts for the basis of her allegations.

18.    Moreover, Plaintiff, in her motion requests that the Court allow her a "further
amendment after acceptance of the amended complaint to provide a shorter version of this
amendment." Based upon this statement alone Plaintiff's motion should be denied.

19.    Despite having approximately 100 days from the filing of her original
Complaint, Plaintiff claims she has had no time to reduce in size or correct matters in her
proposed Amended Complaint.

4

20.    Plaintiff herself acknowledges that "this complaint may be necessary to be corrected or modified however Plaintiff does not know exactly what are the necessary corrections other than reduction." *See attached Exhibit "A", ¶ 5.*

21.    Plaintiff's actions can only be categorized as an abuse of the legal process. Plaintiff has a prior history of engaging in this type of abuse.  In the Memorandum Opinion and Order of Judge Virginia M. Kendall in *Rodica Waivio v. Board of Trustees University of Illinois at Chicago, et al.,* Case No. 06 C 7189, a copy of which is annexed hereto as *Exhibit "D,"* Plaintiff similarly filed an Amended Complaint, and in Case No. 04 C 3545 before Judge Norgle, a "Corrected Second Short Amended Complaint."

22.    As noted in Judge Kendall's Opinion and Order, Plaintiff's complaints were "rambling, disjointed, and almost entirely incomprehensible."

23.    Furthermore, in *Waivio v. Board of Trustees University of Chicago,* Plaintiff also alleged that Defendant's counsel retaliated against her.

24.    Judge Kendall's Opinion and Order also states that, " Plaintiff's complaint is almost completely unintelligible and contains incomprehensible allegations." The complaint described in Judge Kendall's Opinion and Order has many similarities to the proposed Amended Complaint that Plaintiff is seeking leave to file.

25.    Plaintiff has been given more than sufficient time to properly draft a proposed Amended Complaint and to properly plead her case according to the Federal Rules of Civil Procedure. Her proposed Amended Complaint clearly evidences that she is incapable of doing so.

26.    For the foregoing reasons, Plaintiff's Motion for Leave to File an Amended Complaint should be denied in its entirety and with prejudice.

5

485657.1

WHEREFORE, Defendants, FERTILITY CENTERS OF ILLINOIS, S.C. (incorrectly sued as Fertility Center of Illinois) and JOHN RAPISARDA, M.D., (incorrectly sued as Rapisarda John) pray that this Honorable Court deny Plaintiff's motion in its entirety and with prejudice.

Respectfully submitted:

**FERTILITY CENTERS OF ILLINOIS, S.C. (incorrectly sued as Fertility Center of Illinois) and JOHN RAPISARDA, M.D. (incorrectly sued as Rapisarda John)**

By: _/s/Joanne Ciminera_
One of their attorneys

Michael L. Vittori, Esq.
Joanne Ciminera, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
120 North LaSalle Street
Suite 2600
Chicago, Illinois 60602
Telephone: (312) 704-0550
Facsimile: (312) 704-1522

6

485657.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2008, I caused a copy of the foregoing instrument to be served by operation of the Court's electronic filing system upon the following:

*Plaintiff (Pro Se)*
Rodica Waivio
1325 Baldwin Court
Apt. 2A
Palatine, IL  60074

*Attorney for Defendants Vishvanath C. Karande, M.D. and Karande & Associates, S.C.*
Edward H. Nielsen
Kim M. Heffernan
Pretzel & Stouffer, Chtd.
One South Wacker Drive
Suite 2500
Chicago, IL  60606
Telephone:  (312) 346-1973
Facsimile:  (312) 346-8242

*Attorney for Defendants Advocate Health Care Network, Ian Jasenof, Jennifer Torres, Daniel Pesch, Thomas Iannucci and Bruce Pielate*
Anjali Dayal
McBreen, Kopko & Dayal
20 N. Wacker Drive
Suite 2520
Chicago, IL 60606
Telephone: (312) 332-6405
E-mail: adayal@mmklaw.com

Parties may access this filing through the Court's system.

_____/s/ Joanne Ciminera_____

485657.1