IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RODICA WAIVIO,                         )
Plaintiff,                             )
                                       )   Case NO: 07-C-6690
        v.                             )   HONORABLE JUDGE
ADVOCATE HEALTH CARE NETWORK,          )   RONALD A GUZMAN
                                       )

ET ALL Defendants.

NOTICE OF REPLY

TO:
**Joanne Ciminera**
Wilson Elser
120 North LaSalle Street-Suit 2600
Chicago IL 60602
**Edward Nielsen**
One South Wacker Drive Suit 2500
Chicago IL 60606-4673
**Anjali Dayal**
20N Wacker Dr Suit 2520
Chicago IL 60606

FILED
MAY 20 2008
MAY 20 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Please take note that on  05/20/08   RODICA WAIVIO the Plaintiff of this submitted in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago IL 60604, REPLY a copy of which is hereby served upon you.
Date 05/20/08
Plaintiff, Rodica Waivio
Address: 1325 Baldwin Court Apt 2A Palatine IL 60074
Phone: 847-963-0231

CERTIFICATE OF SERVICE

The undersigned plaintiff, Rodica Waivio, being first sworn on oath, certifies that a true and correct copy of this notice and document referred to herein was served upon the above parties, by fax on 05/20/08    and e-mail
Date: 05/20/08
Rodica Waivio

19

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED
MAY 20 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RODICA WAIVIO, )
Plaintiff, ) Case NO: 07-C-6690
v. ) HONORABLE JUDGE
ADVOCATE HEALTH CARE NETWORK, ) RONALD A GUZMAN

ET ALL Defendants.

## Reply to Defendants

**NOW COMES** Plaintiff, RODICA WAIVIO, in Pro Se representation, and presents her reply pleadings, respectfully states the followings:

Defendants filed in response to complaint. Plaintiff identifies defendants' requests dismissal with prejudice as request for summary judgment or judgment. Pursuant Rule 12(d) plaintiff requests time and far opportunity, and explicit order and briefing procedure to respond to defendants' claims requesting dismissal of complaint or denial amendment with prejudice. Plaintiff provided some response. Plaintiff requests judgment in plaintiff's favor as reply to defendants. Court is reminded *Ball v. City of Chicago*, 2F. 3d 752 (7th Cir 1993)(judge should not dismiss a case without due warning to plaintiff's counsel.[T]here should be an explicit warning in everycase). Plaintiff respectfully requests court to introduce warning and explicate orders. Plaintiff reminds court that plaintiff is pro se representation without legal experience and without law knowledge.

**Amended Complaint of 04/25/08" as operational complaint**

Plaintiff declared "Amended Complaint of 04/25/08" as operational complaint while defendants did not said no. Rapisarda gave medication without consent to Waivio and induced fatal incurable disease. Advocate refused any medical services and induced death to Baby Elijah Moses Waivio and endangered Waivio life in September 17, 2008. This are flagrant violations pursuant US Continuation which rise right to remedy to Waivio. Defendants conduct is criminal in essence, therefore immediate means for relief should be given by court. Under legal theory presented and under federal laws Waivio has right to immediate relief. Waivio respectfully requests court immediate means for relief to enforce defendants to provide medical care, and provide all relief as appropriate under law.

1

**Before words**

Defendants responded to amended complaint allegations because similar response was provided by UIC in previous procedure and they were treated by court as response to issues of laws and facts raised. Response provided shows that does not matter the dimension or form of amended complaint because defendants response and practices are the same. This is the type of response which defendants will file in any further procedure therefore amending arranging complaint does not change defendants' claims. Standards of Amendment as abuse of discretion are invalid in this case because matters are on trial, defendants proved disregards and bad faith in responding to pleadings. Plaintiff respectfully requests court to grant Motion to Amend and acknowledge Amended Complaint of 04/25/08 is operational complaint.

  This court must interpret defendants' statements as response to complaint because similar situated courts treated it as response. Shortly Defendants responded to allegations of unlawful discrimination McDoglass theory making false pretexts for discrimination. Standards applicable are standards of merit by direct theory or shift back theory disparate treatment or disparate impact. Plaintiff interprets defendants' requiests, dismissal with prejudice and deny amendment with prejudice as request for judgment. Defendants requested summary judgment. In reply Plaintiff requests judgment in Plaintiff's favor on any claim or all claims.

**Standards of Evaluation**

- An employee may establish a prima facie Title VII case by showing that: (1) he belongs to some protected class, (2) he performed his job satisfactorily, (3) he suffered an adverse employment action, and (4) his employer treated similarly-situated employees outside his classification more favorably. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). When an employee satisfies each of the above prongs, he raises an inference of discrimination. See id.
- Once a prima facie case is established, the employer must somehow account for its allegedly discriminatory actions. McDonnell Douglas, 411 U.S. at 802-03, 93 S.Ct. at 1824-25; Morrison v. Booth, 763 F.2d 1366, 1371 (11th Cir.1985). An employer may rebut a prima facie case by articulating at least some legitimate, nondiscriminatory reason for its allegedly bias employment decision. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); Palucki v. Sears, 879 F.2d 1568, 1570 (7th Cir.1989); Smith v. General Scanning, Inc., 876 F.2d 1315, 1319 (7th Cir.1989).
- Defendants response is in McDonnel Douglas fashion, therefore Waivio replies correspondent to

McDonnell Douglas method.

**Further amendment does not change defendants' claims**

2

Defendants responded, further amendment does not change claims of defendants. Because practice of counselors in present case is similar situated to counselors conduct in Waivio v. UIC, further amendments does not change defendants' claims or results as proved in Waivio v. UIC. Pursuant Rule 15(b)(2) amendment does not change result of trial; Defendants claims are moot. Defendants claims based on "dismissal as only solution" failed because this matter is trial and amendment does not change results of trial therefore defendants are not prejudiced, there is no delay, matters were already briefed and presented, there is no "dilatory motive" and there is no "bad faith in part of mover, repeated failure to cure deficiencies". Furthermore there is no "amendment previously allowed", therefore defendants failed.

Decision of Defendants' statements and pleadings are designated to misconduct case. Based on defendants' continuation of practices and pattern in previous cases, Waivio alleges that does not matter what complaint is on record defendants' claims are and will continue to be the same. Issue is not to cure Waivio amendment but to cure defendants practice. Different complaint will not cure defendants' claims. Defendants response in this case is same with defendants response in Waivio v. UIC therefore defendants have established practice which is proved to be regardless amendment of complaint. Defendants admitted they understand complaint 01/16/08 therefore they understand core of facts and laws implies they understand amended complaint 04/25/08. Present defendants not only that understood present claims of issues of facts and laws but they claims able to understand all previous procedure with UIC with records about 400-500 entries. Present allegations are under liability FCI and Advocate defendants were effective parties making damages therefore defendants' liability can not be substituted to liability of others. Defendants admitted to full knowledge of fact and law any procedure is evaluation on merit.

**It is interest of Court and defendants to have Waivio allowed to amend**

Court deprived Waivio of right to pleadings by providing just 10 days to Waivio in January to file in original complaint; others plaintiff with attorneys have 100-90 days to amend. Any decision to deny taken by court will be unequal comparative to others therefore it will be erroneous, will violate standards of peer and how other cases are. Defendants pleadings failed to prove fair opportunity to Waivio to Amend as Waivio filed her complaint just in 10 days from reopening of case and there was no any other permission to amend . Plaintiff with attorneys have

100 days and more implies defendants actions are abuse, they abuse Waivio lack of representation because refuse to allow rights which are allowed to others. Absent fair opportunity to amend there is no any "dismiss with prejudice" which can stand rejudecata terms.

**Waivio was not offered fair opportunity to Amend**

Original complaint with only 9 pag was filed Nov27,2007. This complaint was withdrawn, while some legal mistake appeared and case was closed by mistake in Dec 2007. This legal mistake deprived Waivio of time to Amend Complaint. On Jan 3, 2008 Waivio requested to reopen case, based on allegation court misunderstood Waivio. Court granted Waivio request. Court ordered original complaint by 01/16/08. Motion to amend was submitted on 02/20/08 but court denied Waivio request to Amend and allowed defendants to file in motion to dismiss while other parties did not responded to service. Waivio was not allowed to amend complaint therefore defendants statements are false, moot because there is no "cure deficiencies by amendments previously allowed", application Easley v. Verizaon is erroneous because Waivio was not given permission to amend.

### Standards Review Rule 12(bX6)

Plaintiff repeats, realleges, incorporates complaints and plaintiff's responses from record. Standards in equity laws are comparable.

*Akos Swierkiewicz, V. Sorema* "[t]o plead" national origin,sex discrimination, complaint must allege (i) membership protected class, (ii) qualification for job at issue, (iii) adverse actions, and (iv) unlawful discriminatory circumstances". Similar *Weyrick v. New Albany-Floyd County,* claims under Title VI, Title IX (similar Rehabilitation Act) under Rule 12(b)(6): (1) membership (2) qualification [otherwise qualified] (3) discrimination based sole membership (4) federal financial assistance. Plaintiff is (i)Romanian, female, American Education, Waivio has disability under Rehab; (ii) qualification in and ; (iii) discrimination by reason of sole nation origin, count III and IV, sole gender count V, sole disability; adverse employment/educational actions in same counts; (iv) facts presented iare circumstance supporting an inference of discrimination.

Complaint alleges plaintiff was discriminated by reason of her Romanian national origin, based on class characteristics of Romanians.

This is similar for Rehabilitation Act. Plaintiff pleaded that plaintiff was discriminated solely

4

Based on disability, or solely on national origin, or solely based on age, or gender.

Def *Fedor v. Illinois Department of Employment Security* 955 F.Supp 891(N.D. Ill.1996) as **(1)** Waivio is disabled **(2)** defendants were aware of disability **(3)** she was otherwise qualified "plaintiff was otherwise qualified" or "with or without resonable accommodations can perform essential functions" **(4)** disability caused adverse employment action (comp,¶47).

Plaintiff's claim of retaliation satisfies *Schroeder, v. University Of Illinois At Chicago*, case No: 96-C-6020(ND Ill 1997), " retaliation in violation ADA [similar for Title VII,Rehab, etc.], Schroeder must alleges (1) he engaged in statutorily protected expression and (2) because he engaged in that expression(3) the University acted adversely. See *Carza v. Abbott Laboratories*, 940 F Supp 1227,1244 (N.D.Ill 1996)";

Defendants' practice matches requirements from *McDonnel Douglas, Akos Swierkiewicz, V. Sorema, Weyrick v.New Albany-Floyd County, , Fedor v. Illinois Department of Employment Security, Schroeder v. University of Illinois at Chicago* hostile environment from *Emily Duit-Pikus, v.Mactemps,Inc.* Defendants' practices are burdens, abuse, misconduct, **adverse actions against plaintiff**. Defense counselors' severe disparate treatment against plaintiff manifested by severe prohibited conduct, adverse actions against plaintiff are discriminatory practices.

**Standards of review**

Rule 15(b) AMENDMENTS DURING AND AFTER TRIAL.
 (2) *For Issues Tried by Consent.* When an issue not raised by
the pleadings is tried by the parties' express or implied consent,
it must be treated in all respects as if raised in the pleadings.
A party may move — at any time,— to amend the pleadings to conform them to the evidence
and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

**Argument**

On 04/25/08 Waivio moved to amen pleadings to conform to evidence and to raise unpleaded issues pursuant Rule 15(b)(2). Defendants responded to Amended Complaint 04/25/08[1] and on 05/12/08 Court affirmed response to amended complaint was filed in by defendants, defendants consented to issues raised in Amended Complaint 04/25/08 and they treated the procedure as

---

[1] On 04/25/08 Waivio submitted Motion to amend and Amended Complaint 04/25/08. Defendants consented to Amended complaint 04/25/08 because they filed in response alleging operational complaint was Amended complaint 04/25/08. Pursuant Rule 15(b)(2) Amendment by consent issues of fact and law raised during trial which are consented to are treated as part of operational complaint. Order 05/12/08 alleged

5

issues were raised in complaint. Defendants pleaded that operational complaint of procedure is Amended Complaint 04/25/08. Order 05/13/08 granting motion[58][2] is "order 04/25/08 to stand" and court can not strike Amended Complaint 04/25/08 because responsive pleadings were filed in, and because defendants consented to Amended Complaint 04/25/08 is operational complaint, they treated issues of facts and laws as raised in operational complaint. Defendants consent to Amended Complaint of 04/25/08 affirmed Motion to Amend, shortly court granted Motion to Amend because defendants consented to it pursuant Rule 15(b)(2). Motion to Amend was garneted on 05/12/08 because defendants responded to Amended Complaint of 04/25/08 as operational complaint. Waivio respectfully requests court to declare that "Amended Complaint of 04/25/08" is accepted by court. In alternative that this is not possible Waivio request court to allow further amendment or any relief available.

Rule 15(a)(2) Other Amendment is not directly applicable; however its general principles govern the amendments in genre also during trial; defendants responded to pleadings implied consent of defendants therefore Amendment is granted, Amended Complaint 04/25/08 is operational.

Defendants admitted FCI,Response.05/06/08 "Rule 15(a)(2), pag4"

**Defendants admitted damages between $15000000-130000000**

Defendants did not contest $15000000 in damages as originally requested complaint 01/16/08. Pursuant Rule 8(b) defendants declared no reason why damages to be less than $15000000. Damages in this case are between $15000000-130000000.

**Defendants are more aggressive than UIC, 07-6690 is different action**

Defendants in present case are more aggressive than UIC/ETS in 04-C-3545 and all other cases,

---

[2] Rule 12(f) court may act:(2) on motion made by a party before responding to the pleading; Order 05/13/08 was entered after order 05/12/08 established parties responded to pleadings, shortly order 05/13/08 is not striking Amended Complaint 04/25/08, court may not act on motion to strike after parties responded to pleadings. Defendants responded and alleged operational complaint is Amended Complaint 04/25/08, response provided were response to Amended Complaint of 04/25/08. Order 05/13/08 granting motion[58] is moot because court can not act to strike after responsive pleadings were filed in. Motion [58] become moot on 05/13/08 therefore order 05/13/08 granting motion[58] is only for briefing to stand. Defendants failed to strike Amended Complaint of 04/25/08 because they responded before ruling of court. Because defendants responded to Amended complaint 04/25/08, Motion to amend was granted by consent.

6

proving essentially different cause of action; 07-6690 is different action than UIC because defendants are more aggressive than previous UIC/ETS defendants. This supports an inference of unlawful discrimination. Present action is not same action with 04-C-3545 or 06-7189 because this action is about inducing Waivio's child death, about willful inducing death of baby, about inducing lupus with flagrant bad faith medication, shortly they are extreme aggressive more than *EEOC v. Dial* which got $40000000 punitive damages.

Punitive damages in present case needs to be increased over $40000000 because present defendants are more aggressive than Dial in *EEOC v. Dial* and high punitive damagers may attempt to stop defendants. Monetary damages are proportional with degree of injury and damages, and aggressiveness of practice implies present case needs more than $40000000 more than Dial case. UIC filed in motion to dismiss after one year of action pending. Present defendants filed motion to dismiss after 13 days of service for Karande, after 14 days from 04/25/08, shortly Advocate are more aggressive than UIC and ETS. Facts in record prove different action more aggravate action in 07-6690. Claims of FCI "23 Plaintiff also alleged UIC's counsel retaliated" failed, because defendants in 07-6690 proves more aggressive than UIC. Pattern and practice of UIC proves different than pattern and practice Advocate while Advocate proves more aggressive than UIC. IT implies different cause action.

Advocate proved contrary.

**Defendants claims are false**

Defendants claims that they have difficulty responding "Amended Complaint 04/25/08" are false because they admitted that they can respond to facts from complaint 01/16/08 while facts in Gonal-F and Lupus transactions are same. Transactions Gonal-F and lupus, core of facts complaint 01/16/08 and facts in amended complaint 04/25/08 are same, but Advocate declared Pursuant Rule 8(a) complaint 01/16/08 as acceptable pursuant Rule 8(a); Advocate declared therefore ability to respond to core of facts in Gonal-F and Lupus transactions; About court transaction response is evident on record therefore understandable and defendants have no difficulty based on this matters because they respond to court procedure and are fully aware of matters.Advocate Argument failed; Advocate acknowledged they can respond to core of facts about Gonal-F or Lupus transactions. Response to court transaction is already on record.

**Standards of merit Rule 12(b)(6)** Standards of merit are adopted from Waivio v. UIC, Mot Dismiss July8-12, 2005, exhibits are used here also.

**Advocate claims separation individual defendants failed**

Norgle did not grant UIC claims in mot to dismiss of separation of defendants implies Advocate claims of separation of defendants failed, see Waivio v. UIC 04-C-3545.

**Appellate cases brief**

Pleadings from appellate court are adopted with adequate modification in present reply. Plaintiff declares present action as different, however similarities of practices allows argument to be adopted and adjusted here.

**ADA Discrimination Lupus transaction**

Jackson v. City Chicago 293 F Supp (ND ILL 2003)(holding to state a prime face case under ADA plaintiff must alleges that she has suffered adverse actions because of her disability). Plaintiff alleged that defendants were fully aware of Lupus induced by Gonal-F implies actions were based on lupus, disability ADA Rehabilitation act.

**Retaliation claims are satisfied**

Schroeder v. University at Chicago 1997, (NDILL Jan 27, 1997), Rohall v. General Security Services 2004 WL 1368763 (NDILL June 16 2004) "plaintiff must prove and plead casual link

between protected expression and adverse actions", and this is realized in Waivio 07-6690 complaint. Federal legal actions were pending when main injury and decision actions of defendants were taken.

**Waivio's section 504 claims are successful**

Pursuant Heimann v. Roadway Express Inc 228 F Supp 2d 886 908 (N.D. Ill 2002) "nothing Rehabilitation Act provides that ADA standards are to be applied to determine whether Rehabilitation Act has been violated".

**Claims Title VI are successful**

To state claim under Title VI or Title IX plaintiff must alleges 1) that she was subjected to discrimination, or denied benefits in medical programs, 2) that defendants receves federal assisatnce 3) that the exclusion was based on membership in protected class Torrespico v. Columbia College 1998 WL 703450 (ND ILL Sept 30, 1998) citing Seamons v. Snow 84 F 3d 1226, 1232 (10th Cir 1996)

**ADA Title II**

"no qualified individual with disability shall be reason of such disability be excluded from participation in or denied benefits of services, programs, activities of public entity or be subject to discrimination by any such entity 42 USCA 12132" In order to establish a violation of TitleII ADA plaintiff must show: 1) that she has a disability 2) that she is otherwise qualified fir the program and 3) that she is being subject to discrimination by reason of disability Hamlyn v. Rock Island County Metrolitan Mass Tarnsit 986 F Supp 1126, 1132 (C.D ILL 1997). Title II of ADA is modeled on Section 504 Rehabilitation Act and precedent under one statute usually applies to all others. Washington v. Indiana High School Athletic Association.

**Insufficient objection** Defendants objection over relief to suspend medical license, damages 130 millions, declare Gonal-F invalid treatment, increase risk doctors, other means are insufficient because matters alleged are flagrant violation of US Constitution and flagrant violation of professional standards, federal laws and similar situated legal procedure in similar conditions made similar situated requests as to provide relief and deter practices see Amended complaint 04/25/08.Present evidence provided by Waivio invalidated Gonal-F medication, any objection needs to be made by denying Waivio allegations while defendants prove no denial. Defendants

do not deny that Gonal-F is invalid. If Gonal-F were valid than there was no reason why Dayal Anajly would not use it at her age of 43 years; Fact that Dayal did and does not use Goanl-F means it is invalid and this is defendants' real believe. Dayal affirmed she did not use Goanl-F means there was no necessity of utilization of such medication to 43 years women means there was no necessity of utilization of such medication to Waivio at 36 year in April 2006. Shortly defendants proved allegations of complaint. Damages 130milions and other means is about situation for unnecessary delays, for example case going to Appellate, or US Supreme court and barring Waivio's access to remedy and other such conditions. Plaintiff had asked maximum extent as to secure right to relief.

**Court Environment v. medical environment**

Complaint and facts and matters in record are divided in two environments, environment in medical services and environment in court. Rules and standards of practices are completely different therefore they are not same transaction. Court environment is significantly different than medical environment.

**Rule 8(a)(2) is moot**

Defendants' claims of Rule 8(a)(2) are moot response was provided, all claims complaint format are moot see Vicom v. Hebridge Merchant Services ETS mot dismsiss[201] 04-C-3545.

**Defendants Memorandum 05/06/08 proves defendants' practice.** They induce procedure as they want and they make false statement as they want designated for abuse of process, abuse of Waivio, discrimination of Waivio because of her protected characteristic. shortly defendants prove flagrant bad faith to court and actions are proved abuse of Waivio.

**Waivio request for additional time for pertinent evidence.**

Pursuant Rule 12(d) parties needs to be provided with fair opportunity to provide pertinent evidence while Waivio was no provided with such time, matters presented on record are not fully supported by pertinent evidence because time for such evidence was not provided, under Rule 12(d). More time is necessary to gather all evidence in support of Allegations. Shortly Rule 12(d) was not exhibited. Pursuant Rule 8(b) Waivio declares that Waivio is aware of pertinent evidence which can support her allegations and more time is needed to provide the full pertinent concrete evidence. This evidence defeat defendants claims defendants' claims must be denied.

**Advocate statements are misconduct**

Advocate does not declare what they want in complaint, and implies they do not want anything in complaint. Advocate does not present a limitation in pages as convenient to them. Advocate does not present claims which they would like in complaint which they believe are appropriate and this means that court has to establish such matters by standards of abuse of discretion. Only complaining is not responding to motion and implies defendants proved "flagrant bad faith" because do not state what they desire, what is appropriate and what would make them happy. So plaintiff has to ask Hon Court what will make defendants happy and what Hon Court may accept as maximum extent.

**Court Environment v. medical environment**

Complaint and facts and matters in record are divided in two environments, environment in medical services and environment in court. Rules and standards of practices are completely different therefore they are not same transaction. Court environment is significantly different than medical environment.

**Advocate claims pursuant Easley v Verzin failed**

Advocate falsely related Waivio to Easley. Waivio had suffered injury in lost of child, body injury, complete refusal of medical services all covered under federal and US Constitution, while Easley has not such matters. Easley case is not applicable to Waivio because matters were flagrant violation of US Constitution, induced death to baby, and body injury, all violation of US Constitution. Evidently medical records required under state laws do admit to such injury and there is no denial effective of defendants of such injury. This court does not need more recorders because this court knows that if matters is inconsistent to record than it is defendants fault and defendants violation of federal and state laws. Dayal does not deny the death of baby, does not deny uterus was scared 70% does not deny uterus was burned, does not deny Gonal-F was illegal and unlawful practices in violation of almost all resonable federal and state laws while exhibits on record proves matters. Easley case failed.

Dayal association of Waivio to Easley proves that defendants discriminate Waivio based on national origin, race because they see Waivio as "black person", or "Romanian origin" as uncommon, "historically discriminated", shortly association of Waivio with Easley proves how

11

defendants see Waivio; Waivio is "black person" for defendants.Defendants claims that Waivio is similar situated to Easley back person, therefore defendants treat Waivio similar situated to Easley, and proved Waivio is treated as "black person" proving Section 1981, Section 1983. Pursuant Rule 8(e)(2) Memorandum is against defendants.Defendants, Dayal or Ciminera do not have "death child" do not have "burned uterus", "scared uterus", and there is no injury to defendants shortly defendants have no claims against Waivio but contrary proves flagrant bad faith. Defendants claims failed because they failed to establish significant violation of US Constitution or federal laws while their claims are false, misinterpretations of court procedure. It is standards learning that if any injury from Waivio to defendants existed this should have been first in their pleadings. Fact that defendants did not complain against Waivio of any matters while Waivio received medical services means defendants have no defense, and have no objection to such allegations in medical environment.

Defendants do not claim damages, shortly Waivio did not make monetary damages to defendants implies Waivio conduct was excellent, not denied in medical services.

**Part I It is defendants interest therefore there is no prejudice to defendants**

    A) It is defendants' interest to have court environment in complaint as evidence. Waivio v. UIC 06-7189 proves defendants were advantaged [court error ruling]by court environment being included in complaint. If court environment is in complaint Pursuant Rule 8(b) defendants have right to defense (plaintiff denies this); If court environment is not in complaint and their actions are proved false and discriminatory they are interpreted as harassment; In alternative that there is ground for "defendants to win"[plaintiff denies this alternative] it is more likely that defendants can win in alternative that "court environment is in complaint" than in alternative that "court environment is not in complaint" Shortly there is no prejudice to defendants but country it may help defendants. Advocate Memorandum is about court environment and dismissal is not a solution, therefore it is defendants interest to have matters in complaint as helping procedure.

    B) It is defendants interest to have "preliminary injunction"; Damages depends of recovery, shortly now we are more likely to recover than it s later to revover. Immediate or as soon as possible preliminary injunction facilitates recover and lower damages, implies preliminary injunction it acts as interest of defendants to lower damages.

C) It is counselor interest to become defendant; As explained counselors are uninitiated attorneys without legal experience therefore evidently their action are "pursue of Advocate unlawful practice", they copy Advocate practice; fact that they become defendants increases liability and responsibility of counselors which means slow down or stop practice.

D) Counselors are not prejudiced by introducing their names and making them defendants because the issues is not to evaluate on merit counselors but to evaluate on merit defendants. Shortly court environment is mainly to provide evidence, to prove allegations against defendants.

**Defendants proved "flagrant bad faith"**

1. Defendants proved "flagrant bad faith" because in same time requested strike of Waivio "Amended Complaint of 04/25/08" and "briefing in motion to amend", while they can not be true same time. Waivio provide in good faith notification to defendants on 05/05/08 that matters can not be true same time. However in 05/13/08 defendants fully aware of premise requested same thing, while they were aware that "Amended Complaint 04/25/08" was the briefing of Waivio for "motion to amend" imply defendants proved bad faith; Now defendants can not prove that they were not aware that "Amended Complaint 04/25/08" was briefing, therefore Advocate request of briefing on 05/13/08 is in bad faith; Shortly there is evidence in record of flagrant bad faith actions of counselors, while warning of Waivio was provided on 05/05/08 in "Emergent response motionstrike".

2. In Memorandum defendants claim dismissal of cause of action because "motion to amend" has no argument while "Amended Complaint 04/25/08" was requested to be stricken in motion to strike, shortly there is no good faith in pleadings of defendants as in same time they requested strike to argument and they claim there is no argument; shortly Advocate can not in same time request denial because there is no argument in motion to Amend and strike to argument. Pursuant to Rule 8(e)(2) these matters are inconsistent, "motion to strike" stroked also Advocate argument.

**Defendants proved no undue prejudice to counselors**

3. An amendment introducing court environment can not be used to introduce judgment on merit against counselors, they are with purpose of evidence. Defendants pretext that they

13

are prejudiced is false disproved by Norgle because Norgle did not introduced judgment against counselors.

**Defendants proved delay unnecessary**

4. Defendants proved desired to delay enforcement; Defendants did not plead that "there is no reason to delay enforcement", implies they pleaded there is unnecessary delay.

**Defendants proved no "dilatatory motive**

5. Defendants claimed that there is no "reason provided within plaintiff's motion to amend" therefore there is no "dilatatory motive"

**Defendants admitted that amendment is necessary**

6. Defendants declared "leave sell be given freely when justice so requires" while defendants proved no reson to deny.

**False pleadings**

7. It is false "sole relief court can offer is dismissal with prejudice" because matters are on merit and requires merit evlaution.

8. Defendants' requests are moot. There is no evidence in record defendants are prejudiced by introducing allegations in court environment as evidence in support of complaint because as proved defendants have means to defend and that evidence for case is needed.

9. Defendants falsely claim "plaintiff must be stopped" Right to Amendment is constitutional right guaranteed under continuation wile defendants failed to prove any reason for such drastic violation of US Constitution.

**Request for Preliminary injection**

Plaintiff repeats and realeges response to motion to join filed 05/09/08. Plaintiff presented on records standards. Plaintiff amended complaint filed 05/25/08 proved that Waivio can win, therefore Waivio has right to preliminary injunction. Plaintiff includes affidavit. Plaintiff declares that plaintiff needs medical services, and enforcement of medical services is necessary.

**Affidavit**

Waivio declares under oath that today Waivio has no medical services with respect to gynecology and specialization presented in complaint as to remedy the damages created by defendants to Plaintiff. Plaintiff has no medication and plaintiff has no any doctor who can provide help. Plaintiff respectfully requests to enforce Karande, FCI as well as Advocate doctors to provide medical services with respect to recovery of losses.

It is the interest of defendants to recover damages, and it is interest of Plaintiff to recover.

On July 12, 2007 plaintiff has surgery with Charless March friends of Karande and Rapisarda. Charless March intentionally blocked Waivio right Fallopian Tube. Plaintiff had discussed with specialist from University of Chicago and they said that the issue can be solved by Interventional Radiology; so named Wire technique. Plaintiff respectfully requests to this Hon Court to enforce

15

defendants to open the Fallopian Tube provide treatment to Ashermen's syndrome. Plaintiff also respectfully requests treatment as with specific necessities requested in complaint. Plaintiff declares that in March 2008 Northwester Community Hospital refused medical services to Waivio. Northern Community Hospital is place where Karande has his business and office. Waivio respectfully request court to enforce defendants.

**Conclusion**

For all the foregoing reasons, Waivio respectfully requests that this Hon Court grant plaintiff's motion to amend by accepting Amended Complaint 04/25/08 or allow plaintiff to submit an amended complaint, enforce defendants to provide medical services, or allow request for judgment in plaintiff's favor against defendants if this court finds it appropriate and provide preliminary injunction, and furthermore grant Plaintiff all relief deemed appropriate under law.

Submitted, By Plaintiff, Rodica Waivio        05/20/08
Address: 1325 Baldwin Ct Apt 2A
   Palatine IL 60074

*/s/ Rodica W*

Exhibit Elijah Moses Waivio Born 09/18/06, death 09/17/06, 21 weeks

16





17



18