## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

RODICA WAIVIO,                   )
Plaintiff,                      )   Case NO: 07-C-6690
            v.                 )   HONORABLE JUDGE
ADVOCATE HEALTH CARE NETWORK,   )   RONALD A GUZMAN **F I L E D**

ET ALL Defendants.

**JUN 2 7 2008 TC**
Jun 27 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### Motion Requesting Reconsideration Protective Order;
### Response to Emergency Motion for Protection and Sanctions

**NOW COMES** Plaintiff, RODICA WAIVIO, in Pro Se representation, and presents her
pleadings, respectfully states the followings:

1. Order 06/13-17/08 violates right to medical services, right to life prosperity
happiness as protected by US Constitution see *Harper v. City of Chicago Heights* case
87-C-5112 Judge Coar [same court] as quoted "any remedy imposed by this Court must
accord with the **Constitution and with state law** so long as complying with state law
does not violate the Constitution. See Harper v. City of Chicago Heights Heights, 223
F.3d 593, 601 (7th Cir. 2000). Court completely denied medical services to Waivio
because defendants follow Waivio and harasses perpetuating the unlawful discrimination
by requesting misconduct of medical services or denial of such medical services or
making arguments available to all others. Orders 06/13-17/08 violates US Constitution
because bar Waivio medication from Karande and others may not renew Waivio
prescription of Medication.

2. The issue is whether an error occurs while merit evaluation of federal claims Waivio
will be unable to get medication and terminate Waivio constitutional rights. Shortly
defendants order of protection and defendants conspiracy actions will terminate Waivio
medical services and her rights to life therefore order of protection Violate Right to life of
Waivio because Waivio suffers of lupus and absent medication Waivio will not be able to
suvive lupus conditions. Suppose that courts make an error and dismisses the case than
Defendants will not allow Waivio to renew prescription of medication which means will
terminate the Waivio life. Order of protection can not be introduced for against Karande and all others

considering the chain of error and the records of this court. Motion of reconsideration is adequate.

3. State claims can not be dismissed when there is federal cause of action as proved discrimination based on lupus or national origin, *age and retaleation, and all claims*

4. UIC pleaded in Appeal No 07-3695 "usual practice in 7th circuit is to dismiss without prejudice state claims wherever all federal claims has been dismissed prior to trial" Groce v. EliLily&Company 193 F3d 496 501 (7th Cir 1999) Sanchez & Daniels Koresk; However this is not valid in this case because matters are on trial court alre4dy started the trial and because court did not dismiss federal claims and absent dismissal of federal claims court is unable to dismiss state claims and matters are already on trial as admitted by defendants therefore court is unable to dismiss sate claims without finalization of trial.

5. Waivio respectfully request trial of issues and jury with 12 people of Romanian origin and people with lupus.

## Defendants violated Right to Notice which is constitutional right

6. Right to notice was constitutional right. Waivio was not provided with notice. Defendants violated right to notice because Waivio was not given notice that defendants will contact the court. There was not emergency for Wajvio to have medication *but natin emergncy* *WAIVIO has need on medecation METFORMIN* METFORMIN; word "emergency" needs to be interpreted liberally. Waivio had just discovered the facts and Waivio was threatened by facts and by defendants' misconduct actions. Defendants actions are threatening to Waivio because induce desperation and extreme psychological violation, terrorization, moral abuse. Waivio is abused threatened and Waivio is desperate of such conditions; Waivio was not in emergency condition on June 11-12,2008 but Waivio was practically desperate, threatened by misconduct of defendants. Plaintiff believes that motion of protection and sanction had induced Waivio in desperate medical situation. In night of June 11, 2008 Waivio sent to defendants e-mails by which requested withdraw of certification from June 6, 2008 because Waivio believed matters were willfully induced by defendants. And these e-mails were sent to all attorneys and will be submitted to court on record shortly after July 3, 2008. Shortly Waivio was psychological threatened by actions of defendants; Actions from June 11-12, 2008 were induced by defendants, Waivio was psychologically threatened.

Pursuant to Rule 8(e)(2) Waivio proves matters in June 2008 were different facts and

different settings from Gonal-F transaction; Northwestern Community Hospital declared that there was water poisoning that Waivio drink to mach water. This is true.

Plaintiff declares that plaintiff had not Gonal-F and that plaintiff had natural ovulation which was believed was before June 6, 2008, because period come on 06/19/08 [however abdominal pain started before]. Facts presented are independent of Gonal-F transaction pursuant Rule 8(e)(2); however plaintiff believes from opinion of "ordinary juror"matters presented are significantly related to lupus transaction because Waivio believes it was lack of treatment for lupus, while Northwestern Community Hospital declared water poisoning.

7. Shortly matters presented to court by defendants on 06/17/08 was intentionally falsely presented to chambers without knowledge of Waivio. This is violation of Waivio federal and constitutional rights, it is reason for mistrial against defendants as proved and it is reason for reconsideration under *Bank of Waunakee v. Rochester Cheese Sale Inc* 906 F 2d 1185 1191 (7th Cir 1990) see order 10/20/2007 Waivio v. UIC 06-C-7189. Evidently order 06/17/08 was firstly violated by defendants therefore first to be punished must be defendants.

### Analysis order 06/17/08

8. Court order states:

P1: Wavio shall not have direct contact with defendants

P2: Wavio shall not appear at premises of any defendants

P3: Wavio shall not initiate contact with defendants outside of presence of counselor

P1, P2, P3 are different but related; P1 and P3 are opposite but related pursuant Rule 8(e)(2) they can not be true same time. P3 needs to be interpreted that "Waivio shall not initiate contact with person who is not defendants outside presence of counselors for defendants. Waivio surely did not violate P3 because Waivio did not initiate contact to any person outside defendants between 6-17 June 2008. Shortly Waivio discussed with Irina Goldvekht she is employee of Advocate Lutheran Hospital, she is defendant [this was request of NCH Hospital]. It is false "Waivio shall not initiate contact with any defendants outside of presence of counselor" because Waivio never ever "initiated contact with defendants without counselors" on time of litigation pursuant Rule 8(b) Waivio has not knowledge of such matters therefore order is moot. Waivio did not initiated and contact to defendants.

*[handwritten margin note: Waivio did not initiate any contact with defendants at any time except Jones not when Waivio visited office.]*

**Pursuant US v. Washington Waivio was not offered "notice"**

9. Pursuant US v. Washington Waivio was not offered "notice" of charges; It is false "notice was given and court had been advised" because Waivio has not knowledge of charges; Plaintiff respectfully requests to court to make Waivio aware of charges or any claims of defendants. Defendants called court and defendants did not discuss with plaintiff therefore plaintiff is unaware of charges or claims of defendants. Plaintiff respectfully requests to court for defendants to make available To Waivio the claims and issues raised to court which were not acknowledged to Waivio. Plaintiff any time can certify under oath and can provide affidavit if such affidavit is necessary.

10. Pursuant US v. Washington Waivio was not offered "notice" of charges; Defendants did not inform plaintiff before June 6, 2008 that they intend to charge Waivio if Waivio requests medical record directly from office or whether Waivio looked in baby books publicly displayed in office; all these were not acknowledged before.

11. Pursuant US v. Washington Waivio was not offered "notice" of matters as Waivio had no knowledge that Irina Goldvekht is part of Lutheran general Hospital and she informed plaintiff about this matter on 06/19/08 which means Advocate violated Waivio's constitutional right to notice; anything related to Irina Goldvekht is violation of Waivio right to Notice as defendants did not provide notice that Goldvekht is Advocate employee while they made request to court of protection they did not conform with safe harbor provision to give notice to Waivio that Goldvekht was Advocate employee. Advocate violated US Constitutional right of Waivio. *Waivio did not request Goldvekht to contact defendants,*

12. Pursuant US v. Washington Waivio was not offered "notice" of matters as nothing in record assets "Waivio shall not initiate contact with defendants outside the presence of counselors"; Waivio was not given notice of this desire and no advise about matters at any time. Defendants' statements in record do not request this matter. This implies defendants made new requests to court, such requests were not presented to Waivio. Waivio was not given notice about and right to notice is constitutional right.

*Waivio informed Goldvekht that there is a legal action and informed Goldvekht about matters*

12. Pursuant to *Harper v. City of Chicago Heights* case 87-C-5112 Waivio has right to medical record including the medication Metformin starting 02/22/07 till 02/22/08.

**13. Karande letter 05/09/2007 induced judgment for plaintiff against defendants**

14. Karande letter 05/09/2007 declared "if there is any acute emergency which requires my immediate attention you may contact my office at 847-884-8884"; Karande letter 05/09/2007 implied consent to visit Karande, implied consent to contact KArande and to initiate contact;

15. Karnade did not state that Waivio needs to stop METFORMIN which was prescribed on 02/22/08;

16. Karande motion 06/09/08 denied "I find you necessary to terminate our physician patient relationship at this time"; which means Karnde affirmed that there existed necessity of medical services for Waivio and judgment in plaintiff's favor against defendants. This implies same matter for Advocate because fact that KArnde terminate services when there was no baby and he falsely belived was necessary to terminate this implies Advocate terminated matters for more aggravated conditions under same premises refused to treat lupus and refuse to make medical records. Karande statement introduce judgment in plaintiff favor against defendants on lupus transaction; defendants admitted existed necessities of treatment and treatment was available it was Metformin.

**17. Order 06/13-17/08 contains errors.**

18. Order 06/03-17/08 is false because falsely states "due notice have been provided and the parties being fully advised"; Waivio was not given notice and Waivio party was not advised; furthermore Waivio party did not appear on 06/12/08 in court which means court, judge did not advise Waivio of the matters; shortly "court was not fully advised".

19. Before June 9, 2008 there was no notice of defendants to plaintiff that Waivio shall not contact defendants about medication which was necessary, with respect to medical record [which is constitutional right as based on right to life happiness and under state laws] and this is violation of US Constitution as right to notice is constitutional right and 14th Amendment equal protection of law.

**20. Order 06/13-17/08 violates US Constitution right to Notice.**

21. Order 06/13-17/08 established that Pursuant Rule 8(b) Court is unaware of reasons to grant defendants requests except their intentional misconduct, false personal interests etc. Order 06/13-17/08 was written based on defendants request made to court

which were not presented to Waivio, therefore defendants moved court intentionally.

22. Order 06/13-17/08 established that Defendants contacted court on 06/17/08 and Presented issues of fact or law outside adversarial issues presented to Waivio therefore Pursuant to Bank of Waunakee v. Rochester Cheese Sale Inc 906 F2d 1185, 1191 (7th Cir 1990) reconsideration is appropriate when "court ruled on matters outside adversarial issues presented to Waivio". Defendants' actions are also violation of "Safe harbor provisions" of Rule 11 the motions were not served separately and Waivio was not given possibility to argue and make clarifications about. Pursuant to Waivio v. UIC 06-7189 Rule 11 can not be granted because defendants did not conform with safe harbor provisions; fact that Rule 11 can not be granted means dismissal of case with prejudice or any other sanction under Rule 11 can not be granted and also Waivio can not receive sanctions because such matters were not acknowledged and sufficient time was not given.

23. Starting with 02/22/07 Karande prescribed Waivio Metformin for one year; in Feb 2008 Waivio was unable to renew the Metformin prescription in spite of requests made to many doctors; On 06/17/08 Waivio requested Irina Goldvencht who was Waivio's primary doctor [Advocate Lutheran hospital employee] to give Metformin as to needs of medication for Lupus treatment[Waivio requested metformin also in Feb but she refused].

**Situation in August –Sept 2006**

Waivio 2006 suffered of lupus induced by FCI Gonal-F treatment; evidence in support is:

1. Lupus coagulant positive see exhibits complaint 01/16/08
2. Thrombophilia uterus full with blood clots see submission in 04-C-3545 medical records in 2007 attesting blood clots of dimension 400CC at Northwestern Community Hospital.
3. Waivio body was swallow [characteristics of lupus[1]] see picture included from birth of child; Waivio was 186 pounds as admitted by defendants while Waivio was 155 pounds before Gonal-F treatment; over 30 pounds in 5 months.
4. Picture from Sept 17-18, 2006 shows Rodica Waivio's hand being swallow

---

[1] SLE is chronic inflammatory disease type III hypersensitivity response with potential type II involvement





look at hand *with signs of rush*

5. Child[2] was suffering Lupus because skin was ~~burned by~~ rush induced by Lupus



---

[2] http://en.wikipedia.org/wiki/Lupus_erythematosus **Neonatal lupus,** babies born to women SLE, It is theorized maternal antibodies attack fetus, causing skin rash[see skin burned on fetus]



6. On 06/23/06 Jasenof performed Antibody screen which is ANA; fact is that ANA was positive for Waivio starting May 2006 till present implies Medical record made by Jasenof on 06/23/06 seen as exhibit of complaint 01/16/08 is false because there is no signature of Jasenof on sheet with Antibody screen; shortly JAsenof was fully informed by blood work and ultrasounds that Waivio had lupus; furthermore the body look of Waivio was corresponding to diabetes people which required treatment for swallowing shortly he refused any treatment to plaintiff while he falsely claimed that everything was normal. Evidently any doctor knows how to treat diabetes while Waivio was looking as diabetes patient; implies Jasenof had means of solution to Waivio in 2006, but he refused any solution.

7. As alleged in complaint and attested in record Jasenof was full aware of Lupus and blood clots starting 07/11/ 2006 (comp 37).

8. Waivio requested emergency to Jasenof and Torres but they7 lied to Waivio and they refused to transfer Waivio to Lutheran General hospital under the false claims that "there was no less drastic solution as pleaded by defendants which is false because there was METFORMIN there was treatment available.".

**Situation in June 2008**

9. Evidence from June 2008 is that body was swallow; On 06/02/08 Waivio visited rheumatology specialist Clerk who attested that Waivio has the legs swallow; Previous to this another hematologist performed blood work and established Lupus anticoagulant positive. Permanently Waivio had lupus anticoagulant positive and ANA positive.

10. Fact: on 02/22/07 Karande prescribed Waivio medication named METFORMIN

for one year without to make any blood work or any investigation; IN Feb 2008 Waivio had no more refill, so Waivio stopped Metformin in Feb 2008; Plaintiff visited Irina Goldvenht [Advocate Employee]and requested her metformin but she refused such medication.

11. Metformin is vital medication because stop body from swallowing which is main point of lupus, shortly Metformin treats lupus by stopping the swallowing of body. Lupus is class III hypersensitive to Swallowing

12. Fact that Waivio was without Metformin from Feb 2007 till June 2008 made Lupus to progress and this induced emergency conditions June 2008.

13. NCH declared Waivio had water poisoning as Waivio drunk too much water and there was lack of electrolytes, this was true Waivio drunk a lot of water mainly because of psychological threatens of defendants and because Waivio was scared by defendants and Waivio was threatened by actions of misconduct of defendants see e-mails sent to counselors on june 11, 2008 before going to hospital. Facts in June 2006 presented are independent of Goanl-F as Waivio had natural ovulation before June 6, 2008, while as already attested Waivio visited previously reomatolog specialist, *lupus specialist* **Common Question of fact was:** whether there was/is treatment for Waivio: Response is YES there was/is METFORMIN same medication as ~~diabetes~~, Waivio situation was treatable; defendants had full knowledge of treatment and means as proved; defendants refused treatment in 2006, while in 2008 they requested a court order for it;

**Safe Harbor Provisions**

24. Defendants are not entitled to order of protection because they did not conform with "safe harbor provisions, standards of protection".

25. If defendants desired protection than the first protection was to take measure of protection by themselves such as notice to Waivio and notice to all employees in Advocate system and KArande system and FCI system;

26. Facts from June 6, 2008 shows that Christine was not informed that she should not initiate contact to Waivio [she had Waivio name], that she should not allow Waivio in office of Karnde or she should not discuss with Waivio [she admitted Waivio was in her presence starting 2:02pm till 2:50pm]; Affidavits on record in Karande motion disprove that defendants requested their employees to conform

with safe harbor provisions of protection such as "not allow Waivio to discuss with them", "not Allow Waivio in their premises" or "not allow others to discuss with them about Waivio". Shortly court should order defendants first safe harbor such as to order employees of defendants not to allow people to contact them about Waivio, not to allow people to come at the premise of their office and discuss matter about Waivio or not to initiate contact to anyone about Waivio in the absence of Waivio.

27. If defendants wanted protection than the first measure was to give notice of desire of protection to their people; however matters prove contrary; Irina Goldvekht did not inform Waivio that she was not allowed to discuss with Waivio or to be contacted by Waivio etc.

28. Defendants proved to have a practice of initiation contact to others about Waivio without "presence of counselor"; shortly about all case is about how Advocate initiate contact to others without presence of counselors; shortly definitely order is an error because defendants proved to do what ever they want.(Complaint par 140) asserts

"The essence of defendants practice appears to be elements of torture, battery trespass of consent; shortly actions of defendants induces impossibility of Waivio to do anything else than what defendants desire induce; Defendants barred means to Waivio in essence implies Waivio needs to do what defendants want essentially trespassing consent and inducing actions against free will and desire of Waivio. Consent is flagrantly violated matters are not free will and desire of Waivio"

Facts prove that defendents themselves act inappropately about Waivio without presence of counselors.


**Conclusion**

For reasons presented Waivio requests trial by Jury with 12 people of Romanian origin or lupus patients, reconsideration of order 06/13-17/08, to deny defendants motion of protection, to enforce defendants to provide medical services, and , judgment in plaintiff favor against Defendants as decision of trial of facts and matters of laws, all requests as provided in complaint. Plaintiff request reconsideration of order 06/13-17/08, denial of order of protection

Wherefore Waivio respectfully requests this Hon Court grant her motion and her requests and all relief appropriate and just.

Rodica Waivio

*Rodica Waivio*
*06/27/08*

This is declaration for record read 06/11/08

06/12/08

I Rodica Waivre would like to provide the following declaration:

1. On 06/11/08 I went to emergency of NCH. It was after 11:00pm. NCH refused to provide medical services for lupus and specific necessities at that time.

2. They took me in an observation room later in night

3. I have been told that about 6 am on 06/12/08 a doctor came in my room. I was unable to see the doctor because I was sleeping.

4. When I waked up on 06/12/08 I requested to see the doctor

5. NCH refused to provide a doctor for me starting from morning till at 4:00pm

6. Following the refusal of NCH to provide a medical provider I was unable to receive adequate medical care

7. I requested on 06/12/08 to be provided with record to see record. NCH refused to allow record to be seen. On 06/12/08

8. I tried many times to take record and I requested to review read and I was refused

I Rodica Waivio request to anulate
all the medical record from 06/11/08
and 06/12/08 because I was
refused permission to descuss with
a medical provider

Rodica Waivio

dated 06/19/08

recevered by: Dion Mihail 6/19/08

This statenent was ver written conform
with a legal action pending

Waivio v. Advocate
case 07-6690
Federal District Court

About Us  Health Info  Programs and Services  Careers  Education  Giving  Search  Site Map  Home    Advocate Locations

print page

# Advocate Health Care

**Doctor Directory**

Irina Goldvekht , D.O.
*Internal Medicine*

**Philosophy of Care**
I believe that a key to a good doctor/patient relationship is communication & respect. I enjoy educating my patients regarding disease prevention, their illnesses and treatment options. The patient is the ultimate decision maker regarding their health.

 your First Appointment!

## Physician Information

**Gender:** Female  **Age:** 34  **Years of Practice:** 4

Office Locations/Insurance Plans Accepted

**Hospitals / Groups**
Advocate Lutheran General Hospital

**Languages Spoken:** Russian

**Professional Certification**
Medical School: Chicago College of Osteopathic Medicine
Residency: Lutheran General Hospital

this Doctor to MyAdvocate!

**Office Locations/Insurance Plans Accepted** (click on address tabs to expand)
expand all | collapse all

1200 Busch Pkwy, Buffalo Grove - 847-459-1860          View map

1051 W Rand Rd Ste 102, Arlington Heights - 847-392-0720          View map

Start a new search

http://www.advocatehealth.com                                    1-800-3-ADVOCATE / TDD 800-990-4700

About Us | Health Info | Programs and Services | Careers | Education | Contact | Search | Site Map | Home | Advocate Locations

Use of our site constitutes acceptance of our Terms of Use. View our Notice of Privacy Practices.
Copyright © 2002 Advocate Health Care, Oak Brook, Illinois, USA

15

WAIWO ,RODICA I
54352018     F     38  08/22/08
DOB 06/04/1969    0001382333

nch Northwest Community Hospital
Emergency Department
800 West Central Road
Arlington Hts, IL 60005
847.618.4000

Name WAIVIO, RODICA    Age 38
Address 1326 BALDWIN COURT    Date 06/22/2008
APARTMENT 2A
PALATINE        IL 60074-

Rx  Naproxen EC 375 mg
    1 tab BID prn
    #30

MD/CC    Quant. 30    Label as Such
☐ May Not Substitute    CBach CNP    M.D.
☑ May Substitute    DEA No. MB1444688

nch Northwest Community Hospital
Emergency Department
800 West Central Road
Arlington Hts, IL 60005
847.618.4000

Name WAIVIO, RODICA    Age 38
Address 1326 BALDWIN COURT    Date 06/22/2008
APARTMENT 2A
PALATINE        IL 60074-

Rx  Amoxicillin 875 mg
    1 tab BID
    #20

MD/CC    Quant.    Label as Such
☐ May Not Substitute    CBach CNP    M.D.
☑ May Substitute    DEA No. MB1444632

---

**DISCHARGE INSTRUCTIONS FOR:  NAME: WAIVIO ,RODICA I**    **DATE: 06/22/2008**

**INSTRUCTIONS TO PATIENT:**

The examination and treatment you have received in the Emergency Department has been given on an emergency basis and is not intended to be a substitute for complete medical care. For your protection, we suggest you follow up with your primary care physician, or with the follow-up physician named below, for continuing care.

X-RAYS: X-rays taken in the Emergency Department are often initially read by the emergency physician. A radiologist reviews the x-ray study and makes the final report. You, or your physician, will be notified if the final report is different from the initial reading. X-rays do not always show injury or disease, and fractures may not be revealed on the initial x-rays. If the problem persists or becomes worse, additional x-rays may be required. If this should occur, you should contact your physician, or return to the Emergency Department. Prior to picking up your x-rays call the Hospital File Room at (847) 618-5900, 24 hours in advance, to ensure your films are ready to be picked up.

The emergency physician, nurse practitioner or physician's assistant providing your care in the Emergency Department is an employee of *BestPractices, Inc.*

847-618-1000 physician referral    (own)

Call as soon as possible to schedule an appointment with your primary care physician, or the follow up physician listed here. Tell the receptionist you were seen in the Emergency Department. If you are a member of a PPO or HMO, you should contact them prior to follow-up.    FOLLOW UP MD: _Goldvecht_

Wound Check _____ Days    Suture Removal _____ Days    Appointment 1-2 Days

**IF YOUR CURRENT CONDITION DOES NOT IMPROVE OR WORSENS, RETURN TO THE EMERGENCY DEPARTMENT**

AFTER CARE\CARE NOTES FOR YOUR DIAGNOSIS OF: (1) abdominal pain
(2) (R) otitis media

☐ Discharged with an acceptable pain level.

I hereby acknowledge receipt and understanding of the instructions as indicated above. I understand that I have had emergency treatment only and that I may be released before all of my medical conditions are known or treated.

I will arrange for follow-up care as instructed above. I further understand that it is my responsibility to provide my care provider with the Patient Medication Reconciliation Record.

X _Rodica_    6-22-08    1145    _Andy_
**Patient or Representative Signature**    **Date**    **Time**    **Nurse/Nurse Practitioner/Physician Assistant Signature**

WAIVIO ,RODICA I    06/22/08    nch Northwest Community Hospital
54352018    F    38    Emergency Department
800 West Central Road
Arlington Hts, IL 60005
847.618.4000

0001382333    ‖‖‖‖‖‖‖ 14008DISR

NCH Item # 32528    **EMERGENCY SERVICES**
**DISCHARGE INSTRUCTIONS**
Original - Patient   Copy - Chart    FORM # 005-057-1197-2 FT

**Follow Up Appointments for Physicians and Post Hospital Care/Referrals Services**
(Home Care, Diabetes Services, Wound Care, etc.)

| | |
|---|---|
| Name: DR. Goldvekrht | Name: |
| Phone: (847) 459 7860 | Phone: |
| When: Tomorrow 6/13/08 DR Monday 6/16 | When: |
| Name: Call for appointment | Name: |
| Phone: | Phone: |
| When: | When: |
| Name: | ☐ SMOKING CESSATION |
| Phone: | ▪ Referral phone 847-618-7916 |
| When: | ✖ Advised to quit |
| | ▪ Keep environment smoke-free |
| | ▪ Smoking cessation material provided |

**Follow These Care Instructions:**
(Follow up tests, skin/wound care, intravenous lines, urinary catheters, supplies, additional discharge instructions.)

Medical Records # (847) 618 4950

_____
_____
_____
_____
_____

☐   Refer to education materials provided   ☐ NA   List_____

| **DIET:**   Regular | **ACTIVITY:**   As Tolerated |
|---|---|

**PERSONAL MEDICATIONS RETURNED**      **VALUABLES / BELONGINGS RETURNED**
☐ None   ☐ Yes                    ☐ None   ☐ Yes

**MEDICATIONS:** FOLLOW DISCHARGE MEDICATION LIST (ATTACHED)

New prescriptions given: ☐ NA   ☐ List: _____
Medication information given: ☐ NA   ☐ List: _____
Vaccines given this admission: ☐ NA   ☐ List: _____

**CALL YOUR PHYSICIAN IF YOU HAVE:**
▪ Difficulty breathing
▪ Unrelieved or new pain
▪ Persistent nausea and/or vomiting
▪ Fever greater than 100.5°F
▪ Presence of calf pain
▪ Questions, problems or concerns
▪ Other _____

Patient/Significant Other verbalized understanding
of above and has received a copy

X   Pt. Refused to sign
_____
(Signature/Relationship)

_____
(RN Signature)

Date  6/12/08   Time   1500

WAIVIO ,RODICA I
54223269   F   38   06/12/08
DOB  08/04/1969   0001382333

Northwest Community Hospital
Arlington Heights, IL 60005


1 4 0 0 2 D I S R

**PATIENT DISCHARGE INSTRUCTIONS**

NCH item # E1055

Form # 005.329-09/06-1-5





*Affinity Healthcare – Arlington Heights*
*1N1 West Rand Road, Arlington Heights, IL 60004*
847-342-3220

*Irina Golovchin D.O.*
*11036-107264*

Name **RODICA WATRU**          MRN    **56512**
Address **1326 BALDWIN CT**    D.OB    **08/04/1969**
*#2A, PALATINE, IL 60074*

**Meформин HCL 500 MG Tablet #360**

Quantity: (three hundred sixty tablet)

*TAKE 2 TABLETS TWICE DAILY*

☐ *May Substitute*
☐ *May Not Substitute*

Signature of Prescriber

*Written: 06/17/2008*          *Refills Authorized 3 Times*          *Rx: 132742970*

*AC*

78-063648                          **EHN/KMH**

## IN THE UNITED STATES DISTRICT COURT NORTHERN
## DISTRICT OF ILLINOIS EASTERN DIVISION

RODICA WAIVIO,                          )
                                        )
      Plaintiff,                         )
                                        )
vs.                                     )          No.   07 C 6690
                                        )
ADVOCATE HEALTH CARE NETWORK, et al.,   )          HONORABLE JUDGE:
                                        )          RONALD A. GUZMAN
      Defendants.                        )

### PROTECTIVE ORDER

**THIS MATTER** having come on to be heard on the Motion of Defendants, VISHVANATH

KARANDE and KARANDE & ASSOCIATES, for the entry of a Protective Order, and on

Defendants' Thomas Iannucci, Bruce Pielate, Advocate Health Care Network, Advocate Health and

Hospital Corporation, Advocate Lutheran General Hospital, Advocate Medical Group, Ian Jasenof,

Jennifer Torres and Daniel Pesch Motion to Join, and Rapisarda John and Fertility Center of Illinois

Motion to Join, due notice having been given, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED** as follows:

Defendants' Vishvanath Karande and Karande & Associates Motion for Protective Order

[80] is granted.  Defendants' Thomas Iannucci, Bruce Pielate, Advocate Health Care Network,

Advocate Health and Hospital Corporation, Advocate Lutheran General Hospital, Advocate Medical

Group, Ian Jasenof, Jennifer Torres and Daniel Pesch Motion to Join Motion for Protective Order

[82] is granted.  Defendants' Rapisarda John and Fertility Center of Illinois Motion to Join Motion

for Protective Order [84] is granted.

Plaintiff Rodica Waivio shall have no direct contact with any named defendant. Plaintiff shall not physically appear at the premises of any named defendant. Plaintiff shall not initiate contact with the defendants outside the presence of counsel. This case is set for status on July 3, 2008 at 9:30 a.m. and Defendants' Motion for Sanctions is entered and continued for hearing to July 3, 2008 at 9:30 a.m.

Dated:  6/13/08

Judge Ronald A. Guzman,
United States District Court

-2-