FILED
6-26-2008
JUN 2 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

RODICA WAIVIO, )
Plaintiff, ) Case NO: 07-C-6690
v. ) HONORABLE JUDGE
ADVOCATE HEALTH CARE NETWORK, ) RONALD A GUZMAN

ET ALL Defendants.

### Certificate for Record [Amendment]

**NOW COMES** Plaintiff, RODICA WAIVIO, in Pro Se representation, and declares under the oath, respectfully states the followings:

1. Pursuant Rule 15 plaintiff amends, supplements her certificate submitted June 6, 2008. Plaintiff declares under oath that on June 6, 2008 very later in the work day Waivio came to court and directly in court wrote immediately a statement which was not finished because it was 4:30 pm closing time; plaintiff requested to clerk to submit "certificate for Record" as deficiency as Waivio was not offered sufficient time to finish submission. "Certificate for Record" was incomplete and deficient and this was aknowlaged to clerks of court because there was just one copy which was written in a few minutes. Waivio submitted to court just one copy. This document was not served to defendants Waivio was not offered fear opportunity to complete it pursuant Rule 12(d). Today Waivio amends her certificate with the following text.

2. Plaintiff certifies under oath motion submitted April 4, 2008 was filed in because of error due to Pro se representation. Plaintiff withdraws, cancel annul submission April 4, 2008 because it was error.

3. Plaintiff declares that Plaintiff interprets Karande motion for protection and sanction as cover up and court ruling from June 13-17, 2008 as cover up of defendants, misconduct by defendants, contumacious conduct, unlawful discriminatory practices violation of US Constitution and state laws.

4. Question raised by Karande motion protection and sanctions is: whether defendants are frightened by an investigation by federal court of their affairs; Plaintiff believes defendants motions affirm that defendants are frightened by an investigation of federal court of their affairs; Plaintiff believes defendants were frightened that court may make investigation over the 7 volume of baby books and court may discover that many of

these children are dead. This implys the present action of unlawful discrimination 07-6690 is different than UIC unlawful discrimination. Core of facts of unlawful discrimination in 07-6690 is different than core of facts of unlawful discrimination in UIC cases.

5. Plaintiff acknowledges that on June 6, 2008 Plaintiff requested to personnel of Karande office to submit to court and to judge Guzman the 7 volumes of baby books. Plaintiff believes motion for protection was brought as to cover up Waivio's request for investigation of court of 7 volumes of baby books.

6. Issues is not to contact parents or people but whether to discover these children are not alive today; the issues was not about Waivio making small statistical annotations but about Waivio requesting Karande personnel to show to court these volumes; shortly the picture at birth is not sufficient to attest the validity of children but it is necessary to see whether these children are today alive and well. Karande is frightened by reality these children may not be alive today. Karande motion is affirmation of Waivio claims.

7. Plaintiff declares under oath plaintiff is questioning the 7 volume of baby books as with respect of issues "whether these children are alive and well medically" or whether these children were by medical treatments which were differently than Gonal-F transaction in present case. Plaintiff respectfully requests pursuant Rule 23 or Rule 12(d) to be allowed "discovery" or to be allowed to know whether these children are alive and well and what type of medical services were performed.

8. Plaintiff believes that defendants were "frightened" by Waivio request to make an investigation of baby books children because many of these children may be dead today, which will affirm the complaint. What frightened Karnde is not Waivio action of looking in baby books but Waivio request [see exhibit Karande motion] that the 7 volume to be presented to Judge Guzman and federal court. Shortly investigation of baby books by federal court frightened defendants and this is independent pursuant Rule 8(e)(2) from Waivio characteristic and her actions.

9. Plaintiff declares that from 7 volumes of baby books there were no preemies Pictures baby born premature about 30 weeks]. In all pictures of children seen there were just one preemie and one baby who needed nicu all other were not showing signs of disability or preemies new born [or such pictures were missing].

10. The women in the 7 volumes were young [from parents seen in picture]; shortly plaintiff did not see women in range of 39-40 and over 40 years in the pictures; Same for man Waivio did not see people over 39-40 age in there pictures which means services were mainly for young people.

11. The women in 7 volumes were without lupus [from parents seen in picture]; shortly plaintiff did not see women with lupus in the pictures;[lupus symptoms are recognized by inflammation, swallowing, which means by excessive fat] see how plaintiff was looking in Sept 16-17 2006 [response 06/23/08]. Plaintiff asserts that plaintiff did see one woman who was excessively fat who was looking like Waivio picture in Sept 16-17,2008, and this Woman was having a premee. Plaintiff believes this Woman was treatment with Gonal-F, belived younger than 39 years.

12. Shortly there was no lupus patients seen in pictures and there was no person with age of 39-40 or over 40. Women seen were young, appears not suffering of lupus.

13. Plaintiff asserts also that plaintiff did not see Romanian names and this means that there were no new born with Romanian origin [ name have specific termination ]

**Repetition Of Certificate June 6, 2008**

14. Today June 6, 2008 I visited office Karande from Hoffman Estate. I requested copy of my medical record and I filed in a request form.

15. Plaintiff declares under oath that in the office of Dr Karande there were 7 volumes albums of pictures of children born infants new born, from medical services performed by Krande. These 7 volumes were on table displayed to public. There were new born between 1995 and 2007. Plaintiff requested permission to see these pictures and office personnel allowed plaintiff to see pictures of albums.

16. Plaintiff declares that from 7 big volumes of albums with pictures of new born resulted from Karande medical practices all were white new born as majority of children were white and just a few Indians. Plaintiff saw only white new born and a few Indians. Plaintiff declares under oath there were no African American new born displayed in Albumes from office of Karande from main office.

17. Small exception were two pictures in two albums a picture of back African American and a picture of twins, 2 black African American.

18. I accounted all children from 5 Volumes and 2 volumes were just reviewed.

    a. Volume I contained 125 pictures of all white and a few Indians. There were no blacks.
    b. Volume II contained 147 white
    c. Volume III contained 131 white and a few Indians
    d. Volume IV contained 119 white and a few Indians and one black
    e. Volume V contained over 144 white children and just one picture twin blacks
    f. Volume VI and VII were only white and a few Indians.

WHEREFORE RODICA WAIVIO respectfully requests this Hon Court allow her affidavit.

Submitted, By Plaintiff, Rodica Waivio      04/26/08
Address: 1325 Baldwin Ct Apt 2A
        Palatine IL 60074

*[signature: Rodica]*