# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Ronald A. Guzman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6690 | **DATE** | 7/10/2008 |
| **CASE TITLE** | Rodica Waivio vs. Advocate Health Care Network, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, plaintiff's motion to amend her complaint [doc. no. 55] is denied and this case is dismissed with prejudice. Any pending motions or schedules are stricken as moot. Case terminated.

Docketing to mail notices.

| | Courtroom Deputy Initials: | LC/LM |
|---|---|---|

Case 1:07-cv-06690   Document 106   Filed 07/10/2008   Page 1 of 4

07C6690 Rodica Waivio vs. Advocate Health Care Network, et al.                Page 1 of 4

On November 28, 2007, plaintiff, proceeding pro se, filed a nine-page complaint against ten individuals and entities for their alleged violations of section 1981, Title VII, the ADA, Title VI, sections 1983 and 1985, the Fourteenth Amendment and state tort law. In December 2007, she filed a motion to withdraw that complaint, which the Court granted. (*See* Minute Order of 12/14/07.)

On December 26, 2007, plaintiff filed a motion to reconsider, saying that she had intended to withdraw only portions of her complaint and wished to proceed by filing a new complaint. The Court granted the motion and gave her until January 16, 2008 to file an amended complaint.

On January 16, 2008, plaintiff filed a twenty-three-page amended complaint with sixty pages of exhibits against thirteen people and entities for their alleged violations of Title VII, Title VI, Title IX, the Rehabilitation Act, the ADA, sections 1981, 1985 and 1983, the Fourteenth Amendment and state tort law. When defendants moved to dismiss the amended complaint, plaintiff asked once again to amend her complaint. On April 4, 2008, when defendants objected, the Court gave Waivio until April 25 to file a motion for leave to amend her complaint along with the proposed amendment.

On April 25, 2008, plaintiff submitted her motion for leave to file and her proposed amended complaint. The proposed amendment is seventy-one pages long sues nineteen defendants apparently for injuries she allegedly sustained as a result of their acts and omissions in connection with medical care they provided or refused to provide to her. Specifically, plaintiff alleges that defendants violated:

> [C]onstitutional rights secured by the US Constitution, and the Equal Protection Clause of the Fourteenth Amendment to the Constitution to enforce the provisions of 42USC300(e)(b), Public Health Service Act of 1944 as amended 42USC300w-7, 42USC708 Maternal and Child Heath activities under federal funds pursuant to 42USC708, Age Discrimination Act of 1975, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. ("Title VI"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2000e-5 et seq. ("Title VII"),, 42 U.S.C. § 12101-12514; Americans with Disabilities Act of 1990, Title III Private Entities ("ADA"), (42 U.S.C § 12181-12189); Section 504 of the Rehabilitation Act of 1973 ("Rehab"), 29 U.S.C. § 794-794a, reg 34CFR Part 104; Americans with Disabilities Act of 1990, Title V of Section 503, and 42 U.S.C. §12203; Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981), Civil Rights Act of 1991 et seq. ("Sec 1981"); 42 U.S.C. § 1983("Sec. 1983"); 735ILCS Civil Procedure; Code of Fed Reg Dep. of, Dep. of Justice, Department of Public Health, Department of Health and Human Services, Civil rights of 1871 "protects people participating in federal procedure", 42USC1895. Title 42 Chapter 7 Social Security, Social Security Act, Title42 Chapter 117 Encouraging good faith Professional Review Activities; Code of federal rules Title 42; 45CFR46 Protection of Human Subjects; 45CFR46.117 Consent [Waivio did not provide any consent]; This action is under Illinois Constitution and all state laws and all federal laws related to facts and federal matters presented [emphasis on medical malpractice, tort of Deceit Tort of failure to warn, Tort of Concealment], Illinois Health and Safety Law; Illinois Research testing on Human Subjects; Illinois Pharmacy Act; Federal Food and Drug Act; Illinois Food and Drug Safety law; (410 ILCS 250/) Developmental Disability Prevention Act. Illinois Hospital Licensing Act; 775ILCS Illinois Blacklist Trade Law; Illinois Human Rights Laws; Illinois Human Rights Act; Emergency Medical Treatment and Activity Act (EMTASLA) 42USC1395dd, Social Security Section 1867. Federal Patient Self Determination Act 1990.

(Proposed Am. Compl. of 4/25/08 ¶ 30 [incorrectly numbered ¶ 20] (grammatical and typographical errors original) (footnotes omitted).) Moreover, in her motion for leave to file the amendment, plaintiff asks the Court:

> [T]o allow a further amendment after acceptance of 'Amended complaint' as to provide a shorter version of this amendment.

Plaintiff acknowledges due to limitations in time which were acknowledged on 04/10/08 Waivio had no time to reduce in size or to correct matters in proposed complaint. This complaint may be necessary to be corrected or modified however plaintiff does not know exactly what are the necessary corrections other than reduction.

(Mot. Leave File Am. Compl. ¶¶ 4-5.)

Defendants say the proposed complaint violates Federal Rule of Civil Procedure ("Rule") 8 because it is "rambling, disjointed, incomprehensible, repetitive . . . unintelligible" and fails to distinguish among the myriad actors and occurrences alleged. (*See* Resp. John Rapisarda & Fertility Ctr. Ill. Mot. Leave Amend ¶ 14.) The Court agrees. "Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (quotations omitted). "A *pro se* complaint is held to less stringent standards than [those] drafted by lawyers." *Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999) (quotation omitted). But that does not mean such pleadings are subject to no standards at all. *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) ("The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable."). Even a pro se complaint must be clear enough so a court or opposing party need not "forever sift through its pages in search of what it is that the plaintiff is claiming." *Easley v. Verizon Wireless*, No. 03 C 2969, 2004 WL 2005819, at *2 (N.D. Ill. Aug. 25, 2004) (quotation omitted).

The latest version of plaintiff's complaint – her third – does not meet that minimum standard. Rather, like the complaint in *Easley*, this latest effort:

> duplicates its predecessors in substantial respects and, as such, suffers from the same patent deficiencies. Indeed, many paragraphs contained within the first amended complaint are repeated verbatim or nearly verbatim in the second amended complaint. Moreover, much of the second amended complaint consists of precisely the type of allegations that the court instructed plaintiff *not* to include in amending her complaint (*i.e.*, her extensive and profoundly confusing allegations regarding numerous incidents, conversations, *etc.*, virtually none of which aids the court in discerning the nature or contours of plaintiff's claims). Finally . . . , the narrative set forth in her second amended complaint is generally rambling and confusing . . . . [and] contains sentences that range from grammatically improper to utterly nonsensical.

*Id.*

Moreover, as in *Easley*, plaintiff's proposed complaint "fails to make clear the nature, let alone the contours, of [her] purported legal theories/claims." *Id.* at *3. Plaintiff, for example, cites 42 U.S.C. § 1983 and Title VII as bases for her claims, yet she does not appear to be suing for employment discrimination or for any action taken under color of state law. She also invokes a number of statutes and regulations solely by title, providing no clue as to the provisions defendants allegedly violated or the authority for basing a private cause of action on them. Worse, in the midst of the laundry list of statutes and regulations under which she purports to sue, plaintiff generically invokes a host of other unidentified laws: "This action is under Illinois Constitution and all state laws and all federal laws related to facts and federal matters presented . . . ." (Proposed Am. Compl. of 4/25/08 ¶ 30 [incorrectly numbered ¶ 20].)

In short, with each amendment, plaintiff's complaint becomes vastly longer and more confusing, names an increasing number of defendants, and more flagrantly violates the pleading standards of Rule 8. Normally, the Court would give plaintiff one final opportunity to file an appropriate complaint. In fact, the Court offered to appoint a lawyer for her so she could do so. But plaintiff declined that offer and, in the face of her continued unwillingness to even acknowledge, let alone attempt to conform to, the federal pleading standards, any further amendment would

be futile. Therefore, the Court denies plaintiff's motion for leave to file an amended complaint and dismisses this suit with prejudice. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001) ("Although leave to amend a complaint should be freely granted when justice so requires the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." (citation omitted)).