IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RODICA WAIVIO,                           )
Plaintiff,                               )  Case NO: 07-C-6690
       v.                                )  HONORABLE JUDGE
ADVOCATE HEALTH CARE NETWORK,            )  RONALD A GUZMAN

ET ALL Defendants.

**Plaintiff's Response to Defendants' Proposed Amendment to Order of Protection
Response to Emergency Motion for Protection and Sanctions;**

**NOW COMES** Plaintiff, RODICA WAIVIO, in Pro Se representation, and presents her pleadings[1], respectfully states the followings:

Response Request of reconsideration docket [94] submitted 06/27/08 has three parts:

1. it has new issues of fact and laws outside amended complaint 04/25/08 [violation of right to notice and refusal medical treatment EMTALA June 2008]

2. it has amended same issues of damages and complete denial as alleged in complaint 04/25/08

3. request pursuant Rule 12(d) and request trial and request decision "judgment in plaintiff favor against defendants" as response to defendants issues submission requesting

Response Request of reconsideration [94] is a . to supplement and amend complaint 04/25/08 and Request pursuant Rule 12(d) "matters outside pleadings are included and not excluded and matters needs to be evaluated pursuant Rule 56" however Waivio requested trial by jury with 12 people of Romanian origin or people with lupus. Amending protection order must include facts and issues of law raised after complaint 04/25/08, but also must include Rule 12(d) matters outside pleadings are included and not excluded and issue of trial by jury was requested see order 03/13/06 in case 04-C-3545.

**Waivio proposed order:** Plaintiff has judgement in her favor.
Motion to amend and supplement shall be granted; Rule 12(d) shall be granted, issues outside original pleadings are included and not excluded standards of Rule 56 are

---

[1] Plaintiff acknowledge this is unfinished, it is submitted upon emergent necessity to respond to proposed matters however Waivio may modify change delete etc these matters.

applicable and plaintiff requested trial by jury with 12 people of Romanian origin or lupus; Issues of facts:

1. In April –May 2006 Rapisard provide Gonal-F drug which had induced Lupus as disability medical condition as disability life time. All actions described in case were induced by action of Rapisarda of Goanl-F and refusal of treatment of induced lupus medical condition in year 2006 without being treated properly in adequate time.
2. May-Sept 2006 Waivio was suffering of drug induced lupus [induced by Gonal-F transaction Rapisarda treatment in April 2006]established by inflammation of her body [see picture Sept 2006], by lupus coagulant positive see exhbit, by blood clots which were seen by Jasenof on ultrasound and by High risk doctors from Advocate in july 20, 2006 etc.
3. on Sept 16, 2006 Waivio met Jasenof and he performed an emergent ultrasound pursuant EMTALA but he refused to transfer Waivio to any hospital, in violation of EMTALA[as to avoid any liability of defendants under EMTALA].
4. Staring 02/22/07 till 02/22/08 Karande prescribed to Waivio medicine METFORMIN [4 times 500mg see exhibit]; Karande refused medical services to Waivio in may 2007 however he did not tell Waivio to stop medication METFORMIN
5. Issue of fact raised is: METFORMIN would have save the baby life in 2006.
6. Issue of fact: injury by defendants to plaintiff appears to be irreparable harm
7. Issue of fact: defendants prove no concern for security to Waivio life and her baby life as they refused any medical treatment while such treatment was available to others such as diabetics[2].
8. Defendants continued the practice
9. Defendants falsely claim that there was no less drastic solution other than sacrification of baby life and Waivio body injury

---

[2] Plaintiff declares that plaintiff personally had known a person Hispanic who suffered of diabetic and Advocate offered her medical treatment and she had a child born at 35 weeks; plaintiff and her husband will make a certification about this person and offer all evidence that others received medical treatment while Waivio was refused such treatment when treatment was available to others.

**Issues of facts outside pleadings pursuant Rule 12(d)**

10. On 02/22/07 KArande provide Waivio medication METFORMIN; in Feb 2008 Waivio had no more refills so Waivio stopped Metformin Feb 2008; Plaintiff visited Irina Goldvecht and requested metformin in Feb 2008 but she refused such medication.

11. In june 2008 Waivio had body inflammated result of lack of treatment for lupus [life time disability as described in complaint induced by Rapisarda Gonal-F treatment in 2006 and by refusal of treatment by Advocate ].

12. On 06/02/08 Waivio visited rheumatologist specialist who attested that Waivio has legs inflammated [reviewing Waivio medical condition]. About 05/30/08 a hematologist established blood work lupus coagulant positive[reviewing Waivio medical condition].

13. On June 6, 2008 Waivio visited Karande office where Waivio requested medical record and Waivio saw baby books which were advertisement.

14. KArande advertisement contained only white people and a few Indians. KArande advertisement had no parents aged 39-40 or over 40. Karade advertisement had no preemies or children with handicap advertised. KArande advertisement had no people with lupus or Romanian names.

15. On 06/11-12/08 Waivio was at Emergency Room at NCH. NCH established that there was lack of sodium and potassium, electrolytes [they said it was water poisoning]. Waivio medical condition was based on lupus or it was related to lupus[as induced by RApisarda treatment in April 2006 as alleged in Count I and Count II], essentially it was induced by lack of medical treatment for lupus. Defendants continued the practice of refusal to treat Waivio lupus condition. With respect to June 2006 Waivio declares that Waivio had not received any medical treatment[3] of any type from any medical provider and medical condition in June 11-12 2008 was based on lupus or related conditions to lupus as described in complaint 04/25/08. NCH pointed out water poisoning.

---

[3] Plaintiff just makes a short comment Plaintiff saw for review a rheumatology specialist on 06/02/08 and 06/09/08 however the rheumatologist specialist refused medical services to Waivio on 06/09/08 therefore no medical services were received by plaintiff except a short original review;

to facts. lupus has typical symptoms such as lack of sodium and potassium as typical situation of lupus. other lupus patients had similar situated problem, therefore proving relation to lupus.

16. Irina Goldvekht employee of Advocate did not provide notice to Waivio that she is employee of Advocate and she adversely affected Waivio by making false medical record and by misconduct of medical record. Existent misconduct in medical services might be explained by Irina Goldvecht and AETNA insurance because the insurance required all medical care to be under directions of Irina Goldvekht, and she had access al all medical means without consent or permission of Waivio.

17. On 06/17/08 Waivio contacted KArande counselors and discussed possibilities for renewal of medication METFORMIN. Plaintiff called also Irina Goldvecht and requested renewal of medication METFORMIN based on existent medical records of already prescribed medication. Goldvekht gave Waivio METFORMIN on 06/17/08 without making any blood work or without any examination. This is the treatment which Waivio had received and it was based on metformin and was given by defendants.

18. Issue of "Waivio initiating contact with others who are not defendants" or "seeking personal medical treatment from other health providers" is frivolous because Waivio appears to have irreparable harm. Shortly there is no "medical treatment which can remedy the losses", *considering Waivio specific situation*

19. Order 06/17/08 established that defendants contacted court and presented issues of fact or laws which were not presented to Waivio; matters outside adversarial issues were presented and not acknowledged to Waivio.

20. KArande personnel proved have no knowledge of desire of defendants for protection as they did not conform with safe harbor steps of protection such as personnel was not aware that they should give notice to Waivio that access to their office is prohibited or that Waivio request of medical record is prohibited or that any contact with them about Waivio is prohibited.

21. Issue of security for Waivio is frivolous, insufficient because defendants proved no concern for lack of medication to Waivio.

Defendants appears have no concerns of protection and issues of "Waivio shall not initiate contact with defendants" appears frivolous because it appears injury of plaintiff by defendants as described in complaint 04/25/08 is "irreparable harm".

Issue of security is no concern to defendants as defendants failed to prove security concern to Waivio needs of medication.

**Main issues is**: Whether issues of protection is related Pursuant to Rule 8(e)(2) to complaint and to merit evaluation of complaint and issues raised on trial in action 07-C-6690. Plaintiff response is: Issue of protection is related Pursuant to Rule 8(e)(2) to issues from complaint and issue of evaluation of merit of complaint and issue of fact and laws raised on trial in action. Amending order of protection is similar situated to motion to amend filed on 04/25/08.

Plaintiff demonstrates that Defendants proposed amendment of order of protection should be denied, court should offer as solution trial and merit evaluation pursuant Rule 12(d) "when issues outside of pleadings are not excluded matters should be interpreted as Rule 56". Pursuant Rule 12(d) Waivio request trial by jury with 12 people of Romanian origin or 12 people with lupus and evaluation on merit matters outside complaint are included.

*Short Response To Proposed order*:   *defendants' proposed order is moot Rw*

Proposed order is missing the facts and issues of law; ~~defendants~~ shortly defendants declared there is no issue of protection for Advocate Health care *and its employees Karande and Koncsards and all related Rw* and Lutheran general Hospital ~~...~~

~~...~~ Issue whether plaintiff is precluded from seen other medical providers is frivolous, moot as discussed in this document. Court has to declare more likely in its order based on evaluation on merit that it appears that injury made by defendants to Waivio is irreparable and that it appears that there is no another medical provider to provide remedy to Waivio.

---

[4] Karande and Associates has one office exactly in Lutheran General Hospital and imply Advocate waiver of protection acts as Waivio of protection for KArande too with respect to this office from Lutheran General Hospital.

## Extended Argument

Newton third law: For every action there is an equal and opposite reaction.

Case interpretation: For every issue of fact or law raised by defendants there is equal and opposite "issue of fact or law" "reaction" for plaintiff.

**Protection Issue raised by Defendants motion for protection and Sanctions**

Defendents based on pretext "fact from june 6, 2008 and baby books" requested protection and sanction: Present issues is protection;

(P): Whether defendants shoud be granted protection.

**Issue of Protection**

Issue of protection is that the protection shoud not be used as cover up of criminal sanctionable actions or illigal activities agaisnt US Continution and federal laws.

*"any remedy imposed by this court must accord with Constinution and with state laws"* Harper v. City of Chicago. Shourtly issues is whether "motion for protection and sanctions" is pretext to unalwful dsicrimiantion and violation of US Continution and state laws. Issues of protection needs to be evaluated on merit while order 06/17/08 was not evaluation on merit because Waivio did not participate at arguing the motion.

**Reaction Issue to Defendndants' issues of Protection**

In Motion for sanctions and protection defendants raised the issues of protection order 06/17/08. Pursuant Newton Third Law there is an issue of fact and law as "reaction":
(R)Reaction: "whether there is any medical providers [who are not defendents] to provide medical services to Waivio, to secure federal and constitutional rights of Waivio".

**Similar situated Issue**

(S)Similar sutated: Whether it apperes that there is ireparable harm to Waivio.

S is precondition to R, shourtly existence of "ireparable harm" makes insufficent R which makes insufficent defendants' requests for protection. Shourtly Defendents have obligation to prove by significant evidence that there is another medical provider and there is "reparable" to Waivo [Waivio denies this]otherwise there can not be protection. Merheb v. Illinois Tollway Judge Posnner*"The isuses is not whether Merheb is a meanance; the isue is whether Merheb apperes a menance"*.

Present similar isses is: Whether it apperes that defendants' injury to Waivio is irreprable.

Present issue is not whether Plaintiff has a "irreparable harm" but whether it appears that Waivio has irreparable harm. Issue is not whether defendants can repair the harm to Waivio but whether all medical providers which are not defendants believes based on resonable ground that "it appears there is irreparable harm".

**Defendants' injury to Waivio appears irreparable**

Issue is whether there is any person/doctor/medical provider [outside Advocate/defendants] who can repair Waivio body injury and give back Waivio a child. Plaintiff declares that there is no medical provider [who is not defendants] able to repair injuries made by defendants and provide a child to Waivio.

**Hearing from 07/03/08 raised issue of "appointing an attorney"**

In hearing from 07/03/08 court raised the issue of "appointing an attorney". [Court also pointed to defendants that they should choose an attorney].

Plaintiff believes that issues of appointing an attorney is similar situated to (R), which needs to be interpreted as "appointing a medical provider to secure Waivio's federal and constitutional rights for life" to take care of Waivio. Similar situated issues is (S) defendants' injury appears irreparable, shortly there is no medical providers [who is not defendants] to repair "defendants' injury to Waivio which appears irreparable harm".

**Hearing from 07/03/08 raised issue of "amending order of protection and given to all defendants' employee a copy"**

Court raised issues of "amending order of protection from 06/17/08". In proposed amended order by defendants, defendants admitted that medical services offered by Advocate are absolute necessity and that other medical providers can not secure Waivio constitutional and federal rights.

**Hearing from 07/03/08 raised issue of "different cause of action"**

On 07/03/08 Court appeared to believe that fact that there is no another medical provider to give Waivio medical services is "conspiracy and retaliation" and arise another cause of action. Court also declared that record of case is public and more likely all medical providers have full knowledge of matters.

As presented in this submission issues is not about a different cause of action such as "retaliation and conspiracy"; issue is whether injury made by defendants appears

irreparable and burthen to others, and this is "same issue as defendants' request for protection" as proved by Newton law, this is the reaction issue to issue of protection.

**Advocate raised again the issues of "motion to dismiss"**

Advocate appeared to believe that some motion to dismiss is pending and made pressure over court with false allegations. Defendants proposed amended order had mooted motion to "dismiss with prejudice" because the precondition for "request for dismissal with prejudice" is (R) whether there is another medical provider who is not defendants to secure medical Waivio federal and constitutional rights. Defendants by amended order declared that Advocate is absolute necessity for medical services for Waivio therefore "motion to dismiss" failed because Advocate did not get its duty to prove that its medical services are not absolute necessity.

**Standards of Merit Evaluation based on merit**

**Waivio motion [94] raised issues:** whether an error occurs while merit evaluation than defendants actions will violate Waivio rights, Waivio's constitutional right. There is a false issue of security. It is more likely that medical procedure are more secured in Advocate institution based on its dimension than they are secured in any other smaller provider. Shortly issue of security points that others providers refuses Waivio because Advocate with infinite/multiple means of security refused Waivio.

Advocate is the biggest medical provider in neighborhood; fact that Advocate refused medical services implies no other smaller medical provider desire to provide medical services. Fact that advocate refuses implies smaller providers refuse because the biggest provider refused. Shortly once tht biggest medical provider refused medical services, the smaller medical providers refuse medical services based on refusal of Advocate. Theoretically is: when the greatest medical carrier refused solution to issue based on security, no one else desires to solve the issue because everybody else has less means and problem is just perpetuated.

Shortly federal question raised is:

Whether Advocate refused medical services to Waivio based on her lupus disability based on security issues. Plaintiff just raise this issue and plaintiff does not argue this issues; plaintiff presents this issues as false virtual matter and plaintiff is waiting a

response from court or from defendants before argue this matters. Waivio denies [*denies*] any issue of security as proved defendants refused medication therefore any issues of security is moot as already denied when it denied mediation and treatment.

Pursuant Rule 8(b) Waivio declares that Waivio denies any issues of security however if defendants believe this is an issue than defendants have to notify Waivio as to allow Waivio to make defense and argument pursuant Rule 8(b) to the issue.

Shortly there is no issue of security for advocate.

**ISSUES OF ACCOMODATIONS**

Lupus is impairment of immunity. This is disability because in additional with medical care requires specific accomodations; Issue is that medical care may not be sufficient and accommodations such as experienced personal may be necessary.

Because lupus is disability, a fatal incurable disease medical providers refuse such matters. Shortly about all medical providers who are not defendants refuses Waivio because of her disability.

Advocate is a huge institution which handled cases like Waivio and which provides accomodations and specific means to others people with SLE therefore they have means for Waivio; for this reason Waivio can not go to other medical providers and protective order can not be introduced for Advocate.

Issue raised is: Whether legal injury made to Waivio is irreparable;

All people appears to believe it is irreparable because lupus is disability . and they appears to believe that Waivio can not have a child.

**Conclusion**

For reasons presented Waivio requests to amend order of protection with facts and issues placed on record and shortly summered her and to offer fair opportunity to Waivio; Waivio requests trial by Jury with 12 people of Romanian origin or lupus patients, reconsideration of order 06/13-17/08, to deny defendants motion of protection, to enforce defendants to provide medical services, and judgment in plaintiff favor against Defendants as decision of trial of facts and matters of laws, all requests as provided in complaint. Plaintiff request reconsideration of order 06/13-17/08, denial of order of protection, for defendants, *trial by jury and judgement in plaintiff's favor*

Rodica Waivio    *Rodica Wa___*    Dated 07/08/08

Exhibit A

E-mail received by Waivio from Defendants

----- Original Message -----
**From:** Anjali Dayal
**To:** 'Heffernan, Kim Mathers' ; 'Vittori, Michael L.' ; 'n.waivio@comcast.net'
**Sent:** Thursday, July 03, 2008 11:18 AM
**Subject:** Waivio vs. Advocate, et al.

Attached is the proposed draft order we are submitting to Judge Guzman. If you have any questions or concerns, please call.

Very truly yours,

Anjali Dayal
McBreen, Kopko & Dayal
20 North Wacker Drive
Suite 2520
Chicago Illinois 60606
312-332-6405

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RODICA WAIVIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-C-6690 |
| | ) | |
| ADVOCATE HEALTH CARE NETWORK, | ) | HONORABLE JUDGE |
| et al. | ) | Ronald A. Guzman |
| | ) | |
| Defendants. | ) | |

## ORDER

This Cause coming to be heard for status on Defendants' Motions for Protective Order and Sanctions and upon Plaintiff's Motion for Reconsideration, due notice given and the Court fully advised in the premises,

**IT IS HEREBY ORDERED THAT**:

Plaintiff's Motion for Reconsideration is granted in part. The Protective Order entered on June 13, 2007 does not preclude plaintiff from seeking personal medical treatment at Advocate Health and Hospital Corporation d/b/a Advocate Lutheran General Hospital and from seeking personal medical treatment from other health care providers not parties to this action. The remainder of the Protective Order stands.

This case is set for status on August 13, 2008 at 9:30 a.m.

Dated: _____

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Judge Ronald A. Guzman
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court