IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RODICA WAIVIO, )
Plaintiff, ) Case NO: 07-C-6690
v. ) HONORABLE JUDGE
ADVOCATE HEALTH CARE NETWORK, ) RONALD A GUZMAN

ET ALL Defendants.

## MOTION FOR RECONSIDERATION

**NOW COMES** Plaintiff, RODICA WAIVIO, in Pro Se representation, and presents her Motion Pursuant to Rule 59, and Rule 60(b), Rule 15(b)(2) and any federal rules suitable to situation respectfully states the followings:

1. This is a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the order introduced on this case on July 10, 2006 or motion for new trial, rehearing under Rule 59(a)(2), or motion pursuant to Federal Rule of Civil Procedure 60(b) to release plaintiff from "decision dismissal with prejudice" or Motion Pursuant Rule 15(b)(2) motion to amend complaint or Motion Pursuant to Bank of Waunakee v. Rochester Cheese Sales Inc 906 F 2d 1185 1191 (7th cir 1990) and other similar situated standards [See Merheb v. Illinois Tolway 7th Circuit Judge Posner "issues is not whether Merheb is a menace; issues is whether Merheb appears a menace"]. Plaintiff respectfully requests to Honorable Court to delay appeal, to declare that there is resonable ground to delay appeal.

2. Pursuant to Federal Rule of Civil Procedure Rule 59(e) plaintiff respectfully requests to alter or amend to other than dismissal with prejudice of case 07-C-6690 the order introduced for reasons presented in this motion. The present motion under Federal Rule of Civil Procedure Rule 59(e), respectfully requests as the court to alter or amend the order 07/11/08 to other than dismissal with prejudice of case 04-C-3545. Plaintiff respectfully requests to alter or amend order to decision based on trial as judgment in plaintiff's favor against defendants or to decision based on trial partial judgment in plaintiff's favor against defendants for some of plaintiff's claims or for any claim, or in alternative to allow amending complaint Pursuant Rule 15(b)(2) or in alternative to offer any resonable solution, alternative as proper under law.

3. Pursuant to Rule 59(a)(2) plaintiff respectfully requests new trial, rehearing for the reasons presented in this motion. The present motion under Rule 59(a)(2), respectfully requests as the court may open the judgment, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

4. Pursuant to Federal Rule of Civil Procedure Rule 60(b), Rule 60(b)(1), Rule 60(b)(5), plaintiff respectfully requests to release plaintiff from the decision "dismissal with prejudice" [in alternative of above requests] for the reasons presented.

5. Pursuant to US Constitution Waivio respectfully requests to Hon Court to secure Waivio right to life happiness prosperity enjoyment of life equal protection under law. Orders of court violates Waivio's right to medical services right to life happiness enjoinment of life as secured by US Constitution see Harper v. City Chicago Heights 87-C-5112 "any remedy impose by court must accord with US Continuation and state laws"; defendants continue their practice violating right to security of Waivio life pursuant US Constitution while other perpetuates defendants practice. Dismissal with prejudice and order of protection do not secure Waivio right to life therefore orders of court violates US Constitution. Plaintiff respectfully requests to Hon Court to secure Waivio right to life, happiness, prosperity enjoinment of life, and all necessities as secured by US Constitution and federal laws as described on record.

**Short Argument**

Main issue of present motion of reconsideration is whether conclusion of law can be supported from trial. If we interpret the complaint as medical services and each amendment as various means of medical services than the court conclusion is:

The original complaint [as found reproduced in complaint 01/16/08] or in alternative first amended complaint 01/16/08 are sufficient to entitle plaintiff for relief pursuant federal laws and US Constitution.

Natural pregnancy was sufficient to achieve purposes and defendants "Gonal-F treatment" in April 2006 was "futile, burden, prejudicial to Waivio".
Plaintiff WON because natural pregnancy was available and defendants "amendment" [Gonal-F] to "medical services" were futile, burdens, prejudicial, unlawful discrimination and violation US Constitution. Pursuant to US Constitution and all laws from record

Waivio is entitled to equitable remedy to secure Waivio and all rights. Contract of services signed between FCI and Rodica and Nathan Waivio on 04/17/06 was for "natural pregnancy". Shortly medical service provided by FCI in April 2006 was an "amendment" while laws and standards of practice required original. FCI replaced original with an amendment while law required original and defendants did not appear attempted original; Gonal-F treatment is only after natural treatment was consummated as standard of practice required to establish natural cycle. Court conclusion is "amendment is denied" when "original" and required by law procedure is viable, stands review, which means Gonal-F is denied when natural pregnancy was available, which means defendants were found "guilty", judgment for plaintiff against defendants. Dismissal with prejudice does not stands because original complaint [which is on record and some statements were withdrawn] and complaint 01/16/08 stand review. Issue is not that Waivio is not Black African American; Issue is whether it appears that defendants falsely associate Waivio to African American while they have single rule "No African American", traditional racial discrimination or discrimination against similar situated such as disabled, older women, ethnic groups, national origin groups etc. Similarly it appears defendants associates "disabled, older women" to African American and they unlawfully discriminate against those. Matters in court are independent of matters in medical services, there are independent rules and laws, court environment is independent of medical environment pursuant Rule 8(e)(2). Issue is: whether it appears complaint 04/25/08 won in its ideas, raised issues, while defendants consented to trial and whether Waivio won against defendants on trial of issues, and complaints 11/28/07, 01/16/08 performed their functions, stand review.

  6. The motion for reconsideration is supported by Memorandum which is presented in many parts; plaintiff will submit first part on 07/21/08, second part on 07/23/08 and request extension time to submit last argument. Memorandum is divided in a few parts in Issues of Rejudecata, issues of security, Reaction, errors of facts and laws as pointed by record, unlawful discrimination by Single rule, perpetuation theory, theory of no toleration, etc. Motion to extend time to submit final argument and motion for submission in excess of 15 pages are submitted.

  7. Plaintiff submit Affidavits in support of Motion for Reconsideration. Plaintiff

declares that from best of plaintiff's knowledge plaintiff had no any existent precondition of lupus or similar situated previous to Gonal-F Treatments in April 2006 from the best of plaintiff's knowledge. There is no any preexisted condition, no previous diagnosis, no previous lab, or no previous symptom, no any history of lupus or arthritis or anything like this, or any such matters and Rapisarda did not report any problem before Gonal-F in April 2006. Plaintiff will attach affidavits from both Rodica and Nathan Waivio, and plaintiff allows investigation of history of Waivio [such matters is futile].

Other Requests

8. This motion is Pursuant US Constitution to secure Plaintiff's rights, and all federal, constitutional rights and medical services and everything as provided on record.

9. Plaintiff declares present motion is brought based on all federal laws and state laws presented on record and plaintiff request relief as presented on record.

10. Plaintiff acknowledges that court decision and orders are in violation of Rule 12(d) FRCP fear opportunity and order 07/01/07 because court granted plaintiff permission to withdraw statements from submission 06/23/08 but court made ruling before such withdraw and court did not allow sufficient time to finalize for Waivio.

11. List of standards of review is included see also post judgment in 04-C-3545

"Generally the courts are directed not to used drastic sanction such with dismissal as indicated by U.S. 8th Circuit Court of Appeals in the case Magdeline G. Reid V Checkett & Pauly Case No 98-6030WM (8th Circ 1998) when the Appelate Court recognized that the dismissal was a inappropriate sanction as quoted" Under this standard, we recognize that "[d]ismissal is . . . a drastic sanction which should be sparingly exercised," Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988) (citation and internal quotation marks omitted), cert. denied, 488 U.S. 1013, 109 S. Ct. 802, 102 L.Ed.2d 793 (1989); see First Gen. Resources Co., 958 F.2d at 206; cf. Mann v. Lewis, 108 F.3d 145, 147 (8th Cir. 1997) ("not every instance of failure to comply with an order of court, however inexcusable, justifies total extinction of a client's cause of action."). In order for such a sanction to withstand review, there must be proportionality between it and the transgression it is intended to redress. See Rodgers, 135 F.3d at 1219; Mann, 108 F.3d at 147. Accordingly, dismissal "should be used only in cases of willful disobedience of a court order." Mann, 108 F.3d at 147 (internal quotation marks omitted, quoting Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984)). Moreover, in considering whether dismissal is warranted under the particular facts of this case, we are mindful of the United States Supreme Court's instruction that federal courts are to liberally construe the "inartful pleadings" of pro se litigants. Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L.Ed.2d 551 (1982) (per curiam); Hughes v. Rowe, 449 U.S. 5, 9, 101

S. Ct. 173, 175, 66 L.Ed.2d 163 (1980); see Williams v. Carter, 10 F.3d 563, 567 (8th Cir. 1993); Toombs v. Hicks, 773 F.2d 995, 997 (8th Cir. 1985)".

Order Kendall 10/30/2007 "Motions of reconsiderations are designated to bring attention to newly discovered evidence or to a manifest error pf law or fact Neal v. Newspaper Holdings Inc 349 F3d 363,368 (7th cir 2003)". Motions to reconsider are rarely granted and only appropriate where 1) court has patently misunderstood a party 2) court has made a decision outside adversarial issues presented to the court by the parties, 3) the court has made an error not of reasoning but of apprehension 4) there has been a controlling or significant change in law since the submission of the issues to the court 5) there has been a controlling or significant change in facts since the submission of the issues to the court Bank of Waunakee v. Rochester Cheese Sales Inc 906 F 2d 1185 1191 (7th cir 1990).

Pleadings in Waivio v. UIC 04-C-3545 docket [429] dated 10/06/2006
"[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Brown v. Mesirow Stein Real Estate, Inc., 7 F. Supp. 2d 1004, *1005 (N.D. Ill. June 19, 1998).

"[a] court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." County of McHenry v. Insurance Co. of the West, 438 F.3d 813, 819 (7th Cir. 2006).

Rule 60(b)
"is designed to allow modification in light of factual information that comes to light only after the judgment, and could not have been learned earlier." Gleash v. Yuswak, 308 F.3d 758, 761 (Central Cartage Co., 69 F.3d 1312 (7th Cirt. 1995).

NEW Trial
To prevail on her motion, Ms. Facemyer "must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence."

These motions "have wholly distinct
functions and entirely different standards govern their allowance." 9A Wright & Miller, Federal Practice and Procedure § 2531.
If a motion for new trial is granted, the case is tried again. On a motion for a new trial, the court has a wide discretion to order a new trial whenever prejudicial error has occurred. On a motion for judgment as a matter of law, it has no discretion whatsoever and considers only the question of whether there is sufficient evidence to raise a jury issue. Id. The decision as to whether to grant a new trial is committed to the discretion of

the trial judge.Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001).

WHEREFORE RODICA WAIVIO respectfully requests that this Hon Court grant her motion, and grant Plaintiff all relief deemed appropriate under law.

Submitted, By Plaintiff, Rodica Waivio
Address: 1325 Baldwin Ct Apt 2A
         Palatine IL 60074