F I L E D DC4

JUL 2 2 2008 QE
JuL 22 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RODICA WAIVIO,                          )
Plaintiff,                              )    Case NO: 07-C-6690
                    v.                  )    HONORABLE JUDGE
ADVOCATE HEALTH CARE NETWORK,           )    RONALD A GUZMAN

ET ALL Defendants.          *MOTION RECONSIDERATION*

**MOTION FOR
RECONSIDERATION;**

**NOW COMES** Plaintiff, RODICA WAIVIO, in Pro Se representation, and presents her
Motion Pursuant to Rule 59, and Rule 60(b), Rule 15(b)(2) and any federal rules suitable
to situation respectfully states the followings:

**This motion amends motion submitted 07/21/08**

Defendants willfully induced misconduct in medical services however this did not change
the facts that Waivio by herself did not got pregnancy from Sept 2006 till today. Timing
from Sept 2006 till today proves Waivio is unable by herself to get pregnant therefore
order of protection introduced by court is disproved by facts of case because court has no
any evidence that Waivio has ability to conceive till today. Trial of case proves that
regardless medical care Waivio had inability to conceive over two years which by
standards is considered infertility. Starting July 12, 2007 till today Waivio had no any
positive result which means Waivio suffers of infertility, by standards of peer review and
Waivio is unable to recover, there is irreparable harm and this is independent of
defendants; Standards practice states that when Waivio has tried for one years and no
positive response was obtained than Waivio has inability to conceive. Shortly Waivio
suffers of infertility today and There is irreparable harm by standards of care of
defendants peer review. Submission 07/21/08 actually acknowledge that Waivio has
inability to naturally conceive by long time infertility while is inappropate; court
misunderstood plaintiff because plaintiff just made error of apprehension while evidence
is another. Court order of protection 07/10/08 is false because it is disproved by evidence
of case because there is no evidence in record that Waivio had any positive result in one

*I declare I was unable to finish correct, modify
or cut out this paper or make necessary submission
because of security. Security denied, adequate
submission for me.*

years which means Waivio is unable by herself to recover injuries made by defendants. Plaintiff has right to reconsideration pursuant Bank of Waunakee v. Rochester Cheese Sale Inc 906 F 2d 1185 standards of medical practice declare infertility as inability to conceive by herself regardless others and plaintiff's submission 07/21/08 declare Waivio had inability to conceive means Waivio suffers of infertility and Waivio has right to reconsideration while court did not seriously made such consideration.

**Affidavit**

Plaintiff Waivio declares under oath that by herself and family means plaintiff is unable to recover the damages and injury made by defendants; shortly plaintiff can not have child. Defendants' injury to plaintiff is irreparable harm to plaintiff. Plaintiff declares that court order that plaintiff can seek medical services to defendants and other medical providers is false, insufficient because it does not secure Waivio's legal rights under US Constitution, defendants injury to Waivio can not be recovered by Waivio herself by any means available to Waivio. Defendants refused realistic evaluation of Waivio; starting with 2006 till today Waivio was unable to get pregnant by herself which means there is irreparable harm by standards of medical professional practice Waivio is declared unable to have children by herself. With respect to Waivio means Waivio has irreparable harm Waivio is unable to recover injuries made as p-roved from September 2006 till today about two years Waivio was unable to get pregnent by herself. Shortly Plintiff can declare that plaintiff has irreparable harm.

**REQUEST**

1. This is a motion to correct and amend orders of court Pursuant to Bank of Waunakee v. Rochester Cheese Sales Inc 906 F 2d 1185 1191 (7th cir 1990) and pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the order introduced on this case on July 10, 2006  or motion for  new trial, rehearing under Rule 59(a)(2), or motion pursuant to Federal Rule of Civil Procedure 60(b) to release plaintiff from "decision dismissal with prejudice" or Motion Pursuant Rule 15(b)(2) motion to amend complaint or other similar situated standards. Plaintiff respectfully requests to Honorable Court to delay appeal, to declare that there is resonable ground to delay appeal.

2. Pursuant to Federal Rule of Civil Procedure Rule 59(e) plaintiff respectfully

requests to alter or amend to other than dismissal with prejudice of case 07-C-6690 the order introduced for reasons presented in this motion. The present motion under Federal Rule of Civil Procedure Rule 59(e), respectfully requests as the court to alter or amend the order 07/10/08 to other than dismissal with prejudice of case 04-C-3545 and to declare Waivio has irreparable harm. Plaintiff respectfully requests to alter or amend order to decision based on trial and to declare Waivio has irreparable harm, to provide further procedure or judgment in plaintiff's favor against defendants or to decision based on trial partial judgment in plaintiff's favor against defendants for some of plaintiff's claims or for any claim, or in alternative to allow amending complaint Pursuant Rule 15(b)(2) or in alternative to appoint an attorney for complaint, or to, offer any resonable solution, alternative as proper under law.

3. Pursuant to Rule 59(a)(2) plaintiff respectfully requests new trial, rehearing for the reasons presented in this motion. The present motion under Rule 59(a)(2), respectfully requests as the court may open the judgment, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

4. Pursuant to Federal Rule of Civil Procedure Rule 60(b), Rule 60(b)(1), Rule 60(b)(5), plaintiff respectfully requests to release plaintiff from the decision "dismissal with prejudice" [in alternative of above requests] for the reasons presented.

4. Pursuant to Federal Rule of Civil Procedure, plaintiff respectfully requests to correct order 01/02/08 by declaring that plaintiff withdraw just a few sentences from original complaint [as acknowledged on 07/21/08/ and release plaintiff from decision "dismissal with prejudice" [in alternative of above requests] for the reasons presented.

5. Pursuant to US Constitution Waivio respectfully requests to Hon Court to secure Waivio right to life happiness prosperity enjoyment of life equal protection under law as presented on record. Orders of court violates Waivio's right to medical services right to life happiness enjoinment of life as secured by US Constitution see Harper v. City Chicago Heights 87-C-5112 "any remedy impose by court must accord with US Continuation and state laws"; defendants continue their practice violating right to security of Waivio life pursuant US Constitution while other perpetuates defendants practice. Dismissal with prejudice and order of protection do not secure Waivio right to life

therefore orders of court violates US Constitution. Plaintiff respectfully requests to Hon
Court to secure Waivio right to life, happiness, prosperity enjoinment of life, and all
necessities as secured by US Constitution and federal laws as described on record.

**Court misunderstood Waivio**

Pursuant to Bank of Waunakee v. Rochester Cheese Sales court misunderstood Waivio in
submission made 06/27/08, Waivio made an error. Standards of merit are the only
standards which can secure Waivio legal rights, and submission 06/27/08 was error.
Plaintiff respectfully requests to court to allow withdraw of motion [95] submitted
06/27/08, as requested in motion filed 07/03/08. It is false "the issue is whether an error
occurs while merit evaluation of federal claims Waivio will be unable to get medication
and terminate Waivio constitutional right" and all such matters in paragraph 2 pag 1[94]
because evaluation on merit of present action is the only way for plaintiff to secure her
medical treatment, and medical necessities. today in present situation plaintiff has no any
medication and defendants do not provide such medication or any necessity for Waivio.

**Court error in its decision**

Court orders of protection and dismissal are violation of US Constitution and federal laws
presented. Plaintiff respectfully requests court to declare irreparable harm. Order
07/21/08 denied order of protection and declared that orders of court do not secure
Waivio's rights under US Constitution.

**Risk Policy**

Plaintiff believes defendants have same type of risk policy and such policy was not
discussed in present case. Such policy is in violation of safe harbor provision because it is
not based on Waivio medical specific situation as defendants had no direct interaction
with plaintiff therefore their action can not be realistic evaluation, but of false
assumptions outside of medical specific matters therefore false and inappropriate.
Plaintiff believes same policy is shared by Waivio's medical insurance and results in
complete denial of medical services because insurance follows defendants while
defendants have policy similar situated to insurance. Complete denial of medical services
and complete denial of legal services without discussing such matters is violation of
ADA. Plaintiff respectfully requests court to allow more briefing as for defendants to
discuss any such risk policy. Claims of emergency are false because defendants willfully

induced matters by denied treatment, medication to Waivio.

**Medication for Lupus has risk**

This court did not discuss the medication treatment for lupus. Medication for lupus has side effects. Defendants induced lupus without Waivio knowledge therefore plaintiff has right to be recovered and for defendants to pay for side effects resulted from medical treatment. Court did not discuss about accomodations of lupus and medication. Plaintiff would like to discuss with court the possibilities and the necessary accommodations.

**Motivation**

1. Defendants claims are false because court had identified that there is "injury from various medical procedure", Court order 07/1/08 does not contain core of facts and absent such declaration order is no subject to rejudecata terms therefore "dismissal with prejudice" is futile.

2. Defendants did not argue issues raised in complaint therefore "dismissal with prejudice" is inappropriate with respect to defendants failed to argue issues.

3. Pursuant to Bank of Waunakee v. Rochester Cheese Sales Inc 906 F 2d 1185 1191 (7th cir 1990) Court misunderstood Plaintiff on 07/08/08. Plaintiff did not refuse an attorney. Plaintiff just requested more time. Plaintiff respectfully requests court to reconsider issue about appointing an attorney. Plaintiff respectfully requests court to appoint an attorney.

4. Recently plaintiff was informed that there is some security issue. This issue is outside adversarial issues presented to Waivio before 07/11/08. Plaintiff has right to notice and advise pursuant US Constitution and Pursuant to Bank of Waunakee v. Rochester Cheese Sales Inc 906 F 2d 1185 1191 (7th cir 1990) plaintiff would like to request reconsideration of issue. Issue of "security of risk was not discussed with plaintiff's party". As proved defendants do not know Waivio's medical condition therefore their statements are erroneous.

5. Safe harbor provision is not applicable in cases of total denial of benefits under law. Plaintiff's argued a complete denial of benefits of plaintiff, or complete denial of legal rights under laws by defendants' practice; present case is about completely denial of plaintiff's benefits *See, e.g., Anderson v. Gus Mayer Boston Store of Delaware*, 924 F. Supp.

763 (E.D. Tex. 1996) (holding that safe harbor provision is not applicable in cases of total denial of insurance; **no actuarial risk makes someone uninsurable**; complete denial is a *per se* violation of the ADA's mandate that employers provide individuals with disabilities equal access to insurance coverage). "no actual risk makes plaintiff" without health services. Complete Denial is a per se violation of federal laws.

**a.** Plaintiff argues that defendants specifically intended to use practice as a subterfuge" *EEOC v. Aramark Corp.*, 208 F.3d at 271-72 (D.C. Cir.); *Johnson v. K Mart Corp.*, 273 F.3d at 1059 (11th Cir.) (employer could be found to be using the safe harbor as a subterfuge only if plan was adopted after ADA's passage and employer specifically intended to use it as a subterfuge). Plaintiff argues defendants' willful intentional misconduct.

13. Defendants in proposed order of protection did not identify any security issue or its alternative benefits plan or any risk plan. They did not make a realistic evaluation of medical condition; Absent such matter issues of security is complete denial of rights to Plaintiff violation of ADA.

14. Facts of trial proves "security or risk" is used willfully intentionally as pretext to unlawful discrimination. Submissions [91][95][94] and response from 07/08/08 were designated to argue matters but defendants refused direct argument of matters. Absent argument by defendants plaintiff has not full notice and advise about matters because defendants needs to provide notice of their concerns and their policies as specific to their institutions. Issues need to specifically be argued while defendants refuse such matter.

**1.Error in fact or laws pointed by record is:**
Response 07/08/08 pointed to Newton third law; there is error in order 07/10/08.
Motion of Reconsideration and defendants request are same issues "action and reaction" therefore Waivio actually does not raise different issues or matters, and present matters are same as defendants' requests.

**It is error "it does not appear suing for employment discrimination";**
Issue is: whether legal action is unlawful discrimination in benefits of employment.
Response 07/08/08 claims that for each "action of defendants" there is reaction for plaintiff. Medical service is the issue of defendants however reaction issues is "employment benefits" because this is how plaintiff and Nathan Waivio spouse paid for.

Shortly issue : whether plaintiff sued for medical services is same as issues whether plaintiff sued for benefits of employment because benefits of employment is reaction to issues of "medical services" as explained in response 07/08/08. Benefits of employment paid for all medical services described on record, therefore they were reaction to defendants' service. Service and payment for service are same "action and reaction" Newton third law. Plaintiff sued for unlawful discrimination in benefits of employment which are covered under all statutes presented.

Same It is error "she does not appear to be suing for any action taken under color of state law"; state law is the license practice under which Lutheran general hospital or individuals and other are performed; "action taken under color of state law" is any policy or any declared practice which is under state license, such as license of Lutheran General Hospital license or license of medical providers etc; plaintiff raised the issue of reaction to defendants such actions, therefore plaintiff sues for damages, effects, violations of rights resulted from policies or practices of licensed hospitals, practitioners units etc from defendants institutions. 07-C-6690 has causes of action under color of state laws.

**Same Principle of Action and Reaction applies to:**

Complaint 11/28/07&01/16/08 declares Unlawful discrimination based on national origin; however defendants admitted that previously 04-C-3545 was actually a set of causes of action and unlawful discrimination based on national origin was correlated to unlawful discrimination based on disability, gender, retaliation, protected actions etc. Shortly history on record which was acknowledged by defendants induces actually Waivio "claim action of national origin discrimination" to have "reaction" as "claim action of disability discrimination", "claim action of gender discrimination", "claim action of protected actions", all are the reaction of 07-C-6690 to existent record of 04-C-3545 invoked by defendants. Shortly the history induced reaction to "action of national discrimination", and reactions are all mentioned in 04/25/08.

Issue is not "number of statutes and regulations solely by title, providing no clue as to the provisions defendants allegedly violated or the authority for basing a private cause of action on them" host of other unidentified laws: "This action is under Illinois Constitution and all state laws and all federal laws related to facts and federal matters presented . . . ." All these are the reaction to original issues raised and they are treated as

correlated reaction issues. The clue is the original claims, basis is the original claim interaction to all others laws and all others issues. Shortly it is about the interaction of original claim to all others issues of laws or facts raised; Defendants violation is flagrant violation in its fundamental and it has coverage, or liability under unspecified laws because all laws prohibit killing a child or flagrant violation of rights to life. Shortly issues of fact are flagrant violation of right to life and this has huge reaction because about any federal or state laws prohibit such mattes. The issues is not that they are many but that the violation is without possibility of evaluation or measurement because it is something which is beyond civil law, is more than anything in civil law, it essentially appears a crime. Shortly the issues is whether it appears there is criminal activity. Complaint 04/25/08 by its dimension and extent expresses it appears to be criminal activity, there are actions criminal sanctionable and reaction of laws and issues raised is Without possibility of expression, because basically is flagrant violation of federal and state laws and US Constitution, it appears crime.

1.**Error in fact or laws pointed by record** is:

**Main error is denial of amendment**

Main issue raised is whether ADA claims were raised in trial and defendants consented to. Plaintiff proves record shows evidence of consent to issues from amended complaint particularly ADA and lupus transaction. Defendants brought motion for protection and sanctions based on *Ladien v. Astachen* 128 F3d 1051(7th Cir 1997). This matter is similar situated to ADA claims. Shortly issue raised was ADA as disability. Now this is related and similar situated to lupus transaction and Karande was aware that Waivio was in need of medication, shortly in essence defendants claims are ADA claims corresponding to lupus transaction in compliant 04/25/08. Denying amendment is against order of protection. Shortly issue raise and order of protection including proposing an order for court gave written consent to issues therefore pursuant Rule 15(b)(2) Waivio has right to amend complaint as corresponding to trial and after trial. Defendants actions induced consent denial of amendment is error. Court also needs to provide conclusions of laws about lupus matter because they are essential to case. Because lupus transaction was discussed defendants actually induced issues about GINAL-F transaction as with respect to traditional discrimination against traditional discriminated racial groups among which

there are Romanians, African Americans, women, mentally disabled or participant in protected actions, so much called "traditional discrimination" recognized by specific pattern.EMTALA claims also were on hearing on 07/03/08 and Advocate did respond to issue and they did modify their false "order protection" against Waivio opposition imply issues was consented to, issues of medication was raised and discussed.

**Court argument granted Waivio arguments traditional racial color national origin** ethnic unlawful discrimination which is also discrimination against people with mental health, women, people participating in protected actions.

Complaint 01/16/08 "Defendants granted preferential treatment to groups based on race national origin of the group on account of the imbalance which existed with respect to the total number of persons of race color or national origin treated by defendants in comparison with the total number or percentage of persons of such race color or national origin in existent community (in violation of TitleVII 42USC2000e-2(j)). This motivates the discrimination the disfavorable treatment in medical services against underrepresented protected national ethnic groups based solely on the race national origin conforming to 29CFR1607.11. Defendants had lack of race national origin diversity among patients"

**1. Error in rejudecata terms:**

Defendants falsely claim there are not causes of actions:

"for **injuries** result of their acts and omissions in connection with medical care they provided or refused to provide to her"

Court acknowledged that there are injuries therefore facts are about injuries. Kendall pag 7 "once transaction caused injury all claims must be brought under same suit"; shortly standards of rejudecats denies defendants objection and reveals court decision to deny amendment or dismiss case is inappropriately because violates "rejudecats claims" as alleged in Kendall supposedly defendants allow such matters. Court did identified causes of action in existent injuries from various medical procedures as they are so many.

2. **It is error to grant defendants' objection** because it violates 14th Amendment and 13th Amendment and all US Constitution defendants claims are pretext to unlawful discrimination therefore are against US Constitution and federal laws, they can not be affirmed as reasons for denial of Waivio rights.

2. Pursuant to Rule 8(b) Court declared that defendants appear aware of facts of case as defendants in hearings and all trial did not complain about. Response 07/08/08 and response 06/23/08 pointed to facts and defendants did not complain about such facts which imply defendants have a practice of refusal to respond to allegations.

**African American are minority in defendants institutions**

Complaint alleges that African Americans, black people are minority in defendants institutions as induced by affidavit based on baby books. Complaint was addressed to minority racial groups therefore including black people.

Plaintiff declares under oath that on Internet web site of Advocate there is no face of any black person shortly there is a discriminatory practice "single rule" as no black African Americans. Defendants have a practice of facial unlawful discrimination. Because Waivio is traditionally discriminated and has record of traditional discrimination Waivio was discriminated similar situated to Black African Americans.

**Defendants actions are unlawful discrimination based on racial profile**. Court declares that plaintiff's characteristics are similar situated to traditional discriminated racial people such as Black people. Plaintiff's characteristics are similar situated to traditionally discriminated people as quoted "

duplicates its predecessors in substantial respects and, as such, suffers from the same patent deficiencies. paragraphs are repeatedverbatim or nearly verbatim in the second amended complaint. type of allegations that the court instructed plaintiff not to include; narrative is generally rambling confusing . . . . [and] contains sentences that range from grammatically improper to utterly nonsensical.Id.

Shortly court identified a racial profile for Waivio as similar situated to racial profile of Easyly share and for which plaintiff is misclassified as Black person or similar situated to blacks. Blacks people are known for lupus shortly defendants discrimination based on lupus is similar situated with discrimination against blacks therefore with traditional discrimination, which defendants affirm they falsely associate Waivio with Easyly treat plaintiff as a black person. However in baby books plaintiff did not find black people which means defendants confirmed that they do not offer medical services to plaintiff or such medical services are harmful and ineffective.

**Defendants claims that they do not understand "cause of action"** is pretext to discrimination that facts from case prove **"legal tactical strategy"** therefore

acknowledging defendants knows fact and causes of actions very well. Court acknowledged there are injury, plaintiff proved there are facts. Submissions 06/23/08 and 06/27/08 have pictures and evidently anyone understand pictures therefore there is no reason not to understand the picture or the exhibits placed on record which are the statutes. Defendants lie to court because state medical records support plaintiff.

**2. Court environment is independent medical environment pursuant Rule 8(e)(2).**

Medical environment is opposite to court's environment. Matter described in judgment is reversed for Advocate and defendants when plaintiff was patient.

S1. Court procedure is based on FRCP

S2. Defendants environment is based on peer to peer medical review standards as described under law and it is specific to each individual [each individual has a plan of medical services as suitable to necessities and specific situation]

Statements S1 and S2 are opposite as FRCP and medical standards are opposite ; This means court procedure and defendants medical environment are opposite alternative. Defendants practices in court are not defense to complaint. matters are reversed for medical environment. Matters for medical environment needs to be interpreted oppositely as in court.

2.    Order 07/11/08 declaring that "with each amendment the length of complaint is increased" imply that which each interaction between defendants and plaintiff defendants makes new violations which imply defendants continue their practice of violation of US Constitution and unlawful discrimination with character of sanctions, criminal character. Shortly order of protection proposed by defendants is unlawful discrimination, is futile because does not have any significance to anyone defendants have the same practice. Shortly defendants request to deny amendment is unsupported by the fact that defendants continue the practice; issues is not whether defendants are prejudiced but whether defendants have a continue practice which is prejudicial to plaintiff and the others by violation US Constitution and illegal unlawful practice. Defendants Objection failed because it is disproved by facts from record on trial showing complete disregards to necessities of medical treatment or similar situated matters. Shortly they proved they did not provide medical treatment the medication METFORMIN therefore their objection is against US constitution and rights protected under laws.

3.  Defendants complain that from the face of complaint they do not understand the cause of action. However defendants failed to complaint about original complain on record and about complaint 01/16/08 which were declared actions in equity. Issues is not that "there is not cause of action" but that defendants refuse to respond to any facts from record [as plead 5th Amendment]. Shortly defendants refuse to respond to matters and there is cause of actions described only defendants refuse such response therefore pursuant to Rule 8(b) defendants admitted to facts described on record and in plaintiff's complaints. Defendants' actions are pretext to discrimination. Defendants pretext is insufficient as facts prove that exhibits on record and records in state medical records are acknowledgements of matters.

2. Order 07/08/11/08 does not point to any set of facts corresponding to the three complaints filed. A cause of action is identified by the core of facts but as presented in record order 07/11/08 is absolutely missing any facts corresponding to medical services provided by defendants as described in complaint 11/27/07 and 01/16/08.

3. Pursuant to Kendall order 10/18/07 "rejudecata terms" see cause of action by "core of facts" which imply there is an error in core of facts and there is an error in identification of cause of action because core of facts was not pointed exactly by defendants; absent core of facts there is absent a definite cause of action and there is absent a request for dismissal or judgment with prejudice.

 4. **Error in record is that court declared "trial"** which means all record while court final order is based only on complaints imply decision and findings of court as corresponding to record on trial needs not be limited only to complaints filed but to all record; There is need to amend facts and laws. Absent such amendment of order of absent an order containing matters in medical environment matters can not be concluded by court as merit, however there is evidence on record.

5. Error of fact in record: on 07/08/08 Waivio made a submission declared "unfinished" which in essence requested defendants to provide notice of claims such as "issues of security", issues of accomodations, issues of "it appears irreparable harm" all were in need of response, notice, advise about. Absent such response from defendants Waivio was unable to finish her argument therefore violation of Rule 12(d). Advocate request of dismissal from 07/03/08 and 07/08/08 imply complete refusal of defendants to deal or

consider the issues. Shortly there is evidence of Waivio positively raising the issues but refusal totally of defendants to respond to issues as specific to medical expertise and medical opinion. The issue is defendants refused to respond to such matters. Absent a response or formulated opinion Plaintiff is prejudiced in her means and imply plaintiff has to declare "irreparable harm" because of refusal of defendants. Today Plaintiff respectfully requests to court to declare "irreparable harm" because defendants refuse such argument or response to issues.

6.ERROR IN COURT DECISIONS                                         *statements complaint*

7. Court declared that on 12/14/07 court granted Waivio motion to withdraw
 ......, but this is error as pointed by record; however the motion was filed on 12/14/2007, it was scheduled for hearing on  12/18/07 and motion and complaint were served to defendants; however court made ruling on 12/17/07 without notice and advise to Waivio and defendants;  Shortly Waivio is not liable for error resulted from court matters which were not notified to parties. Court ruling from 12/17/07 was outside adversarial issues because court did not notified defendants or Waivio and court prejudiced Waivio by dismissing case, and creating record of legal error while such legal error could have been omitted providing notice and advise on hearing from 12/18/08.

8. On 12/26/07 Waivio filed in motion of reconsideration requesting 21 days from the time of herring of motion 01/03/08; Motion was scheduled on 01/03/08 however court did not provide hearing while plaintiff party did appear for hearing, which imply court deprived Waivio of hearing because plaintiff requested 21 days from time of hearing from 01/03/08 which means plaintiff requested time till January 24, 2008 while court did not provided such time, records points to errors of facts.

9. Other similar situated Pro Se plaintiff are allowed 90-100 days to amend complaint however it appears from record such matters was not provided to Plaintiff. Such possibility was not provided to Waivio. Records show clear error by litigant without knowledge in law, and court does not appear to provide understanding or required patience.

10. Record point to evidence that court does not treat plaintiff as PRO SE litigant and treat plaintiff at different standards than standards required by Pursuant Lockhart v.

Sullivan 925 F2d 214 216 (7thCir 1991) "treat pro se gently" or as recommended "Pro Se pleadings needs to be interpreted liberally interpreted".

"United States Supreme Court's instruction federal courts are to liberally construe "inartful pleadings" of pro se litigants. Boag v. MacDougall , 454 U.S. 364, 365 , 102 S. Ct. 700, 701, 70 L.Ed.2d 551 (1982) (per curiam); Hughes v. Rowe , 449 U.S. 5, 9 , 101 S. Ct. 173, 175, 66 L.Ed.2d 163 (1980); see Williams v. Carter , 10 F.3d 563, 567 (8th Cir. 1993); Toombs v. Hicks , 773 F.2d 995, 997 (8th Cir. 1985)".

Evidently misinterpreting Waivio statements while denying the liberal interpretation standards does not provide solution to anyone but perpetuates the error to others and in procedure inducing misunderstanding and misinterpretations.

### Pursuant to US Constitution Waivio has right notice and advise about

Plaintiff respectfully requests court to provide Waivio with notice and advice pursuant US v. Wearhington Appeal 07-1151 7th Cir 2007, about matters because plaintiff believes court ruling is outside adversarial issues presented to Waivio pursuant Bank of Waunakee v. Rochester Cheese Sales. Court has obligation to provide all arguments available for discussion. Dismissing case is not solution because matters is just perpetuated to different level but it does not change the situation, while it violate Waivio legal rights pursuant US Constitution and federal laws.

### Defendants claims of dismissal with prejudice are standards of abuse

Court error dismissing case with prejudice because defendants have no claims to stand review of dismissal with prejudice. Defendants did not specifically point to any fact in the case which means defendants claims are in violation of standards of rejudecation are not sufficient to stand claims of rejudecata therefore they are insufficient to dismiss with prejudice. Defendants lost because their statements are insufficient. Complaint stand review. Waivio won because defendants demanded dismissal with prejudice while matters were evaluated on merit. Defendants' claims are without merit they are pretext to unlawful discrimination. Waivio reply stated review Waivio is WON.

Order of protection was insufficiently briefed court error because court can not adjudicate case while court did not establish means for security of Waivio's federal rights

pursuant to US Constitution. Matters of protection and sanctions were not finished see response 07/08/08.

### Short Argument (Repeated)

Main issue of present motion of reconsideration is whether conclusion of law can be supported from trial. If we interpret the complaint as medical services and each amendment as various means of medical services than the court conclusion is:

The original complaint [as found reproduced in complaint 01/16/08] or in alternative first amended complaint 01/16/08 are sufficient to entitle plaintiff for relief pursuant federal laws and US Constitution.

Natural pregnancy was sufficient to achieve purposes and defendants "Gonal-F treatment" in April 2006 was "futile, burden, prejudicial to Waivio".
Plaintiff WON because natural pregnancy was available and defendants "amendment" [Gonal-F] to "medical services" were futile, burdens, prejudicial, unlawful discrimination and violation US Constitution. Pursuant to US Constitution and all laws from record Waivio is entitled to equitable remedy to secure Waivio and all rights. Contract of services signed between FCI and Rodica and Nathan Waivio on 04/17/06 was for "natural pregnancy". Shortly medical service provided by FCI in April 2006 was an "amendment" while laws and standards of practice required original. FCI replaced original with an amendment while law required original and defendants did not appear attempted original; Gonal-F treatment is only after natural treatment was consummated as standard of practice required to establish natural cycle. Court conclusion is "amendment is denied" when "original" and required by law procedure is viable,  stands review, which means Gonal-F is denied when natural pregnancy was available, which means defendants were found "guilty", judgment for plaintiff against defendants. Dismissal with prejudice does not stands because original complaint [which is on record and some statements were withdrawn] and complaint 01/16/08 stand review. Issue is not that Waivio is not Black African American; Issue is whether it appears that defendants falsely associate Waivio to African American while they have single rule "No African American", traditional racial discrimination or discrimination against similar situated such as disabled, older women, ethnic groups, national origin groups etc. Similarly it appears defendants associates "disabled, older women" to African American and they unlawfully discriminate against

those. Matters in court are independent of matters in medical services, there are independent rules and laws, court environment is independent of medical environment pursuant Rule 8(e)(2). Issue is: whether it appears complaint 04/25/08 won in its ideas, raised issues, while defendants consented to trial and whether Waivio won against defendants on trial of issues, and complaints 11/28/07, 01/16/08 performed their functions, stand review.

**Argument [see deficiency brief submitted 02/25/08 appeal 07-3695]**

Key Argument see"Key Argument pag 27 deficiency brief appeal 07-3695"

Merheb: Issue is not whether Merheb is menace but whether Merheb appears to be menace

Issue is not whether Plaintiff is not Black African American

Issue is whether it appears defendants made false relation between Easily "Black African AMerican" and Waivio based on Romanian National origin, or racial characteristics such as "federal records" or "arrest records" or "Pro Se representation in court of law".

It is true:

A1: Defendants have practice of unlawful discrimination against "African Americans", single rule "No Black African Americans" and similar situated such as traditionally discriminated people "mental disabled, old women, women in genre, participants in protected actions"

A2: Easily is similar situated to Waivio only based on "Pro Se representation in federal procedure" or "existent federal record of dismissal with prejudice" as Easily's federal records and Waivio federal record 04-C-3545 and 06-7189 falsely appears similar situated while Waivio won her cases were dismissed with prejudice as Easily; Waivio has record of been prejudiced based on her Pro Se representation in court.

Defendants misclassified Waivio related to Easily based on national origin and false [appears personal interest to federal procedure through federal court participation or federal records]; Plaintiff is not African American but defendants have specific interest in federal procedure and Waivio participation in federal procedure falsely appears looking like Easily therefore defendants falsely related Waivio to their false interests based on national original chartertics or chartertics of traditional discrimination among which are Pro Se representation, record of arrest, federal record, and record of been prejudiced in

federal court.As described in reply Aug 18, 2006 in 04-C-3545 defendants discriminate plaintiff based on her protected chartertics by false relationship between plaintiff's protected chartertics and their false personal interests. Case 04-C-3545 defendants have false personal interest in Gonal-F to stand review of federal court and they proposed "amendment of original" because they intentionally falsely desired Gonal-F to stand federal review, while using Waivio's protected characteristics among which is "Pro Se representation, federal record" as means of false personal interests.

**Plaintiff's strategy proving unlawful discrimination**

1.  With respect to defendants plaintiff proves that they had and they have continue pattern and practice of injury to plaintiff and unlawful discrimination based "single rule" "No African Americans", or "No toleration", continue pattern and practice.

2.  As reaction to defendants: With respect to "others medical providers" plaintiff alleges that Goldvekht IRINA primary medical provider and AETNA insurance denied Waivio any actual medical treatment based on issues such as risk or "security" or disability see response 07/08/08 etc, *by copy of Advocate Notice*

3.  Plaintiff declares also that insurance AETNA insurance denied Waivio all medical services based on risk/security in violation of ADA title V and no actual medical treatment was received by plaintiff after May 2007 [Karande letter.]


Plaintiff declares that all "other medical providers" starting May 2007, denied Waivio medical services and no actual medical treatment was provided because mainly they were aware of injury made by Defendants [as on record]and because they refused to take responsibility for such injury made by defendants, while in essence they claimed or implied "risk","security reasons". Plaintiff today has no means of actual medical services.

**Racial discrimination based on continue pattern and practice**

(Comp 04/25/08, ¶14) 14. Defendants' Practices and patterns are racial, national origin discrimination supported by  "policices that are directed at race, national origin have been invalidated" *EEOC v. Greyhound Lines Inc* 635 F 2d 188(3d Cir 1980)(no beard polycy); *Jenkins v. Blue Cross Mutual Hospital Insurance Inc* 538 F2df (7th CIr)(discrimination alleged on Afro haristyle). Illigal testing of illigal medication is a practice targeted to Waivio Romanian national origin. Waivio belives actions of

Rapisarda are similar situated to Burzynski in State Bd of Med Examiners v. Burzynski 917 S. W. 2d 365 (Tex App 1996); Rapisarda illigally without Waivio consent involved Waiovio in illegal testing of Gonal-F while Waivio had no knowlage.

### Defendants did not conform with "safe harbor provisions"

(Comp 04/25/08, ¶15) 15. This is an action alleging defendants did not conform with "safe harbor provisions" of federal or state laws and rules which governs medical services of John Rapisarda, Advocate, Lutheran, FCI, Karande  medical services as to specific matter and medical safety provisions. Defendants took decision of complete refusal  or induced harm or injury Waivio in less than 60 days from Waivio request of medical services. Waivio had first discussion Rapisarda on March 27, 2006 while his first treatment was 04/25/06 [less month]; Jasenof saw first time Waivio 6/23/06,  by 7/11/06, 7/18/06 was his decision to completely refuse medical services; same Pilate, Ianucci; Karande saw Waivio 02/07, surgery badly performed 03/07, less than 60 days.

Court procedure in 07-C-6690 proves same matters. Plaintiff filed proposed complaint on 04/25/08 and defendants induced termination on 07/10/08 which is less than 60 day from proposed amendment, proving defendants did not conform with safe harbor provisions. Defendants did not propose alternative and they just hide and cover up their practice and proving flagrant bad faith violation of safe harbor provisions.

### African American are minority in defendants institutions

Complaint alleges African Americans, black people are minority in defendants institutions as induced by affidavit based on baby books. Complaint was addressed to minority racial groups therefore including black people.

Plaintiff declares under oath that on Internet web site of Advocate there is no face[or they are extremely low number] of any black African American person employed by Advocate shortly there is a discriminatory practice "single rule" as no black African Americans. Defendants have a practice of facial unlawful discrimination. Because Waivio is traditionally discriminated and has record of traditional discrimination Waivio was discriminated similar situated to Black African Americans, however plaintiff is not African American.

**Defendants actions are unlawful discrimination based on racial profile.** Court declares that plaintiff's characteristics are similar situated to traditional discriminated racial people such as Black people. Plaintiff's characteristics are similar situated to traditionally discriminated people as quoted "

duplicates its predecessors in substantial respects and, as such, suffers from the same patent deficiencies. paragraphs are repeatedverbatim or nearly verbatim in the second amended complaint. type of allegations that the court instructed plaintiff not to include; narrative is generally rambling confusing . . . . [and] contains sentences that range from grammatically improper to utterly nonsensical.Id.

Shortly court identified "a racial profile" for Waivio as similar situated to racial profile of Easly share and for which plaintiff is misclassified as Black person or falsely treated as similar situated to blacks. Blacks people are known for lupus shortly defendants discrimination based on lupus is similar situated with discrimination against blacks therefore with traditional discrimination, which defendants affirm they treat plaintiff as a black person. However in baby books plaintiff did not find black people which means defendants confirmed that they do not offer medical services to plaintiff or such medical services are harmful and ineffective.

Issue is: Plaintiff was sent at Rapisarda he gave plaintiff GONAL-F because he was interested in facts that Waivio was EAST European and he treated plaintiff as black person as slave, using Waivio for slavery. They willfully induced a legal action as to induce pleadings which "are usually dismissed in district court" and provide advantages to defendants shortly defendants used plaintiff to induce a legal precedent about GONAL-F and medical treatment designated to provide huge advantages and change in policies. Defendants are in flagrant violation of US Constitution and federal laws.

**Defendants claims that they do not understand "cause of action"** is pretext to discrimination that facts from case prove defendants are fully aware of injury created **"legal tactical strategy"** therefore acknowledging defendants knows fact and causes of actions very well. Court acknowledged there are injury. Submissions 06/23/08 and 06/27/08 have pictures and evidently anyone understand pictures therefore there is no reason not to understand the picture or the exhibits placed on record which are the statutes. Defendants lie to court because state medical records support plaintiff.

**Court environment is independent medical environment pursuant Rule 8(e)(2).**
Medical environment is opposite to court's environment. Matter described in judgment is reversed for Advocate and defendants when plaintiff was patient.

S1. Court procedure is based on FRCP

S2. Defendants environment is based on peer to peer medical review standards as described under law and it is specific to each individual [each individual has a plan of medical services as suitable to necessities and specific situation]

Statements S1 and S2 are opposite as FRCP and medical standards are opposite ; This means court procedure and defendants medical environment are opposite alternative. Defendants practices in court are not defense to complaint. Matters are reversed for medical environment. Matters for medical environment needs to be interpreted oppositely as in court, and specific to each situation. Order 07/10/08 failed to do so therefore court needs to amend the orders or provide further procedure or find solution.

**Order 07/11/08 declaring that "with each amendment the length** of complaint is increased" imply that which each interaction between defendants and plaintiff defendants makes new violations which imply defendants continue their practice of violation of US Constitution and unlawful discrimination with character of sanctions, criminal character. Shortly order of protection proposed by defendants is unlawful discrimination, is futile because does not have any significance to anyone defendants have the same practice. Shortly defendants request to deny amendment is unsupported by the fact that defendants continue the practice; issues is not whether defendants are prejudiced but whether defendants have a continue practice which is prejudicial to plaintiff and the others by violation US Constitution and illegal unlawful practice. Defendants Objection failed because it is disproved by facts from record on trial showing complete disregards to necessities of medical treatment or similar situated matters. Shortly they proved they did not provide medical treatment the medication METFORMIN therefore their objection is against US constitution and rights protected under laws.

3.    Defendants complain that from the face of complaint they do not understand the cause of action. Court pointed to injury and pictures on record therefore trial was sufficient to identify cause of action; However defendants failed to complaint about original complain on record and about complaint 01/16/08 which were declared actions in

equity. Issues is not that "there is not cause of action" but that defendants refuse to respond to any facts from record [as plead 5th Amendment]. Shortly defendants refuse to respond to matters and there are causes of actions described only defendants refuse such response therefore pursuant to Rule 8(b) defendants admitted to facts described on record and in plaintiff's complaints. Defendants' actions are pretext to discrimination. Defendants pretext is insufficient as facts prove that exhibits on record and records in state medical records are acknowledgements of matters.

3. Order terminating alleges that defendants complain about complaints on record but Pursuant to Rule 8(b) defendants did not complain about the record of the case therefore conclusions of facts and laws may be introduced based on record. Pursuant Rule 8(b) record of case contain evidence that defendants understood the issues of laws and facts raised during the trial as recorded on record. Defendants do not complain about Waivio submissions from record [which were not complaints]; Defendants proposed order of amending order protection but they did not acknowledge any "unclear or not understandable" issues in submission [94] or record and imply defendants did understood facts in submission [94] as to declare "submission [94] is granted". Defendants order of protection does not request protection against Waivio submissions in court or matters pertinent to record or court appearance.

**Court admitted Plaintiff won on merit, on trial**

Court admitted Plaintiff won on merit, on trial, Waivio has judgment in her favor against defendants and permission to amend with or without attorney.

Court declared "Normally court would give plaintiff one final opportunity" which means denial is an error and Waivio has judgment in her favor against defendants.

Court declared "court offered appoint a lawyer for her so she could amend" while there was no record of any such order by 07/08/08 while Waivio submission pointed to this issue as pretext to unlawful discrimination; shortly Waivio was not provided with notice and advise about issues "appoint attorney" pursuant US Constitution therefore Plaintiff has right to attorney and it appears court misunderstood plaintiff; plaintiff did not deny attorney plaintiff declared that plaintiff was not sufficiently informed about as no time was given and no direct recorded matters was on record. Pursuant Bank of Waunakee v.

Rochestyer Cheese Sale Inc 906F 2d 1185,1191(7th Cir 1990) Waivio has right to reconsideration this issue, court may introduce an attorney to help with amended complaint.

*Merheb v. Illinois Tallway Posner*: "issues is not whether Merheb is a menace but whether Merheb appears a menace";

Issues is not "whether there is a objection to amendment" but whether it appears that there is no merit in defendants' claims, whether it appears on merit evaluation that there is no objection [objection is without merit] to trial and there is no "motion to dismiss or motion to dismiss with prejudice". Merheb.

Shortly issues is to establish merit evaluation the conclusions of law and facts of trial and this is different or independent than the issues of amendment pursuant Rule 15(b)(2)[1] because defendants consented to trial and issues raised during trial.

Court decision based on issues of amendment is an error because conclusions of trial are independent [from point of final conclusions of law and facts] from issues of amendment pursuant Rule 15(b)(2) and Rule 8(e)(2), court should not made decision of trial based on issues of amendment but independent of issues of amendment.

Issue is: Whether defendants by free will and desire gave consent to trial evaluation on merit of issues of facts and laws on record by "requesting order of protection" "amended order protection" and by request to dismiss with prejudice made repeatedly on hearings including 07/03/08 and 07/08/08.

Plaintiff demonstrated response 07/08/08 that issues of protection and sanctions needs to be evaluated on merit therefore issue raised by defendants and defendants request imply consent to trial and conclusions of facts and laws.

**Fifth Amendment**

Actions of defendants are criminal therefore they are crime; any pleadings may intrude evidence under criminal law, therefore defendants plead 5th Amendment. Shortly question is whether defendants refuse to make statements about facts or laws, refuse to respond to issues of facts or laws under 5th Amendment because they are afraid of

---

[1] "amendment does not affect the conclusions of law" Rule 15(b)(2)which means any objection to amend does not affect conclusions of trial plaintiff is entitled to judgment in her favor against defendants on all issues of facts or laws or in part on issues of facts and laws raised.

criminal prosecution; they admitted to Waivio and any further procedure is more likely similar situated, further procedure does not change defendants practice which means plaintiff has irreparable harm.

Issue is: Whether defendants are afraid of criminal prosecution and they took 5th Amendment, and this is independent of plaintiff and issues raised on trial.

Shortly issues is conclusions of laws and facts and 5th Amendment but this is independent of trial and merit evaluation declaring judgment in plaintiff's favor and Waivio rights under law and all remedy under law.

Federal question raised is: whether defendants' actions are criminal sanctionable? Federal question is not whether defendants' actions is a crime, therefore defendants refusal under 5th Amendment does not represent defense in present case because there are other type of defense and 5th Amendment does not offer defense in civil procedure. Court statements that conclusions of law and facts prejudice Waivio is false because conclusions of law or fact were same as evaluation of merit of matters therefore independent of amendment and "objection of defendants."

Objection of defendants is only in cases of matters before merit evaluation and before trial they are not applicable after trial or during trial.

**"irreparable harm"**

Response 07/08/08 raised issues of "irreparable harm". Question raised was: Whether Advocate refuses to consider the possibility of remedy for Waivio. Judgment shows that defendants have contumacious conduct and delay which means they refuse to seriously take responsibility for injury therefore refuse to respond.

Issue is that defendants prove continuations conduct and delay which imply there is irreparable harm and they refuse to deal with it. Issue of amendment from this point of view is same as issues of conclusion of law/fact, that it is irreparable harm and any remedy in medical services must be enforced and secured. Advocate refuse to consider any possibility therefore a realistic evaluation is impossible.

Judgment declared there is no merit on defendants claims and court declared under trial and adjudication court saw set of facts and laws by which final merit can be introduced for Waivio because claims of defendants are meritless; judgment in plaintiff's favor against defendants; defendants admitted to facts complaint 01/16/08.

Shortly defendants' claims do not stand rejudecata while Waivio claim stand rejudecata imply Waivio won, there is judgment in plaintiff's favor against defendants.

Judgment declares that core of facts in all complaints on record is unchanged or very close related; core facts 01/16/08 is same core facts 04/25/08.

Amendment does not change result judgment in plaintiff's favor on 01/16/08 seen as two transctiosn very close related and core of facts which are close related.

Issues of law does not significantly change

Amendment is equal to conclusions of law of final judgment. Court did not give Waivio fair opportunity imply court violated Waivio right at Rule 12(d).

Defendants objection is false about issues of law [which does not change];

Defendants admitted to issues of fact and to issues of law as very close, they induced adjudication Waivio favor.

Judgment in plaintiff's favor and courts needs to present conclusions of facts as the core of facts of 01/16/08 +evidence on record and core of law as unlawful discrimination. Defendants claims under abuse of discretion are insufficient to dismiss or dismiss with prejudice because declaration of court is that on sent of facts and laws of complaint 01/16/08 court say jury decision for Waivio because court declared trial and merit and this was only on Waivio claims because defendants claims do not establish merit for defendants.

Shortly court declaration trial and adjudication means court saw merit on Waivio claims and means judgment in plaintiff's favor because defendants claims are without merit do not stand rejudecata.

Issue is whether amending does not change result judgment in plaintiff favor on core of facts of 01/16/08 which is same with core of facts 01/16/08 in interpretation as one cause of action or related close causes of action as inseparable actions traditional discrimination.

Core of facts 01/16/08 is same core of facts 04/17/08 same cause of action with different

names [except EMTALA] amendment is futile judgment in plaintiff's favor.

**There is judgment in plaintiff's favor on complaint 01/16/08 further procedure does not change result;** Defendants claims must be interpreted refusal of merit evaluation shortly defendants failed burden of proof.

Issue is whether core of facts in complaint 01/16/08 is sufficient to adjudicate case on merit and whether amending does not change the result judgment in plaintiff favor against defendants.

Issues of facts are same in complint nov 2007 and 04/25/08 therefor they know the afcts as matter of facts final judgment can be introduced and with plaintiff may submit pertinent information. **Traditional discrimination**.

**Defendants claims are moot under standards of merit**

Defendants claims are moot under standards of merit, pretext to unlawful discrimination, therefore the issues is not amending but whether further procedure does not change the result of judgment in plaintiff's favor on complaint 01/16/08 as matter of facts or law considering the trial.

**Defendants claims are moot insufficient**

1. Order of "dismissal with prejudice" is Pursuant Rule 31 "adjudication on merit" absent a clear specification by court.
2. Issue raised is whether order introduced is final order on merit or not. To evaluate matters about final order issues of rejudecata are applicable.
3. In Waivio v. UIC case 06-7189 rejudecata means
   a. same cause of action which is identified in same core of facts
   b. same parties
   c. final order

Standards of rejudecta points that a final order must have a "core of facts" which define the action. Order introduced on 07/03/08 and 07/10/08 they do not have a declaration of court of "core of facts" therefore there is no a delimitation of cause of action or multiple causes of action, therefore order is incomplete insufficient for purpose "dismiss with prejudice" under standards of Rule 31, and standards of adjudication, which imply order docs not stand rejudecata.

Shortly defendants' request "dismiss with prejudice" as formulated by defendants is insufficient, it is legal error because it does not stand rejudecat therefore it is functionally "dismissal without prejudice" [Plaintiff proves that dismissal is error].

Defendants request "dismissal with prejudice" failed, it can not be supported on defendants pleadings and defendants conduct in front of court therefore dismissal with prejudice is "undo burden delay dilatatory motive prejudice to Waivio party".

Order must be read:

Therefore, the Court denies dismiss suit with prejudice. See Bethany Pharmacal Co., Inc. v. QVC, Inc., 241 F.3d 854, 860-61 (7th Cir. 2001) ("Although dismiss with prejudice a complaint should be freely granted when justice so requires the district court need not allow dismiss with prejudice when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the "dismissal with prejudice" would be futile." (citation omitted)).

Which means court dismissed complaint 04/25/08 but there is no reason stated to dismiss complaint 01/16/08 which means court did not dismiss case and there is no dismissal with prejudice and there is no termination [unless order is modified]; based in fact that there is no core of facts in "order" implies there is no dismissal of complaint 01/16/08 and plaintiff complaint standards case shall continue matters of trial can be amended in order.

Order 07/10/08 is order to enforce defendants and to introduce security to plaintiff because court interprets defendants actions as "delay prejudicial to Waiovio".

Plaintiff can request adjudication of Gonal-F transaction and death of baby.

We have right of judgment in Waivio favor.

**Hearings**

Issue is that court must take into consideration the hearings of court because court had established many matters on hearing while ruling of court is based on record without hearings. Plaintiff respectfully requests to court to allow hearings to be placed on record because it contain facts. Decision on merit could be based on hearings.

There is error because KArande also pleaded that surgery was performed and atht he sent a letter refusing medical services in May 2007. Shortly court may enforce medical services upon Karande based on existent evidence in record his letter of physical refusal of medical services. Plaintiff respectfully requests judgment in plaintiff's favor against Karande based on claims of refusal to allow plaintiff as member. Defendants' refusal in

court to allow case to processed implies that defendants refuse medical services too.

There is no medical services for Waivio imply necessity of enforcement.

WHEREFORE RODICA WAIVIO respectfully requests that this Hon Court grant her

motion, and grant Plaintiff all relief deemed appropriate under law.

Submitted, By Plaintiff, Rodica Waivio
Address: 1325 Baldwin Ct Apt 2A
        Palatine IL 60074

*Rodica Wa* (signature)