FILED

JUL 2 4 2008   NF
Jul 24, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RODICA WAIVIO, | ) | |
| Plaintiff, | ) | Case NO: 07-C-6690 |
| v. | ) | HONORABLE JUDGE |
| ADVOCATE HEALTH CARE NETWORK, | ) | RONALD A GUZMAN |

ET ALL Defendants.

## MOTION OF RECONSIDERATION

**NOW COMES** Plaintiff, RODICA WAIVIO, in Pro Se representation, and presents her Motion respectfully states the followings:

### Request Pursuant to Waunakee v. Rochester Cheese Sales

Pursuant to Waunakee v. Rochester Cheese Sales Inc 906 F 2d 1185 1191 (7th cir 1990) plaintiff respectfully requests reconsideration of decision "dismiss case with prejudice" and "deny leave amendment". Plaintiff respectfully requests correction of errors by allowing "leave to amend", amendment pursuant to Rule 15, or Rule 15(b)(2) as necessary. Plaintiff respectfully requests reconsideration appointing attorney. Plaintiff respectfully requests enforcing medical services preliminary injunction to defendants. Plaintiff respectfully requests pursuant to Rule 59(e) to amend or alter conclusions of facts, and laws to other than dismissal with prejudice or Pursuant to Rule 59(a)(2) plaintiff respectfully requests rehearing, new trial of issues.

Conclusion pursuant to Merheb v. Illinois Tollway[1] is: defendants medical procedures on trial resulted in injuries are essentially by themselves "undue delay to Waivio, bad faith to Waivio, dilatatory motive to Waivio undue prejudice to Waivio and futile procedures", shortly defendants claims are describing their actions as originally intended and this is independent of Waivio pursuant to Rule 8(e)(2); defendants objection is based on intended so described practice and is independent of issues of amendment as legal procedure; there is no valid objection to plaintiff amending complaint as there is no prove of good faith basis or saving time, unfutile, or not prejudicing Waivio from defendants. Leave to amend should be given freely because defendants' injuries were extreme harmful, criminal sanctionable, and extreme prejudicial and extreme delay which

---

[1] Issue is not whether Merheb is menace: issues is whether Merheb appears menace; issues is not whether there is an objection by defendants; issues is whether it appears there is no objection by defendants;

outperformed issues of amendment; injury made outperforms objection of defendants; defendants objection is denied by their own actions of evident extremely harm to Waivio, therefore amendment should be given freely as justice so require because there is extreme harm injury far more extreme than disproved objection. Defendants done so harm their objection appears as "no objection". Issue is: whether defendants have "no objection" comparative to injuries made by defendants to plaintiff as described on record. whether it appears there is no objection from defendants as comparative to injuries to Waivio. **Explicit Warning required**Appeal no: 92-4100 (7th Cir 1995) "if pro se is in need of court's patience and instruction this court has constantly held district court must give explicit warning"; Court appears having knowledge Waivio is in need of advice therefore court had obligation to give explicit warning to Waivio. Court does not appear to give explicit warning to Waivio. Waivio is entitled to reconsideration and court to give explicit warning. Order 07/08/08 acknowledged that there is objection to leave to amend but in essence court acknowledged that there is no motion to dismiss which means defendants claims are not sufficient as to dismiss case, complaint, unless court sanction defendants for their contumacious conduct.

   **Denying Defendants objection** Conclusion of law is: defendants medical procedures described on trial which resulted in injury are essentially by themselves "undue delay to Waivio, bad faith to Waivio, dilatatory motive to Waivio undue prejudice to Waivio and futile procedures", shortly defendants claims are describing their actions as originally intended and this is independent of Waivio pursuant to Rule 8(e)(2); defendants objection is based on intended so described practice and is independent of issues of amendment as legal procedure which imply defendants object their own practice and there is no valid objection to plaintiff amending complaint as there is no prove of good faith basis or saving time, unfutile, or not prejudicing Waivio from defendants. Leave to amend should be given freely because defendants injuries were extreme harmful and extreme prejudicial and extreme delay than Waivio "legal pleadings skills" which are not harmful to anyone see David v. Ruby Food Posner "fat in complaint does not harm anyone"; Issue is whether complaint made is function; complaint made its function that to provide notice to defendants. Alleged opposition is nothing comparative to defendants extreme harm to plaintiff as described in injury on record.

a. Defendants claims of "prejudice defendants" etc are false because defendants willfully made such medical treatments as to be presented in federal court which means they were originally "prejudicial" and defendants by free will and desire chose such matter. Rapisarda willfully gave Gonal-F to plaintiff and now FCI can not claim that it is prejudicial when originally this was FCI choice. Same for all others practices. When they done the injury they were aware a legal action will result therefore they induced action because it was benefic to their business which means it was not prejudicial. Claiming prejudice when intentionally they induced injury as to induce benefits from "Waivio participation in federal court" is contradiction. If it was prejudicial why defendants done Gonla-F why they induce death of baby why they scar Waivio uterus etc. All these were done because it was beneficial to defendants.

b. Defendants can not claim delay because they actions are delay. Injury made to plaintiff were intentional delay of Waivio from all aspects.

c. Defendants can not claim futility because their medical procedures proved "futile"; Gonal-F was in essence futile because it did not result in child alive. Surgery was futile because resulted in harm. All these medical matters were proved in essence made with purpose of futility, therefore defendants were not prejudiced but they done willfully because they had benefits from such futile medical procedure.

d. Claims of ADA lupus are not "dilatory motive" they are different from the previous claims in 01/16/08 complaint.

e. Question is whether enforcement of defendants or introducing an attorney will change defendants practice. Plaintiff believes defendants may stop unlawful discrimination by enforcement and appointing an attorney to write complaint.

**Defendants desired adjudication without law penalty of illegal medical practices**

Issues are: adjudication, numerous illegal medical practices and dismissal with prejudice as no penalty for defendants; Court claims the main interest of defendants is adjudication of illegal medical malpractices without penalty under law or to allow illegal medical malpractice to be regarded as permitted practices; Defendants abuse the federal procedure by inducing action designated in essence to create precedents of "illegal medical practices" designated to be regarded as "adjudicated and permitted or without penalty of law". Court establishes existence of causes of action because court established defendants

had specific intentional interest to injury Waivio.Question raised is: whether defendants made injury in various procedures purposing adjudication of such practices in federal court by means of Waivio protected characteristics exposed in federal procedure. Shortly whether injuries were willfully done as to induce legal action to adjudicate such medical practices without law conclusions and without law penalty while under "equity laws"; Shortly issues is: whether defendants have false interests in  adjudication of illegal practices resulting in various injuries against US constitution by false association with Waivio protected characteristics in court procedure.

Issue is: Whether defendants perpetuated UIC practice. Defendants practice perpetuated UIC practice as their claims looks copied from UIC practice; Waivio is completely denied legal services by attorneys in district court; court attempted to introduce an attorney as to provide solution to complete denial of legal services in federal district court; existence of complete denial of legal services in district court imply denial of all medial services and all others, which imply total denial of Waivio legal rights; actions of defendants are essentially crime. Shortly the issues raised is: whether defendants actions are in essence crime. Court appears to believe criminal activity exists with respect to Waivio. Plaintiff believes court sanctioned defendants for criminal sanctionable actions and for total and absolute disregards to Waivio life and her rights and federal law. This is supported by Avaya v. Bankrupcy Trustees (Delaware court bankrupsy) as follows.

**Question is whether defendants' actions are sanctionable, irreparable harm**

Pursuant to Avaya v. Bankrupcy Trustees (Delaware court bankrupsy) or Redwood v. Dobson (7th Cir 2007) see brief in 07-2364 sanctions are available when defendants brought motion for protection and sanctions; court can sanction defendants with decision judgment in plaintiff favor against defendants for misconduct burdening court procedure abuse of court as ruling on defendants raised issues: Avaya v. Bankrupcy Trustees (Delaware court bankrupsy) "Ruling motion sanction court stated would consider (1) the degree of fault of the party who altered or destroyed evidence (2) the degree of prejudice suffered by the opposing party and (3) what degree of sanction is necessary to avoid substantial unfairness to the opposing party and to deter such conduct by others in the future". Court may sanction defendants for intentionally bringing a motion for protection and sanction which in essence deprived Waivio of ruling on motion to amend and

allowing Amendment of complaint by aggravating procedure. Court may introduce decision of trial as judgment in plaintiff favor against defendants as sanction for willful misconduct that defendants willfully induced action designated to deprive Waivio of legal procedure, of right to amend and of right to enforce medical services and have preliminary injunction as requested on record. Shortly purpose of motion for sanction and protection was to deny amendment, aggravate procedure, and deprive Waivio of her right pursuant to US Constitution, and this may be found to be depraving Waivio of legal right to remedy as requested which imply court may sanction defendants with the decision judgment for plaintiff agent defendants because they willfully interfered with Waivio's right to amend, and enforce medical services, preliminary injunction. Defendants willful misconduct denying of amendment and preliminary injunction may be sanctioned with decision judgment in plaintiff's favor against defendants.

Question is: whether defendants motion for protection and sanction was willful misconduct and contumacious conduct designated to deny Waivio right to amend, to aggravate procedure and deprive Waivio of right to enforce medical services, and preliminary injunction by cover up; and this may be sanctioned with judgment in plaintiff's favor against defendants by adjudication.

Plaintiff respectfully requests court to sanction defendants with decision of judgment in plaintiff's favor against defendants for their willful intentional contumacious conduct designated to deprive Waivio and misconduct action as seen on record.

Question is whether defendants actions are in essence abuse of federal court see Waivio v. UIC 04-C-3545. Defendants willfully induced present action by willful injury total disregards to Waivio rights designated purposefully to abuse the federal court, and federal procedure essentially using federal procedure with different unlawful and illegal purposes. Shortly court decision is similar situated in Waivio v. UIC 04-C-3545 court sanctioned defendants and Plaintiff is entitled to remedy or damages, therefore plaintiff respectfully request court all remedy and relief available under law for Waivio.

**Defendants' requests are erroneous**

Order of protection does not directly point to lupus transaction as specific; "order 07/11/08" does not directly point to lupus transaction; Complaint 01/16/08 does not contain lupus transaction as different transaction; decision dismissal with prejudice may

be based on lupus transaction or may be based on other transactions but it is not clearly identified in record, orders of court, therefore record of case does not contain clear evidence of adjudication of lupus transaction as different issue. Orders of court do not stand claims of rejudecata on lupus transaction therefore amendment of orders or complaint is absolutely necessary as to allow record of such transaction in orders of court and to validate conclusions of law.

**Management**

1. Order introduced 07/21/08 denial of extension of time, and denial of motion of reconsideration does not bar present motion, issues presented are different.

2. Order 07/23/08 did not reevaluate Rule 6 timing of motion of reconsideration; court did not deny the time for Motion for Reconsideration, which imply presenting motion is within the court establishment. Order 07/23/08 trigger time for present motion.

3. Judge Norgle in case 04-C-3545 on 12/11/06 order in post judgment declared Rule 56(e) "any motion to alter or amend shall be filled no later than 10 days after trthe entry of judgment Rule 59(e)" Rule 6(a) states that "when the period of time prescribed or allowed for filing is less than 11 days intermediate Saturdays Sundays shall be excluded in the computation" and "entry of judgment is not completed until it is recorded on the docket" Rule 6 (1) Day of the Event Excluded.Exclude the day of the act, event, or default that begins the period.(2) Exclusions from Brief Periods.Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.

4. Time in motion of Reconsideration is 10 days. Court entered order on 07/11/08 computation of time  excludes Saturday and Sundays are not computed shortly time is till July 26, 2008 as computer pursuant to Rule 6.

5. Court ruling on 07/23/08 is erroneous because issues outside matters presented before 07/21/08 were presented and court did not deny them; absent a denial, order 07/23/08 actually affirms validity of argument presented in Motion of reconsideration submitted 07/22/08. Court order implies necessity of argument about timing.

6. Ruling of court, and defendants' request dismissal with prejudice is actually a violation of ADA Title V because court terminated case based on Waivio disability lupus which is complete denial of rights under law, and per se violation pursuant 42USC12201.

7. Present motion is different to motion ruled on 07/21/08 and 07/22/08.

**Misinterpretations entitled Plaintiff to reconsideration Pursuant Bank of**
**Waunakee v. Rochester Cheese Sales Inc 906 F 2d 1185 1191 (7th cir 1990)**

1. Fact: from beginning year of 2005 till today July 24, 2008 plaintiff had no any
medical mental health treatment of any type for depression or bipolar or anything similar
situated. State law Mental Heath disability Act Illinois law has as requirement mental
health treatment medication, doctors examination for <u>at least one year</u>. Plaintiff's
medical history from 2005[after leaving UIC] till today does not show evidence of
depression or bipolar disability as sickness requiring any medical mental treatment.

2. In November 2006 following the death of baby a few medical doctors
from Advocate recommended plaintiff to see mental health care; plaintiff visited doctor
Galston in Nov 2006 and in January 2007. Shortly plaintiff visited doctor GAlston in Nov
2006 and in January 10, 2007 plaintiff saw him for last time. Galston gave plaintiff in
November 2006 a little bit of medication LAMICTAL 25-50mg which proved not to be
adequate to Plaintiff medical necessities therefore plaintiff abandoned at all mental health
care in January 2007. Plaintiff has no psychiatric disability bipolar pursuant to state laws.

3. On 06/16/08 plaintiff received a letter from Dr Galston which affirms that from
January 2007 till today there is no evidence of any medical mental health problem.

4. Coincidently on 06/17/08 this letter was submitted to a few persons and it might
have been received by defendants on different means.

5. Motion of Reconsideration is Pursuant Bank Waunakee v. Rochester Cheese
Sales Inc 906 F2d 1185, 1191 (7th Cir 1990) "there has been controlling significant
change in facts since submission of issue to court" or court misunderstood plaintiff.

6. Defendants claims of ADA based on "mental disability" under *Ladien v. Astacen*
128 F 3d 1051 (7th Cir 1997) are erroneously applied to plaintiff because plaintiff has no
mental health problem. Defendants' claims were interpreted by plaintiff as claims of
lupus disability as induced by Rapisarda Gonal-F treatment. They are evidence
"perceived as disabled" but they are not claims pursuant to "risk plan or security matters"
under ADA because no direct acknowledgement of such matters was provided. It is error
granting of defendants' request pursuant *Ladien v. Astacen* 128 F 3d 1051 (7th Cir 1997)
based on false "mental health".Plaintiff believes defendants claims based on *Ladien v.*

*Astacen* are based on lupus disability as induced by Rapisarda and they were willfully induced by defendants.

8. The only long lasting continue treatment which plaintiff continually had is "METFORMIN" and baby aspirin which are medical treatment for lupus coagulant, and for lupus as induced by Rapisarda in April 2006 [other less important matter are omitted]. This treatment was provided by defendants therefore matters were willfully induced by defendants independent of plaintiff. Plaintiff started baby aspirin in Sept 2006 as recommended by RApisarda and MERFORMIN in Feb 2007 as recommended by Karande. Today plaintiff is treated with these medications.

9. Court decision to dismiss case is ruling on defendants requests pursuant *Ladien v. Astacen* 128 F 3d 1051 (7th Cir 1997) not on mental health issues but rather on lupus disability as presented induced by defendants. Court misunderstood Waivio claims because Waivio does not asserts any risk or any necessity of security.

10. Defendants appear to make claims of disability based on lupus because they offered treatment more than one year and they induced actions which are treated by others as ADA. Defendants appears to falsely alert others and panic people while real true is that they are not aware of Waivio medical necessities because there was no interaction with defendants. Plaintiff has no medical expertise therefore plaintiff can not formulate an opinion more than the records and evidence provided. Court has obligation to take conclusions of law and facts as presented as Pro Se has just obligation to present evidence to court and plaintiff can not make conclusory allegations. Plaintiff believes court misunderstood plaintiff's submissions 06/23/08 and 06/27/08 because Waivio has no adequate language and does not know how to present legally the matters. And this supports a request for attorney as to avoid misinterpretations; Plaintiff has right to reconsideration because court misunderstood Waivio. Defendants willfully induced this. Court misunderstood Plaintiff. Defendants made false claims and induced misconduct designated in essence to misconduct Waivio's claims.

11. "safe harbor provision" in ADA 42 USC 12201. is about

42 USC 12201(c)

**(c) Insurance** not prohibit or restrict—

**(1)** any agent, or entity that administers benefit plans, or similar organizations from underwriting risks, classifying risks, or administering such risks that are based on or not inconsistent with State law; or

 **(3)** a person administering the terms of a bona fide benefit plan that is not subject to State laws that regulate insurance.

Paragraphs (1), (2), and (3) shall not be used **as a subterfuge to evade the**

**purposes of subchapter** ADA  I and III of this chapter.

12. Court ruling and court security concerns  [placed on record] appears is ɑҮҮOҮ ADA as induced by defendants or by misunderstanding of plaintiff's claims. Plaintiff does not claim ADA Title V because there is no medical notice of such matters unless it is established by court and by medical providers. Shortly plaintiff presented evidence and Waivio is not medical specialist matters are at hands of court however court misunderstood Waivio claims, plaintiff does not allege any risk or any security necessity. Plaintiff requests court to secure Waivio's rights but this is different matter.

13. Plaintiff at no any time made any claim of existent risk or inability of participation in court procedure and defendants claims and court claims appears to falsely related to "Waivio being perceived as disabled" as previously in 04-C-3545.

14. Decision to dismiss appears false under ADA,it is violation of law because defendants induced present medical matters and because defendants do not have realistic evaluation of plaintiff but false speculations; court misunderstood Waivio claims and falsely placed these claims. Plaintiff at no time made claim of existent risk or necessity of security but plaintiff alleged that defendants willfully induced medical conditions presented on record and they refused necessary treatment for such matters, while plaintiff has lack of adequate expertise.  Plaintiff statements are just positive efforts to stop defendants unlawful discrimination. Plaintiff was not given notice of any policy risk by defendants and plaintiff believes such matters is false and speculation outside the issues presented on record. Defendants falsely contacted court and alerted all people for matters which are speculations and without any realistic ground. Court appears misunderstood plaintiff's submissions.

15. Precedent *Ladien v. Astacen*  128 F 3d 1051 (7th Cir 1997) is erroneously applied to present case. In Ladine his disability was independent of cause of action. In Waivio's present cause of action there is relation intrinsic between cause of action and disability based on which defendants requested protection and sanctions pursuant Rule

8(e)(2) therefore court ~~can not~~ *error* dismiss case. Defendants falsely claim protection and sanction because Waivio did not present any risk and because defendants claims are not based on realistic evaluation of Waivio; plaintiff can not support and can not make pleadings of risk or security because no medical matters were transmitted to Waivio. Defendants medical services are complete denial.

**Risk Policy** *is False*

Plaintiff believes defendants have false risk policy and such policy was not discussed in present case. Such false policy is in violation of ADA because it is not based on Waivio medical specific situation as defendants had no direct interaction with plaintiff therefore their action can not be realistic evaluation, but of false assumptions outside of medical specific matters therefore false and inappropriate. Plaintiff believes same practice is shared by Waivio's medical insurance and results in complete denial of medical services because insurance follows defendants while defendants have policy similar situated to insurance. Complete denial of medical services and complete denial of legal services without discussing such matters is violation of ADA.

1. Security issue is outside adversarial issues presented to Waivio before 07/11/08. Plaintiff has right to notice and advise pursuant US Constitution and Pursuant to Bank of Waunakee v. Rochester Cheese Sales Inc 906 F 2d 1185 1191 (7th cir 1990) plaintiff would like to request reconsideration of issue. Issue of "security of risk was not discussed with plaintiff's party". Defendants do not know Waivio's medical condition therefore their statements are erroneous, speculations.

2. Plaintiff's argued complete denial of benefits of plaintiff, or complete denial of legal rights under laws by defendants' practice; present case is about completely denial of plaintiff's benefits *See, e.g., Anderson v. Gus Mayer Boston Store of Delaware*, 924 F. Supp. 763 (E.D. Tex. 1996) (holding that safe harbor provision is not applicable in cases of total denial of insurance; **no actuarial risk makes someone uninsurable**; complete denial is a *per se* violation of the ADA's mandate that employers provide individuals with disabilities equal access to insurance coverage). Complete Denial is a per se violation of federal laws. *EEOC v. Aramark Corp.*, 208 F.3d at 271-72 (D.C. Cir.); *Johnson v. K Mart Corp.*, 273 F.3d at 1059 (11th Cir.) (employer could be found to be using the safe harbor as a subterfuge only

if plan was adopted after ADA's passage and employer specifically intended to use it as a subterfuge).

3. Defendants in proposed order of protection did not identify any security issue or its alternative benefits plan or any risk plan. They did not make a realistic evaluation of medical condition; Absent such matter issues of security is complete denial of rights to Plaintiff violation of ADA it is used as superfuge.

4. Facts of trial proves "security or risk" is used willfully intentionally as pretext to unlawful discrimination. Defendants refused direct argument of matters. Absent argument by defendants plaintiff has not full notice and advise about matters because defendants needs to provide notice of their concerns and their policies as specific to their institutions.

5. Pursuant to Bank of Waunakee v. Rochester Cheese Sales Inc 906 F 2d 1185 1191 (7th cir 1990) Court misunderstood Plaintiff and plaintiff's submissions claims from 07/23/08 and 07/27/08 and 07/08/08. Plaintiff did not refuse an attorney. Plaintiff just requested more time. Plaintiff respectfully requests court to reconsider issue about appointing an attorney. Plaintiff respectfully requests court to appoint an attorney.

**There is cause of action**

a.    Defendants admitted prime facie allegations; they were informed of Waivio national origin, legal actions participations, disability induced by rapisarda because KArande gave medication and baby aspirin. They had arguments available. Karande and Gildvekht and Dayal in open court admitted "necessity of medication" admitted disability

b.    Court admitted there are injury resulted from various medical procedure and they are sufficient to be identified as key facts

c.    Court described circumstantial evidence of unlawful discrimination in court procedure, such as obstructing Waivio right to amendment by false claims which in essence proves unlawful discrimination.

**Contradiction in defendants claims Pursuant Rule 8(e)(2)**

P1: Defendants request dismissal with prejudice

P2: Defendants request denial amendment Rule 15(b)(2)

Order 07/11/08 interpreted "dismissal with prejudice" as adjudication

Plaintiff proves P1 and P2 are opposite and they can not be true same time Rule 8(e)(2).
in order to seriously consider "dismissal with prejudice" matters outside pleadings needs
to be considered and amendment during trial needs to be allowed as to merit evaluation.
Amendment is not "futile, dilatatory, prejudicial to defendants, " because amendment is
the only way to take seriously into consideration defendants request.

## Plaintiff's strategy proving unlawful discrimination

1. To defendants plaintiff proves they had and they have continue pattern practice of
   injury to plaintiff and unlawful discrimination.

2. As reaction to defendants: With respect to "others medical providers" plaintiff
alleges that Goldvekht IRINA [Advocate]primary medical provider and AETNA
insurance denied Waivio any actual medical treatment.

3. Plaintiff declares also that insurance AETNA insurance denied Waivio all medical
services and no actual medical treatment was received by plaintiff after Karande 2007
Plaintiff declares that all "other medical providers" starting May 2007, denied Waivio
medical services and no actual medical treatment was provided because mainly they were
aware of injury made by Defendants [as on record]and because they refused to take
responsibility for such injury made by defendants, while in essence they perpetuated
Advocate practice. Plaintiff today has no means of actual medical services.

## Complete Denial

Defendants practice appears similar situated to insurance AETNA. AETNA plaintiff's
insurance and defendants appears to have same practice which imply refusal of medical
services of Advocate is common question of law based on Disability lupus[induced by
Rapisarda] to refusal of AETNA of medical services because they are based on same law.
Shortly defendants completely deny medical services and AETNA is completely denying
medical services to plaintiff based on same or nearly same federal question. Shortly cause
of action induced by ADVIOCATE is same or common question of law to AETNA
insurance and all other medical providers; shortly advocate policy was perpetuated to all
other medical providers resulting in complete denial of medical services to plaintiff as

alleged. Shortly it appears there is a class action with common federal question based on "Waivio disability induced by FCI" but with various defendants at different places and different "medical procedures".

## Claims of Rejudecata

Defendants claims do not stand rejudecata. Amendment of complaint to lupus in medical services is necessity. Defendants falsely claim there are not causes of actions:

"for **injuries** result of their acts and omissions in connection with medical care they provided or refused to provide to her"

Court acknowledged that there are injuries therefore facts are about injuries. Kendall pag 7 "once transaction caused injury all claims must be brought under same suit"; shortly standards of rejudecats denies defendants objection and reveals court decision to deny amendment or dismiss case is inappropriately.

## Main error is denial of amendment

Main issue raised is whether ADA claims were raised in trial and defendants consented to. Plaintiff proves record shows evidence of consent to issues from amended complaint particularly ADA and lupus transaction. Defendants brought motion for protection and sanctions based on *Ladien v. Astachen* 128 F3d 1051(7th Cir 1997). This matter is similar situated to ADA claims. Shortly issue raised was ADA as disability. Now this is related and similar situated to lupus transaction and Karande was aware that Waivio was in need of medication, shortly in essence defendants claims are ADA claims corresponding to lupus transaction in compliant 04/25/08. Denying amendment is against order of protection. Shortly issue raise and order of protection including proposing an order for court gave written consent to issues therefore pursuant Rule 15(b)(2) Waivio has right to amend complaint as corresponding to trial and after trial. Defendants actions induced consent denial of amendment is error. Court also needs to provide conclusions of laws about lupus matter because they are essential to case. Because lupus transaction was discussed defendants actually induced issues about GONAL-F transaction as with respect to traditional discrimination against traditional discriminated racial groups among which there are Romanians, African Americans, women, disabled or participant in protected actions, so much called "traditional discrimination" recognized by specific pattern. EMTALA claims also were on hearing on 07/03/08 and Advocate did respond to issue

and they did modify their false "order protection" against Waivio opposition imply issues was consented to, issues of medication was raised and discussed.

**It is error to grant defendants' objection** because it violates 14th Amendment and 13th Amendment and all US Constitution defendants claims are pretext to unlawful discrimination therefore are against US Constitution and federal laws, they completely deny legal rights to Plaintiff.

**Pursuant to Rule 8(b) Court declared that defendants appear** aware of facts of case as defendants in hearings and all trial did not complain about. Response 07/08/08 and response 06/23/08 pointed to facts and defendants did not complain about such facts which imply defendants have a practice of refusal to respond to allegations.

**African American are minority in defendants institutions**

Complaint alleges that African Americans, black people are minority in defendants institutions as induced by affidavit based on baby books. Complaint was addressed to minority racial groups therefore including black people.

Plaintiff declares under oath that on Internet web site of Advocate there is no face of any black person shortly there is a discriminatory practice "single rule" as no black African Americans. Defendants have a practice of facial unlawful discrimination. Because Waivio is traditionally discriminated and has record of traditional discrimination Waivio was discriminated similar situated to Black African Americans.

**Defendants actions are unlawful discrimination based on racial profile.** Court declares that plaintiff's characteristics are similar situated to traditional discriminated racial people such as Black people. Plaintiff's characteristics are similar situated to traditionally discriminated people as quoted "

duplicates its predecessors in substantial respects and, as such, suffers from the same patent deficiencies. paragraphs are repeatedverbatim or nearly verbatim in the second amended complaint. type of allegations that the court instructed plaintiff not to include; narrative is generally rambling confusing . . . . [and] contains sentences that range from grammatically improper to utterly nonsensical.Id.

Shortly court identified a racial profile for Waivio as similar situated to racial profile of Easly share and for which plaintiff is misclassified as Black person or similar situated to blacks. Blacks people are known for lupus shortly defendants discrimination based on lupus is similar situated with discrimination against blacks therefore with traditional

discrimination, which defendants affirm they falsely associate Waivio with Easyly treat
plaintiff as a black person. However in baby books plaintiff did not find black people
which means defendants confirmed that they do not offer medical services to plaintiff or
such medical services are harmful and ineffective.

**Defendants claims that they do not understand "cause of action"** is pretext to
discrimination that facts from case prove "**legal tactical strategy**" therefore
acknowledging defendants knows fact and causes of actions very well. Court
acknowledged there are injury, plaintiff proved there are facts. Submissions 06/23/08 and
06/27/08 have pictures and evidently anyone understand pictures therefore there is no
reason not to understand the picture or the exhibits placed on record which are the
statutes. Defendants lie to court because state medical records support plaintiff.

**Court environment is independent medical environment pursuant Rule 8(e)(2).**
Medical environment is opposite to court's environment. Matter described in judgment is
reversed for Advocate and defendants when plaintiff was patient in medical environment.
S1. Court procedure is based on FRCP
S2. Defendants environment is based on peer to peer medical review standards as
described under law and it is specific to each individual [each individual has a plan of
medical services as suitable to necessities and specific situation]
Statements S1 and S2 are opposite as FRCP and medical standards are opposite; This
means court procedure and defendants medical environment are opposite alternative.
Defendants' practices in court are not defense to complaint. Matters are reversed for
medical environment. Matters for medical environment needs to be interpreted
oppositely as in court. Court procedure is typical based on attorney while medical
procedure does not require any representative other than the patient herself. Matters in
court procedure are not based on specific medical necessities and procedures, while
medical environment is specific to patients and needs to respond to specific needs.
Defendants claims of Waivio conduct in court are independent of Waivio participation in
medical environment. Defendants appears to have a tactical legal strategy which appears
to be perpetuated in court as it was in medical services but such matter needs to be
evaluated based on specific situation of each medical procedure and they are independent
of court procedure. Court conclusions with respect to medical environment were not

formulated therefore there is necessity to amend and correct order for medical environment as specific to each fact and each procedure. Conclusion of law in court environment are independent of conclusions of medical care in medical environment. Court conclusions of fact or law in medical environment must be based on specific situation and specific typical procedures, while defendants have obligation to provide acknowledgments of policies and practices as corresponding to specific situations.

**Order 07/11/08 declaring that "with each amendment** the length of complaint is increased" imply that which each interaction between defendants and plaintiff defendants makes new violations which imply defendants continue their practice of violation of US Constitution and unlawful discrimination with character of sanctions, criminal character. Shortly order of protection proposed by defendants is unlawful discrimination, is futile because defendants have the same practice. Shortly defendants request to deny amendment is unsupported by the fact that defendants continue the practice; issues is not whether defendants are prejudiced but whether defendants have a continue practice which is prejudicial to plaintiff and the others by violation US Constitution and illegal unlawful practice. Defendants Objection failed because it is disproved by facts from record on trial showing complete disregards.

**court declared "trial"** all record while court final order is based only on complaints imply decision and findings of court as corresponding to record on trial needs to amend facts and laws in medical environment as to allow conclusion on merit on record.

**Pursuant US Constitution Waivio has right notice advise**

Plaintiff respectfully requests court to provide Waivio with notice and advice pursuant US v. Wearhington Appeal 07-1151 7th Cir 2007, about matters court ruling is outside adversarial issues presented to Waivio pursuant Bank of Waunakee v. Rochester Cheese Sales. Dismissing case is not solution matters is just perpetuated to different level but it does not change the situation, while it violate Waivio legal rights.

**Conclusions of law is Waivio satisfy requirements Standards of review Rule 12(b)(6)**

Pursuant Rule 8(b) court acknowledged that court saw causes of action on face of compliant, which imply complaint satisfy requirements standards Rule 12(b)(6). Court declared that defendants actions appears prejudicial to Waivio undue delay, dilatatory

motive, futile, there is cause of action and plaintiff is entitled to preliminary injunction and enforcement of defendants as requested on record 05/09/08.

**Court misunderstood Waivio**Pursuant Bank of Waunakee v. Rochester court misunderstood Waivio in submission made 06/27/08, Waivio made an error. Standards of merit are the only standards which can secure Waivio legal rights, and submission 06/27/08 was error. Plaintiff respectfully requests to court to allow withdraw of motion [95] submitted 06/27/08, as requested in motion filed 07/03. It is false "the issue is whether an error occurs while merit evaluation" and all such matters in paragraph 2 pag 1[94] because evaluation on merit of present action is the only way for plaintiff to secure her medical treatment, and medical necessities.

**Error in fact or laws pointed by record** is:

Response 07/08/08 pointed to Newton third law; there is error in order 07/10/08. Motion of Reconsideration and defendants request are same issues "action and reaction" therefore Waivio actually does not raise different issues or matters, and present matters are same as defendants' requests.

**It is error "it does not appear suing for employment discrimination";**

Issue is: whether legal action is unlawful discrimination in benefits of employment. Response 07/08/08 claims that for each "action of defendants" there is reaction for plaintiff. Medical service is the issue of defendants however reaction issues is "employment benefits" because this is how plaintiff and Nathan Waivio spouse paid for. Shortly issue : whether plaintiff sued for medical services is same as issues whether plaintiff sued for benefits of employment because benefits of employment is reaction to issues of "medical services" as explained in response 07/08/08. Benefits of employment paid for all medical services described on record, therefore they were reaction to defendants' service. Service and payment for service are same "action and reaction" Newton third law. Plaintiff sued for unlawful discrimination in benefits of employment which are covered under all statutes presented.

Same It is error "she does not appear to be suing for any action taken under color of state law"; state law is the license practice under which Lutheran general hospital or individuals and other are performed; "action taken under color of state law" is any policy or any declared practice which is under state license, such as license of Lutheran General

Hospital license or license of medical providers etc; plaintiff raised the issue of reaction to defendants such actions, therefore plaintiff sues for damages, effects, violations of rights resulted from policies or practices of licensed hospitals, practitioners units etc from defendants institutions. 07-C-6690 has causes of action under color of state laws.

**Same Principle of Action and Reaction applies to:**

Complaint 11/28/07&01/16/08 declares Unlawful discrimination based on national origin; however defendants admitted that previously 04-C-3545 was actually a set of causes of action and unlawful discrimination based on national origin was correlated to unlawful discrimination based on disability, gender, retaliation, protected actions etc. All these are the reaction to original issues raised and they are treated as correlated reaction issues. The clue is the original claims, basis is the original claim interaction to all others laws and all others issues. Shortly it is about the interaction of original claim to all others issues of laws or facts raised; Defendants violation is flagrant violation in its fundamental and it has coverage, or liability under unspecified laws because all laws prohibit killing a child or flagrant violation of rights to life.

Shortly issues of fact are flagrant violation of right to life and this has huge reaction because about any federal or state laws prohibit such mattes. The issues is not that they are many but that the violation is without possibility of evaluation or measurement because it is something which is beyond civil law, is more than anything in civil law, it essentially appears a crime. Shortly the issues is whether it appears there is criminal activity. Complaint 04/25/08 by its dimension and extent expresses it appears to be criminal activity, there are actions criminal sanctionable and reaction of laws and issues WHEREFORE RODICA WAIVIO respectfully requests that this Hon Court grant her motion, and grant Plaintiff all relief deemed appropriate under law.

Submitted, By Plaintiff, Rodica Waivio    *Rodica Waivio*  07/24/08

| | | |
|---|---|---|
| RODICA WAIVIO, | ) | |
| Plaintiff, | ) | Case NO: 07-C-6690 |
| v. | ) | HONORABLE JUDGE |
| ADVOCATE HEALTH CARE NETWORK, | ) | RONALD A GUZMAN |

# NEUROPSYCH

Neuropsychiatric Associates of Illinois, S.C.
291 Lakeview Parkway
Suite 170
Vernon Hills, Illinois 60061

847 367 1611

Re: Rodica Waivio
DOB: 08/04/1969

6/16/08

To whom it may concern:

I 1st treated Rodica in November of 2006 & saw her for the last time in January of 2007. She comes in today asking for a letter stating she is not in need of more medication. On clinical exam I see no evidence of Rodica suffering from depression or mania. She was last treated on LAMICTAL but states she went off in January of 2007 & has done fine without any medication. I have not received any calls from Rodica or her husband indicating any problems in the 17 months since I last saw her. I hope this is helpful. Sincerely,

J Galati, MD
Board Certified Psychiatrist

**NEUROPSYCH**

OFFICE
847/367-1611
Voice Mail 2403

FAX
847/367-4079

**Stephen G. Galston, M.D.**
Psychiatry

Neuropsychiatric Associates of Illinois, S.C.
Suite 170 • 977 Lakeview Parkway
Vernon Hills, Illinois 60061

Offices in: Vernon Hills • Highland Park