FILED Case 1:07-cv-06690 TMS Document 130    Filed 07/28/2008    Page 1 of 43

JULY 28, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED

JUL 2 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RODICA WAIVIO,                      )
Plaintiff,                          )   Case NO: 07-C-6690
            v.                      )   HONORABLE JUDGE
ADVOCATE HEALTH CARE NETWORK,       )   RONALD A GUZMAN

ET ALL Defendants.

### MOTION OF RECONSIDERATION

**NOW COMES** Plaintiff, RODICA WAIVIO, in Pro Se representation, and presents her Motion respectfully states the followings:

1. Present Motion of reconsideration          and present memorandum supporting and amending such motion respectfully request trial by jury of all triable issues pursuant Rule 38 of FCRP and Section 102 of Civil Rights Act of 1991, 42USCSec 1981a, and jury determination of damages. All plaintiff's submissions requested trial by jury, Waivio has right to reconsideration Pursuant to Bank of Waunakee v. Rochester Cheese Sales Inc 906 F 2d 1185 1191 (7th cir 1990).

2. Present Motion of reconsideration filed 07/24/08 and present memorandum supporting and amending make same requests as previous motion submitted 06/18/07 under request trial by jury, while argument is based on Merherb "it appears there is no objection to injuries done to Waivio", imply Waivio has judgment in her favor against defendants because defendants have no motivation for injuries done to Waivio.

3. This is request to correct and amend orders of court Pursuant to Bank of Waunakee v. Rochester Cheese Sales Inc 906 F 2d 1185 1191 (7th cir 1990) and pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the order introduced on this case on July 3-11, 2006  or motion for  new trial, rehearing under Rule 59(a)(2), or motion pursuant to Federal Rule of Civil Procedure 60(b) to release plaintiff from "decision dismissal with prejudice" or Motion Pursuant Rule 15(b)(2) motion to amend complaint or other similar situated standards. Plaintiff respectfully requests to Honorable Court to delay appeal, to declare that there is resonable ground to delay appeal.

4. Pursuant to Federal Rule of Civil Procedure Rule 59(e) plaintiff respectfully requests to alter or amend to trial by jury to decision other than dismissal with prejudice

of case 07-C-6690 the trial and order introduced for reasons presented in this motion. The present motion under Federal Rule of Civil Procedure Rule 59(e), respectfully requests as the court to alter or amend the trial and orders 07/3-10/08 to decision other than dismissal with prejudice of case. Plaintiff respectfully requests to alter or amend matters based on trial by jury with 12 people of Romanian origin, to conclusions and facts of trail and to decision based on trial judgment in plaintiff's favor against defendants or to decision based on trial partial judgment in plaintiff's favor against defendants for some of plaintiff's claims or for any claim, or to provide further procedure or in alternative to allow amending complaint Pursuant Rule 15(b) or in alternative to appoint an attorney for complaint, or to continue case, or offer any resonable alternative as proper under law.

5. Pursuant to Rule 59(a)(2) plaintiff respectfully requests new trial, rehearing for reasons presented in motion. The present motion under Rule 59(a)(2), respectfully requests as the court may open the judgment, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment. Plaintiff respectfully request court to continue case or to establish judgment in plaintiff's favor against defendants for all claims or for same of claims.

6. Pursuant to Federal Rule of Civil Procedure Rule 60(b), Rule 60(b)(1), Rule 60(b)(5), plaintiff respectfully requests to release plaintiff from the decision "dismissal with prejudice" [in alternative of above requests] for the reasons presented.

7. Pursuant to US Constitution Waivio respectfully requests to Hon Court to secure Waivio right to life happiness prosperity enjoyment of life equal protection under law as protected by federal laws presented on record and alleged in complaints. Orders of court violates Waivio's right to medical services right to life happiness enjoinment of life as secured by US Constitution see Harper v. City Chicago Heights 87-C-5112 "any remedy impose by court must accord with US Continuation and state laws"; defendants continue their practice violating right to security of Waivio life pursuant US Constitution while other perpetuates defendants practice. Dismissal with prejudice and order of protection do not secure Waivio right to life therefore orders of court violates US Constitution. Plaintiff respectfully requests to Hon Court to secure Waivio right to life, happiness, prosperity enjoinment of life, and all necessities as secured by US Constitution and federal laws as described on record.

**Order of Protection is false, pretext cover up unlawful discrimination flagrant violation US Constitution**

1. Order of protection, and its amended is false because order 07/11/08 established there is no objection to injuries made by defendants imply defendants practice is prejudicial to People flagrant violation of US Constitution, defendants practice is unlawful discrimination against protected classes see affidavit on record. Furthermore Waivio's insurance prohibit plaintiff from "seeking medical treatment from others" while injuries done by advocate prohibit Plaintiff from "seeking medical treatment from Advocate"; it is necessary enforcement or injunction because defendants proved makes harm to plaintiff. Order of protection does not secure Waivio US Constitutional rights and defendants continue refusal of medical services therefore order of protection is prejudicial to Waivio while defendants have responsibilities for injuries created.

2. This is request to correct and amend orders of court Pursuant to Bank of *Waunakee v. Rochester Cheese Sales Inc* 906 F 2d 1185 1191 (7th cir 1990) and Title VII safe harbor provisions based on court misunderstood Plaintiff; Record of case does not show evidence of Waivio "seeking personal medical treatment from other health care providers not parties to this action"; order introduced 07/10/08 violates record of case because it is contradicted by record; record show that Waivio does not seek medical treatment from others providers because AETNA, plaintiff's medical insurance denies such medical treatment.

3. This is request to correct and amend orders of court Pursuant to Bank of *Waunakee v. Rochester Cheese Sales Inc* 906 F 2d 1185 1191 (7th cir 1990). Plaintiff respectfully requests to court to grant motion submitted 07/03/08 to withdraw submission [95] "motion of reconsideration; Response" modify order 07/03/08 and 07/11/08 falsely stating "motion of reconsideration is granted" and "motion[withdraw 07/03/08] is moot" because court is required to conform with safe harbor provisions and offer 60 days for clarifications; Plaintiff did not file a motion of reconsideration for hearing 07/03/08 such matter is inappropriate because case was not dismissed previous to 07/03/08; Court error in its statement; Plaintiff requests to correct order 07/03/08 "Protective Order entered on June 13, 2007 does not preclude plaintiff from seeking personal medical treatment from other health care providers not parties to this action" because evidence on record show no

effort done by plaintiff to seek medical treatment from other providers not parties to this action". Court misunderstood Waivio party;  Absent such evidence court statement is contradicting the record; Orders of court are inconsistent to evidence from record pursuant Rule 8(e)(2). Order of court needs to be supported by record while record of case disproves orders of court. Court misunderstood plaintiff or defendants and plaintiff is entitled to reconsideration; Plaintiff did not request court to make statement which are invalid while Advocate did not provide on record evidence in support of such request; Advocate is violating plaintiff's rights making statements which are inconsistent to record, designated to induce errors; Evidence in court record does not show plaintiff making such statements and does not show Advocate providing evidence of Plaintiff "seeking medical treatment from other providers"; order introduced does not conform to record. Court misunderstood Plaintiff, or court inappropriately favored Advocate while prejudiced Waivio party.

3. Plaintiff also declares under oath that from 06/13/08 when court introduced order of protection till today plaintiff has no any medical treatment just Metformin and baby aspirin as given by Goldvekht Advocate on 06/17/08. Court order 07/03/08 is false because there is no any "other medical provider"  providing actual medical treatment to plaintiff from KArande time till today [surgery July 12,2007 Charls March was with recommendation of KArande, Charls March is  college of Karande]; Plaintiff declares from Karande 2007 time till today plaintiff had no any actual medical treatment other than treatment offered by Advocate people  and medical provider Goldvekht, who is advocate; all others were denied by AETNA insurance. Order 07/03/08 is false inefficient because plaintiff did not receive any actual medical treatment from others because AETNA denied all Waivio medical services; presently Waivio medical insurance denied to Waivio all medical care [including dental on record certificate].

2. Plaintiff attaches a copy of "Referral" given by Advocate employee Irina Goldvekht by which Goldvekht authorized Waivio 3 visits to "rheumatology" and "hematology" for observation on 05/29/2008 with just a few days from defendants motion for protection and sanctions; plaintiff testifies under oath that on 05/29/2008 plaintiff informed and received written authorization from Advocate employee Goldvekht for 3 visits to hematology and rheumatology for check up; plaintiff acknowledges that on

05/29/08 plaintiff visited Adi Gidron Hermatolog who is in Highland Park Hospital which is hospital serving FCI; he did not provide any medical treatment to plaintiff; specialist Adi Gidron is in hospital serving FCI; Plaintiff had just one visit and plaintiff had just blood work; plintiff did not receive any medical treatment; he acknowledged on 05/230/08 lupus coagulant was positive; Visit to ADi Gidron was with written permission of Advocate, Goldvekht and full knowledge of Advocate. On 06/02/08 plaintiff visited with same written referral given by Goldekht, Joyce Clarke who acknowledged to plaintiff that plaintiff had the legs inflamed, and plaintiff did not receive any treatment from Clarke. Joyce Clarke is colleague of KArande as part of "Hoffman Estate association" and situated jut 1-2 miles from Karande office from Hoffman Estate. On 06/11-12/08 plaintiff was at Emergency NCH where plaintiff was refused any actually medical treatment except IV provided to stability lack of electrolytes, lack of sodium and potassium in the body. This entire time plaintiff did not receive medical treatment just matters given by Goldvekht, Advocate and by defendants   recommendations.

3. Submissions 06/23/08 and 06/27/08 [which was withdrawn] were based on issues presented to court without being presented to Waivio, adversarial issues outside of Waivio party; these issues which are perpetuated in present matter are violation of safe harbor provisions title VII and ADA because safe harbor provisions require to acknowledge to party any issues and allow procedure of solution; court practice to hear matters outside adversarial issues presented to Waivio violates Title VII and ADA they are unlawful practices because aggravate Waivio party based on false matter without realistic picture of necessities, therefore without real solution to be provided and without notice and advise to be provided to Waivio's party.

4. Procedure of defendants are unlawful discrimination based on plaintiff's characteristics because they do not conform with safe harbor provisions.

5. Order of court 07/03/08 is misunderstanding and false interpretation of matters; court is required to offer 60 days of clarification pursuant to Safe harbor provisions title VII court misunderstood Waivio.

**Order07/11/08 has character of final judgment because it evaluates on merit issues.**

"it appears there is no objection to injuries done to Waivio", imply Waivio has

judgment in her favor against defendants because defendants have no motivation, explanation for injuries done to Waivio. Further procedure does not change result. Defendants pleaded 5th Amendment implies defendants willfully refuse to respond therefore further procedure does not change result. Waivio was not offered "fear opportunity" pursuant Rule 12(d) to present pertinent material.

**Defendants' claims are merely pretext to unlawful discrimination.** Defendants admitted same equity action from first complaint and second complaint is in the third complaint. Defendants actions in complaint 04/25/08 has character of "joinder of defendants parties" or class action, equity question of laws, or similar situated equity questions of law in equity therefore causes of action appears similar situated to that presented in complaint 01/16/08. Defendants claims that they are unable to identify such claim is false, lie to court because complaint 04/25/08 provide delimitations and detail while action appears to be similar situated as presented in complaint 01/16/08. Defendants' claims are false associate to Easily because Waivio pleaded unlawful discrimination and injury violation of US Constitution death of baby, while Easily completely missies unlawful discrimination and violation of US Constitution, which imply defendants claims are pretext to discrimination; defendants make false association of Plaintiff to African American or with stereotype of expectation about Women participation in federal court they are discriminatory in essence based on protected characteristics. Similar Waivio disability is falsely associated to typical standards of disability of Pro SE representation in federal court and falsely criticized when in essence court has obligation to compare Waivio only to Pro Se litigants and court should not compare Waivio to attorneys.

Defendants falsely state "it does not appear suing for employment benefits" as explained all medical services were paid by employment benefits; It is error "it does not appears under color of state" because practices described are under medical standards of practice which is under state license for Lutheran General Hospital or for each defendants or for FCI and Karande which are center under Lutheran General Hospital.

It is false "With each amendment complaint becomes vastly longer and more confusing" Because court did not provide plaintiff with sufficient time as acknowledged by plaintiff and as seen from record. complaint 04/25/08 can be reduced at to be similar situated to

complaints in other cases however complaint 01/16/08 makes its duties satisfy all minimum standards; dimension of complaint does not really matters in present actions because it is trial and this is an action about flagrant violation of US Constitution with flagrant body injury as presented in complaint 11/28/07 about practices of scarification of unborn children and making children by invalid medical treatments. Defendants pretext is false because essentially is to see injuries made, illegal practices and refusal of defendants to correct such practices while abusing court procedure. Record of case reflects such matters therefore complaint dimension is irrelevant, as record substituted necessity of complaint; further complaint has just to point to evidence in record; shortly further amendment is not to place evidence in complaint but contrary to have complaint pointing to evidence in record which means complaint is significantly reduced as proportional with record, defendants claims about dimension of complaint are pretext to unlawful discrimination because record is the essence and not complaint.

It is false "fails to distinguish among actors and occurrences alleged." As alleged action has character of "Rule 20 joiner of defendents""class action" similar situated question of law or common question of law, similar situated common question of law which imply actors are "joiner of defendants" or class representative and occurrences are similar situated or parallel, they are no important because question of law is equity law similar situated, nearly close federal question. Shortly separation on occurrences does not present real significance because occurrences are very much related at to requires been together treated. It is false error "Rule 8 complaint presented intelligibility sufficient court or opposing to understand valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge* this is false after trial started [this is only before trial to start see previous response]; record made and submissions made record speaks by itself; shortly in trial cases complaint had already satisfied function to provide notice and summary understanding [because matter are beyond this point; understandings and notice about trial of matters is provided by evidence in record and by trial of actions]; trial and record substitute the function of complaint; complaint under Rule 15(b) is to conform with evidence in record which complaint 01/16/08 is doing with respect to facts and equity actions; See submission [95] "UIC pleaded in Appeal No: 07-3695" usual practice in 7th circuit is to dismiss without prejudice claims wherever federal claims were dismissed

prior to trial" which means court can not dismiss complaint based on Rule 8 which is standards before trial when trial started or is in progress; defendants claims are for standards before trial when today standards are trial standards which imply defendants pleadings are false error, unlawful discrimination because there is intentional desire to deprive Waivio of her rights to litigation and rights to remedy under law and damages. Standards of defendants are errors and unlawful discrimination, mere pretext to discrimination, proving Waivio allegations. Real issues is whether trial and record proves defendants understand everything from record which imply record play function of "understandable claims, notice of claims etc", shortly defendants did not complain about record and in trial record is the key element substitution the role of complaint; therefore defendants admitted evidence in record and record provide no impairment to conclusions of law of trial; the only complain of defendants is submission 04/25/08 but everything else was acknowledged as without any complain as understandable and acceptable. Trial proves there is no complain for evaluation on merit of claims from record of plaintiff therefore there is no problem understandings what complain is about where complain is just a short notice, while all record is the real trial. Defendants falsely claimed "motion of reconsideration is granted" in essence admitted claims of plaintiff were satisfying Rule 8 and all standards, accepting matters related from record. There is no complaining about record, while on trial this is essential. The only complain of defendants is submission 04/25/08 while records on case is over 110 entries and totally record is exceeding dimension of submission 04/25/08. The proverb is "with one flower there is no spring"; this is for present situation with one complain about submission 04/25/08 there is no real objection for trial of facts and actions presented when all matters in record [small exception submission 04/25/08] were declared understandable and acceptable. Shortly trial of matters mooted defendants claims of dismissal of complaint pursuant Rule 8. Defendants' claims are unlawful discrimination against plaintiff's protected chartertics. It is false error "forever sift through its pages in search of what it is that the plaintiff is claiming." *Easley v. Verizon*" because defendants are required on trial to shift through all record of 110 entries which they accepted and did not complain imply there is no difficulty to understand one document when they understand all record and they are able to shift through record. Defendants did not complain about record therefore record of

case satisfy "minimum standards" which imply any complaint similar situated to 01/16/08 can perform duties functionally as the record is functional, and record makes functions of complaint. Shortly minimum standards were satisfied by record. Complaint 01/16/08 is sufficient to satisfy minimal standards of trial when interpreting matters as "permissive joiner of defendants" or "class actions principles" series related occurrences; they are interpreted as related by functions, policies of Advocate.Complaint 01/16/08 satisfy all minimal standards provide notice of claims and is understandable as defendants did not complain while under interpretation of "serious of similar situated occurrences" "common question of equity laws" or nearly similar situated questions of laws Rule 20

**Rule 20 Permissive Joiner of parties**

defendants pleaded Rule 20 "Permissive joiner of parties" in submitting pleadings on record defendants admitted that relief is asserting "araising out of series of transactions occurrences [related] and there is common question of law or fact" pursuant Rule 20(a)(2)(a)and 20(a)(2)(b)FRCP which means defendants admitted Rule 20, defendants admitted complaint 01/16/08 as adequate to a "permissive joiner of defendants" Defendants complains about complaint 01/16/08 are false error because defendants admitted to federal Rule 20 Permissive joiner of defendants which was granted which means complaint 01/16/08 made its function.

**Defendants claims about complaint 04/25/08 are error unlawful discrimination**

Complaint 01/16/08 made its function and trial and record are sufficient as to provide notice of claims and establish conclusions of laws. Lupus transaction is related to Gonal-F transaction as effect resulted from FCI practice therefore treated as "permissive joinder of defendants" Rule 20 FRCP as admitted by defendants. Trial of facts and issues and complaint 01/16/08 entitles plaintiff to relief.

Defendants claims are defeated for complaint 01/16/08 in interpretation of trial and admission of defendants. Further amendment is designated to support conclusions of laws and facts or court may require to amend its orders. To establish conclusions of law or facts it is not futile to amend orders of court or amend complaint therefore defendants objection is false insufficient violation of standards of trial, merit evaluation; their objection is not based on merit but rather it is based on their willful actions of unlawful discrimination and depravation of Waivio of rights.

Defendants objection are required to be independent of conclusions of law or facts of final judgment while in order 07/11/08 court appears to falsely related conclusions of laws and facts to defendants false objection; Court needs to establish who is the winner and who is the loser.

**Matter OF law IS "MERHEB v. Illinois Tollway"**
**US Constitution violation by injuries.**
**Title VII safe harbor provisions under immigration act**
**ADA** CHAPTER 126—EQUAL OPPORTUNITY FOR INDIVIDUALS WITH DISABILITIES
**ADA-Plaintiff sues under** 42USC12203…12213 CHAPTER 126—EQUAL
OPPORTUNITY FOR INDIVIDUALS WITH DISABILITIES§ 12101. Findings and purpose
§ 12102. Definitions SUBCHAPTER I—EMPLOYMENT SUBCHAPTER II—PUBLIC
SERVICES SUBCHAPTER III—PUBLIC ACCOMMODATIONS AND SERVICES OPERATED
BY PRIVATE ENTITIES SUBCHAPTER IV—MISCELLANEOUS PROVISIONS
 Complaint 04/25/08 Count IV Discrimination based on Disability "Lupus" ADA,
Rehabilitation Act, Illinois Human Rights Laws
Complaint 04/25/078 has a mistake in paragraph 30 should be ADA Title I, II,III,V, all
42USC12101…42USC12213  all ADA

(comp04/25/08, ¶12) "this is action ADA"; (comp04/25/08, ¶15) "this is action
defendants did not conform safe harbor provisions ADA";
(comp04/25/08, ¶19) "this is action under ADA 42USC12101…12514" medical
condition  recognized as disability under ADA Rehabilitation Act;

Defendants admitted action is acknowledged in paragraph 19 is ADA and 42
USC12101…12514 all ADA
Actions described are under State license therefore defendants are "public entitle" Title II
ADA, pursuant 42USC12131(1) Public Enteritis (B) other instrumentality of State, means
license of state, they are also under color of state law; matters were paid by employment
benefits therefore it is action under Title I ADA, and Also Title III ADA, and Title V as
reaction to defendants false policy which is superfuge from Title I and II ADA.
Action is under all ADA [title V appears as reaction to defendants false policy];
Plaintiff acknowledges that plaintiff des not claim risk and necessity of security, plaintiff
sues as reaction to appears false policy "risk or security"of defendants or related matters
which are superfuge from subchapter I and II,  Title 42, chapter 126, and this appears
reaction under Title V ADA to defendants false policies. Such risk was not proved
because plaintiff alleged completely denial of medical services and refuse of medical
treatment.


**Unlawful discrimination**

Gender discrimination based on [false unrelated to issue at question] stereotypes of

expectations pursuant to *Hopkin v. Whaterhouse*

Principles of class actions common question of law are applicable; there are various defendants with various interests but with common question of law "equity principles", discrimination based on national origin, ethnicity, gender, disability retaliation

**Issue amending complaint** during trial

Rule 15(b) amendment during or after trial

> 1) Based on an Objection at Trial.
>
> The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.
>
> (2) For Issues Tried by Consent.
>
> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. But failure to amend does not affect the result of the trial of that issue.

Defendants failed to prove that amendment will prejudice **defendants on merit** because defendants prove no merit at all in their actions; defendant failed burden of proof which means defendants are not entitled to dismissal with prejudice; avoiding merit does not means objection to amendment during trial, therefore defendants failed their duties pursuant to Rule 15(b) injuries made prove prejudice to Waivio futility, undo burdens of process willful abuse of process. Defendants gave consent for trial of issues raised in complaint 04/25/08. Rule 15(b)(2) establish that conclusions of trial is independent of amendment issues while in order 07/11/08 court has relation between amendment and conclusion which imply error; court needs to establish final conclusion of law therefore court needs to amend orders with conclusions of law or facts or allow amendment or in alternative allow trial to continue. Defendants failed to prove that issues raised will prejudice defendants on merit shortly they failed to prove that their actions have any merit while injuries made to plaintiff shows flagrant violation of US Constitution and federal laws. Defendants failed or refused to provide evidence or evaluate matters are correspondent to standards of merit therefore their objection does not matters because defendants did not provide evidence in support of merit but rather prove plaintiff's case.

**Issues for review**

1. Whether plaintiff was not offered fear opportunity to amend complaint as corresponding to complexity of issues raised. Time to amend complaint was not proportional with complexity of issues and Pro Se representation. Whether plaintiff was prejudiced in her right to amend complaint by defendants' motion for protection which aggravated procedure.

2. Whether it appears there is no objection, response, to injuries made by defendants to plaintiff; Whether a jury will find decision judgment in plaintiff favor against defendants, Waivio is entitled to decision judgment in plaintiff favor against defendants.

3. Whether defendants appears not have any objection to amending complaint means defendants do not have argument against injury made to Plaintiff. A jury will find plaintiff is entitled to judgment in plaintiff's favor against defendants.

4. Whether defendants, FCI Rapisarda did not conform with safe harbor provisions Title VII required by law, and abused Waivio.

5. Whether plaintiff is entitled to judgment in plaintiff's favor against defendants as finding of trial by jusry with 12 People of Romanian origin; whether based on evidence in record a jury will find for plaintiff against defendants.

6. Whether defendants consented to trial pursuant Rule 15(b)(2) and conclusions of law needs to be in final judgment as to accurate reflect trial.

7 whether defendants violates safe harbor provisions and unlawful discrimination in violation of title VII national origin lack of American culture; whether a jury will find for plaintiff against defendants based on matters presented in record.

7. Whether it appears there is crime

8. Whether it Waivio has judgment in her favor against defendants

9. Whether order of protection 07/03/08 appears unlawful discrimination denial of all medical services, because Waivio's insurance preclude plaintiff from seen other medical providers while Advocate has practice of making intentional injury to Waivio and as proved Advocate medical services were prejudicial to Waivio undue burdens, undue delay, futile.

10. Whether defendants perpetuated UIC practice, and whether it appears other will copy defendants practice and result in complete denial of all legal rights and imply Whether it

appears it is a crime. Judgment in plaintiff's favor is necessary to defer defendants conduct and to deter others from coping such conduct.

11. Whether it appears Plaintiff sues for reaction to defendants practices policies pursuant ADA Title V. Shortly plaintiff does not claim risk and necessity of security dues to existent disability but this appears false defendants claims therefore Waivio sue for reaction to appears false defendant's claims.

12. Whether it appears defendants, AETNA and all other have "common question of law" with Advocate based on ADA Title V based on Waivio lupus disability as induced by FCI, therefore whether it appears there is complete denial of medical services because all have same "federal question based on Waivio lupus disability". This means whether it appears order of protection is complete denial violation of law.

## Part I

Whether plaintiff was not offered fear opportunity to amend complaint as corresponding to complexity of issues raised. Time to amend complaint was not proportional with complexity of issues and Pro Se representation. Other Pro SE had 100 days to amend complaint when such time was not offered to Waivio. Whether plaintiff was prejudiced in her right to amend complaint by defendants' motion for protection and sanctions which aggravated procedure. Motion 06/09/08 prejudiced Waivio in her right to amend complaint and have motion 04/25/08 granted.

On 02/21/08 Karande brought a motion which in essence precluded Waivio from amending complaint; same situation was in 06/09/08 defendants brought motion designated to aggravate procedure and induce denial of Waivio leave to amend; comparing this procedure to other procedure it can be seen that Waivio was not offered fear opportunity of time to amend her complaint and actions of defendants were intentionally to prejudice Waivio from amending complaint and from aggravating procedure complicating procedure over abilities of management of ProSE.

## Part II

Defendants pleaded briefing of issues was defendants interest defendants consent to trial and briefing of issues imply defendants requested evaluation on merit; shortly briefing on 04/25/08 is no prejudicial to defendants; briefing is centered on injuries and illegal

practices imply defendants pleaded that injuries made to Plaintiff were done because they were beneficial to defendants, while briefing on 04/25/08 is not futile, is no delay and it is interest of defendants. Injuries were done with purpose of briefing of issues in federal court by false relation to Waivio participation in federal court; Defendants pleaded that they obtain benefits from procedure of court therefore dismissal of case is error as defendants attested that actions were benefic to them, which means they multiply illegal actions and violation of US Constitution.

Defendants pleaded that trial of issues is interest of defendants and injury of plaintiff was interest in trial of matters which imply actions were willful based on Waivio protected characteristics because satisfied false personal interests of defendants. Court cannot dismiss case with prejudice because defendants admitted that trial and injuries were done for false benefits of defendants while court finds flagrant violation of US Constitution.

### First issues is Karande participated to surgery 09/21/05

Plaintiff declares under oath that Karande without permission of Waivio performed surgery to Waivio on 09/21-22/08 at Dupage Hopital, designated essentially to arrange facts from present legal actions. Action starts before Rapisarda with Karande preparing the actions of Rapisarda. Shortly Rapisarad was fully aware of matters as directly provided by KArande and first action were supported in interest of KArande which essentially today is UIC. Karande  is part of UIC medical services. All arguments were available to Karande and defendants; actions were induced purposefully to satisfy Karnde interests at UIC. Defendants continue UIC practice with specific interest.

### safe harbor "no match letter" under Title VII

Orders of court violated safe harbor provisions "no match letter" of 60 days and adequate procedure to clarify and solve issues of no match. Defendants follow UIC violation from 2002 by safe harbor provisions TitleVII which imply defendants copied UIC practice. Order 07/11/08 declared "any pending motion is stricken as moot" is error because violates safe harbor provisions Title VII "no match letter". Issue is whether orders of court are no match to Waivio requests and issues raised by Waivio.

Correct is to grant motion to withdraw filed 07/03/08 and on hearing on 07/08/08 or to have issues argued by parties. However defendants refused such argument because on 07/08/08 they requested dismissal with prejudice.

Plaintiff believes that trial by jury will establish that Waivio is entitled to judgment in her favor against defendants because defendants refused to conform with safe harbor provisions Immigration Act of "no match latter" and because order proposed 07/03/08 is actually "no-match letter", which defendants used as unlawful discrimination based on national origin Romanian origin by lack of American culture. Defendants abuses Waivio lack of culture.Court decision to dismiss case before 60 days is violation of safe harbor provision.

## Trial

safe harbor procedure requires institutions acting under employment or employment benefits to conform to safe harbor provisions. Any decision which is less than <u>60 days is responsibility of defendants</u>; Decision to dismiss case and order 07/03/08 "Plaintiff's motion for reconsideration is granted" are in violation of safe harbor provisions Title VII because on 07/08/08 court had hearing of Waivio motion to withdraw  and because Waivio requested safe harbor provisions. Decision dismiss case with prejudice is unlawful discrimination based on national origin refusal to conform to safe harbor provisions.

## Facts

1.On April 04/17/06 Rapisarda prescribed treatment for Waivio Gonal-F while the consent form signed on 04/17/08 between FCI and Waivio party was for "natural monitoring and IUI"; rules of procedure, standards of peer review, requires FCI to have natural cycle before any medical procedure"; FCI acted in less than 30 days from first appointment 03/27/06 with the most prejudicial medication; Waivio has no any previous experience in infertility while on 04/17/08 plaintiff signed for natural treatment; FCI and RApisarda took decision in less than 30 days; on 07/03/08 defendants took decision immediately and time was completely ignored; Waivio on **hearing 07/08/08 requested time** because Waivio needed time to make the adjustment to necessities and take adequate decision; Shortly in April 2006 plaintiff could not made any request to defendants other than natural pregnancy because Waivio is born Romanian and has no culture of "infertility treatments"; only defendants gave Gonal-F and this is only on their responsibility because under employment benefits defendants requires special procedure safe harbor provisions; Response 05/06/08 points to "plaintiff claims actions under

Immigration Act, Title VII" which means defendants have full knowledge of necessity of safe harbor provisions. Plaintiff believes further procedure does not change result of trial a jury will find judgment in plaintiff's favor on TitleVII, discrimination based on national origin providing treatment and decisions outside "safe harbor provisions" and decisions were prejudicial to Waivio's health. Section 1981 is applicable because matters were based on defendants interest in Waivio ethnicity associated to lack of fertility treatments; Shortly defendants used plaintiff because Waivio had no previous "fertility treatment" which created a precedent could establish the effects of medication on patient as there was no previous treatment; this imply defendants had specific interest in Waivio's national origin and ethnicity as to establish a precedent for "illegal medical practices".

### AETNA CONTINUED Defendants practice

1. Following defendants AETNA denied all medical services to plaintiff under false policy by coping Advocate false practice belived TitleV ADA. AETNA and defendants have common question of law therefore there is no "other medical providers" as AETNA denial of all medical services. Order introduced 07/03/08 is false because court did not make briefing of issues, while there is no evidence in record and because AETNA denied all medical services to Plaintiff while defendants refuse such medical care. There is complete denial of medical services

2. on 06/27/08 Waivio filed wrong motion; on 07/01/08 plaintiff notified parties of errors. on 07/03/08 plaintiff filed in motion to withdraw of submission 06/27/08; this motion was on hearing on 07/08/08 without court to make service to defendants and only plaintiff made service to defendants; however all parties were in court on hearing of motion to withdraw; question is whether defendants considered Waivio request to withdraw on 07/08/08. Defendants requested dismissal of case with prejudice which they did not correct their order of protection while the presence in the court shows that defendants were notified only by plaintiff. Shortly defendants responded to Plaintiff's request for correction by refusal of such correction and willfully in flagrant bad faith requesting prejudice to Waivio for a misunderstanding. Shortly defendants abused Waivio and trial proved flagrant bad faith of defendants in processing and responding to medical necessities of Waivio.

**Question of case is whether defendants willfully abuse the plaintiff**

On 07/03/08 Edward Nielsen proposed an order "Plaintiff's Motion of reconsideration is granted" in essence he wrote court needs to terminate Waivio legal right by misinterpretation of Waivio's statements; designated to terminate Waivio legal action by abuse of Waivio. Question is whether defendants made any positive efforts to prevent or to correct the error. Nielsen is aware that Waivio did not request termination of her action and he is aware that order proposed was prejudicial to Waivio; Question is whether Defendants acted willfully in flagrant bad faith against Waivio federal and constitutional rights as secured by Federal laws and US Constitution; Whether defendants conform with safe harbor provisions such as allowing Waivio time and procedure to correct matters. On 07/-3/08 and 07/08/08 defendants violated TitleVII, Section 1981, TitleVI, and all others federal laws because defendants surely did nit conform with safe harbor provisions of federal and constitutional laws. Safe harbor provision is provision which requires 60 days or procedure which allow Waivio correction, allow sufficient time for parties to withdraw. Waivio withdraw such matter immediately which imply Waivio notified all about. Actions of defendant from 07/03/08 and 07/08/08 shows without any dought that defendants did not conform with any safe harbor provision but they used errors of procedure and misinterpretations to benefit their false interests. order proposed 07/03/08 defeated any purpose of safe harbor provisions; plaintiff respectfully requests court to declare defendants did not confirm with safe harbor provisions.

**Defendants willfully abused Waivio against Federal laws and US Constitution**

**Court misunderstood Waivio; Waivio did not file motion reconsideration 07/03/08**

Order 07/03/08 "Plaintiff's motion of reconsideration is granted in part" is error. Plaintiff did not file motion of reconsideration for hearing on 07/03/08. Plaintiff give notice to defendants and to court that plaintiff did not move the court on 07/03/08. Order is error, false inappropriate. Motion of reconsideration is only when court terminated case; court did not terminate case before 07/03/08 therefore evidently it is error. Court can not induce an order on 07/03/08 declaring "motion of reconsideration is granted" and terminate case on 07/10/08 because these orders are contradictory. Motion of reconsideration is after case is terminated while in present situation court granted motion

of reconsideration before court to terminate case which imply error under standards of reconsideration. Order 07/03/08 is futile, undue delay, prejudicial to Waivio and futile because defendants continue unlawful discrimination and Waivio's insurance deny any medical service and Waivio is without possibility of correction of defendants practices. Injuries made by defendants proves that defendants' practice injury plaintiff which imply impossibility of Waivio to "seek personal medical treatment to Advocate and others"; court misunderstood plaintiff therefore plaintiff is entitled to reconsideration. This is evidently a Pro Se error and court and defendants had duties to correct such error. Matters on record shows that court and defendants perpetuated a legal error which imply court failed to make its duties because court has obligation under law to secure civil rights protected under US Constitution while record shows defendants and court taking advantage of pro se legal error and demanding advantage in litigation, prejudicing Waivio based on such matters. Court trial proves that defendants refuse to correct issues of fact or law; Court procedure shows abuse of plaintiff's party based on her lack of experience which can be interpreted that defendants abused plaintiff in medical services because plaintiff had lack of experience which imply a guilty decision for defendants. Defendants do not prove good faith in adapting the procedure to specific necessities of Waivio or to seci9fic necessities of process but contrary taking advantage of Waivio and willfully abusing Waivio against. Allegation that Waivio requested "motion of reconsideration" is evidently false because reconsideration is only after case was terminated while plaintiff could have not request reconsideration on 07/03/08 because case was not terminated. Trial of court shows defendants abusing Waivio and making wrongful decisions and adversely misinterpreting Waivio with purpose to take advantage of their business and advantage in litigation. It was obligation of defendants to give more time or to correct error and they should not take advantage of Waivio legal error. Evidently defendants done this with full knowledge that it results in prejudice to Waivio and induce false advantage for defendants; Really trial proved defendants abuse Waivio and falsely make decisions inappropriately to specific process or specific necessities of Waivio but rather made decision as profiting their business with total disregards to Waivio legal rights and law. Shortly order proposed by defendants is evidence of defendants inducing adverse actions requesting to court to introduce legal errors and

pushing for termination of Waivio legal rights while been fully aware such matter was Pro Se error. Defendants proved flagrant disregards to law and process.

**Argument to "Defendants claims ADA Title V"**

1. Defendants falsely claim "risk to Waivio lupus disability"; Defendants by their policy and Gonal-F treatment in April 2006 induced lupus therefore they can not claim risk to what themselves induced; They had obligation to evaluate the risk at that medication in April 2006, and they should have done positive efforts to avoid such medication while record of present case show no any positive efforts to avoid so disaster and invalid medication; shortly they can not claim risk because they are the persons who induced lupus, matters are injuries created by defendants and they should have not given GONAL-F in April 2006 from beginning

2. Defendants refused treatment therefore there is no risk when there is refusal of treatment. There is no realistic evaluation of such matter as there is no record.

3. If it were true that defendants act pursuant to "risk plan" than defendants should consider this matter in April 2006, and should had provided natural treatment to Waivio because natural treatment had no risk for lupus and Waivio had and has no preexisted condition. Shortly defendants prove that they did not act with purpose of prevention of risk but rather they willfully induced "lupus disability" and medical condition by invalid medical treatment and they were aware of results of such treatment.

4. Defendants willfully induced undo delay futile procedure in essence proved matters were induced by defendants therefore are independent of plaintiff; there is no risk policy when defendants' actions prove to act against such matters. Shortly injuries made does not support any risk policy because such policy should have acted to stop defendants actions of injury plaintiff in first place. Defendants' actions contradict any such matters under Title V ADA.

**Trial by Jury finds Judgment in plaintiff's favor against defendants; Defendants induced adjudication**

Any further procedure for defendants does not change result; trial by jury is judgment is in plaintiff's favor against defendants. Defendants' conduct defeated purposes of such institutions, false policies are defeated by main purposes of defendants to protect health

of patient. Injuries made were without motivation and they defeated purposes of defendants that of protection and preservation of health; Defendants conduct defeat defendants or substantially impair program 34CFR 104.4(b)(4)(ii); defendants proved willful actions against plaintiff's federal rights interfering medical matters pursuant 34CFR104.4(b)(iii)"perpetuates discrimination"; application of court procedure to medical services is disaster pursuant 34CFR 104.4(b)(4)(ii) violating all federal laws in equity 14th Amendment. Advocate defendants repeated same "practices" as previous UIC in Waivio v. UIC, proving further procedure is not improving/changing result "no further evidence could affect result" trial by jury is in plaintiffs favor against defendants [see case 05-7479 Virginia District Court of Arlington County "judgment applies only to cases in which no [further] trial is necessary because no evidence could affect result [trial by jury is judgment in plaintiff favor against defendants]".

Shortly it appears that no further trial is necessary because further trial does not change result, trial by jury is judgment in plaintiff favor against defendants; defendants' injury to plaintiff is criminal sanctionable. Defendants are in violation of 34CFR104.6 Assurance required "every application shall contain assurance that program or activity operated by recipient will be operated in compliance with federal laws [and US Constitution]." Defendants described practices are in violation of federal laws therefore of 34CFR104.6.

## Pushkin v. Regents University Collorado (10th Cir 1981)

Defendants complains pretexts are in bad faith and they are a few times more handicapped than pretext of University of Collorado; court concluded committee's reasons for rejecting Pushkin were "based on misconceptions or unfounded factual conclusions, and that reasons articulated for the rejection other than handicap encompass unjustified consideration of handicap itself". Same is defendants pleadings are without any good faith basis; pretexts articulated are more handicapped than handicap itself; defendants pretexts are "stereotyped fears, misconceptions unfunded fears" based on disability which defeat the disability itself. better and more trustful reasons were tried on in Pushkins and rejected by court, therefore defendants pretexts are rejected too. Evidently Pushkins got judgment in his favor for worst disability than Waivio while

Colorado University defended better than Advocate, Therefore Waivio has judgment in her favor. Defendants induced disability to Waivio is not reason for prejudicing Waivio. **Prince Waterhouse v. Hopkins (SCt 1989) In Prince Waterhouse v. Hopkins court** held employer engaged in sex discrimination when it measured plaintiff's performances against stereotyped expectations of female behavior in work place; plaintiff was described "macho". Issue in present case is whether defendants

Falsely associate Waivio to false stereotype of female behavior in court procedure. This precedent is applicable in this case. Order.07/11/08 shows defendants discriminating against plaintiff based on gender sex because defendants regarded Waivio as "litigant falsely regarded as opposite to stereotype of female court behavior" falsely "rejected by court" falsely related to Easly woman, defendants have stereotypes expectations of female participant in federal litigation, and plaintiff appears opposite to their false stereotype expectations of "federal litigant" therefore they discriminated against Waivio based on false "court participation and court false interpretation of orders statements procedures." Defendants motion to dismiss and order 07/11/08 is judgment in plaintiff favor against defendants because it shows defendants have false stereotype expectation of female behavior and this was falsely related to merit of case. Court raised issues of security in essence pointed out Waivio female behavior is falsely associate with "stereotype expectations". Defendants' motion or protection and sanction pointed to false unrelated to medical necessities "stereotype expectation" of female behavior.

**Defendants have false unrelated to medical necessities stereotype expectations**
Female should not represent themselves as Pro Se in court litigation, this is defendants stereotype expectations; Female should not initiate actions such as visiting Karande office or attempt discovery. Defendants' motion for protection and sanction falsely claim false stereotype expectations of female behavior. Defendants motion to dismiss actually claim Waivio is not satisfying defendants false stereotype expectations, and they base their request on false stereotype expectations. These false stereotypes are unrelated to medical issues at question therefore they are false, pretext to unlawful discrimination. Court desired to introduce an attorney is essentially court believes that Waivio court representation is prejudicial to Waivio based on false "stereotype expectations". Same

with issues of security court just complining that Waivio is making some noise but noting consistent, however sufficient to points to defendants false pretexts.

Defendants stereotype of expectations are independent of medical environment therefore they can not constitute reasons to motivate the "extreme injuries done to Waivio". Discrimination is in court procedure; court provide hearings as to see classes which are discriminated: classes are: Waivio is associated to Easyly and with previous court participation in 04-C-3545,06-7189; While "class model female behavior are "Dayal, Cimemnera, Filipovic, female representing Karande" all these girls do not have record of "bad behavior in court procedure"; these women are actually without real court participation because Dayal has no any participation same Filipoviv and Karande representatives; shortly defendants intentionally placed their representatives as women without any previous history in federal court as court has inability of real comperence of Waivio with others. Waivio is falsely placed as opposite to "stereotypes of female behavior" and falsely discriminated based on her gender. Issues of security point to Waivio as being falsely placed opposite to "court stereotypes of behavior in procedure". Pursuant to "Griggs v. Duke Power Co Sup Court" "congress required employer burden showing any given requirement must have relationship to employment. Title VII does not permit employer use employee's conduct as pretext to unlawful discrimination";

Defendants claims are unrelated to requirements in medical environment and medical issues under question therefore defendants are unlawfully discriminating plaintiff in her benefits of employment medical care provided. Defendants claims are pretext to discrimination as they are without significance to issues raised and defendants to establish any relation to medical standards.

**Death of Elijah Waivio is independent of any issue of "stereotype behavior"**

Court findings and trial by jury findings is judgment in plaintiff's favor against defendants because any "stereotypes expectations" are independent of standards of peer review of medicine therefore they do not motivate injuries to Waivio body, death of child, Gonal-F treatment, scaring of uterus. Shortly there is no explanation and no reason what so ever for body injuries made to Waivio.

Defendants by their practice of "stereotypes expectations" appears to have "single rule" no children for women which are falsely classified as opposite to "stereotype

expectations" of female behavior. Plaintiff showed that Black Women are not part of Karande services because Black are opposite to "false stereotype expectations" of karande. Defendants falsely motivated their "stereotypes expectations on business necessity" when there is no proved relationship of such matters. Defendants business is independent of practice and defendants failed to point out to any matter of fact which could motivate business necessity.

### Trial of court is based on hearings rather than complaints

Hearings were two classes were separated; Defendants acknowledge hearings in their pleadings "all parties appeared before Court", shortly prima facie allegations are based on hearings.

### Defendants falsely "misuse judicial system" are stereotypes expecations

Defendants complains are essentially false unrelated to issues stereotype expectations of attorneys comparative to Pro Se litigants; shortly they complain that plaintiff is pro se while they desire attorney representation. However court is prohibited to take decisions on Plaintiff lack of representation in court procedure.

### Medical procedures resulted in injury failed to have any medical explanation

Defendants do not have medical explanation for injuries resulted; defendants claims are independent of medical matters therefore they are outside the standards of peer review. Defendants pretexts pleaded guilty to willful induced injuries without medical motivation. Furthermore further procedure does not change result because clearly injuries were based on matters of protected chartertics independent of medical necessities and standards outside medical care;

### Defendants violated right to notice and advise about false "stereotype expectations"

Defendants did not provide notice and advise about their desired false "stereotype expectations"; defendants expecations are outside standards of peers in medicine review because they are independent of issues of medicine and patient care, therefore plaintiff had no any knowledge of defendants expecations.

### Defendants claims of Rule 8(a)(2) are cover up

Defendants used Rule 8(a)(2) as cover up of illegal and criminal injuries, without motivation. Defendants pleaded 5th Amendment. Shortly the issues is not that they do not

understand the core of facts and core of injuries which is in their records too but that such injury is essentially crime, criminal in essence, therefore they pleaded 5th Amendment.

**Defendants claims "egregious nature plaintiff's conduct" failed to motivate injury**

"particular plaintiff is well known to court" is independent of injuries made by defendants to plaintiff as there is no relation between injury and pretexts; they imply defendants based their decisions on previous unlawful discrimination and previous prejudice of court to Plaintiff; defendants perpetuated UIC discrimination by decision not based on medical necessities but matter from Waivio v. UIC. Defendants pleased that they took advantage of error introduced of Norgle and made injury to Plaintiff as to profit their business under cover of error of court. They willfully induced an action based on error of court. This imply other will do same and injury plaintiff because court error in its decisions.

**There is necessity of enforcement**

Defendants refuse to provide qualified adequate medical services to plaintiff. On Record plaintiff showed that Defendants do not know what is Waivio natural cycle which means medical care provided was total disregards to medical necessities. Such conduct requires enforcement as to enforce defendants to confirm to law. Defendants medical treatment proved to be futile, prejudicial to Waivio undue delay, dilatatory motive as admitted by defendants themselves, all this were different than provided to others; in order for plaintiff to received medical services it is necessary enforcement as to receive adequate medical treatment specific to Waivio necessities.

**Pursuant Griggs v. Duke defendants refused "full and fair opportunity"**

Pursuant Griggs v. Duke defendants refused "full and fair opportunity" defendants did not allow plaintiff to demonstrate by pertinent evidence that their false expectations. Defendants refused interaction, explanation, right to notice and advise as proved on record and defendants did not acknowledge their claims, therefore defendants did not offer plaintiff full and fair opportunity. Defendents have legal tactical strategy and fabricated their false pretexts see Whaterhouse v. Hopkins. Order 07/11/08 shows defendants fabricated their reasons while refusing to obey standards of practice; they make false allegations against clear evidence in record; plaintiff acknowledged that plaintiff had no time and acknowledged that plaintiff can reduce complaint 04/25/08 it

was matter only of time but defendants exposited this instead to correct matters or allow matters a viable solution. Defendants refuse to discuss merit of claims, while matters in court procedure are insufficient to motivate injuries in medical environment; reasons formulated are "flagrant bad faith", they do not have credibility; medical environment is opposite to court environment therefore matter in court procedure shows defendants failed to make they merit and to provide realistic and merit solutions while they apply "standards of abuse of discretion" in medical environment which is essentially refuse of adequate medical services. Defendants failed to prove merit in medical environment and medical matters pursuant to Griggs v. Duke because matters have no specific relation to injuries and false inadequate medical procedure made; defendants proved they are not entitled to judgment or to dismissal of case with prejudice.

**Flagrant Violation US Constitution**

Present action is about flagrant violation of rights guaranteed by US Constitution, right to life prosperity equal treatment etc.Complaint alleges that there is massive scarification of human life, scarification of unborn children by defendants in flagrant violation of US Constitution. The main concern of defendants is not discrimination but criminality of their actions; shortly they do not have concern of injury, death of Elijah, because their criminality is bigger than this. Main issue disputed is what motivate defendants' actions; the deepest violation of defendants is scarification of human life therefore violation of US Continuation, criminality, scarification of human life. Because this is main concern defendants practice is mainly motivated by "cover up" of scarification of unborn children. Shortly the main interest of defendants is cover up of massive scarification of human life. In their response defendants claims that they induced death to Elijah Mises Waivio because of Waivio conduct in court. Evidently this is false because right to life of Elijah is independent of Rodica Waivio therefore violation of right to life of Elijah is independent of Waivio conduct in court.

Defendants practices are unlawful discrimination in essence cove up of flagrant violation of US Constitution and criminal sanctionable practices, about crimes; This false federal interest was falsely associated Waivio Pro Se participation in federal court see record.

# Evaluation on Merit

**Interests of Parties**

There are three different parties represented by different legal representatives. FCI/Rapisarda first party, Karande second party and Advocate third party. Advocate has vicarious liability for Rapisarda and Karande actions as they are employee, they did not deny vicarious liability.

On 05/20/08 Waivio submitted reply; FCI responded immediately by introducing attorney Vittory on 05/20/08; In this case FCI had 4 attorneys, exceeding Karande and Advocate. Shortly FCI proves to have different interest than Advocate and Karande. FCI is treated as different party. Complaint.04/25/08 asserts that Rapisarda hide, cover up "discrimination", shortly Rapisarda proves less federal interest and less retaliation intent with respect to UIC or previous procedure. Shortly Rapisarda has full liability under all federal laws for his actions.

**Gonal-F transaction**

Rapisarda has and proved no interest to retaliate against Waivio in Gonal-F treatment as related to UIC matters or previous federal procedure. FCI pretext "Waivio alleges UIC counselor retaliated" is insufficient to eliminate claims against Rapisarda, it failed with respect to Rapisarda. FCI did not articulate any reason why Rapisarda would be interested to cover up UIC with respect to Gonal-F transaction or why Rapuisarda would be interested in federal procedure. Rapisarda has no interest in UIC to be a professor as he has no such background, and RApisarda had no interest to be a "escape goat" for others. Advocate interest is Gonal-F transaction. Unlawful discrimination is affirmed for Gonal-F transaction. Most motivated in retaliation and federal interest is Karande in Gonal-F. However Karande and Rapisarda are different party, different personalities, different interests. Formulation of hypothesis that RApisarda helped Karande to retaliate or become teacher at UIC is contradicted by RApisarda own personal interests. Shortly Karande may have induced Waivio to be patient of Rapisarda but it is unlikely that personality of RApisarda would have been subjected to Karande false personal interests. Shortly while Karande may have facilitate Waivio to go at FCI, Rapisarda is the medical personal who directed prescribed such medication Advocate FCI has responsibility and are liable for Waivio allegations of unlawful discrimination of FCI&Rapisarda against Waivio. Pursuant Rule 8(e)(2) when matters are separated sufficiently sufficiency of one

alterative does not make inefficient the other alternative. Pursuant Rule 8(e)(2) afct that Rapisarda is different than Karamnde means fact that Karande had motive to retaliate and unlawfully discriminate against Waivio does not make allegations of unlawful discrimination against Rapisarda inefficient.

**Alternative II with Respect to Karande**

In this alternative defendants willfully discriminated plaintiff by perpetuation of discrimination from UIC. Plaintiff believes that Karande induced adverse actions or effects over Plaintiff because he falsely related Waivio medical necessities and her national origin with his false interest to be professor at UIC. Karnde was previously professor at UIC. Shortly he willfully induced injury to Waivio as to make himself usable UIC proved practice to offer employment position to people offering advantages. Karande induced death of baby because liability for Elija premature birth was on UIC. Shortly he eliminated UIC liability, acted in interest of UIC. This is violation of Title VII, etc.Discrimination is also on disability because refused liability of premature birth in order to falsely eliminate UIC liability.*Thomas v. Metroflight (10thCir1987)* Waivio v. UIC Appeal no:07-2364"it is sex discrimination to discharge female worker for having an affair while tolerating similar situated conduct by male employees". It is age discrimination to deny "natural pregnancy treatment" to women over 35 when tolerating natural pregnancy to women less than 35 age.

**Example of persons treated favorable**

Ciminmera appears satisfy "stereotype expectations" of female behavior, Cimmenera declared that she has not "child dead", "burnt uterus", "scared uterus" nor "blocked Fallopian Tube" implies defendants treated Cimimera based on her age nicely without adverse action over her health. Shortly other women not in protected Waivio class were treated gently with care.

Irina Goldvekht Advocate employee received from Lutheran General Hospital a child in 2007, and she had no uterus scar, she had no child death; she was not treated with Gonal-F; she aws provided with gently treatment; she is 34 aged; she is jut two years younger than Plaintiff was when Rapisarda give Gonal-F; she appears to be in class of "stereotype expecations" of Lutheran while plaintiff is falsely misclassified as opposite to such false unrelated to issues "stereotype expecations";

However actions over Waivio are severe adverse implies evident discriminatory attitude. Dayal declared that she has not "child dead", "burnt uterus", "scared uterus" nor "blocked Fallopian Tube" implies defendants treated gently and nicely favorable Dayal based on her "no-lupus", no Romanian or no- traditionally discriminated, no national origin American nicely without adverse action over her health. Shortly other women not in protected Waivio class were treated gently with care. Dayal appears to be "stereotype expectations of defendants". Defendants introduced evidence of discrimination.

Response is motion to dismiss implies defendants denies medical treatment to Waivio and induce adverse actions over body parts while they did not treat Cimenera and Dayal or Goldvekht in this way and refuse Waivio adequate treatment by request denial of medical services.

This case is evident case of discrimination because Rapisarda treatment was not based on specific necessities and specific medical situation of Waivio because Rapisarda never performed an ultrasound before "Gonal-F"[saline ultrasound was prior testing unrelated Waivio individuality]. To prove discrimination means to prove that decisions were not based on specific individual merit of Waivio; Rapisarda did not know Waivio individual merit. It is age discrimination to have disparate treatment to have policy which give safe medication to young women (less than 35 years) but give unsafe medication [unconstitutional]to older women(less than 35 years).

Prince Watherhouse v. Hopkins (SCt1989)

In Prince Waterhouse v. Hopkins Court held that employer engaged in sex discrimination when measured plaintiff's performances against stereotypes expectations of female behavior. Rapisarda engaged in sex, age discrimination when measured plaintiff's performances against false or inappropriate stereotype expectations of female[or over age 35]matters. Rapisarda intentional misdiagnosis of Waivio was based on false "stereotype expectation of woman over 35 age" and ignored and disregarded specific necessities and specific situation of necessities for Waivio as correspondent to her medical necessities, culture traditions individual necessities in April 2006. Rapisarda treatment is not based on Waivio's specific necessities but on FCI policy and Rapisarda practice based on false stereotype expectations of woman over 35 years.

*Thomas v. Metroflight (10thCir1987)* Waivio v. UIC Appeal no:07-2364"it is sex

discrimination to discharge female worker for having an affair while tolerating similar situated conduct by male employees". It is national origin to tolerate "older age"[age over 35 years] to American women and not to tolerate older age [age over 35 years]to Romanian women or minorities. Rapisarda did not tolerate Waivio age over 35 years. He did not provide gentle treatment but extreme aggressive treatment. It is national origin to tolerate "birth procedure" to Chinese/Hispanic/Americans but not to tolerate "birth procedure" to Romanians or minority national groups Black African American or traditionally discriminated people. Rapisarad willfully induced lupus as interested to create precedent legal actions as to increase FCI and Advocate monetary benefits. In April 2006 FCI had just 4 offices today FCI has more than 10 offices imply FCI made injury to plaintiff with purpose to benefits its business and business of Advocate. Karande had extended it business following facts in this case and in 2007 Karande become part of UIC medical services imply karande made all this with monetary and huge profits. Same with Advocate grow it business while in essence made injury to plaintiff designated to induce legal action to create precedent to regard illegal practices as without penalty of law by abuse of Waivio federal procedure. Defendants falsely claim "business necessity" because defendants grow their business and did not lower their business which imply the done this with interest of profits not with necessity of protection. Motion for sanctions and protection is false because Karnde,FCI and defendants and FCI doubled their business while injuring plaintiff proving no business necessity but willful desire to illegal profits business and abuse the legal procedure in flagrant violation of law. Defendants lie to court about.

**Insufficient objection** Defendants objection over relief to suspend medical license, damages 130 millions, declare Gonal-F invalid treatment, increase risk doctors, other means are insufficient because matters alleged are flagrant violation of US Constitution and flagrant violation of professional standards, federal laws and similar situated legal procedure in similar conditions made similar situated requests as to provide relief and deter practices see complaint 04/25/08.Present evidence provided by Waivio invalidated Gonal-F medication, any objection needs to be made by denying Waivio allegations while defendants prove no denial. Defendants do not deny that Gonal-F is invalid. If Gonal-F were valid than there was no reason why Dayal Anajly would not use it at her

age of 43 years; Fact that Dayal did and does not use Goanl-F means it is invalid and this
is defendants' real believe. Dayal affirmed she did not use Goanl-F means there was no
necessity of utilization of such medication to 43 years women means there was no
necessity of utilization of such medication to Waivio at 36 year in April 2006. Shortly
defendants proved allegations of complaint.

**FCI lies to court**

FCI Response admitted to facts alleged in amended complaint; FCl Response lies to
court. Allegations against Rapisarda are Gonal-F transaction see (amend comp Count I)
pag38, while FCI falsely claim different. FCI lies to court allegations against Rapisarda
are short, which are just a few paragraphs, and in complaint 01/16/08 they are easily seen.
Time of Karande and time of Rapisarda were both short, however Karande responded
implies Rapisarda proved bad faith. Rapisarda is guilty. Rapisarda acted based on false
interest of national origin interested in testing or other false interests.

**Orders of district court in Norgle case imply plaintiff's participation in court is
specific**, individual, it is dependent of national origin, disability gender, protected actions
which means has many variable which are dependent of plaintiff's protected chartertics.
Plaintiff's submission conduct in court from record should not be ground for sanctions
but ground to educate, learn, accommodate, train about plaintiff's protected chartertics;
plaintiff can not be sanctioned for her participation in court procedure because the main
idea is to educate learn about plaintiff's individual merit and protected chartertics which
means court participation is good information for education, learning accommodate with
plaintiff. Defendants' continue repeated request for sanctions prove no will and no
positive effort to learn educate themselves abut plaintiff specific individuality and her
protected chartertics. Defendants have no adequate knowledge of plaintiff therefore their
medical procedures are misevaluation while defendants failed to specifically evaluate
plaintiff as necessary to her specific situation and charactheririrics. Defendants actions are
unlawful discrimination because it is not based on plaintiff but on false expectation, and
false policies and they are far away from realistic evaluation of Waivio necessities.
Orders in Norgle 05/18/05 and 08/09/05 explicitly warned defendants that court
procedure and medical services procedure are opposite alternative, unrelated, with
opposite way; court procedure follows FRCP which means is less specific and less

oriented to specific necessities of individual; medical services are mainly specific to each individual, specific necessities and do not follow rules of procedure but they obey equity principles.

**Merjerb v. Illinois Tollway (7th Cir 2000) No: 00-2547 is applied**

**First Issue is whether "only a mouse would have been frightened** by Plaintiff's court participation in federal court". Defendants' claims failed because only a mouse would have been frightened by Waivio's participation in federal court. Waivio is pro se and as proved Waivio has limited legal experience and no legal knowledge. Shortly Waivio is disadvantaged comparative to attorneys and law firms. Waivio has no legal experience and no legal knowledge of law as proved till today Waivio got no remedy. Defendants claims are false and the pretexts to discrimination is false because "only a mouse would be frightened by Waivio, a pro se"; in the case in which an attorney states that she is frightened by Waivio than that attorney is frightened by all other attorneys too, therefore the attorney is "a mouse". Reason for defendants to be frightened is the fact that attorneys in this case are uninitiated without legal experience therefore it is not Waivio court participation the matters which frighten them but fact that legal representatives have no federal experience. However Nilsen has all legal experience and as alleged he has history of legal misconduct therefore fitting the profile in this case; shortly the misconduct of defendants in court procedure is reason to be frightened and this is independent of Plaintiff, therefore defendants false reasons failed; Defendants' pretexts of Waivio's court participation is false. Defendants explanation is no the real reason and reason provided allows a triar to infer discriminatory intent .was a mere pretext from which a triaer of fact might infer a discriminatory intent. See *Lenoir v. RollCoater*, Inc., supra, 13 F.3d at 1133; Record of present case shows no long submission while just three motions with one page two to withdraw and correct and present motion. Allegations that Waivio's conduct in Norgle case is repeated here are evidently false disproved by record and case process. As proved and alleged attorneys conduct in this case pursue Advocate Unlawful discrimination, because they harass plaintiff and they burden court and the process and they have contumacious conduct designated to misconduct case. Counselors pleadings are false in bad faith inducing adverse actions against plaintiff, therefore unlawful discriminatory.

**Second issue**

Merjerb v. Illinois Tollway **"issues is not whether Merherb was a menace; issues is whether Merherb appeared to be a menace"**. Issue is not Whether Waivio is a menace for District Court; issues is that Waivio does not appear menace for district court. Advocate statements in Part 2 are false because they falsely misinterpret Norgle's statements. Defendants claims that Norgle opinion claims that Waivio is a menace and that this was motivating defendants unlawful discrimination. Waivio replies that this is false. Under Theory of discrimination issue is not whether Waivio is a menace to federal court; issues is whether Waivio does not appear to be a menace to federal court. Defendants falsely claims that there were 5 federal cases against UIC, or two state cases because all cases were consolidated and followed some procedure for federal question. Court procedure was same for all. It is false "Norgle opinion was against her conduct resulting in dismissal with prejudice" this is false Norgle opinion is judgment for plaintiff against defendants where court sanction defendants conduct. Norgle opinion was against defendants and their counselor conduct. Dismissal with prejudice is not solution to solve misconduct in court environment; judgment for plaintiff against defendants is solution to defendants practice.

**Waivio's conduct in court is false pretexts**

Pursuant Merherb v. Illinois Tollway

"he has failed to show that the stated ground for his discharge—his behavior--was a mere pretext from which a trier of fact might infer a discriminatory intent. See Lenoir v. Roll Coater, Inc., supra, 13 F.3d at 1133; Smith v. Leggett Wire Co., 220 F.3d 752, 759 (6th Cir. 2000); Crawford v. Runyon, supra, 37 F.3d at 1341."
Waivio alleges "Waivio court conduct" in 04-C-354 and present case is "a mere pretext from which a trier of fact might infer a discriminatory intent". Advocate claims are false, disproved by record. Record of present case does not show egregious conduct by Waivio. Motions are just one page and only for amendment, or correction of compliant.

Huges v. Brown (7th Cir 1994) No:93-1948

"The employee may challenge the employer's stated reasons as being merely pretextual. Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). An employee may establish pretext by proving one of the following: "(1) [d]efendant's explanation had no basis in fact, or (2) the explanation was not the 'real' reason, or (3) at least the reason stated was insufficient to warrant the discharge." Lenoir v. Roll Coater, Inc., 13 F.3d 1130, 1133 (7th Cir.1994); see also Texas Dep't of Community

Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). In trying to establish that an employer's explanation is pretextual, an employee must "focus on the specific reasons advanced by the defendant." Smith, 876 F.2d at 1319; see also Aungst v. Westinghouse Electric Corp., 937 F.2d 1216, 1220-23 (7th Cir.1991).

Pursuant Lenoir v. Roll Coater Waivio proves that ""(1) [d]efendant's explanation had no basis in fact, or (2) the explanation was not the 'real' reason and (3) reason stated was insufficient to warrant the dismissal".

It is false that "Norgle opinion was against her conduct resulting in dismissal with prejudice", Norgle opinion describes unlawful discriminatory practices of UIC and ETS and their counselors against Waivio based on her protected charterics because they falsely related Wavio protected charterics with their false private interests. Explanation offered by defendants is not the real reason with respect to Gonal-F transaction and other medical issues. If it were true that Waivio's conduct in court is burden to defendants than Rapisarda should have not provided Gonal-F treatment to Waivio because natural cycle was less aggressive treatment available therefore Waivio's conduct on court is proven pretexts with respect to Goanl-F. Defendants pretexts for lupus transaction is also proven insufficient to warrant body injury and refusal of medical services.

**ADA safe harbor**

1. On 10/18/07 Hon Judge Kandall introduced an order in case 06-7189. This order states "court cannot ascertain whether Defendants have complied with "safe harbor" provisions" pag 5.  Plaintiff believes defendants in present case did no comply with safe harbor provisions.

2. Defendants completely denied benefits to Waivio and they refused to make minimum of record or to acknowledge to Waivio. They did not conform to procedure of safety for Waivio because they completely denied medical services to Waivio when medical services were extreme necessary ["safe harbor provision" is in ADA 42 USC 12201[1]. Specifically it is about]

---

[1] 42 USC 12201(c)(c) Insurance not prohibit or restrict  Paragraphs (1), (2), and (3) shall not be used as a subterfuge to evade the purposes of subchapter [1] I and II of this chapter.

3. defense as safe harbor provision[2] is not applicable in cases of total denial of benefits under law [plaintiff's briefs argued a complete denial of benefits of plaintiff or complete denial of legal rights under laws by defendants' practice in court procedure; present cases are about completely denial of plaintiff's benefits under laws] *See, e.g., Anderson v. Gus Mayer Boston Store of Delaware*, 924 F. Supp. 763 (E.D. Tex. 1996) (holding that safe harbor provision is not applicable in cases of total denial of benefits [insurance]; **no actuarial risk makes someone uninsurable**; complete denial is a *per se* violation of the ADA's mandate that employers provide individuals with disabilities equal access to employment benefits [insurance coverage]).

**Defendants claims failed when used Norgle Opinion Aug 31, 2006 as false pretext to unlawful discrimination**

Defendants used Norgle order as pretexts to unlawful discrimination.

Defendants responded to Waivio claims by alleging that defendants' action were motivated by Waivio's court participation, and Waivio's court participation is reason to dismiss case. Such claimed because FCI Gonal-F Treatment was before termination of Norgle care and imply defendants pretext failed, matters were timely before decision of Norgle. Furthermore Norgle judgment is judgment for plaintiff against defendants.

**Medical environment is opposite to Court Environment**

Court matters described in Norgle Opinion and Order is reversed for Advocate Defendants medical situation when Waivio was patient. Trial by jury shows Plaintiff is entitled in judgment in her favor.

SA: Court procedure is based on professionalism follows federal rules of rocedure

SB: Medical environment is specific to aech individual [each individual is trted specific to necessities and specific conditions].

Statement SA and SB are opposite, as professionalism and individualized medical care rc opposite, FCP are posite to individualized medical care. This means Medical environment and court environment are opposite alternative. Defendants and counselors practice in court is not defense to complaint because they are in opposite alternative they are done by business people following FRCP under rules, and they are opposite to

---

[2] [http://www.bazelon.org/issues/disabilityrights/resources/_ftn46#_ftn46]

medical services which are individual specific to necessities particular conditions.
Defendants practices are willful intentional actions while they are aware court procedure
is opposite to medical environment. Defendants and counselors court participation is not
defense but willful misconduct, discriminatory practices.

SC: Defendants claims in medical procedure at FCI, Advocate, Lutheran KArande

SD: Defendants claims in Court procedure.

Statements SD And SC are related as continue pattern and practice, similar situated
practices, but in opposite alternative because medical and court environments are
opposite. Pursuant Rule 8(e)(2) the sufficiency of defendants claims in Court process
proves no claims in medical services.

SE: Defendants unlawful discrimination against Plaintiff in medical services at FCI,
Lutheran, KArande

SF: Counselors unlawful discrimination against Plaintiff in court procedure

SE and SF are related Pursuant Rule 8(e)(2) because counselors "pursue defendants
unlawful discrimination" but they are different because counselors and defendants have
different interests in different, opposite environments.

Principles of class action applies; common question of law is SF and SE, practices of
defendants and counselors appears similar situated, in same neighborhood, therefore
actions of counselors in court procedure is evidence in support of proving unlawful
discrimination of defendants.  Plaintiff proves unlawful discrimination using court
environment to prove that defendants; actions appears similar situated to actions of
defendants in court environment, therefore proving discrimination in medical services
based on continuation of pattern and practice.

In interpretation order 07/11/08 matters must be reverse when applicable to present
Defendants. Defendants' reasons to motivate actions against plaintiff were proved false
while defendants action and counselors are proved continuation of pattern and practice of
Advocate Unlawful discrimination.

Defendants and counselors practice in court is similar to that from medical services at
FCI KARnade Advocate [and similar situated to UIC].

St1 Defendants refused to treat gently Wavio in medical services

St2 Defendants refused to treat gently Waivio in court procedure

St1 and St2 are related pursuant Rule 8(e)(2), they appear similar Merherb v. Illinois Tollway allegers the issue is not whether St1 is same with St2 but whether they appears similar situated, therefore continuation and similarity of practices proves Waivio's claims. Issue is whether St1 appears similar situated as St2 as to be interpreted as evidence circumstantial evidence in support of claims of complaint; Defendants' practice are common question of law therefore continuation of same unlawful discrimination therefore matters in court procedure proves allegations of unlawful discrimination in medical services.Defendants' make false statements and conceal the true from court is about how Waivio was treated in her medical services as defendants deceived Waivio.

## Class Action

Actions in court environment may be interpreted as class action with actions in medical services, therefore principles of class actions are applicable; Gonal-F, Lupus and Court multiple tractions have common question of law therefore they are related, needs to be discussed together. Because this is class action class action principles are applicable as in Franks v. Bowman[3] quoted here:

   **Class action principles** is applicable Waivio.cases because common question lawFranksV.Bowman.Transportation.ArgumentMastering.Diversity.pag.193"TitleVII.Cl assAction"establishes"class.actions.make.it.eaier.to.prove.pattern.practice.discriminatory. practice""demonstreating.existence.discriminatory.hiring.pattern.practice.Waivio.has.ma de prima.facie.case.discrimination""Stemming.prima.facie.evidence.there.are.resonable grounds infer individual hiring decisions were made pursuit discriminatory policy". Reinterpreting *Franks.vBowman* couselors' actions were made pursuit Advocate discrimination national origin, gender dsability.Counselor's actions are based on race, national origin, gender pursuit Advocate discrimination. Class action does not require prime facie allegations for all members, prima facie allegations is not required in court seeUS.SupCourtFranks.V.BowmanTransportation.Co "class.action.did.not.prove.all def'decision.were.discriminatory.pattern, it did create greater liklyhood that any single decision was component of overall pattern", which is in Waivio case, its is not necessary to establish same cause,but liklyhood same pattern; shourtly counselors' actions are closest liklyhood same Advocate discriminatory practice. Issue is not whether is same

---

[3] See Waivio brief in 07-3695, Waivio v. UIC, deficiency brief 02/235/08 pag 37 "Waivio calss ACtion"

cause but whether they are suffciently related to affirm with good probability is discriminatory practice Mastering.pag.193-

194."Class.action.often.demand.damages.greterthan individual cases".Class action is procedure recognized as easier to prove allegations, there "were resonable grounds to infere" supporting palin

Pursuant Franks v. Bowman, fact that Waivio made her prima facie allegations in Gonal-F and Lupus transactions  implies Waivio has no duty to make prima facie allegations in court environment. Issues is not that they are different, but whether court allegations is in the resonable likelihood of cause of action created by medical services.

Facts in court environments proves allegations and provide evidence for medical services.


**Standards of Evaluation**

An employee may establish a prima facie Title VII case by showing that: (1) he belongs to some protected class, (2) he performed his job satisfactorily, (3) he suffered an adverse employment action, and (4) his employer treated similarly-situated employees outside his classification more favorably. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). When an employee satisfies each of the above prongs, he raises an inference of discrimination. See id.

Once a prima facie case is established, the employer must somehow account for its allegedly discriminatory actions. McDonnell Douglas, 411 U.S. at 802-03, 93 S.Ct. at 1824-25; Morrison v. Booth, 763 F.2d 1366, 1371 (11th Cir.1985). An employer may rebut a prima facie case by articulating at least some legitimate, nondiscriminatory reason for its allegedly bias employment decision. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); Palucki v. Sears, 879 F.2d 1568, 1570 (7th Cir.1989); Smith v. General Scanning, Inc., 876 F.2d 1315, 1319 (7th Cir.1989). Defendants response is in McDonnel Douglas fashion, therefore Waivio replies

correspondent to McDonnell Douglas method.


DDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDD
DDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDDD

**Defendants actions are flagrant violation of US constitution and federal laws**

Defendants in this case do not have respect to federal laws and constitutional rights, they prove criminal and flagrant violation of right to life. Defendants prove flagrant bad faith.

Retaliation or conspiracy are matters which are based primary on respect to federal laws,

fears of federal law, federal rifghts constitutional rights while defendants prove contrary.

S1: Waivio participates in activities protected by Federal law

S2: Defendants do not care about federal law, have total disrespect to federal law

S3: Defendants retaliated against plaintiff

S2 is true as proved by pleadings means S3 is not necessary true shortly defendants

disrespect to law show that the retaliation or conspiracy is not primary, because there is

no such care or concern about law. Conspiracy and retaliation are based on desire to deter

participation or testimony with main purpose of advantage but such deter is not motivated

when there is flagrant and bad faith or when defendants prove the practice. Some

conspiracy and retaliation were but they were not main and sole reasons.

Kendall order that Hellerman retaliated against Waivio is false because Hellerman does

not care about Waivio participation in court or her activities. He is not frighten by Waivio

Pro Se representation, implies his actions are primarily unlawful discrimination based on

protected characteristics because they are continuing and repeated.

Waivio Pro se participation does not frighten counselors therefore there is no retaliation

or conspiracy. Main idea in defendants practice is that they do what they are interested in.

To prove the defendants allegations is to prove that they are interested in specific class

and that Waivio was placed opposite to defendants' desire;

**Argument [see deficiency brief submitted 02/25/08 appeal 07-3695]**

Key Argument see"Key Argument pag 27 deficiency brief appeal 07-3695"

Merheb: Issue is not whether Merheb is menace but whether Merheb appears to be

menace

Issue is not whether Plaintiff is menace but whether defendants falsely regard Waivio as

menace;

Issue is whether it appears defendants willfully made false interpretations of Waivio

conduct in court or her actions; record of court show defendants falsely and willfully

misinterpreting Waivio which imply they willfully desire to see Waivio as menance and

they refuse anything else. On 07/03/08 plintiff corrected and aknowlaged that Waoivio

did not file a motion of reconsideration; however defendenst on 07/08/08 refused to allw

Waivio possibility of claeridfication; defendenst violation of safe harbor provision is not

accidental but willfully made so because they intentionally desire to misinterpret Waivio. Nilsen on 07/-3/08 wrote that Plaintiff filed motion of reconsideration but case was not terminated; he was willfully aware that such matter was error and defendants refuse to allow withdraw, correction, clarification other possibilities. Shortly trial of facts show that defendants willfully desire to see plaintiff as menace and this is independent of plaintiff or plaintiff's efforts for clarification and plaintiff's efforts to stop unlawful discrimination; evidently than only a court order can stop defendants in their abuse of plaintiff, and defendants described practices are independent of Waivio of her protected characteristics.

  Defendants misclassified Waivio related to Easily based on national origin and false [appears personal interest to federal procedure through federal court participation or federal records]; Plaintiff is not African American but defendants have specific interest in federal procedure and Waivio participation in federal procedure falsely appears looking like Easily therefore defendants falsely related Waivio to their false interests based on national original chartertics or chartertics of traditional discrimination among which are Pro Se representation, record of arrest, federal record, and record of been prejudiced in federal court.As described in reply Aug 18, 2006 in 04-C-3545 defendants discriminate plaintiff based on her protected chartertics by false relationship between plaintiff's protected chartertics and their false personal interests. defendants have false personal interest in Gonal-F to stand review of federal court while using Waivio's protected characteristics among which is "Pro Se representation, federal record" as means of false personal interests.

**Defendants disproved their opposition**

Opposition  is to prove that defendants had main interest to hide discrimination from court; defendants in present case prove discrimination; Waivio amended complaint based on evidence provided by counselor themselves in court shortly they do not really prove retaliation as main purpose. Actions in court disprove opposition, or retaliation. Conspiracy is also based on proving that defendants mainly intend to deprive Waivio of legal rights, but here defendants prove discrimination. Shortly retaliation or conspiracy are not primary allegations or main cause of action because defendants demonstrates flagrant bad faith to court and law, they do not really care about court or law. Same

action in court disproved defendants' opposition to amendment because defendants prove
the unlawful discrimination. Shortly defendants claims that amendment is futile,
prejudicial, undue delay is false pretext to discrimination because defendants by
themselves proved unlawful discrimination in court and induced such causes of actions,
there can not be prejudicial, futile what themselves induced.

### Conclusions

For reasons presented Plaintiff respectfully request to correct and amend orders of
court Pursuant to Bank of Waunakee v. Rochester Cheese Sales Inc 906 F 2d 1185 1191
(7th cir 1990) and pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the
trial and orders introduced on this case on July 3-11, 2006 or motion for new trial,
rehearing under Rule 59(a)(2), or motion pursuant to Federal Rule of Civil Procedure
60(b) to release plaintiff from "decision dismissal with prejudice" or Motion Pursuant
Rule 15(b)(2) motion to amend complaint or other similar situated standards. Plaintiff
respectfully requests to Honorable Court to delay appeal, to declare that there is resonable
ground to delay appeal. *Plantiff request final by jury to all trigble*

Respectfully signed Rodica Waivio    *Rodica Waivio*

Acknowledgement

This document is unfinished; there may be minor errors and correction there may be
needed however plaintiff does not know exactly today what is necessary therefore further
corrections modifications are expected.

*Previous arguments from record are included
and repeated*

This is added (it was inapproately copied)

**Same Principle of Action and Reaction applies to:**

Complaint 11/28/07&01/16/08 declares Unlawful discrimination based on national origin; however defendants admitted that previously 04-C-3545 was actually a set of causes of action and unlawful discrimination based on national origin was correlated to unlawful discrimination based on disability, gender, retaliation, protected actions etc. Shortly history on record which was acknowledged by defendants induces actually Waivio "claim action of national origin discrimination" to have "reaction" as "claim action of disability discrimination", "claim action of gender discrimination", "claim action of protected actions", all are the reaction of 07-C-6690 to existent record of 04-C-3545 invoked by defendants. Shortly the history induced reaction to "action of national discrimination", and reactions are all mentioned in 04/25/08.

Issue is not "number of statutes and regulations solely by title, providing no clue as to the provisions defendants allegedly violated or the authority for basing a private cause of action on them" host of other unidentified laws: "This action is under Illinois Constitution and all state laws and all federal laws related to facts and federal matters presented . . . ." All these are the reaction to original issues raised and they are treated as correlated reaction issues. The clue is the original claims, basis is the original claim interaction to all others laws and all others issues. Shortly it is about the interaction of original claim to all others issues of laws or facts raised; Defendants violation is flagrant violation in its fundamental and it has coverage, or liability under unspecified laws because all laws prohibit killing a child or flagrant violation of rights to life.

Shortly issues of fact are flagrant violation of right to life and this has huge reaction because about any federal or state laws prohibit such mattes. The issues is not that they are many but that the violation is without possibility of evaluation or measurement because it is something which is beyond civil law, is more than anything in civil law, it essentially appears a crime. Shortly the issues is whether it appears there is criminal activity.Complaint 04/25/08 by its dimension and extent expresses it appears to be criminal activity, there are actions criminal sanctionable and reaction of laws and issues raised is Without possibility of expression, because basically is flagrant violation of federal and state laws and US Constitution, it appears crime.

For RODICA WAIVIO:
**Click To View Eligibility**
**Click To View Claims**
**Click To View Referrals**
**Click To View Precertifications**
**Click To Create Referral**

We want you to know™



**Referral Response**

For help and tips on using this screen, click 'Help/Tips' directly above in the Workflow Tracker.

**Certification Number:** 032031880

**EDI Trace Number:** 032205541WEB

**Certification Status:** Certified in Total

**Reject Reason:** Not Applicable

**NaviNet Status:** Approved

---

**Member ID:** W147464098

**Member DOB:** 08/04/1969

**Referred From Provider Name:** GOLDVEKHT, IRENA C

**Member Name:** WAIVIO, RODICA I

**Member Gender:** FEMALE

**Referred From Provider NPI:** 1154309755

---

**Referral Effective Date From:** 05/29/2008

**Referral Effective Date To:** 05/29/2009

---

**Specialty:** HEMATOLOGY & ONCOLOGY

**Number of Visits:** 3

**Diagnosis Code 1:** 289.81

**Diagnosis Code 1 Details:** PRIMARY HYPERCOAGULABLE STATE

**Comments to Service Provider:**

**Specialty Code:** 207RH0003X

**Place of Service:** 11 - OFFICE

**Procedure Code 1:** 99499

**Procedure Code 1 Details:** UNLISTED E&M SERVICE

---

A certification action indicating "Certified in total" is not a guarantee of payment. Payment is subject to eligibility on date of service, plan benefits limitations and exclusions, pre-existing condition limitations, and patient liability under the plan.

5/29/2008



We want you to know™

**Referral Response**

For RODICA WAIVIO:
**Click To View Eligibility**
**Click To View Claims**
**Click To View Referrals**
**Click To View Precertifications**
**Click To Create Referral**

**For help and tips on using this screen, click 'Help/Tips' directly above in the Workflow Tracker.**

| | |
|---|---|
| **Certification Number:** 032031924 | **NaviNet Status:** Approved |
| **EDI Trace Number:** 032206572WEB | |
| **Certification Status:** Certified in Total | |
| **Reject Reason:** Not Applicable | |

| | |
|---|---|
| **Member ID:** W147464098 | **Member Name:** WAIVIO, RODICA I |
| **Member DOB:** 08/04/1969 | **Member Gender:** FEMALE |
| **Referred From Provider Name:** GOLDVEKHT, IRENA C | **Referred From Provider NPI:** 1154309755 |

| | |
|---|---|
| **Referral Effective Date From:** 05/29/2008 | **Referral Effective Date To:** 05/29/2009 |

| | |
|---|---|
| **Specialty:** RHEUMATOLOGY | **Specialty Code:** 207RR0500X |
| **Number of Visits:** 3 | **Place of Service:** 11 - OFFICE |
| **Diagnosis Code 1:** 289.81 | **Procedure Code 1:** 99499 |
| **Diagnosis Code 1 Details:** PRIMARY HYPERCOAGULABLE STATE | **Procedure Code 1 Details:** UNLISTED E&M SERVICE |
| **Comments to Service Provider:** | |

A certification action indicating "Certified in total" is not a guarantee of payment. Payment is subject to eligibility on date of service, plan benefits limitations and exclusions, pre-existing condition limitations, and patient liability under the plan.