*MHN*

*FILED*
*8-5-2008*
AUG – 5 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RODICA WAIVIO,                    )
Plaintiff,                        )   Case NO: 07-C-6690
         v.                       )   HONORABLE JUDGE
ADVOCATE HEALTH CARE NETWORK,     )   Honorable Guzman
ET ALL Defendants.                )


## MOTION TO APPOINT ATTORNEY AND EXTEND TIME OR DELAY APPEALS

**NOW COMES** Plaintiff, RODICA WAIVIO, in Pro Se representation, and presents her
Motion, respectfully states the followings:

1. Plaintiff respectfully requests to appoint attorney, to delay appeal, to extend time
   for Notice of Appeal and Application forma paperius.

2. **Hystory**

3. On Nov 28,2007 plaintiff filed in present case.

4. On July 10, 2008 this court dismissed case.

5. On July 21, 2008 court denied motion of reconsideration.

6. On July 11, 2008 plaintiff filed in case 08-C-4938.

7. On July 18,2008 court dismissed case 08-C-4938.

8. Plaintiff filed in a motion for reconsideration on 07/30/08, *in case 08-C-4938*

9. On July 31, 2008 Hon Court reset hearing of motion for 08/19/08 ay 9:30am.

10. Plaintiff on present action respectfully requests to this Hon Court to appoint an
    attorney for procedure in front of this Hon Court on Application to proceed in
    form papers, *and delay appeal, Notice of Appeal.*

11. Plaintiff also would like to request to extend the time for submission of Notice of
    Appeal and "Application in format papyrus" as application for Notice of Appeal
    to Hon Court's decision from July 11, 2008 which plaintiff intends to file it ▬▬
    ▬▬▬▬▬▬. Plaintiff requests an extension till and including Aug 27, 2008
    for Notice of Appeal and  application in forma papyrus for Notice of Appeal.

12. **Motivation**

13. Order July11,2008 appears ruling on Karande motion to dismiss submitted 02/21/08; however order from 03/25/2008 strike this motion; plaintiff was not provided with notice that such motion participates to pleadings and ruling of court. Plaintiff is in Pro Se representation without legal experience.

14. Pursuant to Rule 60(b) order of court July 11,2008 was released by order 3/25/08 which declare Karande motion to dismiss 02/21/08 is striken. Plaintiffs was not provide with knowledge of claims of defendants because order of court declared such matter striken while court did not warn Waivio about.

15. KArande motion requested court to declare that there is no resonable reason to delay appeal; such declaration is not in order July 11,2008 imply Waivio is entitled to enforcement of medial services and delay of appeal.

16. By present motion plaintiff requests court to delay appeal and to enforce medical services over defendants.

WHEREFORE RODICA WAIVIO respectfully requests that this Hon Court grant her motion, and grant Plaintiff all relief deemed appropriate under law.

Submitted, By Plaintiff, Rodica Waivio
Address: 1325 Baldwin Ct Apt 2A
      Palatine IL 60074

08/05/08
Rodica Waivio

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.1.3
### Eastern Division

Rodica Waivio

　　　　　　　　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Case No.: 1:07−cv−06690
　　　　　　　　　　　　　　　　　　　　　　　Honorable Ronald A. Guzman

Advocate Health Care Network, et al.

　　　　　　　　　　　　　　　Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, March 25, 2008:

　　　MINUTE entry before Judge Honorable Ronald A. Guzman:Motion hearing held on 3/25/2008 regarding motion to dismiss [34] and motion to amend complaint[47]. Motion by Defendants Vishvanth Karande, Karande & Associates to dismiss [34] is stricken without prejudice. Motion by Plaintiff to amend complaint [13] [47] is stricken without prejudice. Defendants' responses to complaint are stayed. Plaintiff may file a notice of motion and motion to amend the complaint for the next status hearing. Status hearing set for 4/16/2008 at 09:30 AM. to stand. Mailed notice(cjg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

EHN/KMH

# IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

RODICA WAIVIO,

        Plaintiff,

vs.

ADVOCATE HEALTH CARE NETWORK,
ADVOCATE MEDICAL GROUP, ADVOCATE
HEALTH AND HOSPITAL CORPORATION;
ADVOCATE LUTHERAN GENERAL HOSPITAL;
IAN JASENOF, Individual and Employee; JENNIFER
TORRES, Individual and Employee; DANIEL PESCH,
Individual and Employee; THOMAS IANNUCCI,
Individual and Employee; VISHVANATH KARANDE,
Individual and Employee; RAPISARDA JOHN;
Individual and Employee; FERTILLITY CENTER OF
ILLINOIS AND KARANDE & ASSOCIATES,

        Defendants.

No.  07 C 6690

HONORABLE JUDGE:
RONALD A. GUZMAN

## MOTION TO DISMISS

NOW COME the Defendants, Vishvanath C. Karande, M.D. and Karande & Associates, S.C. by and through their attorneys, Pretzel & Stouffer, Chartered, and moves for the entry of an Order dismissing Plaintiff's Complaint at Law with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(f), 12(g) and 735 ILCS 5/2-622(g). In support thereof, these Defendants state as follows:

      1.     Plaintiff filed a complaint against these Defendants allegedly arising out of the medical care and treatment she received or failed to receive from Dr. Karande on or about February and March 2007. (See Plaintiff's Complaint at Law, specifically page 11, paragraph 67, attached hereto and incorporated herein as Exhibit A.)

2.     Plaintiff's alleged damages also arose out of the medical treatment or lack of medical treatment she received from Dr. Karande, among other Defendants named. (See Exhibit A.)

**I.      Motion To Strike Pursuant To Rule 12(f)**

3.     Rule 8(a) mandates in part that: A pleading which sets forth a claim for relief...shall contain ...(2) a short and plain statement of the claim showing that the pleader is entitled to relief...

4.     Rule 8(e)(1) states in part: Each averment of a pleading shall be simple, concise, and direct...

5.     Rule 10(b) indicates in part that: All averments of claim or defense shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances;...Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever separation facilitates the clear presentation of the matters set forth.

6.     Rule 12(g) states in part: Upon motion made by any party before responding to a pleading...the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

7.     In this case, the plaintiff's complaint is 22 pages in length. It is confusing, rambling and incomprehensible. Moreover, the facts alleged against the defendants for various occurrences are not distinguished from one another or otherwise separated.

8.     Based on the rambling, disjointed and incomprehensible nature of the pleading which is filled with impertinent information, plaintiff's complaint should be dismissed for failure to comply with Rules 8 and 10(b).

**II.      Motion To Dismiss Pursuant to 735 ILCS 5/2-622**

9.    The requirements of 735 ILCS 5/2-622 constitute state substantive law for purposes

of the *Erie* doctrine, which mandates that federal courts apply state law, regardless of the

jurisdictional basis for a case, in the absence of a countervailing federal interest warranting the

application of federal law. *Bommersbach v Ruiz, MD et al.,* 461 F. Supp.2d 743, 751 (2006).

10.    The Illinois Code of Civil Procedure mandates that:

In any action, whether in tort, contract or otherwise, in which plaintiff seeks damages
for injuries or death by reason of medical, hospital, or other healing art malpractice,
the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file
an affidavit, attached to the original and all copies of the complaint, declaring one of
the following: 1. That the affiant has consulted and reviewed the facts of the case
with a health professional...A single written report must be filed to cover each
defendant in the action...A copy of the written report, clearly identifying the plaintiff
and the reasons for the reviewing health professional's determination that a
reasonable and meritorious cause for the filing of actions exists...2. That the affiant
was unable to obtain a consultation report required by paragraph 1 because of a
statute of limitation would impair the action and the consultation required could not
be obtained before the expiration of the statute of limitations...3. That a request has
been made by the plaintiff or his attorney for examination and copying of records
pursuant to Part 20 of Article VIII of this Code... *735 ILCS 5/2-622*

11.    The term " medical hospital or other healing art practice" must be construed broadly.

*Bommersbach* 461 F. Supp.2d at 748-749.

12.    There are three factors for courts to use to determine whether a complaint is one for

malpractice requiring affidavit or whether the complaint is one for ordinary negligence: 1) whether

the standard of care involves procedures not within the grasp of the ordinary lay juror; 2) whether

the activity is inherently one of medical judgment; and 3) the type of evidence that will be necessary

to establish plaintiff's case. *Id.* at 749.

13.    Although plaintiff, in this case, states that her complaint is based on discrimination,

it is in actuality an allegation of medical malpractice. The plaintiff alleges she went to see Dr.

-3-

Karande for removal of scarring, and that Dr. Karande burned her uterus with electricity and he did not follow her request to use scissors. Plaintiff also alleged that in May 2007, Dr. Karande sent her a letter asserting that he would no longer provide her with medical services. (See Exhibit A, specifically paragraph, 67.)

14.    In this case, the determination of whether the standard of care required scissors versus electricity in the performance of plaintiff's hysteroscopy, whether electricity was even used, whether a hysteroscopy requires the use of anything other than a hysterscope, whether there was or was not scarring as a result of the procedure, whether the procedure can even cause scarring, whether the alleged scarring was different from the plaintiff's previous scarring, and whether the procedure created some type of permanent injury are all issues that are outside the grasp of the ordinary lay juror. The manner and method of performing a hysteroscopy is inherently one of medical judgment. The plaintiff's case against Dr. Karande clearly requires expert medical testimony to establish liability and damages. Therefore, plaintiff's case falls within the scope of 2-622.

15.    The purpose of Section 2-622 is to reduce the number of frivolous suits that are filed and to eliminate such actions at an early stage, before the expenses of litigation have mounted. *Tucker v. St. James Hospital,* 279 Ill. App.3d 696, 702, 665 N.E.2d 392 (1st Dist. 1996); see also *Jacobs v. Rush North Shore Medical Center,* 284 Ill. App. 3d 995,1000, 673 N.E.2d 364 (1996).

16.    Rule 5/2-622(g) reads that the failure of the plaintiff to file an affidavit and report in compliance with this Section shall be grounds for dismissal under section 2-619. *Batten v. Retz,* 182 Ill. App.3d 425, 429-30, 538 N.E.2d 179 (3rd Dist. 1989).

17.    The plaintiff has not attached an affidavit nor a physician's report in compliance with section 2-622, of the Illinois Code of Civil Procedure, and therefore her case against Dr. Karande and Karande & Associates, S.C. should be dismissed.

**III.    Motion To Dismiss Pursuant to Rule 12(b)(6)**

-4-

18.     Alternatively, if this Court finds that plaintiff's failure to comply with 2-622 does not dispose of plaintiff's entire claim against Dr. Karande and Karande & Associates, S.C., plaintiff's allegations of "discrimination in medical services" should also be dismissed pursuant to Rule 12(b)(6) because the plaintiff fails to set forth any facts in her complaint to establish such claims against Dr. Karande and Karande & Associates, S.C.

19.     To survive a motion to dismiss a complaint must set forth enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

20.     The only paragraphs referring to Dr. Karande in plaintiff's complaint are paragraphs 11, and paragraph 67. The averments plead against Dr. Karande are confusing, immaterial, conclusory, and fail to state a cause of action under any theory against Dr. Karande.

21.     Plaintiff fails to establish in her complaint what facts exist in the encounter between herself and Dr. Karande which would invoke the application and violation of the Americans with Disabilities Act, the Equal Protection Clause, the Public Health Service Act, the Maternal and Child Health Activities, Title VI of the Civil Rights Act of 1964, Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Civil Rights Act and any other federal act the plaintiff alleges to have been violated in her complaint.

22.     Plaintiff's complaint further fails to set forth any facts to establish a plausible claim for relief against Dr. Karande and Karande, & Associates, S.C. for legal malpractice, retaliation, misrepresentation, deceit, battery or trespass.

## IV.     Motion To Dismiss Punitive Count

23.     Plaintiff's complaint, on page 22 paragraph k, requests punitive damages as part of the relief she is seeking against these defendants.

-5-

24.    Punitive damages are not recoverable in a healing art malpractice case. In all cases, whether in tort, contract, *or otherwise*, in which the plaintiff seeks damages by reason of legal, medical, hospital or other healing art malpractice, no punitive, exemplary, vindictive, or aggravated damages shall be allowed. *735 ILCS 5/2-115.*

WHEREFORE, these Defendants, Vishvanath C. Karande, M.D. and Karande & Associates, S.C. pray that this Honorable Court dismiss with prejudice all counts in the Plaintiff's complaint plead against them and find that there is no just reason to delay enforcement or appeal.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED,

By:__S/ Edward H. Nielsen_____
      One of the Attorneys for the Defendants

Edward H. Nielsen/Bar No.: 0252296
enielsen@pretzel-stouffer.com
PRETZEL & STOUFFER, CHARTERED
*Attorneys for Defendants, Vishvanath C. Karande, M.D.*
*and Karande & Associates, S.C.*
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606-4673
Telephone:    (312)346-1973
Facsimile:    (312) 346-8242

-6-