FILED

AUG 0 8 2008 YM
Aug 8, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RODICA WAIVIO,                              )
Plaintiff,                                  )   Case No: 07-C-6690
        v.                                  )   HONORABLE JUDGE
ADVOCATE HEALTH CARE NETWORK,               )   Ronald A. Guzman
Et all Defendants.

## CERTIFICATE FOR RECORD PURPOSES

**NOW COMES** Plaintiff, RODICA WAIVIO, in Pro Se representation, and presents her CERTIFICATE respectfully states the followings:

1. Plaintiff declares under oath following:

2. Today 08/08/08 I had contacted over phone all counselors' representatives in this case. Issue is: It appears that there is medical enforcement of medical services. Plaintiff acknowledged and acknowledges that plaintiff has "escort" in courthouse; Plaintiff declares also that plaintiff saw some "people" and some "van" sitting in front of the Plaintiff's house building, they were looking as being "security" or related to enforcement of medical services.

3. Today 08/08/08 about 9:00am I called Ken Hefferman at 3123461973. A woman counselor representing Karande had responded on behalf of Ken Hefferman and Karande and Associates.

4. I requested to Karande counselor to initiate contact to Dr. Karande and Karande and Associates to provide medical services, basic medical services, gynecology and obstetrics for injuries and harm as discussed in case 07-C-6690. *while gave medication*

5. Counselor stated: Dr Karande terminated Waivio as patient on May 5, 2007 as *till Feb 2007* seen in letter attached to complaint 01/16/08 and he does not provide, medical services of any type to Waivio. Any contact with counselor or any initiation of contact with counselors with respect to providing services or advise from Karande appears futile; counselors appears to refuse any interaction of any type with Dr Karande and its Associates. *Karande prescribed medication till Feb 2008.*

6. Karande counselor also appears to argue that DR Karande does not provide "basic medical services"; I argued that Dr KArande is specialist in genecology and obstetrics which are medical services necessary for plaintiff; furthermore there is no more medication METFORMIN and it is necessary to review medication because significant time passed by. Various internet sources acknowledges Dr Karande as specialist in genecology and obstetrics and plaintiff saw attestation of Karande as specialist in genecology and obstetrics. Karande also prescribed originally medication METFORMIN on 02/21/07 for plaintiff therefore it is necessary to review such medication. Plaintiff requested counselors to initiate contact and facilitates medical services as necessary to specific situation of Waivio.

7. I also argued to her that Dr Karande is part of UIC medical services, and UIC is "Waivio employer" or UIC appears to be Waivio employer. Various internet sources acknowledges Karande as part of UIC medical services.

8. Plaintiff declares under oath that plaintiff also contacted on 08/08/08 about 10:00am primary medical provider Irina Goldvekht, employee of Lutheran General Hospital, for primary medical services on issues continuation of treatment as acknowledged on record. Nurse of Irina Goldvekht called plaintiff back about 11:40am on 08/08/08 and stated that Irina Goldvekht employee of Lutheran General Hospital, refuses to provide medical services, basic medical services to Plaintiff. Plaintiff declared Attorney Dayal Ajaly made statement to court by which plaintiff can receive medical care and that plaintiff has necessity of medical care because there is no more medication and there is necessity of reevaluation; nurse responded that plaintiff has to go to another employee of Lutheran General Hospital but she did not exactly pointed to any medical doctor where plaintiff can go and she close the phone.

9. Plaintiff declares under oath plaintiff called in morning about 9:00 am Anjaly Dayal and discussed directly to her. Plaintiff acknowledged that it appears there is enforcement of medical services for Waivio; Plaintiff requested to Anjaly Dayal to initiate contact to Advocate and facilitate medical services, basic medical services and gynecology and obstetrics. Anjaly DAyal responded that "I

can not give you medical services"; later she declared that she is in a "conference meeting" which is lasting starting about 9:00am till about 3:00pm. She refused to provide a solution while she appeared in conference meetings with others attorneys or with other people. It may be implied that there is refusal of medical services by Anjaly Dayal by Advocate.

10. Plaintiff also declared that similar phone call was made to Jonne Ciminera at 3127040550. Plaintiff acknowledged that it appears there is enforcement of medical services. Plaintiff requested Ciminera to initiate contact to MD John Rapisarda and FCI to provide basic medical care and medical care in genecology and obstetrics as necessary to remedy injuries done to Plaintiff. Cimenera refused to respond and close the phone; later plaintiff discussed with Cimenera representative and let messages about all matters presented in this affidavit.

Wherefor Plintiff Rodica Waivio pray that this Honorable Court allow this affidavit for record purposes.

Rodica Waivio   *Rodica Waivio  08/08/08*

*I Rodica Waivio declares under oath I do not have primary medical care provider and today Jrina Goldveckht refused medical care to me. I can not find another provider because injuries done by defendants to me are very complicated and complex and a standard medical provider can not substitute Jrina Goldveckt, as it is necessary a transfer of medical care and Jrina Goldvekht refuses such care, as it appears.*

I Rodica Waivio declares under oath that I do not have medication to respond to necessities induced by defendants. I do request court to delay appeal till a solution of medical services. Today there is no solution to medical services.

Rodica Waivio
08/08/08